# Exhibit G

The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, et al.,

        Plaintiffs,

v.

TRUMP, et al.,

        Defendants.

No. 2:17-cv-00094-RAJ

DECLARATION OF JILL A. EGGLESTON IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

I, JILL A. EGGLESTON, do hereby declare and say:

1. I am the Associate Center Director in the Freedom of Information and Privacy Act ("FOIA/PA") Unit, National Records Center ("NRC"), United States Citizenship and Immigration Services ("USCIS"), Department of Homeland Security in Lee's Summit, Missouri. I have held the position of Associate Center Director since February 4, 2008.

2. As the FOIA Officer for USCIS, I supervise over 200 information access professionals who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations and compulsory legal process. Through the exercise of my official duties as Associate Center Director, I am personally familiar with USCIS's standard

DECLARATION OF JILL A. EGGLESTON - 1
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

process for responding to FOIA requests, including search procedures for locating agency records and FOIA/PA exemptions that exempt information from release.

3. The matters contained in this declaration are based upon my understanding of *Wagafe, et al., v. Trump, et al.,* Case No. 2:17-cv-00094, now pending in the United States District Court for the Western District of Washington, and on information available to me in my capacity as the USCIS FOIA officer.

4. I am aware of the Motion to Compel filed by Plaintiffs on September 28, 2017, which states that documents USCIS released under FOIA reveal that the file of a named plaintiff in the instant litigation, *viz.* Abdiqafar Wagafe, was reviewed by a CARRP officer. I am also aware that it further states that additional documents obtained through FOIA indicate that CARRP officers were involved in the handling of other naturalization and adjustment-of-status applications.

### Overview of the USCIS FOIA Process

5. All FOIA requests submitted to USCIS are processed at the NRC. The NRC processes all FOIA requests in compliance with DHS implementing regulations found at 6 C.F.R. Part 5 and Management Directive No. 0460.1. When the NRC receives a FOIA request from an individual seeking his immigration records, that request is first assigned to a USCIS FOIA/PA Assistant to conduct a search for, and to retrieve, responsive records. When those responsive records are located and received by the NRC, the request is then assigned to a USCIS Government Information Specialist to conduct a review of the responsive records, to determine what records, if any, are subject to release, and what records are exempt from release, and to generally respond to the FOIA request in accordance with applicable law and regulation.

6. Under the FOIA, there are nine exemptions under which Agency records may be exempt from release, as well as certain factors that must be considering in determining whether to apply any of these exemptions. If, after fully considering these factors, it is determined that responsive information is exempt from release, the Government

DECLARATION OF JILL A. EGGLESTON - 2
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

Information Specialist redacts that information to protect it from release. Once the review and processing of the responsive records is complete, and the NRC has determined that all reasonably segregable, non-exempt information has been produced, the production is sent to the requestor.

## USCIS FOIA Policy

7. The USCIS FOIA Processing Guide describes the general USCIS policies and guidelines in processing FOIA requests. It was last updated on February 7, 2017.

8. USCIS officers are required to follow the Processing Guide in examining FOIA requests and determining how to apply exemptions in any given case.

9. The Processing Guide instructs officers to withhold CARRP worksheets and coversheets under FOIA exemption (b)(7)(e). The guide likewise instructs officers to withhold unclassified Letterhead Memoranda ("LHM") under exemption (b)(7)(e).

10. The FOIA Office also has training materials for FOIA officers reviewing CARRP information in files. The CARRP and FDNS training specifically instructs officers to withhold in full, under FOIA exemption (b)(7)(e), additional documents that tend to reveal that an individual may be subject to CARRP processing.

11. FOIA exemption b(7)(e) protects law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

12. USCIS considers documents that tend to reveal if an individual has been subject to CARRP processing to be exempt from release under FOIA exemption b(7)(e).

13. Therefore, any release through FOIA of information that tends to reveal that an individual may be subject to CARRP processing is in contravention of USCIS policy, and would have been released in error.

