THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*,

    Plaintiffs,

v.

DONALD TRUMP, *et al.*,

    Defendants.

CASE NO. 2:17-cv-00094-RAJ

ORDER

  This matter comes before the Court on Defendants' motion for reconsideration. Dkt. # 99. Plaintiffs oppose the motion. Dkt. # 100. For the following reasons, the Court **DENIES** the motion.

  "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

  Defendants move the Court to reconsider Part III.A. of its prior discovery order, entered at docket number 98, wherein the Court granted in part and denied in part Plaintiffs' motion to compel. Defendants argue that the Court reached its decision in

ORDER- 1 -

error by (1) rejecting Mr. McCament's declaration; (2) failing to find that Plaintiffs did not meet their burden to show "necessity"; (3) failing to articulate why the balance of the parties' needs weighed in favor of disclosure; and (4) suggesting that the parties could cure their issues with a detailed and thorough protective order. *See generally* Dkt. # 99.

First, the Court considered Mr. McCament's declaration and found that it was insufficient under the standard advanced by the Government. That the Government disagrees with this assessment is not proper grounds for granting a motion for reconsideration.

Second, Defendants' Ninth Circuit authority cited for the proposition that Plaintiffs failed to show "necessity" is based on the informants privilege, not the law enforcement privilege.[1] The premise behind the informants privilege differs from that of the law enforcement privilege. For example, Defendants rely on *In re Perez* for "an analogous request to disclose specific identities." Dkt. # 99 at 5. However, *In re Perez* aimed to protect "employees seeking to vindicate rights claimed to have been denied." *In re Perez*, 749 F.3d 849, 856 (9th Cir. 2014) (quotations and citations omitted). Here, the identities that the Government seeks to withhold are those individuals who wish to vindicate their own rights. The Government is not withholding those identities to protect those individuals.

Third, the Court exercised its discretion in balancing the needs of Plaintiffs versus those of Defendants and found that the balance weighed in favor of disclosure. The Government argued that grave national security threats could materialize were the Government forced to reveal the individuals subject to CARRP and "the types of records consulted" because this could lead those individuals to "alter [their] behavior, conceal evidence of wrongdoing, or attempt to influence witnesses or adjust [their] means of

---

[1] Moreover, the persuasive authority that the Government cited dealt with asserting privilege over evidence collected through surveillance and recording; such situations are not analogous to the one at hand.

communication or financial dealings to avoid detection of the very behavior that the law enforcement and intelligence community have determined may be indicative of a national security threat[.]" Dkt. 94-5 at ¶ 18.  But Plaintiffs did not request more than the identities of the class members; Plaintiffs did not request "the types of records consulted" for each potential class member.  The Government may not merely say those magic words—"national security threat"—and automatically have its requests granted in this forum.  Plaintiffs articulated enough to tip the balance in their favor; they requested limited information—only the names of potential class members—and explained that those potential class members may already be aware of the Government's additional scrutiny considering the passage of time.  Under any rational balancing act, such a limited scope of request will not be outbalanced by the speculative scope of what the Government offered in opposition.

Finally, the Government disagreed with the Court's conclusion that a robust protective order was sufficient to protect against improper disclosure of privileged information.  The Government cited cases that were not analogous to this matter and therefore did not persuade the Court.  Disagreement with the Court's conclusions is not a sufficient basis upon which to grant a motion for reconsideration.

For the foregoing reasons, the Court **DENIES** Defendants' motion for reconsideration.  Dkt. # 99.

Dated this 28th day of November, 2017.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER- 3 -