THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, President of the United States, *et al*.,<br><br>Defendants. | No. 2:17-cv-00094-RAJ<br><br>**ORDER ON LCR 37 SUBMISSION REGARDING REQUESTS FOR PRODUCTION NOS. 23 & 24** |

ORDER-1

This matter comes before the Court on a joint submission made to the Court pursuant to the expedited procedure for resolution of discovery disputes set forth in Local Rule W.D. Wash. LCR 37(a). Dkt. # 103.

## I. BACKGROUND

On October 19, 2017, the Court granted in part and denied in part Plaintiffs' motion to compel production of documents. Dkt. # 98. The Court required the Government to produce a privilege log for any documents related to the Executive Orders over which it wished to assert a deliberative-process privilege. *Id.* at 5. The Court further ordered the parties to meet and confer to discuss whether alternative custodians or non-custodial sources were available to produce documents relating extreme vetting programs to two Executive Orders. *Id.*

The parties met and conferred and reached an impasse. Dkt. # 103 at 2. The disputed discovery requests that are the subject of this Rule 37 Joint Motion are referenced below:

> REQUEST FOR PRODUCTION NO. 23: All Documents referring or relating to any consideration of or reference to CARRP during the planning, drafting, or issuing of the First and Second EOs.
>
> REQUEST FOR PRODUCTION NO. 24: All Documents referring or relating to "extreme vetting" or any other screening, vetting, or adjudication program, policy, or procedure connected to the First or Second EOs. This request includes, but is not limited to, programs that reference, relate to, or expand upon CARRP.

## II. LEGAL STANDARD

The Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011), *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## III. ANALYSIS

### A. Request for Production No. 23 ("Request No. 23")

Defendants contend that the dispute regarding Request No. 23 is premature and should not be before this Court. Dkt. # 103 at 9. Specifically, Defendants argue that no documents exist with regard to Request No. 23. *Id.* at 4. Defendants also argue that the only issue they agreed to present to this Court is how the parties should understand the scope of "extreme vetting"-related discovery. *Id.* at 8-9. Because Plaintiffs have presented the alternative custodian/non-custodial issue to the Court, Defendants aver that there is a disagreement on the scope of this Rule 37 Joint Motion and therefore it is improperly before the Court. *Id.*

The Court disagrees with Defendants. In its prior Order, the Court ordered the parties to discuss alternative custodians and non-custodial sources of information that link any kind of "extreme vetting" program to the Executive Orders. Dkt. # 98 at 5. Defendants now respond that they conferred internally regarding Request No. 23 only to discover that CARRP was not referenced or considered in the drafting and adoption of

the two Executive Orders and therefore no discovery production is necessary, obviating the need to discuss alternative custodians or non-custodial sources. Dkt. # 103 at 3.

To reach their conclusion, Defendants infer that they used a definition of "extreme vetting" that may differ from the one used by Plaintiffs, suggesting that the parties need to further meet and confer on the issue. *Id.* at 8-9. The Court does not accept this response, in part due to the targeted nature of Request No. 23, which seeks documents specifically related to CARRP. *See id.* at 4 (Request No. 23 seeks documents "referring or relating to any consideration of or reference to CARRP"). Defendants' argument that the parties are facing a terminology misunderstanding is therefore disingenuous.

In addition, the Court disagrees that the issue is premature or that the motion is improper due to a lack of mutual consent. Even if the Court were to find issue with the parties' mutual consent, then the remedy would be for Plaintiffs to file a motion to compel. But Plaintiffs have already filed a motion to compel on this issue, and the Court will not require Plaintiffs to file duplicitous motions to compel. *See* Dkt. # 91. The scope of discovery is broad, and Plaintiffs are entitled to Defendants' good faith review of its records. *See* Dkt. # 103 at 3 (stating that USCIS official familiar with the agency's efforts responded, "to the best of their knowledge information, and belief" that neither Executive Order impacted CARRP; Defendants do not contend that they searched or reviewed any records).

The Court orders the parties to meet and confer within twenty-one (21) days from the date of this Order to discuss alternative custodians, non-custodial sources, search terms, and other means of review that Defendants will use to search for relevant documents. Defendants shall conduct their search of the records within ten (10) days of the parties' meeting. Defendants will then have thirty (30) days to produce relevant records, if any exist, to Plaintiffs or, in the alternative, to produce a privilege log.

B. Request for Production No. 24 ("Request No. 24")

Defendants argue that the Court narrowly construed Plaintiffs' "extreme vetting"-related claims in its Order on the motion to dismiss. *See* Dkt. ## 103 at 11, 69 at 15. Defendants contend that because the terms "extreme vetting" have been narrowed, Plaintiffs' Request No. 24 is too broad in its current form. Plaintiffs argue that Defendants are attempting to "narrow[] this case to CARRP and CARRP alone." *Id.* at 7.

The Court agrees, in part, with Defendants that "[t]he main thrust of this case is the legality of CARRP." Dkt. # 69 at 15. However, the scope of discovery is necessarily broad, and Plaintiffs' Request No. 24 is reasonably targeted at searching for evidence of "extreme vetting" programs that "embody CARRP in all but name." *See* Dkt. # 69 at 15.

The Court orders the parties to meet and confer within twenty-one (21) days from the date of this Order to discuss search terms and other means of review, as well as alternative custodians and non-custodial sources, if necessary, that Defendants will use to search for relevant documents. Defendants shall conduct their search of the records within ten (10) days of the parties' meeting. Defendants will then have thirty (30) days to produce relevant records, if any exist, to Plaintiffs or, in the alternative, to produce a privilege log.

Dated this 10th day of January, 2018.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER-5