THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>Defendants. | No. 17-cv-00094 RAJ<br><br>**DECLARATION OF DAVID A. PEREZ IN SUPPORT OF PLAINTIFFS' SUBMISSION REGARDING DISCOVERY DISPUTE RELATING TO REQUESTS FOR PRODUCTION 23 AND 24** |

DECLARATION OF DAVID A. PEREZ
(No. 17-cv-00094 RAJ) – 1

138469279.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.35.8000
Fax: 206.359.9000

I, David A. Perez, hereby declare:

1. I have personal knowledge of the facts stated below and am competent to testify regarding the same. I am one of the attorneys for Plaintiffs in this matter, *Wagafe v. Trump*, No. 17-cv-00094 RAJ.

2. Within minutes of receiving the Court's January 10, 2018 order (Dkt. 104), Plaintiffs asked Defendants to schedule the meet and confer ordered by the Court to discuss alternative custodians, non-custodial sources, and search terms for production of documents responsive to Plaintiffs' Requests for Production Nos. 23 and 24.  The Court ordered this meet and confer to occur within 21-days of the Court's January 10 Order (by January 31), with a document search and production to occur 10 and 30 days later, respectively.  Plaintiffs asked Defendants to schedule this meet and confer for Friday, January 19, a date which the parties had already scheduled to confer about other discovery matters.  Defendants insisted they were not prepared to begin conferring until January 26, 2018.

3. During the parties' January 26 telephone conference, Defendants stated that they were not in a position to offer the names of the alternative custodians they would propose for RFPs 23 and 24.  At times Defendants merely described certain custodians as "a high level official" or a "subordinate overseeing the program," and asked Plaintiffs to agree to such custodians based on these descriptions.  Defendants offered only that they were considering as custodians USCIS personnel that are overseeing the implementation of the "extreme vetting" program(s) created pursuant to the executive orders.

4. On the issue of search terms, on January 26 Defendants proposed using three search terms: "13769," "13780," and "extreme vetting."  Defendants represented that they would include other search terms that corresponded to the title and common usage terms of the extreme vetting programs being implemented, but could not provide a list of these terms.

5. On the issue of date range, Defendants took the position that the collection should begin on January 27, 2016—the date the first Executive Order was signed.

DECLARATION OF DAVID A. PEREZ
(No. 17-cv-00094 RAJ) – 1

138469279.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.35.8000
Fax:  206.359.9000

6. Following the January 26 call, Defendants memorialized their position in an e-mail outlining the search terms, date range, and custodians Defendants proposed for each request for production. Plaintiffs responded to Defendants with an e-mail detailing a full list of proposed custodians, search terms, and date ranges for both requests for production. Attached as **EXHIBIT 1** is a true and correct copy of this e-mail exchange between myself and Joseph Carilli ranging from January 26, 2018 to January 29, 2018.

7. The parties scheduled a follow up meet and confer for January 31, 2018, which was the day of the Court's deadline. Thirty minutes before the call, Defendants sent a letter to Plaintiffs, outlining their objections to Plaintiffs' proposed search terms and custodians. Attached as **EXHIBIT 2** is a true and correct copy of this January 31, 2018 letter from Joseph Carilli to Plaintiffs' counsel.

8. During the January 31 call, Plaintiffs detailed their objections to Defendants' latest proposed search terms and custodians. The parties were at an impasse on several issues, including search terms for RFP 23 and the appropriate custodians for both RFPs. Though Defendants agreed to apply Plaintiffs' requested date range of November 9, 2016 (date that the transition began) to present, Defendants would limit the date range for each custodian to the time when that custodian either began working at the respective agency or began working on the issues—even if earlier documents were available. Additionally, Defendants were not in a position to say whether they would agree to search for presidential transition e-mails or whether they would agree to apply a search term string Plaintiffs proposed for RFP 24. At the conclusion of the call, Defendants informed Plaintiffs that while the parties continued to discuss these open issues, they planned to proceed to collect documents using only the terms, custodians, and date ranges that Defendants had proposed. Plaintiffs informed Defendants that they would ask the Court for a hearing to discuss these issues.

9. On February 2, 2018, Defendants agreed to add a few of the custodians Plaintiffs had requested, and proposed additional search terms to be run against one custodian. Attached

as **EXHIBIT 3** is a true and correct copy of this February 2, 2018 email from Ed White to Plaintiffs' counsel, along with the parties' follow-on correspondence through February 5.

10. Attached as **EXHIBIT 4** is a true and correct copy of a document obtained by Plaintiffs under the Freedom of Information Act (FOIA) and produced by Plaintiffs in this case as Plaintiffs-FOIA 003192. This is an example of a document referencing CARRP without using the term CARRP; a search term limited to CARRP would not have picked up this document.

11. Attached as **EXHIBIT 5** is a true and correct copy of a document obtained by Plaintiffs under the Freedom of Information Act (FOIA) and produced by Plaintiffs in this case as Plaintiffs -FOIA 003500. This is an example of a document referencing CARRP without using the term CARRP; a search term limited to CARRP would not have picked up this document.

12. Attached as **EXHIBIT 6** is a true and correct copy of a document obtained by Plaintiffs under the Freedom of Information Act (FOIA) and produced by Plaintiffs in this case as Plaintiffs -FOIA 003538. This is an example of a document referencing CARRP without using the term CARRP; a search term limited to CARRP would not have picked up this document.

13. Attached as **EXHIBIT 7** is a true and correct copy of a document obtained by Plaintiffs under the Freedom of Information Act (FOIA) and produced by Plaintiffs in this case as Plaintiffs -FOIA 003573. This is an example of a document referencing CARRP without using the term CARRP; a search term limited to CARRP would not have picked up this document.

14. Attached as **EXHIBIT 8** is a true and correct copy of ICE-HIS, "Extreme Vetting Initiative: STATEMENT OF OBJECTIVES (SOO)," June 12, 2017, available at FedBizOpps.gov.

DECLARATION OF DAVID A. PEREZ
(No. 17-cv-00094 RAJ) – 3

138469279.1

1       EXECUTED this 6th day of February, 2018, at Seattle, Washington.

*/s/ David A. Perez*
David A. Perez

DECLARATION OF DAVID A. PEREZ
(No. 17-cv-00094 RAJ) – 4

138469279.1

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the dated indicated below, I caused service of the foregoing DECLARATION OF DAVID A. PEREZ IN SUPPORT OF PLAINTIFFS' SUBMISSION REGARDING DISCOVERY DISPUTE RELATING TO REQUESTS FOR PRODUCTION 23 AND 24 via the CM/ECF system that will automatically send notice of such filing to all counsel of record herein.

DATED this 6th day of February, 2018, at Seattle, Washington.

By: s/ *David A. Perez*
David A. Perez #43959
Attorneys for Plaintiffs
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: DPerez@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 17-cv-00094 RAJ) – 1

138469279.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.35.8000
Fax:  206.359.9000