The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>　　　　　Defendants. | No. 2:17-cv-00094-JCC<br><br>**DEFENDANTS' STATEMENT ON COURT'S ORDER ON LCR 37 SUBMISSION REGARDING REQUESTS FOR PRODUCTION NOS. 23 & 24** |

　　　Defendants respectfully submit this statement pursuant to the Court's February 1, 2018 Order setting a hearing on the Court's January 10, 2018 Order, ECF No. 104.[1]

　　　The dispute now before the Court arises from the Court's order directing the parties "to discuss search terms and other means of review, as well as alternative custodians and non-custodial sources, if necessary, that Defendants will use to search for relevant documents" responsive to Plaintiffs Requests for Production ("RFP") Numbers 23 and 24. ECF No. 104, at 4, 5. The parties met and conferred twice (January 26 and 31, 2018), and have exchanged correspondence between those dates. Should the Court find it helpful, a detailed list of the agreed upon and disputed search terms, custodians, date ranges, and non-custodial sources is attached hereto as Exhibit 1.

　　　Although the parties agree on a large number of search parameters, they disagree

---

[1] On February 1, 2018, Plaintiffs informed Defendants that Plaintiffs "decided to file [their] own submission" without discussion as to whether the parties could reach agreement on a joint briefing.

STATEMENT ON COURT'S ORDER ON LCR 37 SUBMISSION - 1
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

about certain additional search terms, custodians, and non-custodial sources,[2] as well as whether Defendants have an obligation to search President-Elect Transition Team ("PETT") materials and U.S. Immigration and Customs Enforcement ("ICE") records.[3]

**President-Elect Transition Team Materials**: For the first time on January 31, 2018, Plaintiffs asked Defendants to search *president-elect transition team* materials not on Department of Homeland Security ("DHS") information systems. Although Defendants had agreed to search the e-mail of the "DHS beachhead team" assigned to USCIS, who later assumed federal government positions, Defendants did not agree to search materials in the legal control of the PETT, and could not so agree as such materials are not federal government records. Now, even though Defendants are searching the records of high-level political appointees housed on DHS systems, such as former Secretary Kelly and current Secretary Nielsen, Plaintiffs seek non-government PETT materials located on a server "hosted by GSA(or some other agency), another government/military address, or something else." D. A. Perez e-mail to E.S. White (Feb. 5, 2018).

PETT materials are not within the legal control of Defendants. In this Circuit, "[c]ontrol is defined as the legal right to obtain documents upon demand." *7-UP Bottling Co. v. Archer Daniels Midland Co. (In re Citric Acid Litig.)*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quotations omitted). "The materials that [PETT] members create or receive are not federal or presidential records, but are considered private materials." L. Brewer, MEMO. TO FED. AGENCY RECORDS OFFICERS: GUIDANCE RELATING TO PRESIDENTIAL TRANSITION TEAM MATERIALS (available at www.archives.gov/records-mgmt/memos/ac09-2017). Mr. Brewer is the Chief Records Officer for the U.S. Government. *Id*.

---

[2] Although Defendants have agreed to certain search parameters in light of the Court's prior rulings, Defendants maintain and preserve all objections.

[3] Plaintiffs may seek to raise other issues, but have not informed Defendants of precisely what those issues might be. Despite a request for such information, Plaintiffs declined to provide specifics, indicating only that they "intend to advise the court about the status of discovery . . . and the status of other issues on which the Court ordered compliance in its October 19 Order." D.A. Perez e-mail to E.S. White (Feb. 2, 2018).

STATEMENT ON COURT'S ORDER ON LCR 37 SUBMISSION - 2
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

Additionally, pursuant to the Transition Act, Pub. L. 88-277, 78 Stat. 153 (Mar. 7, 1964) (codified, as amended, at 3 U.S.C. § 102 note), "[t]he transition staff . . . is outside of the executive branch." *Illinois Inst. for Continuing Legal Educ. v. U.S. Dep't of Labor*, 545 F. Supp. 1229, 1232–33 (N.D. Ill. 1982) (presidential transition report stored by Labor Secretary in his Department office not "agency record" under FOIA). *See also Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 157 (1980) (notes Kissinger took while National Security Advisor and brought to State Department not subject to State Department control); *Wolfe v. Dep't of Health & Human Svcs.*, 711 F.2d 1077, 1082 (D.C. Cir. 1983) (transition report simply stored in HHS employee's office not "agency record"). Finally, given the recent notice, Defendants have not yet had the opportunity to complete an inquiry into this issue.[4]

**ICE Records**: Plaintiffs have demanded that Defendants search DHS sub-components, explicitly identifying ICE, for documents responsive to their RFPs. Such discovery is beyond the scope of Federal Rule of Civil Procedure 26(b), because (1) ICE is not a party, and (2) as ICE does not adjudicate immigration benefit applications, the materials sought are irrelevant to the claims and defenses. Further, such discovery would be disproportionate.

