THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

DONALD TRUMP, President of the United States, *et al.*,

Defendants.

No. 2:17-cv-00094-RAJ

**PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANTS**

**NOTE ON MOTION CALENDAR: APRIL 13, 2018**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ....................................................................................................... 1

II.  RELEVANT FACTS ................................................................................................. 1

    A.   Defendants Repeatedly Delay Production of Documents ................................. 3

    B.   Defendants Are Violating Multiple Court Orders ........................................... 8

        1.   Defendants Are Violating the Court's Orders and the Civil Rules Concerning the Production Schedule ........................................................ 8

        2.   Defendants Are Violating the Court's Orders to Produce the Class List ............................................................................................................ 9

        3.   Defendants Are Violating the Court's Order Compelling Production of Information About Why Named Plaintiffs Were Subjected to CARRP .................................................................................. 11

        4.   Defendants Are Violating the Court's Order that Defendants Identify Those Custodians Who Served on the President-Elect Transition Team ................................................................................... 12

III. LEGAL STANDARD ............................................................................................... 12

IV.  ARGUMENT ............................................................................................................ 13

    A.   The Court Should Order Defendants to Pay Plaintiffs Their Reasonable Attorneys' Fees in Litigating These Discovery Disputes. ..................................... 13

    B.   The Court Should Order Defendants to Produce Unredacted A-Files, Produce an Unredacted Class List, and Fully Comply with its PETT Order by Dates Certain ............................................................................................... 15

V.   CONCLUSION ........................................................................................................ 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**Pages**

**CASES**

*Apple Inc.* v. *Samsung Elec. Co.*,
   No. 11-cv-1846 LHK (PSG), 2012 WL 1413385 (N.D. Cal. Apr. 23, 2012).........................13

*Chilcutt v. United States*,
   4 F.3d 1313 (5th Cir. 1993) ................................................................................................13

*Cuviello v. Feld Entm't Inc.*,
   No. 5:13-CV-03135-LHK, 2015 WL 877688 (N.D. Cal. Feb. 27, 2015).................................1

*Hernandez v. Sessions*,
   No. EDCV16-620-JGB(KKx), 2018 WL 276687 (C.D. Cal. Jan. 3, 2018) ...........................13

*Lee v. Walters*,
   172 F.R.D. 421 (D. Or. 1997) ...........................................................................................13

*Leon v. IDX Sys. Corp.*,
   464 F.3d 951 (9th Cir. 2007) ............................................................................................12

*Liew* v. *Breen*,
   640 F.2d 1046 (9th Cir. 1981) ..........................................................................................13

*Maness v. Meyers*,
   419 U.S. 449 (1975)..........................................................................................................12

*Payne v. Exxon Corp.*,
   121 F.3d 503 (9th Cir. 1997) ............................................................................................13

*Perry v. Golub*,
   74 F.R.D. 360 (N.D. Ala. 1976) ......................................................................................14

*Roadway Express v. Piper*,
   447 U.S. 752 (1980)..........................................................................................................12

*Stetson v. Wash. State Dep't of Corr.*,
   No. C15-5524 BHS-KLS, 2016 WL 4765852  (W.D. Wash. Sept. 13, 2016) .......................13

*United States v. Sumitomo Marine & Fire Ins. Co.*,
   617 F.2d 1365 (9th Cir. 1980) ..........................................................................................14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**OTHER AUTHORITIES**

2
FED R. CIV. P. 37 ................................................................................................... passim

3

Local Civil Rule 37 ............................................................................................... passim
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST
DEFENDANTS
(No. 2:17-cv-00094-RAJ) - iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## I.    INTRODUCTION

2
3
4
5
6
7
8
9
10

"A basic rule of our legal system is that when courts issue orders, parties follow.  This case raises the question whether this rule applies to all parties, or only some.  The answer should be obvious—no party is above the orders of the court." *Cuviello v. Feld Entm't Inc.*, No. 5:13-CV-03135-LHK, 2015 WL 877688, at *1 (N.D. Cal. Feb. 27, 2015).  From the beginning of this case, Defendants have defied this basic rule.  They have failed to proceed with the diligence required of a certified class action alleging statutory and constitutional violations that have effectively denied immigration benefits to thousands of individuals.  Their persistent and willful failure to comply with the Federal Rules of Civil Procedure and with express orders of the Court warrants the imposition of sanctions.

11
12
13
14
15
16
17
18

Defendants have offered no valid justification for their conduct.  They recently stated that they "will do their utmost to comply with any orders of this Court, to the best of their ability." Dkt. 130 at 2; *see also* Dkts. 124 at 2 (same), 117 at 3 (same).  The Court has already recognized that this is not sufficient: "[W]hen this court issues an order, I expect full compliance with the court's order.  This isn't an opportunity for the court to go back and say, 'Well, we're going to give it our best effort.'  Best effort doesn't comply with the rules of discovery."  Declaration of Laura Hennessey in Support of Plaintiffs' Motion for Sanctions Against Defendants ("Hennessey Decl."), Ex. A (Hearing Transcript (Feb. 8, 2018) at 87:4-8).

