THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,

    Plaintiffs,

    v.

DONALD TRUMP, President of the United States; *et al.*,

    Defendants.

No. 2:17-cv-00094-RAJ

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANTS

NOTE ON MOTION CALENDAR: APRIL 13, 2018

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF CONTENTS

Page

I. DEFENDANTS ARE VIOLATING MULTIPLE COURT ORDERS ............................. 1

    A. Defendants' Tactics Have Repeatedly Delayed the Production Schedule ................... 1

    B. Defendants Did Not Produce the Class List as Ordered by the Court. ........................ 2

    C. Defendants Continue to Withhold Information on Why Named Plaintiffs Were Subjected to CARRP Despite the Court's Clear Order. ................................................. 3

    D. Defendants Have Not Disclosed PETT Information Despite Clear Court Order. ........ 6

II. DEFENDANTS HAVE NOT SHOWN THAT THEIR ACTIONS AND VIOLATIONS ARE SUBSTANTIALLY JUSTIFIED .............................................................................. 6

III. PLAINTIFFS ARE ENTITLED TO FEES FROM SEPTEMBER 2017 ......................... 7

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Applied Sys., Inc. v. N. Ins. Co. of New York*,
   No. 97 C 1565, 1997 WL 639235 (N.D. Ill. Oct. 7, 1997) ......................................................... 4

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*,
   532 U.S. 598 (2001) ................................................................................................................. 8

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) .................................................................................................... 2

*Goodyear Tire & Rubber Co. v. Haeger*,
   137 S. Ct. 1178 (2017) ........................................................................................................ 2, 7

*Halaco Eng'g Co. v. Costle*,
   843 F.2d 376 (9th Cir. 1988) .................................................................................................... 7

*Liew v. Breen*,
   640 F.2d 1046 (9th Cir. 1981) ............................................................................................. 6, 7

*Stonehill v. I.R.S.*,
   558 F.3d 534 (D.C. Cir. 2009) .................................................................................................. 5

*United States v. $43,660.00 in U.S. Currency*,
   No. 1:15CV208, 2016 WL 1629284 (M.D.N.C. Apr. 22, 2016) ............................................... 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) .................................................................................................. 7

**STATUTES**

28 U.S.C. § 2412(d) ......................................................................................................................... 8

49 U.S.C. § 114(r) ............................................................................................................................ 5

**RULES**

Fed R. Civ. P. 34(b)(2) ..................................................................................................................... 5

Fed. R. Civ. P. 37(a)(5) ............................................................................................................... 7, 8

Fed. R. Civ. P. 37(b)(2)(C) .............................................................................................................. 7

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES
### (continued)

**Page**

Fed. R. Civ. P. 37 ...................................................................................................5, 7, 8

**REGULATIONS**

49 C.F.R. § 1520.15 ......................................................................................................5

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Defendants fail to demonstrate that sanctions are not an appropriate response to their violations of the Court's orders. Defendants do not explain why they were unable to comply with the Court's clear directives or why they could not have raised their new privilege concerns regarding the A-Files or moved for additional restrictions on the Class List months ago. Indeed, their opposition is consistent with their overall approach to discovery: it belatedly raises layer upon layer of new privilege assertions, the effect of which will be to prolong discovery unnecessarily and further delay adjudication on the merits. Defendants should be monetarily sanctioned for their abuses of the discovery process and their disregard of multiple court orders. Plaintiffs further request the Court order Defendants to produce Named Plaintiffs' A-Files without redacting *why* they were subjected to CARRP and other responsive documents and information about the President-Elect Transition Team ("PETT").[1]

## I.   DEFENDANTS ARE VIOLATING MULTIPLE COURT ORDERS

Defendants are violating multiple court orders regarding (A) the production schedule, (B) the Class List, (C) information regarding why Named Plaintiffs were subjected to CARRP, and (D) information as to any custodian, regardless of current position, on the PETT.

### A.   Defendants' Tactics Have Repeatedly Delayed the Production Schedule.

Contrary to Defendants' assertion (Opp'n at 8 n.5), Plaintiffs do seek relief for Defendants' violation of the Court's order to produce documents responsive to RFPs 23 and 24 by dates certain. The Court twice ordered Defendants to produce these documents on a very specific timeline. Dkts. 98, 104. Because Defendants did not comply with these specific orders, but instead improperly attempted to re-litigate the scope of the Executive Order discovery, Plaintiffs were forced to bring this issue to the Court's attention in two hearings in February. Declaration of Laura K. Hennessey in Support of Motion for Sanctions ("Hennessey Decl."),

---

[1] The Court addressed a portion of Plaintiffs' requested relief in ordering Defendants to produce the Class List within 14 days of the Court's April 11, 2018 Order. Dkt. 148 at 9-10. Plaintiffs request that the Court further order Defendants to produce an updated Class List every 90 days consistent with the April 11 Order.

