HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, et al.,

        Plaintiffs,

    v.

DONALD TRUMP, President of the United States, et al.,

        Defendants.

CASE NO. C17-94 RAJ

ORDER

This matter comes before the Court on Defendants' emergency motion for stay pending appellate review. Dkt. # 156. Plaintiffs oppose the motion. Dkt. # 157.

## I. BACKGROUND

Despite the Court's orders, the Government maintains its refusal to produce the class list to Plaintiffs. This dispute has been pending since Plaintiffs' August 1, 2017 discovery requests, in which Plaintiffs sought the class list. Dkt. ## 91, 92. Plaintiffs filed a motion to compel, and on October 19, 2017, the Court granted it in part, requiring the Government to produce the class list. Dkt. # 98. On November 2, 2017, the Government moved for reconsideration, which the Court denied. Dkt. ## 99, 102. But the Government did not produce the class list.

ORDER- 1

On February 8, 2018, Plaintiffs filed another motion to compel the class list. Dkt. # 109. On February 13, 2018, the Government agreed to produce "a copy of the list of each potential class member by March 5, 2018," but reserved the right to seek further relief if necessary. Dkt. # 114. On February 14, 2018, the Court held a hearing regarding the outstanding discovery issues. Dkt. # 115.

On March 1, 2018, the Government moved for a protective order with regard to producing the class list. Dkt. # 126. On March 5, 2018, the Government produced a redacted version of the class list to Plaintiffs. Dkt. # 127 at 7. On April 11, 2018, the Court denied the Government's motion for a protective order to the extent that all names must be produced on the basis of "attorney eyes only." Dkt. # 148. However, the Court offered the Government an alternative: the Government could produce the class list under the current stipulated protective order, or, it could make case-by-case determinations with regard to names it refused to provide, *see Al Haramain Islamic Found., Inc. v. U.S. Dept. of Treasury*, 686 F. 3d 965, 984 (9th Cir. 2012) *and Latif v. Holder*, 28 F. Supp. 3d 1134, 1162 (D. Or. 2014), and produce such information under the "attorney eyes only" provision that it requested. *Id*. Either way, the Court required the Government to produce the class list or the case-by-case determinations by April 25, 2018. *Id*. The Government did not raise objections to this Order until filing an emergency motion on April 20, 2018. Dkt. # 156.

II.     **DISCUSSION**

Although the instant motion is styled as an emergency motion to stay, the Court finds it more appropriate to consider the motion as one for reconsideration of its April 11, 2018 Order. *See* Local Rules W.D. Wash. LCR 7(h). The Government seeks reconsideration of the portion of the Court's Order requiring the Government to produce the unredacted class list or to produce case-by-case determinations of the individuals for whom production would create a national security concern. Dkt. # 156. However, the Government grossly misreads the Court's Order as "creat[ing] a new harm." Dkt. # 156-

2 (Renaud Decl.) at ¶ 9. The Court did not order the Government to produce the case-by-case information unless it continued to refuse to produce the class list under the current stipulated protective order—something that the Court had ordered the Government to do months earlier. The Government is under no obligation to produce this information to Plaintiffs if it simply abides by the Court's prior orders to produce the class list. Importantly, the issue continues to be that the Government claims vague and speculative national security threats when such general statements are not sufficient. *Hawaii v. Trump*, 878 F.3d 662, 699 (9th Cir. 2017). "Everyone agrees that the Government's interest in combating terrorism is an urgent objective of the highest order." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 28 (2010). Indeed, "no governmental interest is more compelling than the security of the Nation." *Haig v. Agee*, 453 U.S. 280, 307 (1981). But national security "cannot be used as a 'talisman ... to ward off inconvenient claims.'" *Hawaii*, 878 F.3d at 699.

It appears that the parties and the Court will never move past the endless cycle of motions to compel, motions to reconsider, and the Government's ultimate refusal to produce the compelled documents. The Court maintains that, based on the record before it, wholesale production of the class list under a more robust protective order is unnecessary. At each junction, the Government has failed to present facts or arguments that are meaningfully new or different that could not have been previously raised with regard to its general "national security threat" arguments. The Government's opposition continues to be rooted in its fundamental disagreement with the Court's determinations. Such disagreement does not amount to manifest error. LCR 7(h) (moving parties carry the burden to show manifest error when seeking reconsideration of a prior order).

The Court acknowledges that potential national security threats may exist with regard to specific individuals on the class list. Rather than provide case-by-case determinations to Plaintiffs, the Court will give the Government an opportunity to file a sampling of such determinations *in camera* with the Court. The Court requires the

Government to identify the total number of potential class members to the Court. The Court then requires a random sampling of these members with explanations why their names may not be produced to Plaintiffs. *See, e.g.*, *Latif*, 28 F. Supp. 3d at 1162 ("Defendants must make such a determination on a case-by-case basis including consideration of, at a minimum, the factors outlined in *Al Haramain; i.e.*, (1) the nature and extent of the classified information, (2) the nature and extent of the threat to national security, and (3) the possible avenues available to allow the Plaintiff to respond more effectively to the charges."). The Court requests at least fifty records from this random sample. The Government must file these case-by-case determinations with the Court within seven (7) days from the date of this Order. The Court will reserve ruling on this motion for reconsideration pending review of the Government's samples.

The Court finds it appropriate to stay the April 25, 2018 deadline to produce the unredacted class list until the Court has ruled on the motion for reconsideration. No other discovery deadlines are stayed.

Dated this the 24th day of April, 2018.

The Honorable Richard A. Jones
United States District Judge