THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, President of the United States; *et al.*,<br><br>Defendants. | No. 2:17-cv-00094-RAJ<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO SUBMIT DOCUMENTS *EX PARTE*, *IN CAMERA***<br><br>**NOTED ON MOTION CALENDAR: APRIL 27, 2018** |

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF
(No. 2:17-cv-00094-RAJ)

139581553.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

I.   INTRODUCTION

Defendants' motion for leave to submit the declarations of FBI Executive Assistant Director Carl Ghattas and USCIS Associate Director Matthew D. Emrich *ex parte* and *in camera* is without merit.  First, Defendants have waived any right to assert new privileges at this juncture, well after they failed to comply with the Court's discovery orders and the parties' agreed production timelines.  In response to Plaintiffs' motion for sanctions, Defendants now attempt to distract from the core issue of their discovery misconduct by belatedly seeking to submit declarations in support of their privilege assertions.  This is not only procedurally improper but appears to be another tactic to delay discovery further.  Second, even if Defendants are permitted to litigate anew the merits of their privilege assertions, they fail to meet the high burden to justify *ex parte*, *in camera* review of the declarations.  Defendants' motion should be denied.

II.   ARGUMENT

A.   **Defendants May Not Avoid Sanctions by Re-Litigating the Underlying Privilege Issue.**

Seemingly in an effort to avoid sanctions for failing to comply with the Court's orders, Defendants improperly seek to re-litigate the merits of the orders that they violated.  The Court should not consider materials *ex parte* and *in camera* where doing so would allow Defendants to circumvent the Court's prior orders.

From the outset, the Court has rejected Defendants' attempts to withhold information about why the named Plaintiffs were subjected to CARRP.  Plaintiffs moved to compel production of this information, challenging Defendants' unsupported assertion that it was privileged.  In October 2017, the Court ordered Defendants to produce these documents.  Dkt. 98 at 4.  Defendants should have—and have cited no reason why they could not have—addressed the merits of their privilege claims in response to Plaintiffs' motion to compel.  Instead, Defendants violated the Court's order by producing heavily redacted A-Files and, only when

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF
(No. 2:17-cv-00094-RAJ)–1

139581553.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

confronted with the prospect of sanctions for that and other violations, now ask to explain the merits of their privilege assertions *ex parte* and *in camera*. This is too little, too late. *See* Dkt. 150 at 4 (explaining why Defendants have waived their right to support their privilege assertions). In their motion for leave to submit documents *ex parte* and *in camera*, Defendants claim that "[t]he Court's consideration of these declarations is necessary to the Court's full understanding of Defendants' response to Plaintiffs' sanctions motion." Dkt. 147 at 1. Yet Defendants' supplemental brief offers no explanation for how or why these declarations should inform the Court's decision on sanctions.[1] Defendants' request for *ex parte*, *in camera* review is procedurally barred.

**B.    Defendants Have Not Met the High Burden to Justify *Ex Parte*, *In Camera* Review.**

Even if Defendants' request were procedurally proper, Defendants have not met their burden for justifying *ex parte*, *in camera* review. "[C]ourts routinely express their disfavor with ex parte proceedings and permit such proceedings only in the rarest of circumstances." *United States v. Libby*, 429 F. Supp. 2d 18, 21 (D.D.C.), *opinion amended on reconsideration*, 429 F. Supp. 2d 46 (D.D.C. 2006); *see also Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 170 (1951) (Frankfurter, J., concurring) (observing that "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights" and holding use of *ex parte* evidence unauthorized by statute in employment context, even given national security concerns). Exceptions to the general rule against *ex parte*, *in camera* submissions "are both few and tightly contained." *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986). The court in *Abourezk* identified three narrow exceptions to the presumption against *ex parte*, *in camera* proceedings: (1) review of the redacted or withheld documents to assess the claim of privilege, (2) in the face

---

[1] Further, aside from boilerplate language regarding Department of Justice regulations related to the handling of classified material, Defendants fail to explain, as requested by the Court at the April 12, 2018 hearing, what the *ex parte*, *in camera* process would entail and how this motion relates to Defendants' individual claims of privilege. Tr. 27:11-16.

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF
(No. 2:17-cv-00094-RAJ)–2

139581553.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of a proper invocation of the state secrets privilege, and (3) when a statute expressly provides for such proceedings. *Id.* Defendants' request does not fall within any of these three exceptions.

