THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

DONALD TRUMP, President of the United States, *et al.*,

Defendants.

No. 2:17-cv-00094-RAJ

**ORDER**

This matter comes before the Court on Defendants' Motion for Leave to Submit Documents *Ex Parte, In Camera*. Dkt. #147. Per the Court's orders and subsequent to a telephonic hearing, the parties submitted supplemental briefing and responses.[1] Dkt. ## 149 (telephonic hearing), 154 (Defendants' supplemental briefing), 163 (Plaintiffs' response), 169 (Defendants' reply).

---

[1] The Court strongly disfavors footnoted legal citations. **In its Standing Order, the Court made clear its policy that citations need to appear in the body of the brief and not in footnotes. Dkt. # 65 at ¶ 9. The Court reiterated its distaste for footnoted citations and legal arguments in its Order on Plaintiffs' motion to compel.** Dkt. # 98 at 4. Footnoted citations serve as an end-run around page limits and formatting requirements dictated by the Local Rules. *See* Local Rules W.D. Wash. LCR 7(e). Moreover, several courts have observed that "citations are highly relevant in a legal brief" and including them in footnotes "makes brief-reading difficult." *Wichansky v. Zowine*, No. CV-13-01208-PHX-DGC, 2014 WL 289924, at *1 (D. Ariz. Jan. 24, 2014). The Court strongly discourages the parties from footnoting their legal citations in any future submissions. *See Kano v. Nat'l Consumer Co-op Bank*, 22 F.3d 899-900 (9th Cir. 1994). **Because the Court has now repeatedly warned the parties against footnoting their citations and arguments, the Court may use its discretion in the future to refuse to consider citations, arguments, or other information provided in footnotes.**

Defendants filed this motion in response to Plaintiffs' motion for sanctions. Dkt. # 137. In their motion for sanctions, Plaintiffs' requested relief includes production of Named Plaintiffs' unredacted A Files. Dkt. # 137 at 20. Defendants filed this motion because they argue that the parties have not had the opportunity to brief the privilege issues associated with producing unredacted A Files. Therefore, Defendants aver that the Court must review certain information—specifically two potentially classified documents—if the Court were to consider compelling production of the unredacted A Files.

The Court has attempted to endeavor to create as complete a public record as possible. In order to assess Defendants' claim, the next progressive step is for the Court to conduct an independent, *in camera* review of the subject declarations. This step must be taken in light of the national security claims raised by Defendants.

The Court is satisfied that it must review the classified documents associated with Defendants' response to the motion for sanctions because this will be necessary to decide what relief, if any, is appropriate. To be sure, the Court remains skeptical that Defendants could not have raised these privilege issues at the appropriate time—that is, in response to the motion to compel, or even in a motion for reconsideration, rather than in response to a motion for sanctions. Defendants gain an unfair advantage by strategically delaying in this way. However, the Court cannot award Plaintiffs the relief they seek if that relief—specifically, disclosure of the unredacted A Files, Dkt. # 137 at 20—has articulable potential to damage the national interest. For this reason, the Court **GRANTS** Defendants' motion to file the declarations of Carl Ghattas and Matthew D. Emrich *ex parte* and *in camera*. Dkt. # 147.

//

//

//

Dated this 4th day of May, 2018.

     *[signature: Richard A. Jones]*
HONORABLE RICHARD A. JONES
UNITED STATES DISTRICT JUDGE