HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, et al.,

          Plaintiffs,

    v.

DONALD TRUMP, President of the United States, et al.,

          Defendants.

CASE NO. C17-94 RAJ

ORDER

    This matter comes before the Court on Defendants' emergency motion for stay pending appellate review. Dkt. # 156. Plaintiffs oppose the motion. Dkt. # 157. The Court understands this motion to be one for reconsideration of its April 11, 2018 Order denying in part Defendants' motion for a protective order. Dkt. # 148; *see also* Dkt. # 156 at 8. On May 9, 2018, the Court held a telephonic hearing on the matter. For the reasons that follow, the Court **GRANTS** Defendants' motion for reconsideration. Dkt. # 156.

    "Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

ORDER- 1

ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.*

On April 24, 2018, the Court gave Defendants the opportunity to file a sampling of case-by-case determinations regarding individual national security threats as they appear on the class list. Dkt. # 162. Defendants filed the sampling *ex parte* and the Court reviewed *in camera*. Though the Court finds this to be a close call—Defendants could have attempted this strategy earlier to present such information—the Court nonetheless finds that Defendants' motion for reconsideration has merit.

The Court reconsiders the portion of its prior Order, Dkt. # 148, that required Defendants to produce case-by-case determinations to Plaintiffs' attorneys under an attorney eyes only provision. In reconsidering, the Court once more reviews the underlying motion for protective order. Dkt. # 126. The Court finds that it is appropriate to find in favor of Defendants. Accordingly, the Court GRANTS Defendants' motion for a limited protective order to produce the class list under an attorney eyes only provision. Dkt. # 126.

The Court therefore **ORDERS** the parties to abide by the following limited protective order:

Disclosure of, and access to, the names, Alien numbers ("A numbers"), and application filing dates of the unnamed plaintiff members of the Naturalization Class and Adjustment-of-Status Class shall be limited to the following:

(1) Plaintiffs' attorneys of record, during such time as they continue to represent Plaintiffs;

(2) Experts retained by Plaintiffs to the extent reasonably necessary to prepare expert reports and testimony; and

(3) The Court and court personnel.

Plaintiffs' attorneys of record shall maintain the above-described information in a secure manner, i.e. in a locked filing cabinet (for any paper copy) or in a password-

protected electronic file to which only authorized persons have access, and shall not transmit that information over any electronic mail or cloud-based sharing unless the method of transmission employs point-to-point encryption or other similar encrypted transmission.

Plaintiffs' counsel, and any person acting on their behalf, are prohibited from either disclosing to any individual who contacts them whether that individual is an unnamed member of either the Naturalization Class or Adjustment-of-Status class, or contacting the unnamed plaintiff members of the Naturalization Class and Adjustment-of-Status class for any purpose absent prior order of this Court.

Plaintiffs' counsel must strictly abide by this limited protective order.

Defendants agree to meet and confer with Plaintiffs' counsel over ways in which Defendants might be able to provide Plaintiffs' counsel with information about particular unnamed class members to develop evidence for use in their case. Defendants agree to do so while keeping in mind their obligation to protect against dangers to important governmental interests.

Dated this 10th day of May, 2018.

*[signature]*

The Honorable Richard A. Jones
United States District Judge