UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, et al., | |
| Plaintiffs, | CASE NO. C17-94 RAJ |
| v. | ORDER |
| DONALD TRUMP, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motion to compel re deliberative process privilege. Dkt. # 152. Defendants oppose the motion. Dkt. # 174. For the reasons that follow, the Court reserves ruling on the motion pending supplemental briefing.

## I.    BACKGROUND

The parties are in the midst of discovery. The Government has claimed that many of the documents that Plaintiffs request are subject to the deliberative process privilege. Plaintiffs object to the assertion of this privilege and now move the Court to compel these documents.

## II.  LEGAL STANDARD

The deliberative process privilege may be invoked to protect "documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (citation omitted).  "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions' by protecting open and frank discussion among those who make them within the Government."  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001) (citations omitted).  For the deliberative process privilege to apply, the document must be (1) predecisional and (2) "deliberative in nature, containing opinions, recommendations, or advice about agency policies."  *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984).  "Purely factual material that does not reflect deliberative processes is not protected."  *Id.*

The privilege is not absolute, and the party seeking to invoke the privilege carries the burden to establish its applicability.  *Greenpeace v. Nat'l Marine Fisheries Serv.*, 198 F.R.D. 540, 543 (W.D. Wash. 2000).  An opposing party can overcome the privilege by showing that "his or her need for the materials and the need for accurate fact-finding override the government's interest in non-disclosure."  *F.T.C.*, 742 F.2d at 1161.  In determining whether to pierce the privilege, courts consider several factors, including: "(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions."  *Id.*

The privilege may be inapplicable where the decision-making process is itself at issue.  *Greenpeace*, 198 F.R.D. at 543; *see also United States v. Lake Cty. Bd. of Comm'rs,* 233 F.R.D. 523, 526 (N.D. Ind. 2005) ("Thus, the deliberative process

privilege simply does not apply in civil rights cases in which the defendant's intent to discriminate is at issue."); *Mr. & Mrs. B v. Bd. of Educ. of Syosset Cent. Sch. Dist.*, 35 F. Supp. 2d 224, 230 (E.D.N.Y. 1998) ("For example, '[t]he privilege may be inapplicable where the agency's deliberations are among the central issues in the case.'") (citation omitted).

The Court of Appeals for the District of Columbia and several district courts have found that the privilege yields when alleged government misconduct has occurred. *See In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424 (D.C. Cir. 1998), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998) ("Appellant's primary argument is that the common law deliberative process privilege is not appropriately asserted-as the district court in Massachusetts appeared to recognize-when a plaintiff's cause of action turns on the government's intent. We agree."); *In re Sealed Case*, 121 F.3d 729, 746 (D.C. Cir. 1997) ("Moreover, the privilege disappears altogether when there is any reason to believe government misconduct occurred."); *Lake Cty. Bd. of Comm'rs*, 233 F.R.D. at 527 ("Nevertheless, the deliberative process privilege yields 'when government misconduct is the focus of the lawsuit.'") (citation omitted); *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 135 (D.D.C. 2005) ("Simply put, when there is reason to believe that government misconduct has occurred, the deliberative process privilege disappears.").

But courts within the Ninth Circuit have not uniformly adopted the misconduct exception; many district courts find it prudent to make their determinations based on the elemental balancing test described in *F.T.C. v. Warner Communications*. *See, e.g.*, *All. for the Wild Rockies v. Pena*, No. 2:16-CV-294-RMP, 2017 WL 8778579, at *8 (E.D. Wash. Dec. 12, 2017) (analyzing any alleged bad faith on the part of the government as part of the *F.T.C.* factors); *Arizona Dream Act Coal. v. Brewer*, No. CV-12-02546-PHX-DGC, 2014 WL 171923, at *3 (D. Ariz. Jan. 15, 2014) (using the *F.T.C.* balancing test and finding that the government's intent and purpose in crafting policy were relevant);

*Vietnam Veterans of Am. v. C.I.A.*, No. 09-CV-0037 CW JSC, 2011 WL 4635139, at *10 (N.D. Cal. Oct. 5, 2011) ("The Court finds that it is unnecessary to decide this issue as DVA's intent is properly considered as a factor in the substantial need analysis . . . ."); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1021 (E.D. Cal. 2010), *order clarified*, No. 1:05CV01198LJOJMDHC, 2010 WL 797019 (E.D. Cal. Mar. 5, 2010) ("Although this Court finds the reasoning set forth in cases such as *In re Subpoena* and *Lake County* highly persuasive, given the lack of binding Ninth Circuit authority on the matter, the Court adopts the balancing approach set forth in *Warner Comm's*.").

