THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

DONALD TRUMP, President of the United States, *et al.*,

Defendants.

No. 2:17-cv-00094-RAJ

**PLAINTIFFS' MOTION TO COMPEL**

**NOTE ON MOTION CALENDAR: April 5, 2019**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................ 2

    A.    Defendants Have Refused to Comply with the Court's Previous Orders to Disclose the Reasons Why Named Plaintiffs Were Subjected to CARRP. ............ 2

    B.    Plaintiffs Seek to Post a Public Notice ................................................. 5

    C.    Defendants Have Refused to Produce A-Files from Unnamed Class Members ................................................................................................ 6

III.  LEGAL STANDARD ........................................................................................ 7

    A.    Discovery ............................................................................................. 7

    B.    Law Enforcement Privilege ................................................................. 8

IV.   ARGUMENT .................................................................................................... 8

    A.    Defendants Must Produce the Reasons Why the Named Plaintiffs Were Subjected to CARRP. .......................................................................... 8

        1.    The Court Already Ordered Defendants to Produce the "Why" Information. ................................................................................ 8

        2.    Plaintiffs' Need for the "Why" Information Outweighs Defendants' Alleged Security Concerns. .................................. 10

    B.    The Court Should Allow Plaintiffs to Post a Public Notice to Obtain Information from Potential Class Members. ........................................ 14

    C.    Defendants Must Produce A-Files from Unnamed Class Members. ................... 16

V.    CONCLUSION ................................................................................................ 17

# TABLE OF AUTHORITIES

**CASES**                                                                              **Page (s)**

*Applied Sys., Inc. v. N. Ins. Co. of New York*,
   No. 97 C 1565, 1997 WL 639235 (N.D. Ill. Oct. 7, 1997) ......................................................9

*Baumann v. Chase Inv. Servs. Corp.*,
   747 F.3d 1117 (9th Cir. 2014) ........................................................................................14

*Blankenship v. Hearst Corp.*,
   519 F.2d 418 (9th Cir. 1975) ...........................................................................................7

*Broyles v. Convergent Outsourcing, Inc.*,
   No. C16-775-RAJ, 2017 WL 2256773 (W.D. Wash. May 23, 2017) ......................................7

*Colaco v. ASIC Advantage Simplified Pension Plan*,
   301 F.R.D. 431 (N.D. Cal. 2014)......................................................................................7

*Domingo v. New England Fish Co.*,
   727 F.2d 1429 (9th Cir. 1984) ...................................................................................14, 15

*Hawaii v. Trump*,
   878 F.3d 662 (9th Cir. 2017) .........................................................................................14

*In re Sealed Case*,
   856 F.2d 268 (D.C. Cir. 1988)..........................................................................................8

*Kerr v. U.S. Dist. Court for N. Dist. of Cal.*,
   511 F.2d 192 (9th Cir. 1975) ...........................................................................................8

*Pazcoguin v. Radcliffe*,
   292 F.3d 1209 (9th Cir. 2002) .......................................................................................13

*Stonehill v. I.R.S.*,
   558 F.3d 534 (D.C. Cir. 2009) .....................................................................................9, 10

*United States v. $43,660.00 in U.S. Currency*,
   No. 1:15CV208, 2016 WL 1629284 (M.D.N.C. Apr. 22, 2016)............................................9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## TABLE OF AUTHORITIES
(continued)

2

<u>Page(s)</u>

3

**STATUTES**

4

8 U.S.C. § 1182(a)(3)(A), (B), (F) ...........................................................................11, 12

5

8 U.S.C. § 1227(a)(4)(A), (B) ...............................................................................11, 12

6

8 U.S.C. § 1229a(c)(3)(A) ............................................................................................13

7

**REGULATIONS**

8

8 C.F.R. § 103.2(b)(16)(ii)............................................................................................13

9

8 C.F.R. § 240(c)(3)(A) ................................................................................................13

10

82 Fed. Reg. 8977 ...........................................................................................................3

11

82 Fed. Reg. 13209 .........................................................................................................3

12

**OTHER AUTHORITIES**

13

Fed. R. Civ. P. 26 ............................................................................................................7

14

Fed. R. Civ. P. 26(b)(1)...............................................................................................7, 12

15

Fed. R. Civ. P. 34(b)(2)..................................................................................................9

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# I.      INTRODUCTION

Despite the Court's prior admonitions, Defendants have wrongly withheld a significant amount of information about both the Named Plaintiffs and unnamed class members that is highly relevant to their claims challenging the Controlled Application Review and Resolution Program ("CARRP") and related extreme vetting programs.  Plaintiffs move for an order compelling Defendants to (1) produce information regarding why the Named Plaintiffs' immigration benefit applications were subjected to CARRP;[1] (2) allow Plaintiffs to post a public notice about this case so that potential class members can contact counsel and provide relevant information to use in this case; and (3) produce a random set of Alien Files ("A-files") from the unnamed class members.

*First*, Defendants should produce information showing why the Named Plaintiffs were subjected to CARRP (hereinafter, "the 'why' information").  The Court already explicitly ordered Defendants to produce this information in its October 19, 2017 order, *see* Dkt. 98 at 4, but Defendants have refused to comply with the Court's order for the past sixteen months.  As the Court previously found, this information is highly relevant to Plaintiffs' allegations that CARRP uses vague, overbroad, discriminatory, and unlawful criteria to tag individuals wrongly as national security risks.  Defendants' claim that security concerns prevent disclosure of this information has no merit, especially because (i) the Named Plaintiffs' applications have already been adjudicated; (ii) Defendants are required by law to produce similar derogatory information to individuals seeking immigration benefits; and (iii) any remaining concerns can be addressed by an Attorneys' Eyes Only protective order.