## FOIA Documents Referenced in Plaintiffs' Motion to Compel

DECLARATION OF JILL A. EGGLESTON - 3
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

14. I have reviewed the documents referenced in Plaintiffs' Motion to Compel, which seem to be intended to suggest that USCIS reveals through FOIA whether an individual has been subject to CARRP processing.

15. The first document cited in Plaintiffs' Motion to Compel is at Docket 27-1, Exhibit E. Plaintiffs state that this document "indicat[es] Plaintiff Wagafe's file was reviewed by a CARRP officer."

16. Based on my review, the first page of Exhibit E is a Case Summary. The statement under the heading "National Security Concerns" is "Unknown at this time. LHM was reviewed." The first entry under the heading "Completed Actions" states: "04/19/2014 Completed Checks of TECS, Accurint, ATSP, CLAIMS, NLETS by prior CARRP Officer." The second entry under the heading "Completed Actions" states "06/23/2014 Completed checks of TECS and ATSP; LHM reviewed."

17. In my experience and judgement, under USCIS FOIA policy and guidelines, the portions of these three sentences referring to "CARRP" and an "LHM" should have been redacted as exempt from release under FOIA exemption b(7)(e) and were released in error.

18. On page 3 of this document, the statement under "National Security Issues" states "Need to have HSDN LHM pulled." The statement under the heading "Eligibility Assessment," states: "Applicant appears eligible absent confirmation of NS issues."

19. In my experience and judgement, under USCIS FOIA policy and guidelines, the portions of these two sentences referring to "NS issues" and "LHM" should have been redacted as exempt from release under FOIA exemption b(7)(e) and were released in error.

20. I also reviewed the second document cited in Plaintiffs' Motion to Compel, Declaration of Stacy Tolchin in Support of Plaintiffs' Motion to Compel Production of Documents, Exs. 1, 2.

DECLARATION OF JILL A. EGGLESTON - 4
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

21. Page 1 of Exhibit 1 is a document containing two charts. The second row, fifth column, second line of the second chart states "Resp: 1007 – BCU CARRP Incoming – 1007."

22. In my experience and judgment, under USCIS FOIA policy and guidelines, this sentence should have been redacted as exempt from release under FOIA exemption b(7)(e) and was released in error.

23. Page 2 of Exhibit 1 is a handwritten note. Although it is not completely readable, it appears to say "screen prints duplicated from 765 & 131 applications by CARRP officer. Atkinson 4-24-15."

24. In my experience and judgment, under USCIS FOIA policy and guidelines, the portion of this sentence referring to CARRP should have been redacted as exempt from release under FOIA exemption b(7)(e) and was released in error.

25. Exhibit 2 is a document containing one chart. The second row, fifth column, second line of the second chart states "Resp: 1379 – CARRP S. Thomas."

26. In my experience and judgment, under USCIS FOIA policy and guidelines, this sentence should have been redacted as exempt from release under FOIA exemption b(7)(e) and was released in error.

### Conclusion

27. The Department of Homeland Security (DHS) receives far more FOIA requests than any other department in the federal government, and approximately 40 percent of all FOIA requests in the federal government. USCIS is the component within DHS that processes the vast majority of these FOIA requests.

28. Although the USCIS FOIA office carefully reviews each FOIA production and diligently endeavors to ensure that all applicable exemptions are applied to each FOIA production, it is possible for mistakes to occur, and for information that is subject to an exemption to be inadvertently released.

29. The USCIS FOIA office regrets that such errors have occurred, including those identified in this case. Nevertheless, such occasional errors, within the vast volume

DECLARATION OF JILL A. EGGLESTON - 5
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

of FOIA productions that USCIS makes, does not change the fact that information relating to whether an individual applicant is being processed through CARRP is considered by USCIS to be exempt from disclosure pursuant to FOIA exemption (b)(7)(E). Furthermore, it is USCIS policy to redact from documents processed for release pursuant to FOIA any information that would disclose whether an individual's application has been handled pursuant to CARRP.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of October, 2017 at Lee's Summit, MO

_____
Jill A. Eggleston
Associate Center Director
Freedom of Information Act &
   Privacy Act Unit
U.S. Citizenship and Immigration Services

DECLARATION OF JILL A. EGGLESTON - 6
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542