ICE is not a party, and therefore Plaintiffs may not use discovery tools, such as requests for production, that may only be directed to parties. FED. R. CIV. P. 34(a). Although ICE is a DHS subcomponent, Plaintiffs did not name it as a party, and in describing then-Secretary Kelly in the Second Amended Complaint, stated he "has supervisory responsibility over USCIS"; they did not invoke his supervisory authority over ICE. ECF No. 47 at ¶ 31. Further, Plaintiffs described their case as "seek[ing] to stop the federal government from unconstitutionally preventing Plaintiffs, and others like them, from obtaining immigration *benefits*." *Id.* at ¶ 1 (emphasis added). Notably, Plaintiffs named fellow subcomponent USCIS as a party.

---

[4] To the extent the Court has remaining questions regarding whether PETT records are discoverable from Defendants, Defendants respectfully submit the Court should order further briefing, providing sufficient time for further inquiry.

STATEMENT ON COURT'S ORDER ON LCR 37 SUBMISSION - 3
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

1  ICE does not adjudicate immigration benefit applications. Rather, it is tasked with
2  immigration *enforcement* functions. *See* 6 U.S.C. § 251; *cf.* 6 U.S.C. § 271(b) (transferring
3  immigration benefit application adjudication to USCIS). In addition, ICE has no role in
4  CARRP, other than that of a law enforcement agency that USCIS interacts with in carrying
5  out its own assigned duties. Further, searching ICE for responsive documents would be
6  disproportionate in this case. To the extent ICE has materials relevant to immigration benefit
7  adjudication, there is no reason to think those records would not also be found at USCIS, the
8  agency responsible for adjudicating such applications. To the extent Plaintiffs seek records
9  not related to the adjudication of immigration benefit applications, their requests are not
10  relevant to the claims and defenses in this case.

11  **Search and Collection Methodology**:  Defendants' search and collection
12  methodology as proposed to Plaintiffs amounts to a reasonable inquiry to locate documents
13  potentially responsive to RFP Nos. 23 and 24. *See* FED. R. CIV. P. 26(g) (requiring a
14  reasonable inquiry occur before certifying a discovery response). After consultation with the
15  agencies, Defendants have proposed searching the e-mails of the DHS and USCIS officials
16  most likely to hold responsive documents, applying search terms that are tailored to return
17  the documents sought and collecting documents from non-custodial sources that are most
18  likely to hold responsive documents. Defendants have been open and cooperative with
19  Plaintiffs on attempting to reach consensus on search terms, custodians, non-custodial
20  sources, and date ranges. In an effort to resolve disputes without court intervention,
21  Defendants agreed to additional custodians, additional search terms, and broader date ranges
22  than they consider necessary to locate responsive materials. But this cooperation does not
23  discount the need for balance and proportionality required under Federal Rules of Civil
24  Procedure 26(b)(1) and (b)(2)(C). *See Salazar v. McDonald's Corp.*, No. 14-cv-02096, 2016
25  U.S. Dist. LEXIS 23293, *6, 7 (N.D. Cal. Feb. 5, 2016) ("the revised rule places a shared
26  responsibility on all the parties to consider the factors bearing on proportionality before
27  propounding discovery requests, issuing responses and objections, or raising discovery
28  disputes before the courts"); *see also* Hon. Elizabeth C. Laporte & Jonathan M. Redgrave, *A*

STATEMENT ON COURT'S ORDER ON LCR 37 SUBMISSION - 4
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

*Practical Guide to Achieving Proportionality Under New Federal Rule of Civil Procedure 26*, 9 Fed. Cts. L. Rev. 19, 64 (2015) ("transparency should not be morphed into an opportunity for unending questions and fishing expeditions").

For RFP No. 23, Defendants have agreed to search the e-mails of 16 custodians, including the then-Secretary of Homeland of Security and the then-Director of USCIS and their immediate subordinates, and to use the search terms "Controlled Application Review and Resolution Program," "CARRP," and "Articulable Link" (a term unique to the CARRP). Defendants' proposed methodology focused on the specific language of the RFP, which seeks documents that discuss the specific consideration of the Controlled Application Review and Resolution Program ("CARRP") in the drafting of Executive Orders 13769 and 13780. *See* ECF No. 92, Ex. A; ECF No. 104, at 4 (finding RFP No. 23 was targeted to seek "documents specifically related to CARRP"). Plaintiffs insist, however, on 12 additional search terms, all of which are not exclusively used to refer to the CARRP. *See* W.D. Wash. Model ESI Agreement (noting that "focused terms and queries should be employed; broad terms or queries . . . generally should be avoided").