19
20
21
22
23

Defendants contend that they have a different *understanding* of the Court's orders.  But those orders are unambiguous, and Plaintiffs have been forced to relitigate settled issues.  The Court, moreover, has been clear, noting that it "has a full expectation that if it's ordered by the court, it's complied with."  *Id.* at 87:9-10.  Defendants have not heeded the Court's advice, and so Plaintiffs respectfully request sanctions for Defendants' conduct.

24

## II.    RELEVANT FACTS

25
26

On June 21, 2017, the Court largely denied Defendants' motion to dismiss Plaintiffs' claims and certified two nationwide classes of immigration benefit applicants subject to the

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   Controlled Application Review and Resolution Program ("CARRP") or a successor "extreme

2   vetting" program. Dkt. 69. In July 2017, the parties held their Federal Rule of Civil Procedure

3   ("Rule") 26(f) conference and agreed to complete fact discovery by May 29, 2018. Dkt. 79 at 1.

4   This timeline provided the parties with more than 10 months to complete discovery.

5           Plaintiffs served their First Request for Production of Documents to Defendants ("First

6   RFPs") on August 1, 2017, which included 39 document requests. Defendants responded to the

7   First RFPs on September 5, 2017, with several broadly stated objections. Hennessey Decl., Ex.

8   B. These objections included categorical assertions of privilege as well as refusals to produce

9   emails, search for entire categories of documents, or provide privilege logs. *See id.* at 9. With

10  respect to the categories of information Defendants agreed to search and produce, Defendants

11  indicated that they would begin producing documents within 30 days of their objections and

12  would continue thereafter to produce documents "on a rolling basis" until the production was

13  "substantially complete," which Defendants estimated would take six months. *Id.* at 5-6.

14          Within a week of receipt of Defendants' objections, Plaintiffs expressed their concerns

15  with the breadth of Defendants' objections and their request for a six-month timeline to produce

16  responsive documents. Hennessey Decl., Ex. C. After conferring, Plaintiffs moved to compel

17  three categories of documents.

18          First, Plaintiffs moved to compel Defendants to identify the members of the two

19  nationwide certified classes. Dkt. 91 at 3-6 (the "September Motion to Compel"). Plaintiffs

20  argued that Defendants had not properly asserted the law enforcement privilege and that, even if

21  they had, the relevance of the information outweighed any need for withholding. *Id.* The Court

22  agreed with Plaintiffs, finding disclosure was required because Defendants' privilege assertion

23  was "vague" and based on "mere speculation and a hypothetical result." Dkt. 98 at 3-4.

24          Second, Plaintiffs challenged Defendants' similar privilege assertions over documents

25  showing the reasons that U.S. Citizenship and Immigration Services ("USCIS") subjected the

26  Named Plaintiffs to CARRP. Dkt. 91 at 3-4. In their opposition brief, Defendants conceded that

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST
DEFENDANTS
(No. 2:17-cv-00094-RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Plaintiffs' document requests were proper.  *See* Dkt. 94 (Defendants' Response); Dkt. 95 at 4 n.2 (Plaintiffs' Reply, pointing out Defendants' omission).  The Court ordered disclosure, ruling that "why the Named Plaintiffs were subjected to CARRP" is "relevant to the claims and Plaintiffs' needs outweigh the Government's reasons for withholding."  Dkt. 98.

Third, Plaintiffs challenged Defendants' categorical refusal to produce any documents related to the President's January 27, 2017 and March 6, 2017 Executive Orders ("EOs") on immigration issues, as requested in Plaintiffs' RFP Nos. 23 and 24.  Dkt. 91 at 8-11.  To the extent Defendants intended to use the executive privilege to shield the President from discovery, Plaintiffs requested that Defendants identify alternate sources of discoverable information.  *Id*. The Court ordered Defendants to identify alternate sources and custodians for RFP Nos. 23 and 24 within 30 days from its order (i.e., by late November 2017).  Dkt. 98.  Defendants refused to identify alternate custodians and sources, forcing the parties to bring this issue to the Court's attention for a second time (Dkt. 103), and leading the Court to issue a second order to force Defendants to comply, this time with more specific deadlines for Defendants' production of responsive documents (Dkt. 104).

Defendants have failed to comply with many of the Court's rulings.

**A.  Defendants Repeatedly Delay Production of Documents**

In their responses to Plaintiffs' First RFPs, Defendants stated that they needed six months to substantially complete production of responsive documents.  Hennessey Decl., Ex. B at 6. Plaintiffs responded that the proposed six-month timeline was "unworkable" and "not reasonable" because any production of documents responsive to Plaintiffs' First RFPs would be "dangerously close to the agreed discovery cutoff date."  *Id*., Ex. C at 1.  Plaintiffs also requested firm interim deadlines for production within the proposed six-month period.  *Id*., Ex. D at 3.