CERTIFICATE OF SERVICE
(No. 2:17-cv-00094-RAJ) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Exs. A & L. The Court directed the parties to reach agreement on dates certain for the production of these materials. *Id*., Ex. A at 86:23-25. Instead of doing so, Defendants have submitted multiple status reports indicating that they cannot agree to Plaintiffs' proposed schedule and refusing to even propose an alternate schedule. Dkt. 117 at 2; Dkt. 124 at 2; Dkt. 130 at 2. Defendants violated the Court's two very clear orders to produce documents on a specific timetable, and they are exploiting the Court's request for compromise by continually refusing to commit to any firm discovery schedule.

Moreover, the protracted history of Defendants' negotiation tactics and resultant delays surrounding the production of documents in this case is independently sanctionable under the Court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). That authority to levy sanctions exists independently of any statute or court rule. *See Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). Defendants' opposition brief does not contradict the relevant facts. Plaintiffs served their First RFPs on August 1, 2017. *See* Hennessey Decl., Ex. B. By Defendants' own admission, on February 16, 2018—over *six months* later—Defendants provided Plaintiffs and the Court with their "best estimate of the time it would take to complete production." Opp'n at 6-7. And the "best estimate" Defendants provided was that they required *another* six months to complete production. *Id*. Defendants' position that they need an entire *year* to complete production of documents for one set of requests is unreasonable on its face, and contrary to the previously agreed-upon, Court-ordered case schedule. Any monetary sanction the Court awards should reflect this entire history—not the truncated post-February history that Defendants wrongly assert to be the relevant time period.

**B.    Defendants Did Not Produce the Class List as Ordered by the Court.**

Defendants are violating the Court's October 19, 2017 order to produce a Class List (Dkt. 98 at 2-4)—an order the Court underscored when denying their motion for reconsideration (Dkt. 102) and during the February 14 hearing (Hennessey Decl., Ex. L at 26:17-22, 28:6-15).

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants' arguments that the Court "acknowledged" they intended to seek relief from its prior order, and that the relief they later sought was "in accordance with the Court's prior suggestions" (Opp'n at 9), are inconsistent with the totality of the Court's comments.

First, though the Court may have acknowledged that Defendants planned to seek some unidentified form of relief regarding the Class List, Defendants never informed the Court of the breadth of that relief. Moreover, the Court took care to "reemphasize" that "two orders [had] already been issued" on the Class List—orders with which the Court expected "full compliance" on March 5. Hennessey Decl., Ex. L at 26:17-22, 28:6-15. Instead, Defendants did not produce a Class List on March 5, and withheld the names and A Numbers of all class members in the document they provided. Had Plaintiffs been aware at the February 14 hearing that Defendants planned to take that approach, Plaintiffs would have objected strenuously that such approach would plainly violate the Court's orders to produce the Class List.

Second, Defendants provide no explanation for their delay in seeking to supplement the Protective Order on the Class List. The Court suggested that the parties may supplement the Protective Order in October 2017, but Defendants inexplicably waited until four days before their production deadline to move for relief. Defendants had no reason to wait this long to act. Moreover, the Court has now rejected Defendants' argument that "the class list, generally, must be subject to an 'attorney eyes only' provision," and has ordered that the Class List be produced while allowing Defendants to assert "attorney eyes only" protections on a case-by-case basis supported by "sufficient detail and specificity." Dkt. No. 148 at 9-10.

**C.    Defendants Continue to Withhold Information on Why Named Plaintiffs Were Subjected to CARRP Despite the Court's Clear Order.**

Defendants are violating the Court's October 19, 2017 Order compelling the production of documents regarding why Named Plaintiffs were subjected to CARRP. To date, Defendants have not produced responsive documents describing why Named Plaintiffs were subjected to CARRP. Instead, Defendants produced A-Files that improperly redacted the exact information that the Court ordered Defendants to produce. Worse, Defendants' response acknowledges that

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

there may be other documents explaining why Named Plaintiffs were subjected to CARRP that they have not even searched for. *See* Opp'n at 5 n.4 ("If the Plaintiffs were subject to the CARRP policy, some number of 'why' documents would not necessarily be in the Plaintiffs' A-Files. Those documents, to the extent they exist will be reviewed for privilege; the non-privileged portions will be produced once review is complete."). Thus, Defendants still have not searched for documents they were ordered to produce six months ago.