First, Defendants do not seek to submit withheld documents for adjudication of the scope of their asserted privilege. Although the "inspection of materials by a judge isolated in chambers may occur when a party seeks to prevent use of the materials in the litigation," this exception is intended to facilitate the judge's review of the actual materials the party seeks to protect from disclosure. *See Abourezk*, 785 F.2d at 1061; *Arieff v. U.S. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983) (distinguishing between the submission of *documents* and the submission of *affidavits*, and observing that the latter constitutes "a greater distortion of normal judicial process, since it combines the element of secrecy with the element of one-sided, *ex parte* presentation").[2] Indeed, "[w]hile a court may review documents in camera to assess the scope of a privilege, the court may not rely on an *ex parte* and *in camera* review of documents to resolve an issue on the merits." *See Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2015 WL 3863249, at *10 (N.D. Cal. June 19, 2015).

Here, Defendants do not ask the Court to review the withheld A-File documents and decide whether they are in fact privileged. Instead, they seek to submit two declarations that apparently contain Defendants' explanation as to *why* these documents purportedly implicate national security concerns—information that Defendants should have provided in their privilege logs to enable Plaintiffs to challenge the privilege assertions. Moreover, Defendants claim these declarations are relevant not simply to an assessment of the scope of the privileges, but also to the Court's adjudication of the merits of Plaintiffs' motion for sanctions. Dkt. 147 at 1. But the Court should not resolve the merits of Plaintiffs' motion for sanctions using information that Plaintiffs cannot see and thus to which they can offer no reply. *See United States v. Abuhamra*,

---

[2] Defendants' citation to cases that exclusively discuss the *ex parte*, *in camera* review of underlying documents is thus unavailing. *See, e.g.*, *In re City of New York*, 607 F.3d 923, 948–49 (2d Cir. 2010) ("[R]ather than require that the parties file the potentially privileged documents with the court, the district court may, in the exercise of its informed discretion and on the basis of the circumstances presented, require that the party possessing the documents appear *ex parte* in chambers to submit the documents for *in camera* review by the judge.").

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF
(No. 2:17-cv-00094-RAJ)–3

139581553.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

389 F.3d 309, 322 (2d Cir. 2004) (rejecting attempt to rely on secret evidence and holding that "due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to *correct or contradict arguments* or evidence offered by the other") (emphasis added).

Additionally, Defendants fail to support their contention that the rationale for the privilege is itself privileged. They have not endeavored to explain why "release of the declaration[s] would disclose the very information that the agency seeks to protect," *see Greyshock v. U.S. Coast Guard*, 107 F.3d 16, 1997 WL 51514, *3 (9th Cir. Feb. 6, 1997), nor have they attempted to justify *ex parte* submission in general terms without compromising the information they seek to protect, *see United States v. Thompson*, 827 F.2d 1254, 1259 (9th Cir. 1987).

Second, courts have reviewed materials *ex parte* and *in camera* when the government has properly invoked the state secrets privilege, demonstrated "compelling national security concerns," and disclosed, "prior to any in camera examination, . . . as much of the material as it could divulge without compromising the privilege." *Abourezk*, 785 F.2d at 1061. But Defendants have not invoked the state secrets privilege, and the cases they cite that involved *ex parte*, *in camera* procedures when the state secrets privilege had properly been invoked are therefore inapposite. *See, e.g., Kasza v. Browner*, 133 F.3d 1159, 1169 (9th Cir. 1998) ("in camera review of both classified declarations was an appropriate means to resolve the applicability and scope of the state secrets privilege"). Nor have Defendants made any effort to create a public record of their withholding, accompanied by "a detailed public justification" and "an index which correlates the asserted justifications with the contents of the withheld document." *Phillippi v. Cent. Intelligence Agency*, 546 F.2d 1009, 1013 (D.C. Cir. 1976). To the contrary, the publicly filed FBI declaration states only that Defendants "assert[] the law enforcement and deliberative process privileges over FBI information contained in the A-files and any other USCIS records" on the Named Plaintiffs, and notes that "more detail" will be

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF
(No. 2:17-cv-00094-RAJ)–4

139581553.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

provided in the *ex parte*, *in camera* declaration. Dkt. 146-4, ¶ 5 (Ghattas Declaration). Thus, even if Defendants had invoked the state secrets privilege, *ex parte*, *in camera* review would not be proper on this record.