This Court agrees that the balancing approach in *F.T.C. v. Warner Communications* allows for a fair analysis of governmental intent or misconduct and therefore adopts a consistent approach with other courts in this circuit.

## III. DISCUSSION

Plaintiffs argue that the deliberative process privilege is inapplicable because at issue is the Government's process in creating CARRP. Dkt. # 152 at 10-11. Even if the privilege is applicable, Plaintiffs argue that the balance tips in favor of disclosure. *Id.* at 11. The Government argues that the privilege is applicable to the selected documents because they are predecisional and deliberative, and Plaintiffs may only overcome the privilege by showing that their need for the information outweighs the Government's need for non-disclosure.

The Court follows the approach described in *F.T.C.* and followed by district courts within this Circuit, and therefore rejects Plaintiffs' invitation to deny the deliberative process privilege based solely on allegations of misconduct. Accordingly, the Court must determine whether the Government properly invoked the privilege, and if so, whether Plaintiffs met their burden to overcome the privilege.

A. <u>Procedurally Invoking the Deliberative Process Privilege</u>

To invoke the privilege, the Government must show that the withheld documents are predecisional and deliberative. The former requires that the documents were

"generated before the adoption of the agency's policy or decision." *F.T.C.*, 742 F.2d at 1161. The latter requires that the documents "reflect the give-and-take of a deliberative decision-making process." *Seafirst Corp. v. Jenkins*, 644 F. Supp. 1160, 1163 (W.D. Wash. 1986); *see also Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992) ("The deliberative process privilege, we underscore, is centrally concerned with protecting the process by which *policy* is formulated."). If "material could not reasonably be said to reveal an agency's or official's mode of formulating or exercising policy-implicating judgment, the deliberative process privilege is inapplicable." *Petroleum Info. Corp.*, 976 F.2d at 1429. "As such, information that does not disclose the deliberative process, communications unrelated to the formulation of law or policy, and routine reports are not shielded by the privilege." *Greenpeace*, 198 F.R.D. at 543.

In an attached affidavit, the Government sets forth its claims that certain documents are protected because they are predecisional and deliberative. Dkt. # 174-3 (Emrich Aff.). The Court reviewed the affidavit and found that the Government failed to carry its procedural burden to show that certain documents were indeed predecisional and deliberative. The Court lists these below[1] and **GRANTS** Plaintiffs' motion as to these documents with regard to the specific privilege at issue. The Government must produce to Plaintiffs within fourteen (14) days from the date of this Order any documents on this list not protected by other privileges[2]. The paragraphs below correspond to those described in Mr. Emrich's affidavit. Dkt. # 174-3.

- Paragraphs 8-13: the A file documents. These files consist of facts and investigations that lead to specific decisions as to the adjudication of specific

---

[1] The Court offers explanations on some entries but finds that duplicative cited explanations are not necessary for all entries.

[2] The Court notes that the Government may continue to withhold these documents if they fall within other privileges.

applications. Such determinations are not deliberative within the meaning of the privilege. *See Greenpeace*, 198 F.R.D. at 544 ("The Court . . . underscores that the deliberative process privilege is limited to protecting only those agency processes by which policy is formulated.").

- Paragraph 22: weekly reports compiled "for purposes of vetting and adjudicating certain immigrant benefit applications." *See Seafirst Corp.*, 644 F. Supp. at 1164.

- Paragraphs 24, 25, 26, 27, 31, 33, 36, 37, 38, 39, 43, 44, 47, 49, 50, 53, 55, 57, 60, 61, 64, 65, 66, 67, 69, 75, 77, 79, 80, 81, 82, 86, 87, and 89. Based on the Court's review of the Government's affidavit, the Court finds that these documents are either not predecisional or are not deliberative or in furtherance of any policy. *See Seafirst Corp.*, 644 F. Supp. at 1164 ("The Comptroller's argument to the contrary dilutes the terms 'predecisional' and 'deliberative' to the point that the deliberative process privilege would cover virtually all intragovernmental communications.").

- Paragraph 35. Based on the Government's affidavit, this appears to be a report that does not "anticipate and address the possible adoption of some decision or policy." *Id.*

- Paragraph 41 "reflects a series of . . . draft org charts . . . ." Dkt. # 174-3 at ¶ 41. This appears to be purely informational and therefore not protected by this privilege.

The following documents contain predecisional and determinative information as well as purely factual or investigatory information. The Court finds that redacted versions of these documents—where the privileged material is redacted—must be disclosed.

- Paragraph 34.

B. <u>Balancing the Interests</u>

The remaining documents[3] are predecisional and deliberative, and therefore subject to the deliberative process privilege. However, Plaintiffs may overcome the privilege if they can show that their need for the documents outweighs the Government's need to withhold the documents. *F.T.C.*, 742 F.2d at 1161. The Court balances several factors when deciding whether to overrule the privilege.