*Second*, the Court should reject Defendants' objection to Plaintiffs' publicly posting the proposed Notice to Potential Class Members.  The Court has repeatedly recognized that

---

[1] Defendants refuse to acknowledge publicly whether the Named Plaintiffs were subjected to CARRP. However, the Named Plaintiffs all plausibly alleged in the Complaint that their applications were subjected to CARRP.  Therefore, to the extent their applications were subjected to CARRP, Defendants should provide the information regarding why, as the Court has already ordered and as further explained in this brief.

PLAINTIFFS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 1 –

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   Plaintiffs' counsel is entitled to "information about particular unnamed class members to develop

2   evidence for use in their case." Dkt. 183 at 3. Unlike in other class action lawsuits, however,

3   Plaintiffs' counsel is unable to communicate directly with class members because they cannot

4   inform individuals whether they appear on the Class List and thus whether they are subject to

5   CARRP. *Id*. Plaintiffs have therefore proposed posting a public notice so potential class

6   members can provide information to Plaintiffs' counsel in a way that protects Defendants'

7   purported security concerns. The proposed notice contains only publicly available information

8   and makes clear that Plaintiffs' counsel cannot disclose whether any individual has been

9   subjected to CARRP or communicate further with any potential class member that provides

10  information absent further order from the Court.

11      *Third*, Defendants should produce a random sample of class members' A-files. Plaintiffs

12  sought to obtain information about unnamed class members by requesting such a sample, but

13  Defendants refuse to produce this relevant information, once again recycling arguments that the

14  Court already has rejected. The A-files likely contain highly relevant information regarding the

15  unreasonable delays in processing class members' immigration benefit applications as well as

16  how CARRP is being applied to their applications. While Defendants claim that Plaintiffs have

17  no need for information from unnamed class members, the Court rejected that argument multiple

18  times when it repeatedly ordered the production of the Class List. *See, e.g.*, Dkt. 98 at 3;

19  Dkt. 183 at 3. Plaintiffs proposed the random sampling approach to address Defendants'

20  professed concerns regarding burden—concerns that Defendants have belied by refusing to

21  produce even *one* additional A-file from an unnamed class member.

## II.      BACKGROUND

### A.      Defendants Have Refused to Comply with the Court's Previous Orders to Disclose the Reasons Why Named Plaintiffs Were Subjected to CARRP.

25  This lawsuit challenges CARRP, an agency-wide policy created by Defendant U.S.

26  Citizenship and Immigration Services ("USCIS") in 2008, Dkt. 47 ¶ 55, and successor "extreme

PLAINTIFFS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    vetting" programs instituted pursuant Executive Orders 13769, 82 Fed. Reg. 8977 ("First EO"),

2    and 13780, 82 Fed. Reg. 13209 ("Second EO"), *id.* ¶¶ 18, 138–141.  Plaintiffs allege that

3    CARRP implements an extra-statutory internal vetting policy that discriminates based on

4    religion or national origin to indefinitely delay and pretextually deny statutorily-qualified

5    immigration benefit applicants.  *Id.* ¶¶ 35–51, 62–76.  The Court certified two nationwide classes

6    of individuals subject to CARRP or a successor "extreme vetting" program: one made up of

7    individuals who applied for adjustment of status ("Adjustment Class"), and the other of

8    individuals who applied for naturalization ("Naturalization Class").  Dkt. 69 at 31.

9        Defendants served their objections and responses to Plaintiffs first set of requests for

10   production ("RFPs") over a year ago—on September 5, 2017.  Dkt. 92, Perez Decl., Ex. A.

11   Defendants made broad and unspecified assertions of privilege to prevent disclosure of why the

12   Named Plaintiffs were subject to CARRP, *id.* at 32, 34–39 (RFP Nos. 13, 15, 17, 19, 21).

13   Plaintiffs promptly met and conferred with Defendants and then moved to compel production of

14   "documents related to the reasons why Named Plaintiffs' applications were subject to CARRP."

15   Dkt. 91 at 3; *see also id.* at 1.  On October 19, 2017, the Court ordered Defendants to produce

16   information showing the reasons "why the Named Plaintiffs were subjected to CARRP."  Dkt. 98

17   at 4.  The Court held that "this information is relevant to the claims and Plaintiffs' needs

18   outweigh the Government's reasons for withholding."  *Id.*  Defendants did not move to

19   reconsider this portion of the Court's order.  *See* Dkt. 100 at 2 n.2.  Thus, Defendants have been

20   under Court order to produce this information for over sixteen months.