For RFP No. 24, Defendants have agreed to search the e-mails of 17 DHS and USCIS custodians, including those who are either responsible for the oversight of USCIS actions or responsible to track DHS and DHS component actions related to the programs, policies, or procedures implemented pursuant to section 4 of E.O. 13769 and sections 4 and 5 of E.O. 13780, as well as to collect documents from 8 non-custodial sources. Defendants have agreed to use 11 search terms that relate or refer to implementation of sections 4 of E.O. 13769 and sections 4 and 5 of E.O. 13780. Plaintiffs insist, however, on an additional 16 custodians—senior leaders who would likely only hold responsive communications between themselves and Defendants' proposed custodians. A search of the senior leaders' e-mails is not proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(2)(C)(i) (the court should limit the frequency or extent of discovery . . . if it determines that the discovery sought is unreasonably cumulative or duplicative"), and the burden of including them as custodians outweighs any likely benefit. *See* Fed. R. Civ. P. 26(b)(1).

STATEMENT ON COURT'S ORDER ON LCR 37 SUBMISSION - 5
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P O Box 868
Washington, DC 20044
(202) 532-4542

| | | |
|---|---|---|
| 1 | Dated: February 6, 2018 | Respectfully submitted, |
| 2 | CHAD A. READLER | /s/ Edward S. White |
| 3 | Acting Assistant Attorney General | EDWARD S. WHITE |
| | | Senior Litigation Counsel, |
| 4 | WILLIAM C. PEACHEY | National Security & Affirmative |
| 5 | Director, District Court Section |    Litigation Unit |
| | Office of Immigration Litigation | District Court Section |
| 6 | | Office of Immigration Litigation |
| 7 | Timothy M. Belsan | U.S. Department of Justice |
| | Deputy Chief, National Security | P.O. Box 868, Ben Franklin Station |
| 8 |    & Affirmative Litigation Unit | Washington, D.C. 20044-0868 |
| 9 | | Tel: (202) 616-9131 |
| | | Fax: (202) 305-7000 |
| 10 | | Email: edward.s.white@usdoj.gov |
| 11 | | |
| 12 | | AARON R. PETTY |
| | | Trial Attorney, National Security |
| 13 | |    & Affirmative Litigation Unit |
| 14 | | JOSEPH F. CARILLI, JR. |
| 15 | | Trial Attorney, National Security |
| | |    & Affirmative Litigation Unit |
| 16 | | |
| 17 | | *Counsel for Defendants* |

STATEMENT ON COURT'S ORDER ON LCR 37 SUBMISSION - 6
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Harry H. Schneider, Jr., Esq.
Nicholas P. Gellert, Esq.
David A. Perez, Esq.
Kathryn Reddy, Esq.
**Perkins Coie L.L.P.**
1201 Third Ave., Ste. 4800
Seattle, WA 98101-3099
PH: 359-8000
FX: 359-9000
Email: HSchneider@perkinscoie.com
Email: NGellert@perkinscoie.com
Email: DPerez@perkinscoie.com
Email: KReddy@perkinscoie.com

Matt Adams, Esq.
Glenda M. Aldana Madrid, Esq.
**Northwest Immigrant Rights Project**
615 Second Ave., Ste. 400
Seattle, WA 98104
PH: 957-8611
FX: 587-4025
E-mail: matt@nwirp.org
E-mail: glenda@nwirp.org

Emily Chiang, Esq.
**ACLU of Washington Foundation**
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
E-mail: Echiang@aclu-wa.org

Jennifer Pasquarella, Esq.
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211

STATEMENT ON COURT'S ORDER ON LCR 37 SUBMISSION - 7
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P.O. Box 868
Washington, DC 20044
(202) 532-4542

Facsimile: (213) 997-5297
E-mail: jpasquarella@aclusocal.org

Stacy Tolchin, Esq.
**Law Offices of Stacy Tolchin**
634 S. Spring St. Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
E-mail: Stacy@tolchinimmigration.com

Trina Realmuto, Esq.
Kristin Macleod-Ball, Esq.
**National Immigration Project of the National Lawyers Guild**
14 Beacon St., Suite 602
Boston, MA 02108
Telephone: (617) 227-9727
Facsimile: (617) 227-5495
E-mail: trina@nipnlg.org
E-mail: kristin@nipnlg.org

Hugh Handeyside, Esq.
Lee Gelernt, Esq.
Hina Shamsi, Esq.
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
Facsimile: (212) 549-2654
E-mail: lgelernt@aclu.org
E-mail: hhandeyside@aclu.org
E-mail: hshamsi@aclu.org

/s/ Edward S. White
EDWARD S. WHITE
Senior Litigation Counsel, National Security
 & Affirmative Litigation Unit

STATEMENT ON COURT'S ORDER ON LCR 37 SUBMISSION - 8
(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
District Court Section
Ben Franklin Station, P O Box 868
Washington, DC 20044
(202) 532-4542