Defendants insisted that the volume of documents required a six-month production timeline, and suggested the parties extend the case schedule.  *Id*., Ex. E at 2.  When pressed, Defendants reassured Plaintiffs that "Defendants do not contend, and have never contended, that

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

they cannot produce any responsive documents in less than six months.  To the contrary, Defendants have repeatedly indicated they intend to make rolling productions, but estimate that the production timeline will take up to six months to substantially *complete*."  *Id.* Ex. F at 1.

Opting to compromise to resolve this dispute without the Court's involvement, Plaintiffs ultimately accepted the six-month timeline Defendants proposed.  This was a significant concession on Plaintiffs' part, as it severely limited the time Plaintiffs would have to digest the produced documents, serve follow-up written discovery requests, and conduct depositions before the discovery cutoff set for May 29, 2018.  In making this concession, Plaintiffs relied on Defendants' repeated representations that they would meet the March 5 deadline and would make significant productions on a rolling basis leading up to that date to ensure that Plaintiffs would not be required to process and respond to one massive March 5 production.  On multiple occasions, over the phone and in letters, Defendants affirmed their commitment to meeting this March 5 deadline and rolling production framework.  Hennessey Decl. ¶¶ 3 (detailing October 24, 2017 meet and confer), 4 (detailing November 14, 2017 meet and confer) & Exs. F at 1 (October 2, 2017 letter from Defendants (Defendants "estimate that the production timeline will take up to six months to substantially *complete*")), H at 2 (December 13, 2017 letter from Defendants ("Defendants estimate that a first production will occur in mid-January 2018 with rolling productions to occur thereafter.")), G at 2 (December 19 letter from Defendants ("Our goal remains to stay as close to that [six-month] timeline as possible, and, as Defendants have previously stated, it is our intention to make rolling productions in advance of that date.")).

Defendants did not follow through on these repeated assurances.  As a result, during the six months from September 5, 2017 to March 5, 2018, Plaintiffs received only six productions totaling a mere 1,568 documents.  Since March 5, 2018, Defendants have produced two heavily redacted productions totaling an additional 912 documents.

Defendants have no justifiable basis for delay.  In September, Defendants advised they were prioritizing production of one particular noncustodial source called the "FDNS-ECN."  *Id.*,

1   Ex. E at 1.  Defendants frequently referred to this source as the "CARRP motherlode" (*id*. ¶ 2),

2   and represented that it "has the most extensive CARRP documents" and was "the *best* source of

3   discoverable information" (*id*., Ex. E at 1).  Defendants produced responsive documents from

4   this source in October, but these documents were largely duplicative of documents the American

5   Civil Liberties Union (ACLU) already had obtained through a Freedom of Information Act

6   (FOIA) request and litigation that Plaintiffs had identified in their initial disclosures.[1]  *Id*. ¶ 2.

7           For the remaining custodial and noncustodial sources identified, Defendants proposed

8   using a Technology Assisted Review ("TAR") protocol that would train an algorithm to

9   automatically identify responsive documents.  *Id*., Ex. I (discussing November 14, 2017 meet

10  and confer).  Defendants emphasized that they believed TAR would significantly expedite the

11  document review and production process.  *Id*., Exs. J & G at 2.  Despite their skepticism,

12  Plaintiffs opted, once again, for compromise: Plaintiffs agreed to allow Defendants to proceed

13  with TAR, based on Defendants' repeated assurances that they still would meet their March 5,

14  2018 deadline.  Using TAR, Defendants estimated that "a first production [would] occur in mid-

15  January 2018 with rolling productions to occur thereafter."  *Id.*, Ex. H at 2; *see also id*., Ex. I at

16  1.  On several occasions, Plaintiffs pressed Defendants on their promise to give rolling

17  productions before March 5 to avoid a document dump on that date.  Understanding Plaintiffs'

18  stated needed to line up attorneys for document review, Defendants promised rolling

19  productions.  *See Id.*, Ex. H at 2.

20          However, by mid-January, Defendants had not produced *any* documents out of the TAR

21  process.  When Plaintiffs inquired during a January 18, 2018 meet and confer, Defendants denied

22  having promised rolling productions beginning in mid-January.  *Id*. ¶ 5.  Moreover, during that

23

24          [1] The new information contained in these documents was redacted based on Defendants' interpretation of
    the law enforcement and deliberative process privileges; the law enforcement privilege issue is addressed in separate
25  briefing.  *See* Dkt. 109 (law enforcement privilege).  The parties have met and conferred and are at impasse on this
    issue and thus Plaintiffs anticipate that they will have to file another motion to compel regarding Defendants' use of
26  the deliberative process privilege.

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST                    **Perkins Coie LLP**
DEFENDANTS                                                  1201 Third Avenue, Suite 4900
(No. 2:17-cv-00094-RAJ) – 5                                 Seattle, WA  98101-3099
                                                           Phone:  206.359.8000
                                                           Fax:  206.359.9000

meet and confer, Defendants could not predict how much additional time they might need. *Id.*
Defendants pointed to the iterative and unpredictable nature of the TAR process—a process
Defendants previously had insisted would expedite document production. *Id.* Defendants again
requested to extend the case schedule to accommodate a longer production timeline. *Id.* ¶ 6.
Defendants followed up with a written case schedule proposal on January 31. *Id.*, Ex. K.