Indeed, it is only *now*, when forced to respond to Plaintiffs' motion for sanctions, that Defendants submit six declarations from various federal agencies that purport to formally assert privileges to support Defendants' decision to withhold or redact information from their A-File production. *See* Declarations of John P. Wagner, Matthew D. Emrich, Corey A. Price, Tatum King, Douglas Blair, and Carl Ghattas. Defendants seek to submit additional declarations *ex parte* and *in camera*. Dkt. 147. Citing no legal authority, Defendants contend that they could not have raised these privilege concerns earlier because doing so would have "waiv[ed] the threshold claim of privilege then being litigated." Opp'n at 3; *see also id.* at 12. But Defendants have it backwards. "Failing to timely assert a privilege results in its waiver." *United States v. $43,660.00 in U.S. Currency*, No. 1:15CV208, 2016 WL 1629284, at *5 (M.D.N.C. Apr. 22, 2016); *see also Applied Sys., Inc. v. N. Ins. Co. of New York*, No. 97 C 1565, 1997 WL 639235, at *2 (N.D. Ill. Oct. 7, 1997) (finding waiver of privilege assertion where defendant produced nothing in the months following plaintiff's discovery requests and did not apprise the plaintiff of its intent to object based on privilege or the work-product doctrine until the motion to compel hearing). Neither logic nor legal authority supports Defendants piecemeal strategy of raising privilege claims seriatim. Rather, Defendants have waived these late privilege claims by asserting them only after months of delay and when faced with a sanctions motion.

Defendants' tactics prejudice Plaintiffs' ability to prosecute this case, forcing them into an endless game of whack-a-mole, defeating one claim of privilege only to find another one pop up. The Federal Rules of Civil Procedure aim to prevent this conduct by requiring parties to

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

submit responses and objections to written discovery within 30 days. *See* FED R. CIV. P. 34(b)(2). That is when the responding party should lodge any objections on the basis of privilege—not in response to a motion to compel, in a motion for reconsideration after losing the motion to compel, or in opposition to a motion for sanctions after failing to comply with court orders many months later. "[I]n a discovery proceeding there are potentially adverse consequences if the agency fails to examine the documents and to raise all its defenses: The district court may order production, *see* FED. R. CIV. P. 37, and the agency could not rely on immediate appeal." *Stonehill v. I.R.S.*, 558 F.3d 534, 540-41 (D.C. Cir. 2009). Defendants have not made a good faith effort to comply with the Court's October 19, 2017 order to produce information regarding why Named Plaintiffs were subjected to CARRP, and they have waived their right to assert new privileges at this juncture. The Court should order Defendants to produce the unredacted A-Files and any other documents responsive to why Named Plaintiffs were subjected to CARRP by a date certain.

However, if the Court wishes to consider the merits of Defendants' new privilege claims, this sanctions motion is not the proper vehicle for doing so, and Plaintiffs would request the opportunity to brief these issues outside of this reply brief for sanctions. Plaintiffs note that the declarations Defendants have submitted contain inconsistencies and raise additional concerns. For example, one of the declarations asserts privilege bases that were not even asserted in the *privilege logs* that accompanied Defendants' productions. *See* Blair Decl. (asserting privilege pursuant to 49 U.S.C. § 114(r) and implementing regulations at 49 C.F.R. § 1520.15, which prohibit public release of Sensitive Security Information). Defendants offer no explanation for waiting until now to assert these new privileges, especially when "the majority of withheld documents in the named plaintiffs['] A-Files originated with UCSIS [sic]." *See* Emrich Decl., ¶¶ 9, 21. Even the minority of documents that Defendants claim originated with other agencies were already in Defendants' possession, and Defendants knew they were relevant to Plaintiffs' discovery requests. It is unreasonable for Defendants to shop for additional privileges now, only

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS  
(No. 2:17-cv-00094-RAJ) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

after Plaintiffs filed their motion for sanctions. *See* Blair Decl., ¶ 6 n.2 (asserting a new privilege in support of Defendants' opposition to the sanctions motion, noting Defendants did not bring the discovery requests "to TSA's attention until April 5, 2018").