Finally, Defendants identify no statute that expressly permits the use of *ex parte*, *in camera* procedures here. *See Abourezk*, 785 F.2d at 1061; *see, e.g.*, 5 U.S.C. § 552(a)(4)(B) (providing for *in camera* inspection in FOIA cases); 18 U.S.C. App. 3 § 4 (*ex parte, in camera* review available under the Classified Information Procedures Act). Accordingly, this exception does not apply, and the various cases Defendants cite that allowed *ex parte*, *in camera* review pursuant to statute are irrelevant.[3]

Ultimately, that the Court "has the authority" to review materials *ex parte* and *in camera*, Dkt. 154 at 2—and that other courts have considered such materials under specific circumstances—says little about whether review of Defendants' proffered materials *ex parte* and *in camera* is warranted here. Considered under the proper standard, Defendants' request fails.

### III. CONCLUSION

Because Defendants' request for *ex parte*, *in camera* review is procedurally improper, and Defendants have not demonstrated that *ex parte*, *in camera* review of either declaration is warranted, Defendants' motion should be denied.

---

[3] For instance, Defendants cite *ACLU v. Department of Defense*, No. 09-cv-8071, 2012 WL 13075286 (S.D.N.Y. Jan. 24, 2012), but neglect to note that the court in that case expressly grounded its ruling vis-à-vis *ex parte* submission "in the FOIA context." *Id.* at *1; *see also United States v. Ott*, 827 F.2d 473, 476 (9th Cir. 1987) (concerning "section 1806(f)'s requirement that the district court conduct an *ex parte*, *in camera* review of FISA materials upon request of the Attorney General"); *United States v. Klimavicius–Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) (use of procedures under CIPA).

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF
(No. 2:17-cv-00094-RAJ)–5

139581553.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

By:

s/Jennifer Pasquarella (admitted pro hac vice)
s/Sameer Ahmed (admitted pro hac vice)
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
Facsimile: (213) 997-5297
jpasquarella@aclusocal.org
sahmed@aclusocal.org

s/Matt Adams
s/Glenda M. Aldana Madrid
Matt Adams #28287
Glenda M. Aldana Madrid #46987
**Northwest Immigrant Rights Project**
615 Second Ave., Ste. 400
Seattle, WA 98122
Telephone: (206) 957-8611
Facsimile: (206) 587-4025
matt@nwirp.org
glenda@nwirp.org

s/Stacy Tolchin (admitted pro hac vice)
**Law Offices of Stacy Tolchin**
634 S. Spring St. Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Stacy@tolchinimmigration.com

s/Hugh Handeyside
Hugh Handeyside #39792
s/Lee Gelernt (admitted pro hac vice)
s/Hina Shamsi (admitted pro hac vice)
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
Facsimile: (212) 549-2654
lgelernt@aclu.org
hhandeyside@aclu.org
hshamsi@aclu.org

*Attorneys for Plaintiffs*

s/ Harry H. Schneider, Jr.
Harry H. Schneider, Jr. #9404
s/ Nicholas P. Gellert
Nicholas P. Gellert #18041
s/ David A. Perez
David A. Perez #43959
s/ Laura K. Hennessey
Laura K. Hennessey #47447
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: HSchneider@perkinscoie.com
       NGellert@perkinscoie.com
       DPerez@perkinscoie.com
       LHennessey@perkinscoie.com

s/Trina Realmuto (admitted pro hac vice)
s/Kristin Macleod-Ball (admitted pro hac vice)
Trina Realmuto
Kristin Macleod-Ball
**American Immigration Council**
100 Summer St., 23rd Fl.
Boston, MA 02110
Tel: (857) 305-3600
Email: trealmuto@immcouncil.org
Email: kmacleod-ball@immcouncil.org

s/Emily Chiang
Emily Chiang #50517
**ACLU of Washington Foundation**
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Echiang@aclu-wa.org

---

PLAINTIFFS' RESPONSE TO DEFENDANTS'
SUPPLEMENTAL BRIEF
(No. 2:17-cv-00094-RAJ)–6

139581553.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

The undersigned certifies that on the dated indicated below, I caused service of the foregoing PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO SUBMIT *EX PARTE, IN CAMERA* via the CM/ECF system that will automatically send notice of such filing to all counsel of record herein.

DATED this 25th day of April, 2018 at Seattle, Washington.

By: s/ *Laura K. Hennessey*
Laura K. Hennessey #47447
Attorney for Plaintiffs
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: LHennessey@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 2:17-cv-00094-RAJ)–1

139581553.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000