First, the Court analyzes the relevance of the evidence. *Id.* Plaintiffs' claims put the Government's intent at issue. *See, e.g.*, Dkt. # 47 (Second Amended Complaint) at ¶ 84. Accordingly, documents that illuminate the Government's intent and motive in enacting CARRP are directly relevant to this matter. *See Arizona Dream Act Coal.*, 2014 WL 171923 at *3. Even if the Government's motivation was not at issue, Plaintiffs seek to prove that the Government used extra-statutory criteria to delay or deny applications, and their discovery requests aim to gather any such evidence. Therefore, this factor weighs in favor of disclosure.

Second, the Court considers whether Plaintiffs have access to other evidence that would negate the need for disclosure here. *F.T.C.*, 742 F.2d at 1161. The Government concedes that it "possess[es] the bulk of CARRP documents." Dkt. # 174 at 10. Moreover, it is not clear that Plaintiffs have access to this kind of information through FOIA requests or other litigation. *See id.* As such, this factor weighs in favor of disclosure.

Third, the Court weighs the Government's role in the litigation. *F.T.C.*, 742 F.2d at 1161. No one can dispute that the Government plays a central role in this case, "and the basis for its action is a central issue in the litigation." *Arizona Dream Act Coal.*, 2014 WL 171923 at *3; *see also All. for the Wild Rockies*, 2017 WL 8778579 at *7 ("In

---

[3] Specifically, the remaining documents are those described in paragraphs 15-21, 23, 28-30, 32, 40, 42, 45-46, 48, 51-52, 54, 56, 58-59, 62-63, 68, 70-74, 76, 78, 83-85, 88, 90-92 of Mr. Emrich's affidavit. Dkt. # 174-3.

general, this factor weighs in favor of disclosure when the government is the defendant.").  This factor weighs in favor of disclosure.

Finally, the Court considers "the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *F.T.C.*, 742 F.2d at 1161.  "In general, this factor weighs in favor of the privilege and nondisclosure." *All. for the Wild Rockies*, 2017 WL 8778579 at *7.  The Government claims that disclosing the requested information "would jeopardize USCIS's ability to engage in decision making by discouraging future candid discussion and debate within USCIS." Dkt. # 174-3 (Emrich Aff.) at ¶ 6.  The Government contends that the protective order does not abate this concern. *Id.* at ¶ 7.  However, Plaintiffs allege that the Government was propelled by sinister motives to arrive at and implement CARRP or similar vetting programs, and this factor should not weigh in favor of the privilege if it results in shielding Government misconduct from judicial scrutiny.

Plaintiffs did not have the benefit of Mr. Emrich's affidavit prior to filing their motion.  The motion effectively seeks all documents for which the Government has claimed the deliberative process privilege.  The Court is skeptical that all remaining documents are truly relevant for Plaintiffs' purposes.  Globally piercing a privilege, especially when there exist potential national security concerns associated with such information, is unlikely relief without more precise briefing.  As such, the Court requires additional briefing from the parties.  Specifically, the Court requests that Plaintiffs clarify which privileged documents they seek, including arguments regarding whether the *F.T.C.* factors weigh in favor of disclosing these particular documents.  Plaintiffs must file this supplemental brief within seven (7) days from the date of this Order; the Government will have five (5) days to respond; Plaintiffs will then have five (5) days to reply.

When considering this supplemental briefing, the Court will determine whether *in camera* review of the targeted documents is necessary.  For any documents that the

Government wishes to have reviewed *in camera*, the Court requires an additional submission identifying the volume of individual documents and total amount of pages.

## IV. CONCLUSION

The Court identified documents for which the deliberative process privilege does not apply. Unless protected by other privileges, the Government must produce these documents to Plaintiffs within fourteen (14) days from the date of this Order.

Plaintiffs did not previously have the benefit of the Government's affidavit. Dkt. # 174-3. The Court affords Plaintiffs the opportunity to more precisely challenge the remaining privilege assertions in light of this affidavit. Plaintiffs must file their supplemental brief within seven (7) days from the date of this Order; the Government will have five (5) days to respond; Plaintiffs will then have five (5) days to reply. The Court will determine at that time if *in camera* review is necessary. For any documents that the Government wishes to have reviewed *in camera*, the Court requires an additional submission identifying the volume of individual documents and total amount of pages. As always, the Court encourages the parties to work together to resolve these discovery issues without Court intervention.

The Court will reserve ruling on the remaining privilege assertions until after it reviews the supplemental briefing.

Dated this 21st day of May, 2018.

Richard A. Jones

The Honorable Richard A. Jones
United States District Judge