21       According to Defendants, the relevant information regarding why the Named Plaintiffs

22   were subjected to CARRP is primarily located in their A-files.  During a December 15, 2017

23   meet and confer, Defendants promised to produce the A-files of the Named Plaintiffs by late

24   January 2018, which Defendants later confirmed in writing.  Dkt. 140, Hennessey Decl., Ex. O.

25   Defendants further stated that any other responsive information regarding why the Named

26   Plaintiffs were subjected to CARRP also would be produced by March 5, 2018.  *Id.*  On

PLAINTIFFS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  February 28, 2018, Defendants finally produced the Named Plaintiffs' A-files, but Defendants

2  redacted from the files all substantive information regarding why the Named Plaintiffs were

3  subjected to CARRP. Defendants claimed that they had redacted the A-files due to privilege

4  concerns expressed by unidentified government agencies that the Court had not yet adjudicated,

5  *id.*, Ex. P, that these unidentified "third party government agencies" believe that information in

6  the A-files is subject to the law enforcement privilege, and that "Defendants are not able to

7  release [the information] without approval from the agencies that 'own' the information." *Id.*

8       Because of Defendants' continued failure to produce the "why" information, Plaintiffs

9  filed a motion for sanctions on March 29, 2018. Dkt. 137 at 11–12. "The Court has repeatedly

10  explained to the Government that orders from the federal bench are mandatory, not voluntary."

11  Dkt. 148 at 10; *see also id.* ("The executive branch does not stand alone in the federal system;

12  the Government may not usurp the judicial branch and decide for itself when or if it will produce

13  documents."); Dkt. 140, Ex. A (Hearing Transcript (Feb. 8, 2018) at 87:4-8) ("[W]hen this court

14  issues an order, I expect full compliance with the court's order."). Nevertheless, Defendants

15  have not changed their position while the motion for sanctions has been pending.

16       Despite Defendants' recalcitrance, in a continued attempt to resolve the parties' dispute,

17  Plaintiffs offered to compromise further by agreeing that Defendants could produce the

18  documents under a heightened Attorneys' Eyes Only protective order. Defendants rejected that

19  proposal on September 21, 2018. Declaration of Sameer Ahmed in Support of Plaintiffs' Motion

20  to Compel ("Ahmed Decl.), Ex. A (Sept., 21, 2018 email). The parties remain at an impasse on

21  this issue. On December 18, 2018, the Court held a telephonic status conference with the parties

22  to discuss the overall progress of discovery and the status of pending motions. At the status

23  conference, Plaintiffs restated their position that the Court should grant Plaintiffs' sanctions

24  motion, order Defendants to produce the "why" information immediately, and sanction them for

25  failing to do so in compliance with the Court's prior order.

26

PLAINTIFFS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1          **B.      Plaintiffs Seek to Post a Public Notice.**

2          In September 2017, Plaintiffs also moved to compel production of a list of unnamed class

3  members (the "Class List").  Plaintiffs' counsel requested permission to communicate with class

4  members to obtain relevant information regarding unreasonable delays in processing their

5  immigration benefit applications, unwarranted denials, and other impacts that CARRP and

6  successor extreme vetting programs have had on them and their families.  *See* Dkt. 91 at 4–5.  In

7  opposition, Defendants invoked the law enforcement privilege and argued that "such case-

8  specific information is not relevant to the facial CARRP challenge being raised in this case."

9  Dkt. 94 at 9.  The Court rejected Defendants' arguments in its October 19, 2017 Order and

10  ordered Defendants to produce the Class List.  Dkt. 98 at 2–4.  The Court held that "information"

11  pertaining to unnamed class members "is relevant" to Plaintiffs' claims.  *Id*. at 3.  The Court

12  "balance[d] the need for Plaintiffs to obtain this information against the Government's reasons

13  for withholding," and found that "the balance weigh[s] in favor of disclosure."  *Id*. at 4.

14          To protect against Defendants' alleged security concerns, the Court ultimately ordered

15  the Class List produced under an Attorneys' Eyes Only protective order.  The Court prohibited

16  Plaintiffs' counsel "from either disclosing to any individual who contacts them whether that

17  individual is an unnamed member of either the Naturalization Class or Adjustment-of-Status

18  class, or contacting the unnamed plaintiff members of the Naturalization Class and Adjustment-

19  of-Status class for any purpose absent prior order of this Court."  Dkt. 183 at 3.  However, the

20  Court also ordered Defendants "to meet and confer with Plaintiffs' counsel over ways in which

21  Defendants might be able to provide Plaintiffs' counsel with information about particular

22  unnamed class members to develop evidence for use in their case."  *Id*.

23          In accordance with the Court's order, Plaintiffs' counsel proposed posting a public Notice

24  to Potential Class Members.  Ahmed Decl., Ex. B (Aug. 8, 2018 e-mail).  The notice only

25  includes publicly available information and requests that potential class members contact class

26  counsel if they have information that could assist in prosecuting the claims in this case.  *Id.*,

PLAINTIFFS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 5

Ex. C (Notice to Potential Class Members).  In accordance with the Court's order, the notice also explicitly states that "the Court has ordered that class counsel cannot publicly disclose whether anyone is a class member and/or whether a particular application has been subject to CARRP," and "class counsel would not be able to contact you to provide you any information about your application absent further order from the Court."  *Id.*

Defendants responded that they would not consent to Plaintiffs' proposal.  *Id.*, Ex. D (Aug. 15, 2018 e-mail).  Plaintiffs' counsel asked "why Defendants do not consent to posting the class notice, especially because all of the information in the notice is from publicly available documents and consistent with the Court's order in Dkt. 183."  *Id.*, Ex. E (Aug. 21, 2018 e-mail). The parties met and conferred telephonically, after which Plaintiffs' counsel sent an e-mail addressing the concerns Defendants had raised about the proposed notice.  Plaintiffs' counsel explained that "after class counsel receive responses from potential *Wagafe* class members, class counsel will not contact the individuals to provide them any information about their applications absent further order from the Court.... When contacted by potential *Wagafe* class members by any means (e-mail, phone, in-person), Plaintiffs' counsel will respond to those individuals in accordance with the Court's Order in Dkt. 183. Specifically, Plaintiffs' counsel will provide the individuals with a copy of the Class Notice and inform them that we cannot confirm or deny whether they are members of the *Wagafe* class or provide them any additional information at this time."  *Id.*, Ex. F (Sept. 14, 2018 e-mail).  Defendants maintained their objection and concluded that "the matter must be decided by the Court."  *Id.*, Ex. A (Sept. 21, 2018 e-mail).