Despite concerns, Plaintiffs took Defendants' proposal to extend the case schedule under
advisement. *Id.* ¶ 6. On March 5, 2018—the date by which Defendants had stated that
production of documents responsive to the First RFPs would be substantially complete—
Plaintiffs contacted Defendants. In response, Defendants stated that no documents would be
forthcoming that day and that Defendants still could not provide a date certain when the rolling
productions would begin. *Id.* ¶ 8. As reflected in the multiple status reports the parties have
since filed, Defendants steadfastly have refused to provide firm dates by which they anticipate
completing their production, other than to estimate that they will need at least *six additional
months* to complete it (i.e., a full year from service of the First RFPs). Dkt. 117 at 2
("Defendants are unable at this time to propose an alternate production schedule."); Dkt. 124 at 2
("Defendants are unable at this time to propose an alternate production schedule, but continue to
expect . . . that to complete the review and production of all currently outstanding discovery will
take at least six months from present."); Dkt. 130 at 2 (same).

Defendants now claim that a primary reason for their delay is that they did not allocate
adequate staff to complete the document review. Yet, Defendants have known the volume of
documents sought since August 2017, since the volume was their initial basis for seeking a six-
month timeline. If volume is the primary cause of delay, Defendants should have staffed up in
September 2017, rather than waiting until March 2018. Dkt. 130 at 2.

Defendants have treated the Court's orders as optional, rather than binding directives,
placing them in direct violation of the Court's orders, while at the same time creating indefinite
and escalating delay. For example, two of Plaintiffs' First RFPs (RFP Nos. 23 and 24) requested

1    information related to the "extreme vetting" portions of the two EOs.  Because Defendants

2    refused to produce responsive documents, Plaintiffs included this issue in their September

3    Motion to Compel.  Dkt. 91 at 8-11.  On October 19, the Court ordered the parties to "meet and

4    confer within thirty (30) days from the date of this Order to discuss alternative custodians and

5    non-custodial sources of information for any discovery order which the Government asserts this

6    specific [executive] privilege."  Dkt. 98 at 5.  During the parties' conference, however,

7    Defendants took the position that Plaintiffs are not entitled to *any discovery* concerning the EOs

8    because any "extreme vetting" programs do not directly relate to CARRP.  Dkt. 103 at 4-5.  The

9    parties filed a joint motion under Local Civil Rule 37 to address the relevance of the EOs and

10   Defendants' obligation to provide alternative custodians and document sources to avoid assertion

11   of the executive privilege.  Dkt. 103.  The Court found Defendants' request for further

12   negotiation on the definition of "extreme vetting" to be "disingenuous," and cautioned that "the

13   court will not require Plaintiffs to file duplicitous motions to compel."  Dkt. 104 at 4 (the

14   "January 10, 2018 Order").  The Court accordingly ordered, for the second time, that the parties

15   confer within 21 days to "discuss alternative custodians, non-custodial sources, search terms, and

16   other means of review that Defendants will use to search for relevant documents."  *Id*.  Pursuant

17   to the January 10, 2018 Order, Defendants would have 10 days to perform their search and an

18   additional 30 days to produce relevant documents.  *Id*.  Despite the Court's admonitions,

19   Defendants still did not comply.  Defendants pushed the date of the parties' meet and confer

20   back until right before the Court-ordered deadline, and the parties again had to seek Court

21   intervention to resolve their dispute about the custodians and search terms that should apply.

22   Dkt. 105 at 1.

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**B.     Defendants Are Violating Multiple Court Orders**

     **1.      Defendants Are Violating the Court's Orders and the Civil Rules Concerning the Production Schedule**

     Defendants are violating the Court's October 19, 2017 (Dkt. 98) and January 10, 2018 (Dkt. 104) Orders, both of which compel Defendants to search for and produce documents responsive to RFP Nos. 23 and 24 on specific timelines.  During a hearing on this issue in February, the Court underscored the importance of these timelines, specifying that "I want very specific deadlines, with expectations of when these documents are going to actually be produced."  Hennessey Decl., Ex. A at 86:23-25.  During the follow-up telephonic hearing, the Court gave Defendants additional time to propose dates certain for production to see if the parties could come to an agreement without additional Court intervention.  *Id.*, Ex. L at 22:6-25:12.