Additionally, Defendants' supporting declarations make general, unsupported claims that information should be withheld because Plaintiffs' counsel might disclose information in violation of the Protective Order. *See* King Decl., ¶ 14 ("Without directing any aspersions toward the integrity of plaintiffs' attorneys, this agency simply cannot afford even a slight risk that the attorneys most closely involved with this case could lose possession or control of the documents . . . ."); Price Decl., ¶ 10 (same).  If suggesting that a protective order may be disobeyed were sufficient to justify withholding material altogether, any party could avoid production of any confidential material, and protective orders would be rendered meaningless. Such speculation, certainly cannot form the basis for failing to follow existing court orders.

**D.     Defendants Have Not Disclosed PETT Information Despite Clear Court Order.**

Defendants' explanation for why they refuse to tell Plaintiffs whether John Kelly served on the PETT strains credulity.  Defendants repeat back the Court's unqualified directive to answer the simple question: "Of the Custodians in this litigation, who among them were on the transition team?"  *See* Opp'n at 11.  Instead of answering this question with respect to Mr. Kelly, Defendants claim they "understood the Court's order in the context of its prior order refusing to permit discovery from the President." *Id*.  This "understanding" is unsupportable.  The Court took pains to narrow the information request to a clear, simple order.  Hennessey Decl., Ex. L at 20:9-21:17.  Defendants were on notice that this order included *all* custodians in the case. Indeed, during the argument on this point, Plaintiffs mentioned Mr. Kelly by name and highlighted the importance of knowing whether he had served on the PETT. *Id.* at 18:3-7.

**II.    DEFENDANTS HAVE NOT SHOWN THAT THEIR ACTIONS AND VIOLATIONS ARE SUBSTANTIALLY JUSTIFIED**

Defendants bear "the burden of showing the special circumstances that make [their] failure to comply 'substantially justified.'" *Liew v. Breen*, 640 F.2d 1046, 1050 (9th Cir. 1981).

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Defendants fail to meet this burden because their positions are not "good faith dispute[s] concerning a discovery question," but rather are unreasonable departures from the Court's orders. *Id.*; *see also* Section I, *supra*.

Relatedly, Defendants' assertion that Plaintiffs must demonstrate prejudice to obtain sanctions is simply wrong. *See* Opp'n at 14. Prejudice is a "purely optional" factor for the court's consideration, *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 382 (9th Cir. 1988), and it is *Defendants'* burden to prove that their violation of multiple court orders was harmless, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in [Rule 37] is that the burden is on the party facing sanctions to prove harmlessness."). Even if the Court reaches the issue, Plaintiffs have articulated the substantial prejudice they have faced in prosecuting this case in the face of Defendants' conduct. Along with diverting hundreds of thousands of dollars' worth of legal work away from the merits of the case and toward litigating and re-litigating meritless discovery disputes, class members remain harmed by the delay in the adjudication of their immigration benefit applications and the ultimate determination of whether CARRP and successor "extreme vetting" programs are illegal. Like the Court, Plaintiffs also "hope[] to proceed to the merits in this matter rather than interminably remain in this morass of unnecessary delays and discovery disputes." Dkt. No. 148 at 11.

### III. PLAINTIFFS ARE ENTITLED TO FEES FROM SEPTEMBER 2017

The Court has the authority, both inherent and under Rule 37, to award monetary sanctions tied to conduct going back to the disputes surrounding Plaintiffs' motion to compel in September 2017. In addition to mandating fees "caused by failure" to obey a court order (Rule 37(b)(2)(C)), Rule 37 also mandates fees resulting from efforts to secure an order to compel discovery (Rule 37(a)(5)). The Court further possesses inherent powers to fashion appropriate sanctions, including the award of opposing party's legal fees. *See Goodyear Tire*, 137 S. Ct. at 1186. Defendants attempt to artificially limit Plaintiffs' recovery to only fees caused by violations of court orders under Rule 37(b)(2)(C) to work after February 28, 2018. *See* Opp'n at

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS  
(No. 2:17-cv-00094-RAJ) – 7

Perkins Coie LLP  
1201 Third Avenue, Suite 4900  
Seattle, WA 98101-3099  
Phone: 206.359.8000  
Fax: 206.359.9000

1    7, 16.  Defendants fail to address the persuasive authority in Plaintiffs' motion that they are also
2    entitled to fees under Rule 37(a)(5) because they were forced to file multiple motions to compel
3    and engage in lengthy and unnecessary conferrals regarding discovery issues.  *See* Mot. at 12-13
4    (citing *Hernandez v. Sessions*, No. EDCV16-620-JGB(KKx), 2018 WL 276687, at *1 (C.D. Cal.
5    Jan. 3, 2018)).  The Court should thus impose monetary sanctions beginning with the parties'
6    meet and confer that led to Plaintiffs' September 2017 motion to compel.