## C.    Defendants Have Refused to Produce A-Files from Unnamed Class Members.

On August 24, 2018, Plaintiffs served their fifth set of RFPs on Defendants.  *Id.*, Ex. G (Fifth Set of RFPs).  In accordance with the Courts' order that the Parties find alternative "ways in which Defendants might be able to provide Plaintiffs' counsel with information about particular unnamed class members to develop evidence for use in their case," Dkt. 183 at 3, RFP

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    No. 53 requested "the Alien Files ('A-Files') of 100 members of the Naturalization and

2    Adjustment Classes statistically chosen at random."  Ahmed Decl., Ex. G at 12.  Defendants

3    served their objections and responses on October 16, 2018.  *Id.*, Ex. H (Responses to Fifth Set of

4    RFPs).  Defendants refused to produce documents responsive to RFP 53.  Defendants made three

5    main objections.  First, Defendants argued that "Plaintiffs have no need to present any evidence

6    concerning or relating to any specific class member who is unnamed."  *Id.* at 28–29.  Second,

7    Defendants argued that "the request seeks to unnecessarily burden the Defendants" by reviewing

8    100 A-files.  *Id.* at 29.  Third, Defendants made broad and unspecified assertions of privilege to

9    prevent disclosure of portions of the A-files.  *Id.* at 29.

10       The parties conducted a series of meet-and-confers in October and November 2018,

11   during which Plaintiffs expressed their willingness to compromise.  For instance, Plaintiffs

12   offered to accept fewer than 100 randomly selected A-files, but Defendants refused to produce

13   *any* such files.  The parties agreed that they were at an impasse on this issue.

## III.   LEGAL STANDARD

### A.   Discovery.

16       Rule 26 authorizes broad discovery "regarding any nonprivileged matter that is relevant

17   to any party's claim or defense…."  Fed. R. Civ. P. 26(b)(1); *see Broyles v. Convergent*

18   *Outsourcing, Inc.*, No. C16-775-RAJ, 2017 WL 2256773, at *1 (W.D. Wash. May 23, 2017)

19   ("Most importantly, the scope of discovery is broad.").  Relevant material "need not be

20   admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).

21       The party opposing discovery "carr[ies] a heavy burden of showing why discovery was

22   denied."  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  The party seeking to

23   compel discovery need only show that its request complies with the broad relevancy

24   requirements of Rule 26(b)(1) to place this heavy burden on the opposing party.  *Colaco v. ASIC*

25   *Advantage Simplified Pension Plan*, 301 F.R.D. 431, 434 (N.D. Cal. 2014).

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**B.      Law Enforcement Privilege.**

2

The Government must follow strict requirements for asserting the law enforcement

3

privilege: "(1) there must be a formal claim of privilege by the head of the department having

4

control over the requested information; (2) assertion of the privilege must be based on actual

5

personal consideration by that official; and (3) the information for which the privilege is claimed

6

must be specified, with an explanation why it properly falls within the scope of the privilege."

7

Dkt. 148 at 3 (citing *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988)).  Even where the

8

Government has properly asserted the privilege, it is not absolute.  *Kerr v. U.S. Dist. Court for N.*

9

*Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975).  The "public interest in nondisclosure must be

10

balanced against the need of a particular litigant for access to the privileged information."

11

Dkt. 148 at 3 (quoting *In re Sealed Case*, 856 F.2d at 272).

12

**IV.     ARGUMENT**

13

**A.      Defendants Must Produce the Reasons Why the Named Plaintiffs Were
Subjected to CARRP.**

14

15

**1.      The Court Already Ordered Defendants to Produce the "Why"
Information.**

16

Plaintiffs respectfully request that the Court again order Defendants to produce the

17

information showing why the Named Plaintiffs were subjected to CARRP and provide a date

18

certain by which that information be produced.  On October 19, 2017, the Court explicitly

19

ordered Defendants to produce documents revealing "why the Named Plaintiffs were subjected

20

to CARRP," holding that this information is "relevant to [Plaintiffs'] claims" and that "Plaintiffs'

21

needs outweigh the Government's reasons for withholding."  Dkt. 98 at 4.  Defendants never

22

moved to reconsider the Court's order, and instead promised to produce the information in

23

January and March 2018.  *See* Dkt. 140, Hennessey Decl., Ex. O.  After Defendants failed to

24

produce the information and remained in violation of the Court's order, Plaintiffs moved for

25

sanctions.  *See* Dkt. 137 at 11–12.  As the Court has previously noted, "orders from the federal

26

bench are mandatory," Dkt. 148 at 10, and "when this court issues an order, [the court] expect[s] full compliance with the court's order." Dkt. 140, Ex. A at 87:4–8. The Court has further stated that where "Plaintiffs have already filed a motion to compel" "the Court will not require Plaintiffs to file duplicitous motions to compel." Dkt. 104 at 4. It has now been over a year since the Court's order, and Defendants have failed to comply. The Court should order Defendants to produce the "why" information by a date certain.