     Plaintiffs—in another significant concession—offered to use the case schedule proposal that Defendants themselves put together in late-January, which contemplated production of documents responsive to Plaintiffs' First RFPs, except for RFP No. 24, between March 12, 2018 and April 23, 2018, and the production of documents responsive to Plaintiffs' Second RFPs, plus RFP No. 24, between April 23, 2018 and May 28, 2018.  *Id.* Ex. L at 24:22-25:4 & Ex. K; Dkt. 116 at 1-2.  The Court acknowledged Plaintiffs' willingness to compromise and indicated on February 14, 2018 that it was inclined to adopt Plaintiffs' proposed timelines.  Hennessey Decl., Ex. L at 25:9-12.  Rather than compromise, or comply with the Court's order for specific timelines, Defendants have submitted status reports stating that they cannot predict how long production will take and cannot in good faith commit to *any* deadlines, not even the deadlines that *they themselves* proposed in correspondence to Plaintiffs.  Dkt. 117 at 2; Dkt. 124 at 2; Dkt. 130 at 2.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2. **Defendants Are Violating the Court's Orders to Produce the Class List**

2      On October 19, 2017, the Court ordered Defendants to produce a Class List. Dkt. 98 at

3  2-4. The Court rejected Defendants' assertion that disclosure is protected by the law

4  enforcement privilege, finding Defendants' invocation to be "vague" and "brief," "consist[ing]

5  of mere speculation and a hypothetical result." *Id.* at 3-4. Moreover, the Court found "the

6  balance weigh[s] in favor of disclosure." *Id.* at 4.

7      Defendants moved to reconsider the Court's order that they produce a Class List (Dkt.

8  99), which the Court subsequently denied (Dkt. 102). On November 29, Plaintiffs requested an

9  update on when Defendants would be producing the Class List. *See* Hennessey Decl., Ex. I at 4.

10  On December 13, Defendants reassured Plaintiffs that they were "developing a list of potential

11  class members." *Id.*, Ex. H at 2. Defendants later confirmed they would produce the Class List

12  "not . . . later than . . . March 5, 2018." *Id.*, Ex. G at 3.

13      As the March 5 deadline approached, Plaintiffs inquired at least twice as to the status of

14  the Class List. *Id.*, Ex. M. Defendants did not respond to these inquiries. In the Joint Status

15  Report the parties submitted after the February 8 hearing, Defendants affirmed their commitment

16  to produce the Class List by March 5, but noted that they "reserve the right to seek from the

17  Court relief, as may be determined to be necessary." Dkt. 114 at 4. During the February 14

18  telephonic hearing, the Court warned Defendants that the issue had "already been ruled on by the

19  court, so the court doesn't want this to be a moving target. If you've identified that March 5th is

20  going to be the date of actual production, the court expects full compliance, because that fits

21  within the context of the two prior orders that have already been issued by this court."

22  Hennessey Decl., Ex. L at 26:17-22. The Court later underscored this point:

23          I just want to reemphasize, counsel, that two orders have already
            been issued. I don't know how to make this any clearer of what the
24          court's expectations are. And *unless there's something that's*
            *extraordinarily different* that I'm not aware of or hasn't already
25          been identified by either the parties, or the court's order, *I expect*
            *full compliance in a timely fashion without further delay.* So I want
26          to make sure that the defendants clearly understand that. And,

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST
DEFENDANTS
(No. 2:17-cv-00094-RAJ) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

> again, *the dates that I have identified and you proposed are not moving targets.*

2

*Id.* at 28:6-15 (emphasis added).

3

4        Rather than comply, or seek relief from that deadline, Defendants filed a motion for

5    protective order seeking additional restrictions on the Class List.  Dkt. 126.  As Plaintiffs detailed

6    in their opposition to Defendants' motion for protective order (Dkt. 127), there is nothing

7    "extraordinarily different" about the issues raised in Defendants' motion or the relief they are

8    seeking—there is no reason Defendants could not have moved for exactly the same relief in late

9    November after the Court denied their motion to reconsider the compelled production of this

10   information.  Instead, Defendants waited until four days before the production was due to seek to

11   modify their obligation to produce the Class List.

12       Moreover, Defendants violated their own commitment, adopted by the Court as an order

13   during the February 14 hearing, to produce a Class List by March 5.  Rather than produce a Class

14   List, Defendants produced a document that redacts—even from Plaintiffs' counsel—the names,

15   Alien Registration Numbers, and application dates for every person on the list.  Hennessey Decl.

16   ¶ 7.  Redacting this information defeats the entire purpose of Plaintiffs' request for the Class

17   List: to understand who is subject to CARRP and how long their applications have been delayed.

18   Defendants' motion for protective order does not seek relief from the March 5 deadline, but

19   rather to impose heightened restrictions on the dissemination of this information.  Plaintiffs

20   agreed to comply with these heightened restrictions while Defendants' motion is pending, but

21   Defendants nevertheless refuse to provide an unredacted Class List "without a supplemental

22   protective order in place that recognizes the limitations regarding access by class members."  *Id.*,

23   Ex. N.  Defendants also have suggested that they "will need to consider appellate options if we

24   do not prevail on this issue."  *Id.*  In sum, Defendants have known since October that they

25   needed to produce a Class List, waited until four days before the production was due to seek

26   heightened protections, and have unilaterally decided that they do not need to comply with the

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST
DEFENDANTS
(No. 2:17-cv-00094-RAJ) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Court's order for "full compliance" until they have time to adjudicate an appeal to achieve

2    protection they could have sought months ago.