7        The fee declarations supporting Plaintiffs' motion also did not include the fees sought for
8    legal work after February 28, 2018 to prepare this motion for sanctions.  If the Court awards fees,
9    Plaintiffs respectfully request that the Court permit Plaintiffs to provide supplemental
10   declarations accounting for the hours spent conferring, briefing, and arguing this motion for
11   sanctions, all of which were directly caused by Defendants' obstructionist actions occurring after
12   February 28, 2018.

13       The possibility that Plaintiffs may eventually be awarded fees under the Equal Access to
14   Justice Act ("EAJA") in no way suggests that fees should not be awarded for Defendants'
15   discovery abuses now.  Plaintiffs may seek fees as prevailing parties under EAJA after a case
16   concludes and final judgment is entered.  28 U.S.C. § 2412(d); *Buckhannon Bd. & Care Home,*
17   *Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).  In contrast, Rule
18   37 authorizes the court to order payment for expenses in making motions to compel and to order
19   "the disobedient party . . . to pay the reasonable expenses, including attorney's fees," caused by
20   failure to comply with a discovery order—the very situation in which Plaintiffs find themselves
21   now.  Rule 37 makes no exception based on the potential recovery of fees under the EAJA or any
22   other fee-shifting mechanism tied to the outcome of a case.  Consistent with Rule 37's purpose to
23   address discovery abuses, an award of fees now is proper and just and will help ensure full
24   compliance with the Court's orders moving forward.

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

By:

s/Jennifer Pasquarella (admitted pro hac vice)
s/Sameer Ahmed (admitted pro hac vice)
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
Facsimile: (213) 997-5297
jpasquarella@aclusocal.org
sahmed@aclusocal.org

s/Matt Adams
s/Glenda M. Aldana Madrid
Matt Adams #28287
Glenda M. Aldana Madrid #46987
**Northwest Immigrant Rights Project**
615 Second Ave., Ste. 400
Seattle, WA 98122
Telephone: (206) 957-8611
Facsimile: (206) 587-4025
matt@nwirp.org
glenda@nwirp.org

s/Stacy Tolchin (admitted pro hac vice)
**Law Offices of Stacy Tolchin**
634 S. Spring St. Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Stacy@tolchinimmigration.com

s/Hugh Handeyside
Hugh Handeyside #39792
s/Lee Gelernt (admitted pro hac vice)
s/Hina Shamsi (admitted pro hac vice)
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
Facsimile: (212) 549-2654
lgelernt@aclu.org
hhandeyside@aclu.org
hshamsi@aclu.org

*Attorneys for Plaintiffs*

s/ Harry H. Schneider, Jr.
Harry H. Schneider, Jr. #9404
s/ Nicholas P. Gellert
Nicholas P. Gellert #18041
s/ David A. Perez
David A. Perez #43959
s/ Laura K. Hennessey
Laura K. Hennessey #47447
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: HSchneider@perkinscoie.com
       NGellert@perkinscoie.com
       DPerez@perkinscoie.com
       LHennessey@perkinscoie.com

s/Trina Realmuto (admitted pro hac vice)
s/Kristin Macleod-Ball (admitted pro hac vice)
Trina Realmuto
Kristin Macleod-Ball
**American Immigration Council**
100 Summer St., 23rd Fl.
Boston, MA 02110
Tel: (857) 305-3600
Email: trealmuto@immcouncil.org
Email: kmacleod-ball@immcouncil.org

s/Emily Chiang
Emily Chiang #50517
**ACLU of Washington Foundation**
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Echiang@aclu-wa.org

PLAINTIFF'S REPLY ISO MOTION FOR SANCTIONS
(No. 2:17-cv-00094-RAJ) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

The undersigned certifies that on the dated indicated below, I caused service of the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DEFENDANTS via the CM/ECF system that will automatically send notice of such filing to all counsel of record herein.

DATED this 13th day of April, 2018, at Seattle, Washington.

*s/ Laura K. Hennessey*
Laura K. Hennessey #47447
Attorneys for Plaintiffs
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: LHennessey@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 2:17-cv-00094-RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000