In response to Plaintiffs' sanctions motion, Defendants improperly attempted to assert additional privileges to prevent disclosure of the "why" information located in the Plaintiffs' A-files. Dkt. 146 at 10. But Defendants waived their ability to raise additional privileges in response to information that the Court already has ordered disclosed. *See* Dkt. 150 at 4–5. "Failing to timely assert a privilege results in its waiver." *United States v. $43,660.00 in U.S. Currency*, No. 1:15CV208, 2016 WL 1629284, at *5 (M.D.N.C. Apr. 22, 2016); *see also Applied Sys., Inc. v. N. Ins. Co. of New York*, No. 97 C 1565, 1997 WL 639235, at *2 (N.D. Ill. Oct. 7, 1997) (finding waiver of privilege assertion where defendant failed to notify plaintiff of its intent to assert privilege until motion to compel hearing). A party is required to lodge any privilege objections in their responses to written discovery within 30 days. *See* Fed. R. Civ. P. 34(b)(2). Defendants could have asserted any privileges in their responses to Plaintiffs' first set of RFPs in September 2017, but they chose not to do so. They are *not* permitted to raise additional privileges months later, much less *after* the Court has ordered that the information be produced. *See, e.g.*, *Stonehill v. I.R.S.*, 558 F.3d 534, 540–41 (D.C. Cir. 2009) ("[I]n a discovery proceeding there are potentially adverse consequences if the agency fails to examine the documents and to raise all its defenses: The district court may order production . . . and the agency could not rely on immediate appeal.").

Defendants have suggested that the Court permitted them to belatedly raise additional privileges to prevent disclosure of the "why" information because it granted Defendants' motion for leave to submit two declarations *in camera* in support of their opposition to Plaintiffs' request

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

that the Court produce the Named Plaintiffs' unredacted A-files.  That is incorrect.  The Court

simply ruled that "it must review the classified documents associated with Defendants' response

to the motion for sanctions because this will be necessary to decide what relief, if any, is

appropriate."  Dkt. 181 at 2.  The Court did not reconsider its October 19, 2017 order, nor did it

make any determination regarding whether Defendants waived any privilege with regard to the

"why" information.  Instead, the Court explicitly acknowledged that privilege issues should be

raised "in response to the motion to compel, or even in a motion for reconsideration, rather than

in response to a motion for sanctions," and "Defendants gain an unfair advantage by strategically

delaying in this way."  *Id*.[2]

Furthermore, apart from the A-files, other documents may exist that contain the "why"

information and are responsive to the Court's order.  Indeed, in their opposition to the sanctions

motion, Defendants agreed to produce nonprivileged portions of *those* documents: "If the

Plaintiffs were subject to the CARRP policy, some number of 'why' documents would not

necessarily be in the Plaintiffs' A-Files.  Those documents, to the extent they exist will be

reviewed for privilege; the nonprivileged portions will be produced once review is complete."

*Id*.  Over nine months have passed since that representation, but Defendants have not produced

those documents, underscoring their continued violation of the Court's order.

## 2.    Plaintiffs' Need for the "Why" Information Outweighs Defendants' Alleged Security Concerns.

If the Court permits Defendants to belatedly assert additional privileges to support

nondisclosure of the "why" information, the Court once again should find that Plaintiffs' need

for this information outweighs any justification Defendants may provide.

---

[2] Moreover, the relief Plaintiffs sought in the sanctions motion was different from what the Court previously ordered in its October 19, 2017 order.  Plaintiffs sought completely unredacted A-files as a sanction for Defendants' violation of the Court's order, not simply the information pertaining to why the Named Plaintiffs were subjected to CARRP.  As Defendants acknowledge, many redactions in the A-files do not pertain to the "why" information.  *See* Dkt. 146 at 4–5 n.4 ("The A-Files contain privileged information that does not have any relationship to the CARRP policy.").

PLAINTIFFS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    The Court correctly held that the "why" information was relevant to Plaintiffs' claims.

2    *See* Dkt. 98 at 4.  An individual is subject to CARRP if USCIS determines that they have a

3    "national security concern," which is broadly defined as "an articulable link—no matter how

4    attenuated or unsubstantiated—to prior, current, or planned involvement in, or association with,

5    an activity, individual, or organization described in sections 212(a)(3)(A), (B), or (F), or

6    237(a)(4)(A) or (B) of the INA."  Dkt. 47 ¶ 62; Dkt. 74 at 20.  "[A]n an individual need not be

7    actually suspected of engaging in any unlawful activity or joining any proscribed organization to

8    be branded a national security concern under CARRP."  Dkt. 47 ¶ 63; Dkt. 74 at 20.  Instead,

9    people can be subjected to CARRP for acts such as making donations to a charitable

10   organization without knowing that the organization was engaged in proscribed activity, travelling

11   through or residing in certain areas, making a transfer of funds, being employed in certain

12   occupations, having government affiliations, or simply being an associate of an individual under

13   suspicion by the U.S. government.  *See* Dkt. 47 ¶¶ 73–74; Dkt. 74 at 23.  Thus, Plaintiffs allege