3        **3.    Defendants Are Violating the Court's Order Compelling Production of**
          **Information About Why Named Plaintiffs Were Subjected to CARRP**

4

5            The Court's October 19 Order compelled Defendants to produce information showing the

6    reasons why Named Plaintiffs had been subjected to CARRP.  Dkt. 98 at 4.  The Court reasoned

7    that, as with the Class List, "this information is relevant to the claims and Plaintiffs' needs

8    outweigh the Government's reasons for withholding."  *Id*.  Defendants did not move to

9    reconsider this portion of the Court's order.  *See* Dkt. 100 at 2 n.2.  Thus, Defendants have been

10   under Court order to produce this information since October 19—for over five months.

11           According to Defendants, the relevant information regarding why Named Plaintiffs were

12   subjected to CARRP is in their Alien Files ("A-Files").  During a December 15, 2017 meet and

13   confer, Defendants promised to produce the A-Files of the Named Plaintiffs by late January,

14   which Defendants later confirmed in writing.  Hennessey Decl., Ex. O.  Defendants further stated

15   that any other responsive information regarding why Named Plaintiffs were subjected to CARRP

16   also would be produced by March 5.  *Id*.

17           On February 28, 2018, Defendants produced the Named Plaintiffs' A-Files but redacted

18   from the files all substantive information regarding why Named Plaintiffs were subjected to

19   CARRP.  On March 6, 2018, Defendants claimed that they had redacted the A-Files due to

20   privilege concerns expressed by unidentified government agencies that the Court had not yet

21   adjudicated.  *Id.*, Ex. P.  Defendants claim that these unidentified "third party government

22   agencies" believe that information in the A-Files is subject to the law enforcement privilege and

23   that "Defendants are not able to release [the information] without approval from the agencies that

24   'own' the information."  *Id*.  Defendants later asserted the deliberative process privilege also

25   applies to this information.  *Id.*, Ex. Q.

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   Plaintiffs' motion to compel expressly covered the reasons why Named Plaintiffs were

2   subjected to CARRP. Dkt. 91 at 3-6. The Court expressly ordered Defendants to produce this

3   information because the relevance outweighed Defendants' reasons for withholding. Dkt. 98 at

4   4. Although Defendants had the opportunity (in their response to Plaintiffs' motion to compel)

5   to argue for withholding this information, Defendants made no such argument.[2] Defendants then

6   accepted the Court's order, did not move to reconsider this issue, and promised to produce

7   Plaintiffs' A-Files by late January. Defendants have violated the Court's October 19 Order, and

8   the Court should not be forced to address this issue yet again.

9       **4.    Defendants Are Violating the Court's Order that Defendants Identify Those
            Custodians Who Served on the President-Elect Transition Team**

10  During the February 14, 2018, hearing, the Court expressly ordered Defendants to

11  identify those custodians who also served on the President-Elect Transition Team ("PETT").

12  Hennessey Decl., Ex. L at 20:13-15. Plaintiffs had suggested this compromise position in light

13  of Defendants' assertion that they did not have custody or control over PETT documents.

14  Before, during, and after that hearing, Defendants agreed that John Kelly was a custodian

15  (because he previously served as the Secretary of the Department of Homeland Security).

16  Defendants did not move for reconsideration of that order as it related to John Kelly. Instead of

17  complying, however, Defendants sent a letter to Plaintiffs on March 9, 2018, stating that they

18  "have not inquired directly with Gen. Kelly whether he was on the President-Elect Transition

19  Team, and do not believe it is appropriate or necessary to do so." *Id.*, Ex. R at 2. This is a direct

20  violation of the Court's order.

21      **III.    LEGAL STANDARD**

22  It is a "basic proposition that all orders and judgments of courts must be complied with

23  promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). Courts possess the authority—both

24

25

26      _____
        [2] Plaintiffs will respond to Defendants' privilege assertions in a forthcoming motion to compel.

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST
DEFENDANTS
(No. 2:17-cv-00094-RAJ) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    inherently and expressly under Rule 37—to levy sanctions for those who do not comply with

2    court orders.  *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2007).

3        Rule 37(b)(2)(C) empowers the court to issue monetary sanctions when a party has failed

4    to comply with discovery orders.  The court may also, among other things, (1) order that the

5    subject matter of the discovery shall be taken as established, or (2) prohibit the disobedient party

6    from supporting or opposing designated claims or defenses.  *See* FED. R. CIV. P. 37(b)(2)(A)(i)-

7    (vii); *see also Roadway Express v. Piper*, 447 U.S. 752, 763 (1980).

8                            **IV.    ARGUMENT**

9        Defendants repeatedly have violated the Court's orders and the Federal Rules of Civil

10   Procedure and have failed to comply with discovery-related commitments made to Plaintiffs and

11   the Court.  Defendants' conduct has severely prejudiced Plaintiffs, not only by causing

12   unjustifiable delays, but also by driving up the costs of litigation.  Plaintiffs seek the sanctions

13   identified below to ensure compliance with the Court's orders and move forward with this case.