14   that "CARRP labels applicants national security concerns based on vague and overbroad criteria

15   that often turn on national origin or innocuous and lawful activities or associations . . . , and are

16   so general that they necessarily ensnare individuals who pose no threat to the security of the

17   United States."  Dkt. 47 ¶ 76.

18   Without knowing the reasons why the Named Plaintiffs were subjected to CARRP,

19   Plaintiffs are unable to evaluate whether those reasons have any statutory basis to impact their

20   applications.  Moreover, if the Named Plaintiffs' information reveals that they were subjected to

21   CARRP for reasons that are vague, overbroad, or discriminatory, that information will cast

22   further doubt on CARRP's statutory and constitutional validity and is extremely relevant to

23   Plaintiffs' claims.  For example, with respect to Plaintiffs' procedural due process claim (Claim

24   4), the Court will need to balance Plaintiffs' need for a process by which they can challenge their

25   CARRP classification with Defendants' interest in refusing to disclose this information to them.

26   Plaintiffs cannot assess sufficiently Defendants' alleged interest without access to the "why"

PLAINTIFFS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ)  – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    information.  If the "why" information relies on non-statutory criteria or is otherwise unrelated to

2    an individual's eligibility for immigration benefits, that information is also highly relevant to

3    Plaintiffs' claims under the Administrative Procedure Act (Claim 8), the Immigration and

4    Nationality Act (Claim 7), and the Uniform Rule of Naturalization Clause (Claim 10).  Finally,

5    to the extent the "why" information unlawfully takes into account an individual's national origin

6    or religion, that information is plainly relevant to Plaintiffs' Equal Protection claim (Claim 6).

7    Given the probative weight of this information, and because it is solely in Defendants'

8    possession, the Court should order it produced.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1) (requiring

9    consideration of, among other factors, "the parties' relative access to relevant information").

10          Defendants' vague and ill-defined security concerns do not outweigh Plaintiffs' strong

11   interest in obtaining the "why" information, especially because the Named Plaintiffs'

12   applications have all been adjudicated, and Plaintiffs' counsel have agreed to maintain the

13   information under an Attorneys' Eyes Only protective order.  *First*, as Plaintiffs have noted

14   previously, in other contexts, the Government has disclosed why individuals were subjected to

15   CARRP in responses to Freedom of Information Act ("FOIA") requests and litigation without

16   asserting the privileges they assert here.  *See, e.g.*, Dkt. 92, Ex. E at 277:3–9 (in deposition,

17   officer provided his understanding "of why [case] was designated a CARRP case"); Dkt. 97

18   (attorney noting that, in response to FOIA requests, USCIS and ICE have regularly provided him

19   "with a copy of the CARRP Coversheet . . . and other CARRP-related information when [his]

20   client's case has been held under the CARRP program").  These previous disclosures raise

21   significant doubts regarding Defendants' purported security concerns.

22          *Second*, an individual is subjected to CARRP if they have an alleged "articulable link" to

23   involvement in, or association with, an activity, individual, or organization described in the

24   security grounds of inadmissibility and removability under 8 U.S.C. §§ 1182(a)(3)(A), (B), or

25   (F), or §§ 1227(a)(4)(A) or (B).  *See* Dkt. 47 ¶ 62; Dkt. 74 at 20.  If an individual was charged

26   with inadmissibility or removability under these security grounds, the Government would have

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

to present the underlying security concerns against them to sustain the charges.  *See Pazcoguin v. Radcliffe*, 292 F.3d 1209, 1213 (9th Cir. 2002); 8 U.S.C. § 1229a(c)(3)(A); 8 C.F.R. § 240(c)(3)(A).  It makes no sense that the Government is required to provide an individual information if they are allegedly dangerous enough to be charged with a security ground of removal but cannot provide similar information if they only have an alleged "articulable link" to that same ground.

*Third*, by regulation, "[a] determination of statutory eligibility" for an immigration benefit application "shall be based only on information . . . which is disclosed to the applicant." 8 C.F.R. § 103.2(b)(16)(ii).  If a decision "is based on derogatory information . . . and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered." *Id*. § 103.2(b)(16)(i).  Even if the information is classified, "the USCIS Director or his or her designee should direct that the applicant or petitioner be given notice of the general nature of the information and an opportunity to offer opposing evidence." *Id*. § 103.2(b)(16)(iv).  Defendants' decision to withhold the "why" information is inconsistent with these requirements that any derogatory information be disclosed to the applicant.  They also undermine any security rationale that Defendants provide here because, even where the information is classified, Defendants are required to provide "the general nature of the information" to the applicant.  Defendants are unwilling to do that here, even under an Attorneys' Eyes Only protective order.

*Fourth*, all Named Plaintiffs' applications have been adjudicated, and all but one was granted naturalization or adjustment of status.  In other words, for all but one, the alleged national security concern was resolved *in their favor*, and for the other, the agency disclosed the basis for the denial.  Whatever concerns that Defendants may have when an application is pending, they do not apply when the application *has already been adjudicated*.  Defendants have failed to explain what harm it would suffer by providing information about the Named Plaintiffs,

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    when that information was deemed insufficient to prevent denial or further delay of their

2    applications.