14   **A.    The Court Should Order Defendants to Pay Plaintiffs Their Reasonable Attorneys'**
     **Fees in Litigating These Discovery Disputes.**

15       If a party fails to obey an order to provide discovery, "the court *must* order the

16   disobedient party to pay the reasonable expenses, including attorney's fees, caused by the

17   failure." FED. R. CIV. P. 37(b)(2)(C) (emphasis added); *see, e.g., Hernandez v. Sessions*, No.

18   EDCV16-620-JGB(KKx), 2018 WL 276687, at *1 (C.D. Cal. Jan. 3, 2018) (awarding attorneys'

19   fees and costs of $22,820 incurred in bringing a motion to compel against the government);

20   *Apple Inc.* v. *Samsung Elec. Co.*, No. 11-cv-1846 LHK (PSG), 2012 WL 1413385, at *1 (N.D.

21   Cal. Apr. 23, 2012) (imposing monetary sanctions for failing to comply with prior discovery

22   order).  A showing of willfulness, bad faith, or fault is not required.  *Payne v. Exxon Corp.*, 121

23   F.3d 503, 507 (9th Cir. 1997).  The disobedient party bears the burden of showing that the failure

24   to comply with the discovery order was justified or that special circumstances make an award of

25   expenses unjust.  *Liew* v. *Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).  Monetary sanctions also

26

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST
DEFENDANTS
(No. 2:17-cv-00094-RAJ) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

are appropriate under Rule 37(d) for violations of discovery obligations outlined in the Federal Rules of Civil Procedure. *See, e.g.*, *Stetson v. Wash. State Dep't of Corr.*, No. C15-5524 BHS-KLS, 2016 WL 4765852, at *3 (W.D. Wash. Sept. 13, 2016); *Lee v. Walters*, 172 F.R.D. 421, 425 (D. Or. 1997).

Rule 37 sanctions apply to government actors who engage in discovery abuse. *See Chilcutt v. United States*, 4 F.3d 1313, 1325-27 (5th Cir. 1993). In fact, "[t]he effectiveness of and need for harsh measures is particularly evident when the disobedient party is the government" because "[g]overnmental agencies which are charged with the enforcement of laws should set the example of compliance with Court orders." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1370 (9th Cir. 1980) (quoting *Perry v. Golub*, 74 F.R.D. 360, 366 (N.D. Ala. 1976)).

Defendants' delays have dramatically driven up the costs of litigation. Their repeated misconduct has forced Plaintiffs to incur fees and costs needlessly in (i) bringing motions to compel, (ii) repeatedly meeting and conferring with Defendants on their deficient responses, and (iii) bringing this motion in response to Defendants' continued failure to fully comply with its Rule 37 obligations and the Court's orders. Rule 37 requires Defendants to reimburse Plaintiffs for attorneys' fees and costs caused by their violation of multiple orders of this Court. FED. R. CIV. P. 37(b)(2)(C). Defendants' tactics, if allowed to persist, would make it very difficult for Plaintiffs to move forward with this case. These delays are also harmful apart from the monetary burdens. Each unnecessary delay allows unconstitutional programs to persist, subjecting thousands of individuals to illegal and discriminatory extreme vetting programs like CARRP.

Accordingly, Plaintiffs ask that the Court order Defendants to pay Plaintiffs' reasonable attorneys' fees incurred in litigating these discovery disputes, starting with the September Motion to Compel. The declarations of Matt Adams, Sameer Ahmed, Nicholas P. Gellert, Hugh Handeyside, Trina Realmuto, Carol Sobel, and Stacy Tolchin, submitted herewith, detail the fees Plaintiffs seek to recover and the rate structure employed. Of course, the time detailed does not

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANTS
(No. 2:17-cv-00094-RAJ) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   include the time Plaintiffs have spent in presenting this motion for sanctions, as that work is

2   ongoing.

3   **B.    The Court Should Order Defendants to Produce Unredacted A-Files, Produce an**
        **Unredacted Class List, and Fully Comply with its PETT Order by Dates Certain**

4

5          Since the Court's October 19, 2017 Order (Dkt. 98), Defendants have known about their

6   obligations to provide discovery on why Named Plaintiffs were subjected to CARRP.

7   Defendants further assured Plaintiffs that the Named Plaintiffs' A-Files would be produced by

8   late January and that all other information regarding the reasons Plaintiffs were subjected to

9   CARRP would be produced by the March 5 production deadline.  Hennessey Decl., Ex. O.  But

10  the A-Files Defendants produced in late February, in addition to being a month late, also

11  redacted the content regarding why Named Plaintiffs were subjected to CARRP.  Defendants

12  now assert that the A-File redactions are grounded in claims of third-party law enforcement and

13  deliberative process privilege.

14         Defendants should have raised these third-party concerns in their opposition to Plaintiffs'

15  motion to compel the production of why Named Plaintiffs were subjected to CARRP.  Dkt. 94.