3        *Finally*, if the Court finds any validity to Defendants' security concerns, they can all be

4    resolved if the "why" information is produced to Plaintiffs under an Attorneys' Eyes Only

5    protective order.  Indeed, when ordering the release of this same information in its October 19,

6    2017 order, the Court explicitly acknowledged that "Plaintiffs' attorneys could supplement the

7    protective order . . . to assuage any remaining concerns on the part of the Government."  Dkt. 98

8    at 4.  The Court also previously has recognized that to address "potential national security risks

9    [that] may exist as to specific individuals," that information can be "protected by . . . 'attorney

10   eyes only' protections."  Dkt. 148 at 9–10.  And, to protect similar concerns, Defendants have

11   already agreed to produce the Class List under an Attorneys' Eyes Only protective order.  Dkt.

12   183.  There is no reason why the information Plaintiffs currently seek cannot be disclosed under

13   this same protective order.  This Court has previously admonished that "[t]he Government may

14   not merely say those magic words—'national security threat'—and automatically have its

15   requests granted in this forum," Dkt. 102 at 3, and "national security 'cannot be used as a

16   'talisman . . . to ward off inconvenient claims.'"  Dkt. 162 at 3 (quoting *Hawaii v. Trump*, 878

17   F.3d 662, 699 (9th Cir. 2017)).  The "why" information should be produced to Plaintiffs.

18       **B.    The Court Should Allow Plaintiffs to Post a Public Notice to Obtain**
            **Information from Potential Class Members.**

19

20       In most class action lawsuits, class counsel can communicate with unnamed class

21   members—their clients—to represent their interests and obtain information from them to help

22   litigate their claims.  *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122–23 (9th Cir.

23   2014) (noting that "class counsel's ability to fairly and adequately represent unnamed [class

24   members]" is a "critical requirement[] in federal class actions"); *Domingo v. New England Fish*

25   *Co.*, 727 F.2d 1429, 1441 (9th Cir. 1984) (finding that "restrictions on [counsel's]

26   communications [with class members] created at least potential difficulties for them as they

PLAINTIFFS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ)  – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

sought to vindicate the legal rights of [the class]").  In this case, the Court's protective order regarding the Class List prevents Plaintiffs' counsel from "contacting the unnamed plaintiff members of the Naturalization Class and Adjustment-of-Status class for any purpose absent prior order of this Court."  Dkt. 183 at 3.  However, the Court recognized that information from unnamed class members is highly relevant to Plaintiffs' claims and, therefore, ordered the parties to meet and confer so Plaintiffs' counsel could obtain access to "information about particular unnamed class members to develop evidence for use in their case."  *Id.*

In accordance with the Court's order, Plaintiffs' counsel has proposed posting a public Notice to Potential Class Members that only includes publicly available information and requests that potential class members contact class counsel if they have information that could assist in prosecuting the claims in this case.  Ahmed Decl., Ex. C (Notice to Potential Class Members). To address Defendants' concerns that by receiving information from potential class members, Plaintiffs' counsel may inadvertently reveal protected information, Plaintiffs' counsel confirmed that "after class counsel receive responses from potential *Wagafe* class members, class counsel will not contact the individuals to provide them any information about their applications absent further order from the Court."  *Id.*, Ex. F (Sept. 14, 2018 e-mail)  The proposed notice also explicitly states that "the Court has ordered that class counsel cannot publicly disclose whether anyone is a class member and/or whether a particular application has been subject to CARRP," and "class counsel would not be able to contact you to provide you any information about your application absent further order from the Court."  *Id.*, Ex. C (Notice to Potential Class Members). When contacted by potential class members, Plaintiffs' counsel will simply request each individual complete a generic questionnaire and provide any notices they have received from USCIS.  In accordance with Dkt. 183, Plaintiffs' counsel will also "inform them that we cannot confirm or deny whether they are members of the *Wagafe* class or provide them any additional information at this time."  *Id.*, Ex. F (Sept. 14, 2018 e-mail).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

As the Court has previously recognized on multiple occasions, Plaintiffs' need for information from unnamed class members is self-evident: they obtain information regarding the unreasonable delays in processing their immigration benefit applications due to CARRP that is highly relevant to Plaintiffs' constitutional and statutory claims. *See, e.g.*, Dkt. 98 at 3 (holding that "information" pertaining to unnamed class members "is relevant" to Plaintiffs' claims); Dkt. 183 at 3 (permitting Plaintiffs' counsel to obtain "information about particular unnamed class members to develop evidence for use in their case"). Yet, despite Plaintiffs' reassurances, Defendants have not agreed that Plaintiffs' counsel may post the notice to obtain information from unnamed class members that the Court has already deemed relevant in a way that is entirely consistent with the Court's protective order. The Court should therefore permit Plaintiffs' counsel to post the proposed Notice to Potential Class Members.

### C.    Defendants Must Produce A-Files from Unnamed Class Members.

Another way in which Plaintiffs have sought to obtain information about unnamed class members is through RFP 53, which requests a random sample of 100 class members' A-files. Ahmed Decl., Ex. G at 12 (Fifth Set of RFPs). Defendants have made three arguments as to why the A-files should not be produced, all of which should be rejected.