16  At that time, these unidentified third parties could have sought intervention to oppose Plaintiffs'

17  motion to compel to assert their own privileges.  Defendants also could have raised this issue in

18  their motion to reconsider the Court's October 19, 2017 Order.  Dkt. 73.  Defendants elected not

19  to take any of these actions, and their belated assertion of privilege for unidentified third parties

20  contravenes the Court's order compelling discovery.  Dkt. 98.

21         Likewise, Defendants have known since the Court's October 19, 2017 Order (Dkt. 98)

22  and the Court's subsequent order denying Defendants' motion to reconsider (Dkt. 102) that they

23  were required to produce a Class List.  Defendants committed in writing to produce the Class

24  List by March 5, 2018 (Dkt. 114 at 4)—a commitment that the Court adopted as an order during

25  the February 14, 2018 telephonic hearing (Hennessey Decl., Ex. L at 26:14-22, 28:6-15).  On

26  March 5, 2018 Defendants produced a list that *redacts* all of the key information about the

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST
DEFENDANTS
(No. 2:17-cv-00094-RAJ) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

members of the certified classes: *who* has been subjected to CARRP and *how long* those applications have been pending.  Hennessey Decl. ¶ 7.  Instead of complying with the Court's order or seeking relief from the deadline, Defendants moved for a protective order and raised the same arguments the Court already rejected when it ordered production of the Class List and denied Defendants' motion to reconsider.

Finally, Defendants similarly have known since the February 14, 2018 hearing that they were under Court order to tell Plaintiffs which custodians were part of the PETT.  In fact, Defendants' March 9, 2018 letter acknowledges that "the Court . . . issued a verbal order" to this effect.  Hennessey Decl., Ex. R.  With respect to one custodian (John Kelly), however, Defendants elected not to comply with the Court's express order, deciding they did "not believe it is appropriate or necessary" to do so.  *Id.*

Plaintiffs accordingly request that the Court use its authority under Rule 37 to order Defendants to comply with its prior orders by producing, by dates certain, (1) unredacted copies of Named Plaintiffs' A-Files, (2) a complete and unredacted Class List, to be updated every 90 days thereafter, and (3) inform Plaintiffs whether John Kelly served on the PETT.

### V.     CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Sanctions Against Defendants and order relief as detailed in the Proposed Order submitted herewith.  As reflected in the Proposed Order, Plaintiffs request that the Court note that it is prepared, if compliance continues to be an issue, to impose further sanctions, including deeming certain facts as admitted by Defendants, as that may be the only way to ensure Defendants fully comply with its discovery orders.

PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANTS
(No. 2:17-cv-00094-RAJ) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

DATED:  March 29, 2018

s/Jennifer Pasquarella (admitted pro hac vice)
s/Sameer Ahmed (admitted pro hac vice)
ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
Facsimile: (213) 997-5297
Email: jpasquarella@aclusocal.org
        sahmed@aclusocal.org

s/Matt Adams
s/Glenda M. Aldana Madrid
Matt Adams #28287
Glenda M. Aldana Madrid #46987
**Northwest Immigrant Rights Project**
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 957-8611
Facsimile: (206) 587-4025
Email: matt@nwirp.org
        glenda@nwirp.org

s/Stacy Tolchin (admitted pro hac vice)
Law Offices of Stacy Tolchin
634 S. Spring Street Suite 500A
Los Angeles, CA  90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@tolchinimmigration.com

s/Hugh Handeyside
Hugh Handeyside #39792
s/Lee Gelernt (admitted pro hac vice)
s/Hina Shamsi (admitted pro hac vice)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2616
Facsimile: (212) 549-2654
Email: lgelernt@aclu.org
        hhandeyside@aclu.org
        hshamsi@aclu.org

s/ Harry H. Schneider, Jr.
Harry H. Schneider, Jr. #9404
s/ Nicholas P. Gellert
Nicholas P. Gellert #18041
s/ David A. Perez
David A. Perez #43959
s/ Laura K. Hennessey
Laura K. Hennessey #47447

Attorneys for Plaintiffs
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: HSchneider@perkinscoie.com
        NGellert@perkinscoie.com
        DPerez@perkinscoie.com
        LHennessey@perkinscoie.com

s/Trina Realmuto (admitted pro hac vice)
s/Kristin Macleod-Ball (admitted pro hac vice)
Trina Realmuto
Kristin Macleod-Ball
American Immigration Council
100 Summer St., 23rd Fl.
Boston, MA 02110
Tel: (857) 305-3600
Email: trealmuto@immcouncil.org
        kmacleod-ball@immcouncil.org

s/Emily Chiang
Emily Chiang #50517
ACLU of Washington Foundation
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Email: Echiang@aclu-wa.org

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the dated indicated below, I caused service of the foregoing PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANTS via the CM/ECF system that will automatically send notice of such filing to all counsel of record herein.

DATED this 29th day of March, 2018 at Seattle, Washington.

By: s/*Laura K. Hennessey*
Laura K. Hennessey, #47447
Attorney for Plaintiffs
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: LHennessey@perkinscoie.com