*First*, Defendants wrongly contend that "evidence concerning or relating to any specific class member" is not relevant to Plaintiffs' claims. *Id.*, Ex. H at 28–29 (Responses to Fifth Set of RFPs). The Court has repeatedly rejected that argument, finding that "information" pertaining to unnamed class members "is relevant" to Plaintiffs' claims, Dkt. 98 at 3, and it has explicitly permitted Plaintiffs' counsel to obtain "information about particular unnamed class members to develop evidence for use in their case." Dkt. 183 at 3. Indeed, the A-files of unnamed class members likely contain highly relevant information regarding the unreasonable delays in processing their immigration benefit applications as well as how CARRP is being applied to their applications. Because all of the Named Plaintiffs' applications were adjudicated soon after this

1    lawsuit was filed, information from unnamed class members will especially shed light on how

2    CARRP has affected individuals over the past two years.

3         *Second*, Defendants argue that reviewing 100 A-files would "unnecessarily burden"

4    Defendants.  Ahmed Decl., Ex. H at 28–29 (Responses to Fifth Set of RFPs).  To address this

5    concern, Plaintiffs' counsel expressed willingness to accept a smaller number than 100 A-files.

6    Plaintiffs' counsel also suggested that, if Defendants allowed them to post the proposed Notice to

7    Potential Class Members, they may only seek the A-files of class members who provide them

8    relevant information.  *Id.* ¶ 10.  However, Defendants rejected these attempts at compromise, and

9    said they would not produce *any* additional A-files.  The Court should reject Defendants'

10   "burden" excuse to prevent disclosure of this highly relevant information.

11        *Third*, Defendants made broad and unspecified assertions of privilege to prevent

12   disclosure of portions of the A-files.  *Id.*, Ex. H at 29.  At the very least, Defendants should be

13   compelled to produce the nonprivileged portions of the A-files.  To the extent Defendants'

14   privilege concerns are similar to those provided for why Defendants refuse to produce portions

15   of the Named Plaintiffs' A-files, they should be rejected for the reasons stated above.  *See supra*

16   pp. 10–14.

17                               **V.     CONCLUSION**

18        Plaintiffs respectfully request an order compelling Defendants to (1) produce information

19   by a date certain as to why the Named Plaintiffs' immigration benefit applications were

20   subjected to CARRP; (2) allow Plaintiffs to post a public notice about this case so that potential

21   class members can provide relevant information for counsel to use in this case; and (3) produce a

22   random set of A-files from the unnamed class members.

23

24

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Respectfully submitted,                    DATED: February 21, 2019

2    s/ Jennifer Pasquarella                    s/ Harry H. Schneider, Jr.
     s/ Sameer Ahmed                            s/ Nicholas P. Gellert
3    Jennifer Pasquarella (admitted pro hac vice)   s/ David A. Perez
     Sameer Ahmed (admitted pro hac vice)       s/ Cristina Sepe
4    **ACLU Foundation of Southern California**  Harry H. Schneider, Jr. #9404
     1313 W. 8th Street                         Nicholas P. Gellert #18041
5    Los Angeles, CA 90017                      David A. Perez #43959
     Telephone: (213) 977-5236                  Cristina Sepe #53609
6    jpasquarella@aclusocal.org                 **Perkins Coie LLP**
     sahmed@aclusocal.org                       1201 Third Avenue, Suite 4900
7                                               Seattle, WA  98101-3099
     s/ Matt Adams                              Telephone:  206.359.8000
8    Matt Adams #28287                          HSchneider@perkinscoie.com
     **Northwest Immigrant Rights Project**     NGellert@perkinscoie.com
9    615 Second Ave., Ste. 400                  DPerez@perkinscoie.com
     Seattle, WA 98122                          CSepe@perkinscoie.com
10   Telephone: (206) 957-8611
     matt@nwirp.org                             s/ Trina Realmuto
11                                              s/ Kristin Macleod-Ball
     s/ Stacy Tolchin                           Trina Realmuto (admitted pro hac vice)
12   Stacy Tolchin (admitted pro hac vice)      Kristin Macleod-Ball (admitted pro hac vice)
     **Law Offices of Stacy Tolchin**           **American Immigration Council**
13   634 S. Spring St. Suite 500A               1318 Beacon Street, Suite 18
     Los Angeles, CA  90014                     Brookline, MA 03446
14   Telephone: (213) 622-7450                  Telephone: (857) 305-3600
     Stacy@tolchinimmigration.com               trealmuto@immcouncil.org
15                                              kmacleod-ball@immcouncil.org
     s/ Hugh Handeyside
16   s/ Lee Gelernt                             s/ Emily Chiang
     s/ Hina Shamsi                             Emily Chiang #50517
17   Hugh Handeyside #39792                     **ACLU of Washington Foundation**
     Lee Gelernt (admitted pro hac vice)        901 Fifth Avenue, Suite 630
18   Hina Shamsi (admitted pro hac vice)        Seattle, WA 98164
     **American Civil Liberties Union Foundation**  Telephone: (206) 624-2184
19   125 Broad Street                           Echiang@aclu-wa.org
     New York, NY 10004
20   Telephone: (212) 549-2616
     lgelernt@aclu.org
21   hhandeyside@aclu.org
     hshamsi@aclu.org
22
                                                *Counsel for Plaintiffs*
23

24

25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below, I caused service of the foregoing document via

the CM/ECF system, which will automatically send notice of such filing to all counsel of record.

DATED this 21st day of February, 2019, at Seattle, Washington.

*/s/ Cristina Sepe*
Cristina Sepe, WSBA No. 53609
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: CSepe@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 2:17-cv-00094-RAJ) – 1