EXHIBIT A

## Sameer Ahmed

| | |
|---|---|
| **From:** | Kanter, Ethan (CIV) <Ethan.Kanter@usdoj.gov> |
| **Sent:** | Friday, September 21, 2018 11:05 AM |
| **To:** | Hennessey, Laura K. (Perkins Coie); Gellert, Nicholas (Perkins Coie); Jennie Pasquarella; Perez, David A. (Perkins Coie); Sameer Ahmed; Matt Adams (matt@nwirp.org) |
| **Cc:** | Bensing, Daniel (CIV); Brinkman, Andrew (CIV); Jentzer, Lyle (CIV); Julius, Derek (CIV); Kipnis, Brian (USAWAW); Menkin, Jeff (CIV); Moore, Brendan T. (CIV); Murphy, Lindsay M. (CIV); Taranto, Leon B. (CIV); Carilli, Joseph F. (CIV); Flentje, August (CIV) |
| **Subject:** | Wagafe v. Trump -- Status of Production, New Proposals, and Responses |
| **Attachments:** | 2018-09-21 - Letter to Plaintiffs Counsel (Status of Production and Proposals).pdf |

Counsel:

Please see the attached correspondence relating to document review and production as well as additional proposals for further narrowing of discovery.

In addition:  (1) Defendants do not agree with your request that they disclose under an AEO restriction why the named plaintiffs were under CARRP review; and (2) the Defendants do not consent to the revised class notice proposal sent by Sameer Ahmed on September 14, 2018, and agree with Mr. Ahmed that in the absence of Defendants' consent, the matter must be decided by the Court.

Finally, anticipating next Wednesday's expert-disclosure deadline, please let us know by Monday, September 24th, your position on the proposal we sent to you on August 27th on staggering the expert disclosures.

Sincerely,

Ethan

**Ethan B. Kanter**
**Chief, National Security Unit**
Civil Division, Office of Immigration Litigation-Appellate
United States Department of Justice
Post Office Box 868 | Ben Franklin Station | Washington, D. C. 20044
☎ 202-616-9123 | 🖨 202-307-8698 | ✉ ethan.kanter@usdoj.gov
ethan.Kanter@usdoj.sgov.gov | ethan.Kanter@doj.ic.gov

**CONFIDENTIALITY NOTICE:** This communication may contain law enforcement sensitive, privileged attorney/client communications or work product, and is not subject to disclosure. It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited. If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete the e-mail, any attachments, and all copies from your computer.

# EXHIBIT B

## Sameer Ahmed

| | |
|---|---|
| **From:** | Sameer Ahmed |
| **Sent:** | Wednesday, August 8, 2018 3:53 PM |
| **To:** | 'Kanter, Ethan (CIV)'; Hennessey, Laura K. (Perkins Coie); Gellert, Nicholas (Perkins Coie); Jennie Pasquarella; Perez, David A. (Perkins Coie); Matt Adams (matt@nwirp.org) |
| **Cc:** | Bensing, Daniel (CIV); Brinkman, Andrew (CIV); Jentzer, Lyle (CIV); Julius, Derek (CIV); Kipnis, Brian (USAWAW); Menkin, Jeff (CIV); Moore, Brendan T. (CIV); Murphy, Lindsay M. (CIV); Taranto, Leon B. (CIV); Carilli, Joseph F. (CIV); Flentje, August (CIV) |
| **Subject:** | RE: Wagafe v. Trump, No. 17-00094 (W.D. Wash.) -- follow-up to July 20th meet and confer regarding named plaintiffs/CARRP |
| **Attachments:** | Wagafe Notice to Potential Class Members.docx |

Ethan,

Thanks for your e-mail.  We look forward to receiving the information on Friday as well as the declaration.

On a similar note, Plaintiffs would like to use the class list in a way that is consistent with the Court's order in Dkt. 183.  To that end, we would like to publicly post the attached Notice to Potential Class Members.

The Notice complies with Dkt. 183 because we would not reveal to any potential class member whether or not their application was subjected to CARRP.  Dkt 183 states, "Defendants agree to meet and confer with Plaintiffs' counsel over ways in which Defendants might be able to provide Plaintiffs' counsel with information about particular unnamed class members to develop evidence for use in their case."  Publishing the Notice would allow us to obtain information about particular class members to develop evidence for use in this case consistent with Dkt. 183.

Please let us know if Defendants' consent to Plaintiffs' counsel posting the attached Notice publicly.  We would appreciate a response to this request by next Wednesday, August 15.

Thanks,
Sameer

Sameer Ahmed, Staff Attorney
ACLU of Southern California
1313 W 8th Street, Suite 200
Los Angeles, CA 90017
213.977.5284


aclusocal.org || facebook || twitter || blog || app

**ACLU SoCal: *STAND FOR JUSTICE* >> *Download our mobile app at mobilejusticeca.org***

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

**From:** Kanter, Ethan (CIV) [mailto:Ethan.Kanter@usdoj.gov]
**Sent:** Wednesday, August 8, 2018 3:01 PM
**To:** Sameer Ahmed <SAhmed@ACLUSOCAL.ORG>; Hennessey, Laura K. (Perkins Coie) <LHennessey@perkinscoie.com>; Gellert, Nicholas (Perkins Coie) <NGellert@perkinscoie.com>; Jennie Pasquarella <JPasquarella@ACLUSOCAL.ORG>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Matt Adams (matt@nwirp.org) <matt@nwirp.org>

# EXHIBIT C



# *WAGAFE v. TRUMP*
## NOTICE TO POTENTIAL CLASS MEMBERS

*Wagafe v. Trump*, No. 2:17-cv-00094-RAJ (W.D. Wash.) is a class action lawsuit challenging the Controlled Application Review and Resolution Program ("CARRP") and successor "extreme vetting" programs that have led to unreasonable delays and denials of naturalization (or U.S. citizenship) and adjustment of status (or green card) applications by USCIS.

An individual is a *Wagafe* class member if:

1. Their naturalization application has been pending for six months and is subject to CARRP or a successor "extreme vetting" program; or

2. Their adjustment of status application has been pending for six months and is subject to CARRP or a successor "extreme vetting" program.

If your naturalization or adjustment of status application has been pending for more than six months, you may be a member of this class action lawsuit. While USCIS will not confirm or deny whether your application has been subject to CARRP or a successor extreme vetting program, USCIS has produced to class counsel a list of *Wagafe* class members. However, the Court has ordered that class counsel cannot publicly disclose whether anyone is a class member and/or whether a particular application has been subject to CARRP.

That said, if you are a class member, class counsel may be able to advocate with USCIS or the District Court on your behalf in the *Wagafe* case. If class counsel did so, class counsel would assert that your application should not be subject to CARRP or any successor "extreme vetting" program. However, class counsel would not be able to contact you to provide you any information about your application absent further order from the Court. Please let class counsel know if we have your consent to use your information in this way.

You may contact class counsel at:

# EXHIBIT D

**Sameer Ahmed**

| | |
|---|---|
| **From:** | Kanter, Ethan (CIV) <Ethan.Kanter@usdoj.gov> |
| **Sent:** | Wednesday, August 15, 2018 1:58 PM |
| **To:** | Sameer Ahmed; Hennessey, Laura K. (Perkins Coie); Gellert, Nicholas (Perkins Coie); Jennie Pasquarella; Perez, David A. (Perkins Coie); Matt Adams (matt@nwirp.org) |
| **Cc:** | Bensing, Daniel (CIV); Brinkman, Andrew (CIV); Jentzer, Lyle (CIV); Julius, Derek (CIV); Kipnis, Brian (USAWAW); Menkin, Jeff (CIV); Moore, Brendan T. (CIV); Murphy, Lindsay M. (CIV); Taranto, Leon B. (CIV); Carilli, Joseph F. (CIV); Flentje, August (CIV) |
| **Subject:** | RE: Wagafe v. Trump, No. 17-00094 (W.D. Wash.) -- follow-up to July 20th meet and confer regarding named plaintiffs/CARRP |

Sameer,

Thank you for contacting us about posting the class notice.  Defendants do not consent to your proposal.

However, Defendants agree to meet and confer over ways in which Defendants might be able to provide you with information about particular unnamed class members to develop evidence for use in your case.  We propose discussing alternative options for developing such evidence during our next meet and confer, currently scheduled for August 22nd.  In the meantime, could you identify what kinds of information you are seeking with regard to the unnamed class members so we can begin evaluating whether and how we might be able to provide such information?

Regards,

Ethan


**Ethan B. Kanter**
**Chief, National Security Unit**
Civil Division, Office of Immigration Litigation-Appellate
United States Department of Justice
Post Office Box 868 | Ben Franklin Station | Washington, D. C. 20044
☏ 202-616-9123 | 🖥 202-307-8698 | ✉ ethan.kanter@usdoj.gov


**CONFIDENTIALITY NOTICE**: This communication may contain law enforcement sensitive, privileged attorney/client communications or work product, and is not subject to disclosure. It is solely for the use of the intended recipients.  Unauthorized interception, review, use or disclosure is prohibited. If you believe that you have received this e-mail in error, please notify the sender immediately, and permanently delete the e-mail, any attachments, and all copies from your computer.

**From:** Sameer Ahmed [mailto:SAhmed@ACLUSOCAL.ORG]
**Sent:** Wednesday, August 08, 2018 6:53 PM
**To:** Kanter, Ethan (CIV) <EKanter@CIV.USDOJ.GOV>; Hennessey, Laura K. (Perkins Coie) <LHennessey@perkinscoie.com>; Gellert, Nicholas (Perkins Coie) <NGellert@perkinscoie.com>; Jennie Pasquarella <JPasquarella@ACLUSOCAL.ORG>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Matt Adams (matt@nwirp.org) <matt@nwirp.org>
**Cc:** Bensing, Daniel (CIV) <DBensing@CIV.USDOJ.GOV>; Brinkman, Andrew (CIV) <ABrinkma@civ.usdoj.gov>; Jentzer, Lyle (CIV) <LJentzer@CIV.USDOJ.GOV>; Julius, Derek (CIV) <DJulius@civ.usdoj.gov>; Kipnis, Brian (USAWAW) <Brian.Kipnis@usdoj.gov>; Menkin, Jeff (CIV) <JMenkin@civ.usdoj.gov>; Moore, Brendan T. (CIV) <bremoore@CIV.USDOJ.GOV>; Murphy, Lindsay M. (CIV) <limurphy@CIV.USDOJ.GOV>; Taranto, Leon B. (CIV)

EXHIBIT E

# Sameer Ahmed

| | |
|---|---|
| **From:** | Sameer Ahmed |
| **Sent:** | Tuesday, August 21, 2018 11:11 AM |
| **To:** | 'Kanter, Ethan (CIV)'; Hennessey, Laura K. (Perkins Coie); Gellert, Nicholas (Perkins Coie); Jennie Pasquarella; Perez, David A. (Perkins Coie); Matt Adams (matt@nwirp.org) |
| **Cc:** | Bensing, Daniel (CIV); Brinkman, Andrew (CIV); Jentzer, Lyle (CIV); Julius, Derek (CIV); Kipnis, Brian (USAWAW); Menkin, Jeff (CIV); Moore, Brendan T. (CIV); Murphy, Lindsay M. (CIV); Taranto, Leon B. (CIV); Carilli, Joseph F. (CIV); Flentje, August (CIV) |
| **Subject:** | RE: Wagafe v. Trump, No. 17-00094 (W.D. Wash.) -- follow-up to July 20th meet and confer regarding named plaintiffs/CARRP |

Ethan,

Thanks for your e-mail.  Yes, let's meet and confer about this issue on August 22.  We would like to know why Defendants do not consent to posting the class notice, especially because all of the information in the notice is from publicly available documents and consistent with the Court's order in Dkt. 183.

As for information we are seeking with regard to unnamed class members, we would be interested in obtaining the A-files and CARRP Eligibility Assessment and Background Check and Adjudicative Assessment (BCAA) Worksheets of certain unnamed class members.

Thanks,
Sameer

Sameer Ahmed, Staff Attorney
ACLU of Southern California
1313 W 8th Street, Suite 200
Los Angeles, CA 90017
213.977.5284


aclusocal.org  ||  facebook  ||  twitter  ||  blog  ||  app

**ACLU SoCal:** *STAND FOR JUSTICE* >> *Download our mobile app at* **mobilejusticeca.org**

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.


**From:** Kanter, Ethan (CIV) [mailto:Ethan.Kanter@usdoj.gov]
**Sent:** Wednesday, August 15, 2018 1:58 PM
**To:** Sameer Ahmed <SAhmed@ACLUSOCAL.ORG>; Hennessey, Laura K. (Perkins Coie) <LHennessey@perkinscoie.com>; Gellert, Nicholas (Perkins Coie) <NGellert@perkinscoie.com>; Jennie Pasquarella <JPasquarella@ACLUSOCAL.ORG>; Perez, David A. (Perkins Coie) <DPerez@perkinscoie.com>; Matt Adams (matt@nwirp.org) <matt@nwirp.org>
**Cc:** Bensing, Daniel (CIV) <Daniel.Bensing@usdoj.gov>; Brinkman, Andrew (CIV) <Andrew.Brinkman@usdoj.gov>; Jentzer, Lyle (CIV) <Lyle.Jentzer@usdoj.gov>; Julius, Derek (CIV) <Derek.Julius2@usdoj.gov>; Kipnis, Brian (USAWAW) <Brian.Kipnis@usdoj.gov>; Menkin, Jeff (CIV) <Jeff.Menkin2@usdoj.gov>; Moore, Brendan T. (CIV) <Brendan.T.Moore@usdoj.gov>; Murphy, Lindsay M. (CIV) <Lindsay.M.Murphy@usdoj.gov>; Taranto, Leon B. (CIV) <Leon.B.Taranto@usdoj.gov>; Carilli, Joseph F. (CIV) <Joseph.F.Carilli2@usdoj.gov>; Flentje, August (CIV)

# EXHIBIT F

**Sameer Ahmed**

| | |
|---|---|
| **From:** | Sameer Ahmed |
| **Sent:** | Friday, September 14, 2018 12:44 PM |
| **To:** | 'Kanter, Ethan (CIV)'; 'Hennessey, Laura K. (Perkins Coie)'; 'Gellert, Nicholas (Perkins Coie)'; Jennie Pasquarella; 'Perez, David A. (Perkins Coie)'; 'Matt Adams (matt@nwirp.org)' |
| **Cc:** | 'Bensing, Daniel (CIV)'; 'Brinkman, Andrew (CIV)'; 'Jentzer, Lyle (CIV)'; 'Julius, Derek (CIV)'; 'Kipnis, Brian (USAWAW)'; 'Menkin, Jeff (CIV)'; 'Moore, Brendan T. (CIV)'; 'Murphy, Lindsay M. (CIV)'; 'Taranto, Leon B. (CIV)'; 'Carilli, Joseph F. (CIV)'; 'Flentje, August (CIV)' |
| **Subject:** | RE: Wagafe v. Trump, No. 17-00094 (W.D. Wash.) -- follow-up to July 20th meet and confer regarding named plaintiffs/CARRP |
| **Attachments:** | Wagafe Notice to Potential Class Members.docx |

Ethan,

I am writing to follow up on our proposal to post the Class Notice.  On our last call, Defendants requested that Plaintiffs' counsel (1) update the Class Notice to make explicit that class counsel will not contact potential class members after they respond to the Notice, and (2) provide more information regarding how we plan to use the Class Notice and respond to potential class members who contact us.

Regarding your first request, we have updated the Class Notice to add the following sentence: "However, class counsel would not be able to contact you to provide you any information about your application absent further order from the Court."  The updated draft of the Class Notice is attached.

Regarding your second request, Plaintiffs' counsel plan to post the Class Notice on the following websites: www.aclu.org, www.aclusocal.org, https://www.nwirp.org/, https://www.americanimmigrationcouncil.org/, https://www.aila.org/.  Plaintiffs' counsel also plan to post the Class Notice on the following e-mail listserves:  the American Immigration Lawyers Association (AILA) listserve and the National Immigration Project listserve.  As the updated Class Notice indicates, after class counsel receive responses from potential *Wagafe* class members, class counsel will not contact the individuals to provide them any information about their applications absent further order from the Court.

When contacted by potential *Wagafe* class members by any means (e-mail, phone, in-person), Plaintiffs' counsel will respond to those individuals in accordance with the Court's Order in Dkt. 183.  Specifically, Plaintiffs' counsel will provide the individuals with a copy of the Class Notice and inform them that we cannot confirm or deny whether they are members of the *Wagafe* class or provide them any additional information at this time.

Finally, some Plaintiffs' counsel represent individual clients in their immigration cases who may be *Wagafe* class members and will continue to advocate on behalf of their individual clients.  However, we understand that Plaintiffs' counsel cannot share any information confirming or denying whether those clients are *Wagafe* class members.

Please let us know if Defendants consent to Plaintiffs' counsel using the Class Notice in this manner.

Thanks,

Sameer


Sameer Ahmed, Staff Attorney
ACLU of Southern California
1313 W 8th Street, Suite 200
Los Angeles, CA 90017
213.977.5284

EXHIBIT G

1

THE HONORABLE RICHARD A. JONES

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9
ABDIQAFAR WAGAFE *et al.*, on behalf
of themselves and others similarly situated,

No. 17-cv-00094 RAJ

10
Plaintiffs,

PLAINTIFFS' FIFTH
REQUESTS FOR PRODUCTION
AND THIRD INTERROGATORIES
TO DEFENDANTS

11
v.

12

13
DONALD TRUMP, President of the
United States *et al.*,

14
Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

141039829.1

**TO:**       Defendants Donald J. Trump, United States Citizenship and Immigration
              Services, Kirstjen Nielsen, L. Francis Cissna, Matthew D. Emrich, and Daniel
              Renaud.

**AND TO:**   Andrew C. Brinkman, August Flentje, Brendan T. Moore, Brian C. Kipnis,
              Daniel E. Bensing, Derek C. Julius, Ethan B, Kanter, Jeffrey, L. Menkin, Leon B.
              Taranto, Lindsay M. Murphy and Lyle D. Jentzer.

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, Abdiqafar Wagafe, Mehdi

Ostadhassan, Hanin Omar Bengezi, Noah Adam Abraham (f/k/a Mushtaq Abed Jihad), and

Sajeel Manzoor (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated,

request that Donald Trump, President of the United States; United States Citizenship and

Immigration Services; Kirstjen Nielsen, in her official capacity as Secretary of the U.S.

Department of Homeland Security; L. Francis Cissna, in his official capacity as Director of the

U.S. Citizenship and Immigration Services; Matthew D. Emrich, in his official capacity as

Associate Director of the Fraud Detection and National Security Directorate of the U.S.

Citizenship and Immigration Services ("FDNS"); and Daniel Renaud, in his official capacity as

Associate Director of the Field Operations Directorate of the U.S. Citizenship and Immigration

Services (collectively, "Defendants") answer each discovery request, separately and fully, in

writing and under oath, and produce for inspection and copying the documents and things within

their possession, custody, or control falling within the scope of the requests below within thirty

(30) days of service hereof, in accordance with the Federal Rules of Civil Procedure and the

definitions and instructions below.  Please produce the documents and things described herein to

the attention of the law firm of Perkins Coie LLP, 1201 Third Ave., Ste. 4900, Seattle, WA

98101-3099.  These requests are continuing in nature.  As such, Defendants must supplement

their responses in a timely manner in accordance with Federal Rule of Civil Procedure 26(e) as

additional or corrective information comes to their or their counsel's attention.

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ)  – 1

141039829.1

# INSTRUCTIONS

The following instructions shall apply when responding to these interrogatories and requests for production:

1.      Each interrogatory and Document request herein calls for you to furnish all information and produce all responsive Documents within Your possession, custody, or control, or that of Your agents, consultants, representatives, and, unless privileged, attorneys.

2.      Without limitation of the term "control" as used in the preceding instruction, a Document is deemed to be in Your control if You have the right to secure the information or Document or a copy thereof from another Person having actual possession thereof.

3.      Each Document request and interrogatory, and subparagraph or subdivision thereof, is to be answered separately.  After each Document request, state whether all Documents responsive to that request are being produced.

4.      Please note that Your obligation to respond to each interrogatory and request for production is continuing in nature.  If, after responding, You obtain or become aware of any additional information responsive to any interrogatory or request for production, please supplement Your response and/or Your disclosures as required by Federal Rule of Civil Procedure 26(e).

5.      If You object, whole or in part, to answering any discovery request or producing Documents in response to any request for production, state your objections and/or reasons for not answering and/or producing and state all factual and legal justifications that you believe support your objection or failure to answer or produce.

6.      If any requested Document has been lost, discarded, or destroyed, describe the Document as completely as possible, including: the name, title, and description of employment of each author or preparer of the Document; a complete description of the nature and subject matter of the Document; and the date on which and manner in which the Document was lost, discarded, destroyed, or otherwise disposed of.

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 2

141039829.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

7.  If any part of a Document is responsive to a Document request, the whole Document is to be produced.

8.  If You contend that it would be unreasonably burdensome to obtain and provide all of the Documents called for in response to any Document request or any subsection thereof, then in response to the appropriate Document request:

    a.  Produce all such Documents as are available to You without undertaking what You contend to be an unreasonable request;

    b.  Describe with particularity the efforts made by You or on Your behalf to produce such Documents; and

    c.  State with particularity the grounds upon which You contend that additional efforts to produce such Documents would be unreasonable.

9.  If you deem any interrogatory or request for production to call for privileged information or Documents, and such privilege is asserted in order to avoid production or divulging information, provide a list with respect to each item of information or each Document withheld based on a claim of privilege, stating:

    a.  Description of allegedly privileged communication or document withheld;

    b.  Persons present during or participating in allegedly privileged communication, or author(s) and recipient(s) of document withheld;

    c.  Date of allegedly privileged communication or document withheld;

    d.  Subject matter of allegedly privileged communication or document withheld;

    e.  Type of document withheld (e.g., letter, memorandum or computer database);

    f.  Nature of privilege(s) claimed; and

    g.  the paragraph(s) of these discovery requests to which the allegedly privileged communication or document relates.

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

141039829.1

10.     In producing the Documents requested, You are requested to search electronic Documents, records, data, and any other electronically stored information ("ESI") which may be stored in or on any electronic medium or device, including without limitation computers, network servers, computer hard drives, e-mails, and voicemails.  Your production of any ESI should be produced in an electronic format permitting electronic search functionality, pursuant to the Parties' stipulation, if any, regarding preservation and production of ESI.

11.     In producing records responsive to Document requests, please produce tangible Documents and records organized either (1) in separate groups responsive to specific requests or (2) in the format and organization in which the Documents are kept in the ordinary course of Your business.  Please produce electronic Documents and records in Tagged Image File Format ("TIFF"), single page, black and white (or in color, if necessary, for any Document or its content to be readable), dithered (if appropriate), at 300 x 300 dpi resolution and 8½ x 11 inch page size, except for Documents requiring different resolution or page size to make them readable.  Each TIFF Document should be produced with an image load file in standard Opticon (*.log) format that reflects the parent/child relationship.  In addition, each TIFF Document should be produced with a data load file in Concordance delimited format (*.dat), indicating (at a minimum) appropriate unitization of the Documents, including beginning and ending production numbers for (a) each Document set, and (b) each attachment within each Document set.  TIFF images should also be accompanied by extracted text or, for those files that do not have extracted text upon being processed, optical character recognition ("OCR") text data; such extracted text or OCR text data should be provided in Document level form and named after the TIFF image.  For Documents produced in TIFF format, metadata should be included with the data load files described above, and should include (at a minimum) the following information:  file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the Document (that is, the custodian from whom the Document was collected or, if collected from a shared drive or server, the name of the

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   shared driver or server); and MD5 hash value.  In addition, for e-mail Documents, the data load

2   files should also include the following metadata:  sent date; sent time; received date; received

3   time; "to" name(s) and address(es); "from" name and address; "cc" name(s) and address(es);

4   "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count.  All

5   images and load files should be named or foldered in such a manner that all records can be

6   imported without modification of any path or file name information.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 5

141039829.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**DEFINITIONS**

The following definitions shall apply when responding to these requests for production:

1.      "A," "an," and "any" include "all," and "all" includes "a," "an," and "any."  All of these words should be construed as necessary to bring within the scope of these requests any Documents that might otherwise be construed to be outside of their scope.

2.      "And" and "or" shall be construed either conjunctively or disjunctively, whichever makes the request more inclusive.

3.      "Adjustment Class" means the following class certified by the Court in its Order Granting Class Certification, Dkt. 69: A national class of all persons currently and in the future (1) who have or will have an application for adjustment of status pending before USCIS, (2) that is subject to CARRP or a successor "extreme vetting" program, and (3) that has not been or will not be adjudicated by USCIS within six months of having been filed.

4.      "CARRP" means the Controlled Application Review and Resolution Program, an internal vetting policy instituted by USCIS in April 2008.  Upon information and belief, USCIS first outlined the parameters of CARRP in an April 11, 2008 memorandum addressed to field leadership from Deputy Director Jonathan R. Scharfen regarding "Policy for Vetting and Adjudicating Cases with National Security Concerns."  *See* Declaration of Jennifer Pasquarella in Support of Plaintiffs' Motion for Class Certification ("Pasquarella Decl."), Dkt. 27, Ex. A.

5.      "Defendants," "You," "Your," or any similar word or phrase includes each individual or entity responding to these requests and, where applicable, each subsidiary, parent, or affiliated entity of each such Person and all Persons acting on its or their behalf.

6.      "Describe" means to set forth fully and unambiguously every fact relevant to the subject of the interrogatory of which You have knowledge or information, particularized as to time, place, manner, identity of persons and organizations involved, and identity of documents involved. With respect to a program or policy, "Describe" includes the rationale, derivation, implementation, current status, and future plans concerning that program or policy.

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

7.      "Document" and its plural shall be interpreted in the broadest possible manner and shall mean all written, electronic, graphic, or printed matter of any kind in Your possession or control, however produced or reproduced, including all originals, drafts, working papers, and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all other tangible things, including anything that would be a writing or recording as defined in Federal Rule of Evidence 1001(1) or as defined in Federal Rule of Civil Procedure 34(a).

8.      "Fiscal year" means the 12-month period beginning October 1 and ending September 30 the following year.

9.      "Identify" means to set forth fully and unambiguously all information of which You have knowledge or information regarding the identity of the information in question.  With respect to a person or entity, "Identify" means to state the person or entity's full name and the location of the person or entity's last known business address. With respect to a program or policy, "Identify" means to state the persons or entities involved in the derivation, implementation, or future plans for the program or policy.

10.      "Known or Suspected Terrorist" or "KST" means the category of individuals who have been nominated and accepted for placement in the Terrorist Screening Database, are on the Terrorist Watch List, and have a specially-coded lookout posted in TECS/IBIS, and/or the Consular Lookout Automated Support System (CLASS), as used by the Department of State. *See* Pasquarella Decl., Ex. A (April 11, 2008 memorandum from Deputy Director Jonathan R. Scharfen regarding "Policy for Vetting and Adjudicating Cases with National Security Concerns").

11.      "Naturalization Class" means the following class certified by the Court in its Order Granting Class Certification, Dkt. 69: A national class of all persons currently and in the future (1) who have or will have an application for naturalization pending before USCIS, (2) that is subject to CARRP or a successor "extreme vetting" program, and (3) that has not been or will

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

141039829.1

1   not be adjudicated by USCIS within six months of having been filed. "Person" means an

2   individual, proprietorship, partnership, firm, corporation, association, governmental agency, or

3   other organization or entity.

4       12.     "Non-Known or Suspected Terrorist" or "Non-KST" means the category of

5   remaining cases with national security concerns, regardless of source, including

6   but not limited to: associates of KSTs, unindicted co-conspirators, terrorist organization

7   members, persons involved with providing material support to terrorists or terrorist

8   organizations, and agents of foreign governments. *See* Pasquarella Decl., Dkt. 27, Ex. A (April

9   11, 2008 memorandum from Deputy Director Jonathan R. Scharfen regarding "Policy for

10  Vetting and Adjudicating Cases with National Security Concerns").

11      13.     "Relate," "reflect," or "refer," in all forms, means, in addition to the customary

12  and usual meaning of those words, concerning, constituting, embodying, describing, evidencing,

13  or having any logical or factual connection with the subject matter described.

14      14.     "Stage 1" means the first stage of CARRP during which USCIS identifies whether

15  an applicant is a national security concern as identified in the CARRP KST Workflow and

16  CARRP Non-KST Workflow documents. *See* Pasquarella Decl., Dkt. 27, Ex. C.

17      15.     "Stage 2" means the second stage of CARRP during which USCIS officers

18  internally review USCIS records and conduct an eligibility assessment for the application as

19  identified in the CARRP KST Workflow and CARRP Non-KST Workflow documents. *See*

20  Pasquarella Decl., Dkt. 27, Ex. C.

21      16.     "Stage 3" means the third stage of CARRP during which USCIS officers

22  externally review records with other agency record owners of the national security concern and

23  request additional information regarding that concern from that agency as identified in the

24  CARRP KST Workflow and CARRP Non-KST Workflow documents. *See* Pasquarella Decl.,

25  Dkt. 27, Ex. C.

26

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 8

141039829.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

17.        "Stage 4" means the fourth stage of CARRP during which an application is adjudicated as identified in the CARRP KST Workflow and CARRP Non-KST Workflow documents. *See* Pasquarella Decl., Dkt. 27, Ex. C.

18.        "USCIS" means U.S. Citizenship and Immigration Services, a federal agency that is a component of DHS and is headed by a director, currently L. Francis Cissna.

19.        Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

20.        Any term defined herein shall have the indicated meaning whenever that term is used in these requests for production unless the context clearly requires otherwise.  All defined terms are indicated by capitalizing the first letter of each term (except "and," "or," "relate," "reflect," and "refer"), as shown in the instructions and definitions above.

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 9

141039829.1

**INTERROGATORIES**

**INTERROGATORY NO. 3:**

For each fiscal year starting with 2015 (as well as to date in the present fiscal year), provide the following information for each stage of the CARRP process, broken down separately for naturalization applications and adjustment of status applications, and further broken down by nationality, country of birth, and religion and by whether the applicants were categorized as KST or non-KST:

a.  The total number of applications referred into CARRP;

b.  The number of applications denied at Stage 2 of CARRP;

c.  The median and average length of time (in days) from when such applicants were referred into CARRP and their applications were denied at Stage 2 of CARRP;

d.  The number of applications adjudicated following Stage 3 of CARRP;

e.  The number of applications that were adjudicated in Stage 4 of CARRP;

f.  The median and average length of time (in days) from when such applicants were referred into CARRP and their applications were adjudicated at Stage 3 of CARRP;

g.  The number of applications denied at Stage 4 of CARRP;

h.  The median and average length of time (in days) from when such applicants were referred into CARRP and their application were denied at Stage 4 of CARRP;

i.  The number of applications denied after receiving supervisory review at Stage 4 of CARRP;

j.  The median and average length of time (in days) from when such applicants were referred into CARRP and their application were denied following supervisory review at Stage 4 of CARRP;

k.  The number of applications elevated to HQ Directorate or other senior-level review at Stage 4 of CARRP;

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 10

141039829.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

l.  The median and average length of time (in days) from when such applicants were referred into CARRP and their application is elevated to HQ Directorate or other senior-level at Stage 4 of CARRP;

m.  The number of applications adjudicated returned to the field for adjudication following HQ Directorate or other senior-level review at Stage 4 if CARRP; and

n.  The median and average length of time (in days) from when such applicants were referred into CARRP and their application were returned to the field for adjudication following HQ Directorate or other senior-level at Stage 4 of CARRP

**ANSWER:**

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 11

141039829.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 50:** Documents sufficient to demonstrate the basis for and confirm the accuracy of Your response to Interrogatory No. 3.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** Documents used by you as the source of any of the information set forth in Your response to Interrogatory No. 3.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** CARRP Eligibility Assessment and Background Check and Adjudicative Assessment (BCAA) Worksheets for the Named Plaintiffs subject to CARRP, including, but not limited, to documents identifying whether the Named Plaintiffs subject to CARRP were designated as KST or non-KST.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** The Alien Files ("A-Files") of 100 members of the Naturalization and Adjustment Classes statistically chosen at random.

**RESPONSE:**

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 12

141039829.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2   **REQUEST FOR PRODUCTION NO. 54:** All video and audio for CARRP-related trainings

3   offered to USCIS officers and agency personnel, including but not limited to the video and audio

4   that accompanied training materials produced in response to previous Requests for Production.

5

6   **RESPONSE:**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

141039829.1

DATED:  August 24, 2018

COUNSEL FOR PLAINTIFFS:

s/Jennifer Pasquarella (admitted pro hac vice)
s/Sameer Ahmed (admitted pro hac vice)
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
Facsimile: (213) 997-5297
jpasquarella@aclusocal.org
sahmed@aclusocal.org

s/Matt Adams
s/Glenda M. Aldana Madrid
Matt Adams #28287
Glenda M. Aldana Madrid #46987
**Northwest Immigrant Rights Project**
615 Second Ave., Ste. 400
Seattle, WA 98122
Telephone: (206) 957-8611
Facsimile: (206) 587-4025
matt@nwirp.org
glenda@nwirp.org

s/Stacy Tolchin (admitted pro hac vice)
**Law Offices of Stacy Tolchin**
634 S. Spring St. Suite 500A
Los Angeles, CA  90014
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Stacy@tolchinimmigration.com

s/Hugh Handeyside
Hugh Handeyside #39792
s/Lee Gelernt (admitted pro hac vice)
s/Hina Shamsi (admitted pro hac vice)
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
Facsimile: (212) 549-2654
lgelernt@aclu.org
hhandeyside@aclu.org
hshamsi@aclu.org

*Attorneys for Plaintiffs*

s/ Harry H. Schneider, Jr.
Harry H. Schneider, Jr. #9404
s/ Nicholas P. Gellert
Nicholas P. Gellert #18041
s/ David A. Perez
David A. Perez #43959
s/ Laura K. Hennessey
Laura K. Hennessey #47447
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: HSchneider@perkinscoie.com
        NGellert@perkinscoie.com
        DPerez@perkinscoie.com
        LHennessey@perkinscoie.com

s/Trina Realmuto (admitted pro hac vice)
s/Kristin Macleod-Ball (admitted pro hac vice)
Trina Realmuto
Kristin Macleod-Ball
**American Immigration Council**
100 Summer St., 23rd Fl.
Boston, MA 02110
Tel: (857) 305-3600
Email: trealmuto@immcouncil.org
Email: kmacleod-ball@immcouncil.org

s/Emily Chiang
Emily Chiang #50517
**ACLU of Washington Foundation**
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Echiang@aclu-wa.org

PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION AND THIRD SET OF
INTERROGATORIES TO DEFENDANTS
(No. 17-cv-00094 RAJ) – 14

141039829.1

**CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury and the laws of the State of

Washington that on August 22, 2018, I caused service of the foregoing, PLAINTIFFS' FOURTH

REQUEST FOR PRODUCTION AND SECOND SET OF INTERROGATORIES TO

DEFENDANTS, via email to all counsel of record herein.

Andrew Brinkman                                    Via Email
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
andrew.brinkman@usdoj.gov
Phone: (202) 305-7035
Fax: (202) 305-4832

August Flentje                                     Via Email
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave.
Washington, DC 20530
august.flentje@usdoj.gov
Phone: (202) 514-3309
Fax: (202) 307-6777

Brendan T. Moore                                   Via Email
U.S. Department of Justice (Box 878)
PO Box 878
Ben Franklin Station
Washington, DC  20044
brendan.t.moore@USDOJ.gov
Phone: (202) 598-8173

Brian C. Kipnis                                    Via Email
US Attorney's Office (SEA)
700 Stewart St.
Suite 5220
Seattle, WA  98101-1271
Brian.Kipnis@USDOJ.gov
Phone: (206) 553-7970

CERTIFICATE OF SERVICE
(No. 17-cv-00094 RAJ) – 1

141039829.1

1     Daniel Bensing                 Via Email
2     U.S. Department of Justice, Civil Division
     Federal Programs Branch
3     20 Massachusetts Ave., N.W.
     Washington, D.C. 20001
4     Daniel.Bensing@USDOJ.gov
     Phone: (202) 305-0693
5

6     Derek C. Julius                 Via Email
     Office of Immigration Litigation
7     Appellate Section
     Civil Division, U.S. Department of Justice
8     P.O. 878 Benjamin Franklin Station
     Washington, DC 20044
9     derek.julius2@usdoj.gov
     Phone: (202) 532-4323
10    Fax: (202) 305-1890

11    Ethan B. Kanter                Via Email
12    U.S. Department of Justice, Civil Division,
     Office of Immigration Litigation,
13    P.O. Box 878, Ben Franklin Station
     Washington, D.C. 20044
14    Ethan.Kanter@usdoj.gov
15    Phone: (202) 616-9123
     Fax: (202) 307-8698
16

17    Jeffrey L. Menkin              Via Email
     U.S. Department of Justice, Civil Division,
18    Office of Immigration Litigation,
     P.O. Box 878, Ben Franklin Station
     Washington, D.C. 20044
19    Jeff.Menkin2@usdoj.gov
     Phone: (202) 353-3920
20    Fax: (202) 307-8698

21    Leon B. Taranto                Via Email
     U.S. Department of Justice, Civil Division
22    1331 Pennsylvania Ave NW
     Room 8018-S
23    Washington, DC  20004
     Leon.B.Taranto@USDOJ.gov
24    Phone: (202) 616-4231

25

26

CERTIFICATE OF SERVICE
(No. 17-cv-00094 RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

141039829.1

1   Lindsay M. Murphy                          Via Email
    U.S. Department of Justice, Civil Division,
2   Office of Immigration Litigation,
    P.O. Box 878, Ben Franklin Station
3   Washington, D.C. 20044
    Lindsay.M.Murphy@usdoj.gov
4   Phone: (202) 616-4018
    Fax: (202) 307-8698
5
6   Lyle D. Jentzer                            Via Email
    U.S. Department of Justice, Civil Division,
7   Office of Immigration Litigation,
    P.O. Box 878, Ben Franklin Station
8   Washington, D.C. 20044
    Lyle.Jentzer@usdoj.gov
9   Phone: (202) 305-0192
    Fax: (202) 307-8698

10

11       I certify under penalty of perjury that the foregoing is true and correct.

12       DATED this 24nd day of August, 2018, at Seattle, Washington.

13                                          s/Laura K. Hennessey
14                                          Laura K. Hennessey, #47447
                                            **Perkins Coie LLP**
15                                          1201 Third Avenue, Suite 4900
                                            Seattle, WA 98101-3099
16                                          Telephone: 206.359.8000
                                            Facsimile: 206.359.9000
17                                          Email: NGellert@perkinscoie.com

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 17-cv-00094 RAJ) – 3

141039829.1

# EXHIBIT H

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>                    Defendants. | No. 17-cv-00094 RAJ<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS AND THIRD INTERROGATORY** |

COME NOW Defendants Donald Trump, President of the United States; United States Citizenship and Immigration Services; Kirstjen Nielsen, in her official capacity as Secretary of Homeland Security; L. Francis Cissna in his official capacity as Director of the U.S. Citizenship and Immigration Services; [1] Matthew D. Emrich, in his official

---

[1] Secretary Kirstjen Nielsen is automatically substituted for her predecessor, Acting Secretary Elaine C. Duke, and Director L. Francis Cissna is automatically substituted for his predecessor, Acting Director James W. McCament. *See* Fed. R. Civ. P. 25(d).

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 1

(2:17-cv-00094-RAJ)

capacity as Associate Director of the Fraud Detection and National Security Directorate

of the U.S. Citizenship and Immigration Services ("FDNS"); and Daniel Renaud, in his

official capacity as Associate Director of the Field Operations Directorate of the U.S.

Citizenship and Immigration Services (collectively, "Defendants"), by and through

counsel, and provide the following responses to Plaintiffs' Fifth Request for Production

of Documents and Third Interrogatory, subject to the accompanying objections, without

waiving and expressly preserving all such objections.  Defendants' objections are based

on information known to Defendants at this time, and are made without prejudice to

additional objections should Defendants subsequently identify additional grounds for

objection.  Defendants also submit these responses subject to: (a) any objections as to

competency, relevancy, materiality, privilege, and admissibility of any of the responses;

and (b) the right to object to other discovery procedures involving and relating to the

subject matter of the requests herein.

## OBJECTIONS WHICH APPLY TO ALL REQUESTS FOR PRODUCTION AND THE INTERROGATORY

Defendants object to these discovery requests to the extent that they seek (a)

attorney work product, trial preparation material, or communications protected by the

attorney-client privilege, (b) information protected by the deliberative-process privilege,

the joint defense privilege, common interest privilege, law enforcement privilege, the

state secrets privilege, or executive privilege; (c) material the disclosure of which would

violate legitimate privacy interests and expectations of persons not party to this litigation,

including non-party class members; or (d) material protected by any other applicable

privilege, or by statute, *e.g.*, Privacy Act-protected information, trade secrets, sensitive

security information, *et cetera*.

Defendants object to these discovery requests (and the definitions and instructions

thereto) to the extent that they purport to impose obligations other than those imposed by

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 2

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-1231

the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Western District of Washington, or an order of the Court.

Defendants object to the discovery requests to the extent they call for production of documents that are either not relevant to a claim or defense of any party or not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit.

Defendants object to the discovery requests to the extent they are not reasonably limited in time or scope.

Defendants object to the discovery requests to the extent they require unduly burdensome and oppressive searches.  In particular, Defendants object to all requests for Documents "referring" to a particular thing as such requests are not limited to those having any logical or factual connection to any matter at issue in this litigation and are likely to result in collection of voluminous responsive but irrelevant Documents.

Defendants object to the discovery requests to the extent they call for documents that are publicly available, are already in the custody or control of Plaintiffs or Plaintiffs' counsel, are readily accessible to Plaintiffs, or that would otherwise be less burdensome for Plaintiffs to obtain than Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Defendants object to discovery requests to the extent they purport to demand the President and his close advisors produce responsive documents, as the President and the President's close advisors are immune from injunctions in civil suits challenging official action as more fully described herein.

Defendants further object to any discovery that does not relate to adjudicating adjustment-of-status or naturalization applications, as discovery into the adjudication or handling of other types of benefit applications, as well as discovery into any screening or

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 3

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

vetting of aliens for purposes other than adjudicating adjustment-of-status or naturalization applications, is neither relevant nor proportional to the needs of this case.

Defendants object to any and all discovery requests to the extent they seek production of documents from non-party agencies and are not in compliance with the *Touhy* regulations of such agencies. *See* 22 C.F.R. part 172; 30 C.F.R. part 516, app'x C; 32 C.F.R. part 1703.

Defendants assert attorney-client privilege over all written correspondence to or from an attorney concerning the subject-matter of this litigation. Such correspondence between Department of Justice attorneys and other attorneys employed by Defendants will not be logged. Such correspondence between attorneys employed by Defendants and other employees, subordinates, agents, or officers of Defendants or agencies will be logged, but not produced if, after review, it is determined to be responsive to a request for production [hereafter "RFP"], but falls within the attorney-client communications privilege, another applicable privilege, or the attorney-work-product doctrine.

Each and every response contained herein is subject to the above objections, which apply to each and every response, regardless of whether a specific objection is interposed in a specific response. The making of a specific objection in response to a particular request is not intended to constitute a waiver of any other objection not specifically referenced in the particular response.

Defendants specifically reserve the right to make further objections as necessary to the extent that additional issues arise as to the meaning of and/or information sought by discovery.

Defendants have not completed their investigation of the facts underlying this case, have not completed their discovery and have not completed their preparation for trial. Therefore, Defendants reserve the right to supplement these responses in

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 4

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 616-1231

accordance with Federal Rule of Civil Procedure 26(e), and to produce evidence at trial of subsequently discovered facts.

### ESTIMATED PRODUCTION TIMELINE

Defendants do not anticipate permitting inspection of any documents in the possession, custody, or control of Defendants.  Rather, Defendants shall produce, and will continue to produce, non-privileged, responsive documents on a rolling basis, including their previous and ongoing production of many documents that are responsive to Plaintiffs' Fifth Request for Production and Second Interrogatory.  Provided that the parties can "sufficiently narrow the scope of document discovery and increase production efficiencies to complete all discovery" by the contemplated discovery completion date, as they outlined in the Stipulated Proposed Case Schedule (Dkt. 193) filed on June 14, 2018, Defendants expect to complete production before or by November 13, 2018, the deadline to complete discovery set by the Court's June 20, 2018, Order (Dkt. 197), or within any extension of that deadline as set by the Court.

### INSTRUCTIONS

The following instructions shall apply when responding to these interrogatories and requests for production:

1. Each interrogatory and Document request herein calls for you to furnish all information and produce all responsive Documents within Your possession, custody, or control, or that of Your agents, consultants, representatives, and, unless privileged, attorneys.

2. Without limitation of the term "control" as used in the preceding instruction, a Document is deemed to be in Your control if You have the right to secure the information or Document or a copy thereof from another Person having actual possession thereof.

3. Each Document request and interrogatory, and subparagraph or subdivision thereof, is to be answered separately. After each Document

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 5

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

request, state whether all Documents responsive to that request are being produced.

4. Please note that Your obligation to respond to each interrogatory and request for production is continuing in nature. If, after responding, You obtain or become aware of any additional information responsive to any interrogatory or request for production, please supplement Your response and/or Your disclosures as required by Federal Rule of Civil Procedure 26(e).

5. If You object, whole or in part, to answering any discovery request or producing Documents in response to any request for production, state your objections and/or reasons for not answering and/or producing and state all factual and legal justifications that you believe support your objection or failure to answer or produce.

6. If any requested Document has been lost, discarded, or destroyed, describe the Document as completely as possible, including: the name, title, and description of employment of each author or preparer of the Document; a complete description of the nature and subject matter of the Document; and the date on which and manner in which the Document was lost, discarded, destroyed, or otherwise disposed of.

7. If any part of a Document is responsive to a Document request, the whole Document is to be produced.

8. If You contend that it would be unreasonably burdensome to obtain and provide all of the Documents called for in response to any Document request or any subsection thereof, then in response to the appropriate Document request:

   a. Produce all such Documents as are available to You without undertaking what You contend to be an unreasonable request;

   b. Describe with particularity the efforts made by You or on Your behalf to produce such Documents; and

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 6

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-1231

c. State with particularity the grounds upon which You contend that additional efforts to produce such Documents would be unreasonable.

9. If you deem any interrogatory or request for production to call for privileged information or Documents, and such privilege is asserted in order to avoid production or divulging information, provide a list with respect to each item of information or each Document withheld based on a claim of privilege, stating:

a. Description of allegedly privileged communication or document withheld;

b. Persons present during or participating in allegedly privileged communication, or author(s) and recipient(s) of document withheld;

c. Date of allegedly privileged communication or document withheld;

d. Subject matter of allegedly privileged communication or document withheld;

e. Type of document withheld (e.g., letter, memorandum or computer database);

f. Nature of privilege(s) claimed; and

g. the paragraph(s) of these discovery requests to which the allegedly privileged communication or document relates.

10. In producing the Documents requested, You are requested to search electronic Documents, records, data, and any other electronically stored information ("ESI") which may be stored in or on any electronic medium or device, including without limitation computers, network servers, computer hard drives, e-mails, and voicemails. Your production of any ESI should be produced in an electronic format permitting electronic search functionality, pursuant to the Parties' stipulation, if any, regarding preservation and production of ESI.

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 7

(2:17-cv-00094-RAJ)

11. In producing records responsive to Document requests, please produce tangible Documents and records organized either (1) in separate groups responsive to specific requests or (2) in the format and organization in which the Documents are kept in the ordinary course of Your business. Please produce electronic Documents and records in Tagged Image File Format ("TIFF"), single page, black and white (or in color, if necessary, for any Document or its content to be readable), dithered (if appropriate), at 300 x 300 dpi resolution and 8½ x 11 inch page size, except for Documents requiring different resolution or page size to make them readable. Each TIFF Document should be produced with an image load file in standard Opticon (*.log) format that reflects the parent/child relationship. In addition, each TIFF Document should be produced with a data load file in Concordance delimited format (*.dat), indicating (at a minimum) appropriate unitization of the Documents, including beginning and ending production numbers for (a) each Document set, and (b) each attachment within each Document set. TIFF images should also be accompanied by extracted text or, for those files that do not have extracted text upon being processed, optical character recognition ("OCR") text data; such extracted text or OCR text data should be provided in Document level form and named after the TIFF image. For Documents produced in TIFF format, metadata should be included with the data load files described above, and should include (at a minimum) the following information: file name (including extension); original file path; page count; creation date and time; last saved date and time; last modified date and time; author; custodian of the Document (that is, the custodian from whom the Document was collected or, if collected from a shared drive or server, the name of the shared driver or server); and MD5 hash value. In addition, for e-mail Documents, the data load files should also include the following metadata: sent date; sent time; received date; received time; "to" name(s) and address(es); "from" name and address; "cc" name(s) and address(es); "bcc" name(s) and address(es); subject; names of attachment(s); and attachment(s) count. All images and load files should be named or foldered in such a manner that all records can be imported without modification of any path or file name information.

## OBJECTIONS TO INSTRUCTIONS

1.      To the extent that any instructions are inconsistent with any Order of the Court, Defendants understand that the Order of the Court shall prevail.

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 8

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

2. Defendants object to Instructions Nos. 1 and 2 to the extent that they conflict in any way with the Ninth Circuit's standard for possession, custody, or control which defines control as "the legal right to obtain upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999).

3. Defendants object to Instruction No. 6 as unduly burdensome, and beyond the scope of discovery obtainable under Fed. R. Civ. P. 34(a)(1)(A) and 34(b)(2), insofar as it purports to require a document-by-document recounting, including, as completely as possible the "name, title, and description of employment of each author or preparer of the Document; a complete description of the nature and subject matter of the Document; and the date on which and manner in which the Document was lost, discarded, destroyed, or otherwise disposed of," for every such responsive Document, without regard to the date on which it was created, the date on which it was lost, discarded, destroyed, or otherwise disposed of, or whether litigation involving the substance of the Document was reasonably foreseeable at that time it was lost, discarded, destroyed or otherwise disposed of.

4. Defendants object to Instruction No. 7 to the extent that it calls for production of privileged material or for material that is not discoverable as beyond the scope of discovery under Rule 26, such that it would not be responsive if contained in a separate document.

5. Defendants object to Instruction No. 9 as an unduly burdensome requirement and beyond the obligation for privilege logs as required under Federal Rule of Civil Procedure 26(b)(5). Defendants reserve the right to create a categorical privilege log, or supplement existing privilege logs consistent with Fed. R. Civ. P. 26(b)(5).

6. Defendants object to Instructions Nos. 10 and 11 to the extent they are inconsistent with the AGREEMENT REGARDING DISCOVERY OF

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 9

(2:17-cv-00094-RAJ)

ELECTRONICALLY STORED INFORMATION AND ORDER, entered by the court on August 29, 2017.  Defendants intend to produce Documents as they are kept in the normal course of business.

## DEFINITIONS

The following definitions shall apply when responding to these requests for production:

1. "A," "an," and "any" include "all," and "all" includes "a," "an," and "any." All of these words should be construed as necessary to bring within the scope of these requests any Documents that might otherwise be construed to be outside of their scope.

2. "And" and "or" shall be construed either conjunctively or disjunctively, whichever makes the request more inclusive.

3. "Adjustment Class" means the following class certified by the Court in its Order Granting Class Certification, Dkt. 69: A national class of all persons currently and in the future (1) who have or will have an application for adjustment of status pending before USCIS, (2) that is subject to CARRP or a successor "extreme vetting" program, and (3) that has not been or will not be adjudicated by USCIS within six months of having been filed.

4. "CARRP" means the Controlled Application Review and Resolution Program, an internal vetting policy instituted by USCIS in April 2008. Upon information and belief, USCIS first outlined the parameters of CARRP in an April 11, 2008 memorandum addressed to field leadership from Deputy Director Jonathan R. Scharfen regarding "Policy for Vetting and Adjudicating Cases with National Security Concerns." *See* Declaration of Jennifer Pasquarella in Support of Plaintiffs' Motion for Class Certification, Dkt. 27, Ex. A.

5. "Defendants," "You," "Your," or any similar word or phrase includes each individual or entity responding to these requests and, where applicable, each subsidiary, parent, or affiliated

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 10

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-1231

entity of each such Person and all Persons acting on its or their behalf.

6. "Describe" means to set forth fully and unambiguously every fact relevant to the subject of the interrogatory of which You have knowledge or information, particularized as to time, place, manner, identity of persons and organizations involved, and identity of documents involved. With respect to a program or policy, "Describe" includes the rationale, derivation, implementation, current status, and future plans concerning that program or policy.

7. "Document" and its plural shall be interpreted in the broadest possible manner and shall mean all written, electronic, graphic, or printed matter of any kind in Your possession or control, however produced or reproduced, including all originals, drafts, working papers, and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all other tangible things, including anything that would be a writing or recording as defined in Federal Rule of Evidence 1001(1) or as defined in Federal Rule of Civil Procedure 34(a).

8. "Fiscal year" means the 12-month period beginning October 1 and ending September 30 the following year.

9. "Identify" means to set forth fully and unambiguously all information of which You have knowledge or information regarding the identity of the information in question. With respect to a person or entity, "Identify" means to state the person or entity's full name and the location of the person or entity's last known business address. With respect to a program or policy, "Identify" means to state the persons or entities involved in the derivation, implementation, or future plans for the program or policy.

10. "Known or Suspected Terrorist" or "KST" means the category of individuals who have been nominated and accepted for placement in the Terrorist Screening Database, are on the Terrorist Watch List, and have a specially-coded lookout posted in TECS/IBIS, and/or the Consular Lookout Automated Support System (CLASS), as used by the Department of State. *See*

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 11

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-1231

Pasquarella Decl., Ex. A (April 11, 2008 memorandum from Deputy Director Jonathan R. Scharfen regarding "Policy for Vetting and Adjudicating Cases with National Security Concerns").

11. "Naturalization Class" means the following class certified by the Court in its Order Granting Class Certification, Dkt. 69: A national class of all persons currently and in the future (1) who have or will have an application for naturalization pending before USCIS, (2) that is subject to CARRP or a successor "extreme vetting" program, and (3) that has not been or will not be adjudicated by USCIS within six months of having been filed. "Person" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

12. "Non-Known or Suspected Terrorist" or "Non-KST" means the category of remaining cases with national security concerns, regardless of source, including but not limited to: associates of KSTs, unindicted co-conspirators, terrorist organization members, persons involved with providing material support to terrorists or terrorist organizations, and agents of foreign governments. *See* Pasquarella Decl., Dkt. 27, Ex. A (April 11, 2008 memorandum from Deputy Director Jonathan R. Scharfen regarding "Policy for Vetting and Adjudicating Cases with National Security Concerns").

13. "Relate," "reflect," or "refer," in all forms, means, in addition to the customary and usual meaning of those words, concerning, constituting, embodying, describing, evidencing, or having any logical or factual connection with the subject matter described.

14. "Stage 1" means the first stage of CARRP during which USCIS identifies whether an applicant is a national security concern as identified in the CARRP KST Workflow and CARRP Non-KST Workflow documents. *See* Pasquarella Decl., Dkt. 27, Ex. C.

15. "Stage 2" means the second stage of CARRP during which USCIS officers internally review USCIS records and conduct an eligibility assessment for the application as identified in the

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 12

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

CARRP KST Workflow and CARRP Non-KST Workflow documents. *See* Pasquarella Decl., Dkt. 27, Ex. C.

16. "Stage 3" means the third stage of CARRP during which USCIS officers review external records from other agency record owners of the national security concern and request additional information regarding that concern from that agency as identified in the CARRP KST Workflow and CARRP Non-KST Workflow documents. *See* Pasquarella Decl., Dkt. 27, Ex. C.

17. "Stage 4" means the fourth stage of CARRP during which an application is adjudicated as identified in the CARRP KST Workflow and CARRP Non-KST Workflow documents. *See* Pasquarella Decl., Dkt. 27, Ex. C.

18. "USCIS" means U.S. Citizenship and Immigration Services, a federal agency that is a component of DHS and is headed by a director, currently L. Francis Cissna.

19. Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

20. Any term defined herein shall have the indicated meaning whenever that term is used in these requests for production unless the context clearly requires otherwise. All defined terms are indicated by capitalizing the first letter of each term (except "and," "or," "relate," "reflect," and "refer"), as shown in the instructions and definitions above.

## OBJECTIONS TO DEFINITIONS

1.      For purposes of Definition Nos. 3 and 11 (the definitions of "Adjustment Class" and "Naturalization Class"), Defendants understand the classes to exclude former unnamed class members whose Adjustment of Status or Naturalization Applications were adjudicated after the classes were certified. *See* Fed. R. Civ. P. 82; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 612-13 (1997).

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 13

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-1231

2.      For purposes of Definition No. 5, Defendants understand "You" and "Your" with respect to Defendant Trump to extend to the White House Office as defined by Executive Order 8248, 4 Fed. Reg. 3864 (Sep. 8, 1939), as amended.  Defendants do not understand Executive Branch entities further removed from the President to be "applicable" subsidiaries for purposes of this request, as such an understanding would require unduly burdensome and oppressive searches disproportionate to the needs of the case.  For example, otherwise applicable subordinate agencies could be read to include the U.S. Department of Agriculture and the U.S. Department of Veterans Affairs, whose missions have no relation to the claims at issue in this matter.

3.      Defendants object to Definition No. 5 to the extent that Plaintiffs seek discovery from the President, as the President is not subject to suit for injunctive relief in the performance of his official duties and the potential benefit of responding to discovery demands is exceedingly slight as compared to the burden of conducting the search and the intrusion on the Executive.  The Supreme Court requires Plaintiffs to make a heightened showing of need before they can require a search for, and force the government to determine whether to formally assert privileges with respect to, discovery sought from the President or his close advisers.  *See Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367 (2004) (reversing Court of Appeals decision that the Vice President and other executive officials must first formally assert privilege before the Court may address their separation-of-powers objections to discovery requests).  Plaintiffs have not made such showing.

The Supreme Court in *Cheney* directed that courts must take special care to ensure that civil discovery requests do not intrude on the "public interest" in (1) "afford[ing] Presidential confidentiality the greatest protection consistent with the fair administration of justice"; and (2) "protecting the Executive Branch from vexatious litigation that might distract it from the energetic performance of its constitutional duties."  *Cheney*, 542 U.S.

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 14

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-1231

at 382.  Courts have thus applied *Cheney* to require a heightened showing of need before imposing the burden of responding to discovery, as the consideration and assertion of applicable privileges in these circumstances must be a "last resort."  *United States v. McGraw-Hill Companies, Inc.*, 2014 WL 8662657, at *8 (C.D. Cal. Sept. 25, 2014); *see also Dairyland Power Co-op v. U.S.*, 79 Fed. Cl. 659, 662 (2007) ("The Court agrees with the Government that, in the case of a discovery request aimed at the President and his close advisors, the White House need not formally invoke the presidential communications privilege until the party making the discovery request has shown a heightened need for the information sought.").

A showing of heightened need is necessary because, as the Supreme Court has recognized, the separation of powers under our Constitution is directly implicated by subjecting the President to judicial process in matters arising out of the performance of his official duties.  *Nixon v. Fitzgerald*, 457 U.S. 731, 748-55 (1982); *cf. Mississippi v. Johnson*, 71 U.S. 475, 501 (1866).  This is motivated not solely by the concern for maintaining Presidential confidentiality and preventing the need to address difficult separation of powers issues, but also with the distractions created by the burden of responding to discovery requests, and evaluating documents for the assertion of privilege, in light of the President's weighty official duties.  *See Cheney*, 542 U.S. at 382, 385, 389-90.  The *Cheney* principle also properly avoids embroiling courts in difficult and potentially unnecessary privilege issues implicating the separation of powers.  *Id.*

A related principle further precludes discovery from the President in these circumstances.  A federal court cannot "enjoin the President in the performance of his official duties."  *See Mississippi*, 71 U.S. at 501; *see also County of Santa Clara v. Trump*, 250 F. Supp. 3d 497, 540 (N.D. Cal. 2017) ("the extraordinary remedy of enjoining the President himself is not appropriate").  *A fortiori*, a federal court likewise could not compel the President to comply with a civil discovery request. *Cf. Fitzgerald*, 457 U.S. at

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 15

(2:17-cv-00094-RAJ)

748-55 (holding that the President has absolute immunity for civil liability for acts within his official responsibilities). That conclusion is grounded on the President's "unique constitutional position" and "respect for separation of powers." *See Franklin v. Massachusetts*, 505 U.S. 788, 800 (1992). Although the Supreme Court has recognized limited exceptions permitting judicial process against the President, *Clinton v. Jones*, 520 U.S. 681, 703, 704 n.39 (1997) (civil discovery permitted where private, rather than official, act was involved); *United States v. Nixon*, 418 U.S. 683, 710-13 (1974) (permitting subpoena directed at President for use in criminal prosecution), neither of those exceptions is relevant here. Indeed, Plaintiffs seek discovery concerning Executive Orders issued pursuant to statutory authority – the zenith of the President's constitutional role under Article II. *See Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 635 (1952) (Jackson, J., concurring) ("When the President acts pursuant to an express or implied authorization of Congress, his authority is at is maximum, for it includes all that he possesses in his own right plus all that Congress can delegate."). Under these principles, the President is immune from civil injunctive action challenging his official conduct. He therefore cannot properly be the subject of discovery in this civil litigation.

4.     Defendants object Definition No. 6 in using the term "Describe" to (a) direct Defendants, in responding to Plaintiffs' requests for production, to provide information in the form of an interrogatory answer rather than through document production, or in addition to document production, and (b) mandate that Defendants' response to each request provide multiple items of information (*e.g.*, facts, time, space, manner, *etc.*), none of which Fed. R. Civ. P. 34 directs a responding party to provide. *See* Fed. R. Civ. P. 34(b)(1) and (b)(2)(B). If and to the extent that Plaintiffs might intend the defined term "Describe" to apply to Plaintiffs' Interrogatory no. 3, notwithstanding Plaintiffs' unambiguous statement following the DEFINITIONS heading that "[t]he following definitions shall apply

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 16

(2:17-cv-00094-RAJ)

when responding to these *requests for production*." Defendants object to Plaintiffs' attempted use of their "DEFINITIONS" section to rewrite and vastly expand the plain meaning of "Describe" to impose additional disclosure requirements far beyond those sought by the interrogatory, including detailing numerous additional categories of information for each program or policy identified. Defendants further object to the impermissible effect such an expansive definition would have in multiplying Plaintiffs' interrogatories so that the cumulative number exceeds the limit of 25 interrogatories allowed, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1).

5.     Defendants object to the second part of Definition No. 11 using the defined term "Person" to expand the term "Naturalization Class" to categories of persons (*i.e.*, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity) that are not part of the "Naturalization Class" approved by the Court. *See* Dkt. 69 at pp. 8 and 31.

6.     Defendants object to Definition No. 13 insofar as it purports to define "relate," "reflect," or "refer," to include "any logical or factual connection with the subject matter described" as the use of any such terms are not proportional to the needs of the case, overly broad, oppressive, and the burden of a request using any such term would outweigh its benefit. Defendants further object to Definition No. 14 on the grounds that the terms "relate," "reflect," and "refer," as defined, are overlapping and therefore vague and confusing.

7.     Defendants object to Definition No. 16 in incorrectly referring to "the third stage of CARRP during which USCIS officers externally review records with other agency record owners of the national security concern," when in fact this stage instead involves the review records from external agencies. As USCIS's April 11, 2008, memorandum concerning CARRP correctly states: **"External Vetting** consists of

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 17

(2:17-cv-00094-RAJ)

inquiries to record owners in possession of NS information to identify: (a) facts or fact patterns necessary to determine the nature and relevance of the NS concern, including status and results of any ongoing investigation and the basis for closure of any previous investigation: and (b) information that may be relevant in determining eligibility, and when appropriate, removability. *See* section IV.C for further instruction."

**INTERROGATORY NO. 3:** For each fiscal year starting with 2015 (as well as to date in the present fiscal year), provide the following information for each stage of the CARRP process, broken down separately for naturalization applications and adjustment of status applications, and further broken down by nationality, country of birth, and religion and by whether the applicants were categorized as KST or non-KST.

a. The total number of applications referred into CARRP:

b. The number of applications denied at Stage 2 of CARRP:

c. The median and average length of time (in days) from when such applicants were referred into CARRP and their applications were denied at Stage 2 of CARRP:

d. The number of applications adjudicated following Stage 3 of CARRP:

e. The number of applications that were adjudicated in Stage 4 of CARRP:

f. The median and average length of time (in days) from when such applicants were referred into CARRP and their applications were adjudicated at Stage 3 of CARRP:

g. The number of applications denied at Stage 4 of CARRP:

h. The median and average length of time (in days) from when such applicants were referred into CARRP and their application were denied at Stage 4 of CARRP:

i. The number of applications denied after receiving supervisory review at Stage 4 of CARRP:

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 18

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

j.  The median and average length of time (in days) from when such applicants were referred into CARRP and their application were denied following supervisory review at Stage 4 of CARRP;

k.  The number of applications elevated to HQ Directorate or other senior-level review at Stage 4 of CARRP;

l.  The median and average length of time (in days) from when such applicants were referred into CARRP and their application is elevated to HQ Directorate or other senior-level at Stage 4 of CARRP;

m. The number of applications adjudicated returned to the field for adjudication following HQ Directorate or other senior-level review at Stage 4 if CARRP; and

n.  The median and average length of time (in days) from when such applicants were referred into CARRP and their application were returned to the field for adjudication following HQ Directorate or other senior-level at Stage 4 of CARRP.

**OBJECTION TO INTERROGATORY NO. 3:**  Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production and the Interrogatory," and their earlier "Objections to Instructions" and "Objections to Definitions." This interrogatory is overbroad, unduly burdensome, and not proportional to Plaintiffs' discovery needs. Defendant also objects to this interrogatory as alone far exceeding the cumulative limit of 25 interrogatories allowed, "including all discrete subparts." Fed. R. Civ. P. 33(a)(1). This interrogatory consists of 14 labelled subparts regarding CARRP stages (a through n), and for which Defendants are directed to provide responsive information to each compartmentalized by and detailing information broken down by four different fiscal years, and for each year, two types of applications, two KST-status categories, and three demographic categories (nationality, country of birth, and religion), thereby constituting a grossly expansive interrogatory seeking *672*

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 19

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

categories of information: 14 alphabetical subparts x 4 years x 2 application types x 2 KST-status categories x 3 demographic criteria = 672 discrete subparts. Defendants further object to the extent that the interrogatory seeks disclosure of information protected by the law enforcement privilege. the deliberative process privilege or other applicable privilege noted above. or classified information. Defendants also object to the extent that this interrogatory seeks information Plaintiffs can obtain from the documents that have been or will be produced.

**RESPONSE TO INTERROGATORY NO. 3:** Subject to the objections above. and as permitted under Federal Rule of Civil Procedure 33(b)(1)(B). Michael D. Hoefer. an officer of USCIS. furnishes the following information available to USCIS:

      With few exceptions. the 14 alphabetized subparts of Interrogatory no. 3. and the scores to hundreds of subparts to each such subpart. are not susceptible to a narrative response detailing all of the information sought. The nature and extensiveness of Plaintiffs' many hundreds of data and information requests included in Interrogatory no. 3 has necessitated. as a practical matter. that the Defendants compile. attach. and refer Plaintiffs to hundreds of pages of spreadsheets containing data or information sought. Defendants hereby incorporate into its response to Interrogatory no. 3 the multi-part spreadsheet file entitled << WAFAFE_Interrogatory3.xlsb>>. and all data and information contained therein. as if fully set forth herein and at each included Tab as further referenced below in response to each alphabetized subpart.

**a. The total number of applications referred into CARRP are as follows:**

      See Tab A- Total CARRP.

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 20

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

**b. The number of applications denied at Stage 2 of CARRP.**

The Controlled Application Review and Resolution Program ("CARRP") policy is a consistent, agency-wide approach for identifying, processing, and adjudicating immigration benefit applications that present national security concerns ("NS concerns"). This coordinated process allows USCIS to obtain information that may be relevant to the benefit sought, understand the information, and apply it to the applicable standards in the Immigration and Nationality Act ("INA"). The CARRP policy has four stages: (1) identifying the NS concern; (2) eligibility assessment and internal vetting; (3) external vetting; and, (4) adjudication; and deconfliction may occur during all four stages. Generally, applications should not be adjudicated during stages 1, 2, or 3, rather the case would proceed to stage 4 for adjudication. While applications processed through the CARRP policy may proceed linearly through the stages, this is not always the case. For example, if the NS concern is resolved during the eligibility assessment and internal vetting (stage 2), the application may proceed to adjudication (stage 4). Therefore, applications generally would not be adjudicated, including denied, during the eligibility assessment and internal vetting (stage 2), or external vetting (stage 3).

**c. The median and average length of time (in days) from when such applicants were referred into CARRP and their applications were denied at Stage 2 of CARRP.**

Applications generally would not be adjudicated during the eligibility assessment and internal vetting (stage 2). See also the response to part b.

**d. The number of applications adjudicated following Stage 3 of CARRP.**

Applications generally would not be adjudicated during external vetting (stage 3). See also the response to part b.

**e. The number of applications that were adjudicated in Stage 4 of CARRP.**

Immigration benefit applications processed through the CARRP policy generally should be adjudicated at stage 4. In order to provide the information requested, USCIS

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 21

(2:17-cv-00094-RAJ)

identified naturalization and adjustment of status applications that have been adjudicated and were processed through the CARRP policy because any applications processed through the CARRP policy should be adjudicated at stage 4. See tab E. G. I – Adjudicated and Denied.

**f. The median and average length of time (in days) from when such applicants were referred into CARRP and their applications were adjudicated at Stage 3 of CARRP.**

Applications generally would not be adjudicated at stage 3 (external vetting). See also the response to Part b.

**g. The number of applications denied at Stage 4 of CARRP.**

See the response to part e and tab E. G. I – Adjudicated and Denied.

**h. The median and average length of time (in days) from when such applicants were referred into CARRP and their application were denied at Stage 4 of CARRP.**

In order to identify the median and average length of time (in days) from when such applications were referred to CARRP processing, USCIS identified the date that the NS concern was opened in the case management system used to record requests and case determinations involving immigration benefit fraud, public safety, and NS concerns (Fraud Detection and National Security Data System ("FDNS-DS")) and the date the application was adjudicated in the relevant electronic case processing system used for adjustment of status and naturalization applications (Computer Linked Application Information Management System 4 ("CLAIMS 4"), Computer Linked Application Information Management System 3 ("CLAIMS 3"), or USCIS Electronic Immigration System ("USCIS ELIS")). However, FDNS-DS is case or concern centric, as opposed to application centric. While USCIS has attempted to identify NS concerns related to adjustment of status and naturalization appplications, those NS concerns may have been opened before the relevant application was filed. In addition, for some applications the

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 22

(2:17-cv-00094-RAJ)

NS concern may be resolved and closed in FDNS-DS, but the adjudication may remain pending for other reasons.  See tab H, J Proc Times Detailed.

**i.  The number of applications denied after receiving supervisory review at Stage 4 of CARRP.**

Pursuant to USCIS policy, Supervisory Immigration Services Officers ("SISOs") should provide supervisory concurrence for final adjudication of CARRP.  Thus, all applications processed through the CARRP policy should require supervisory concurrence.  See parts e and g and tab E, G, I – Adjudicated and Denied.

**j.  The median and average length of time (in days) from when such applicants were referred into CARRP and their application were denied following supervisory review at Stage 4 of CARRP.**

Pursuant to USCIS policy, SISOs should provide supervisory concurrence for final adjudication of CARRP.  Thus, all applications processed through the CARRP policy should require supervisory concurrence.  See part h and tab H, J Proc Times Detailed.

**k.  The number of applications elevated to HQ Directorate or other senior-level review at Stage 4 of CARRP.**

In order to respond to this request, USCIS identified applications in FDNS-DS that had a Request for Assistance ("RFA") to Headquarters Fraud Detection and National Security ("HQFDNS").  See tab K – Elevated to HQ Directorate.

**l.  The median and average length of time (in days) from when such applicants were referred into CARRP and their application is elevated to HQ Directorate or other senior-level at Stage 4 of CARRP.**

In order to respond to this request, USCIS identified the date that the NS concern was opened in FDNS-DS and the date a RFA to HQFDNS was entered into FDNS-DS. Where there were multiple RFAs to HQFDNS, USCIS used the most recent one.  See tab L – CARRP to HQ Proc Times.

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 23

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4314

**m. The number of applications adjudicated returned to the field for adjudication following HQ Directorate or other senior-level review at Stage 4 if CARRP.**

In order to respond to this request, USCIS identified applications in FDNS-DS that had a RFA to HQFDNS and that had been adjudicated in USCIS' relevant electronic case processing system used for adjustment of status and naturalization applications (CLAIMS 4, CLAIMS 3, or USCIS ELIS). See tab M – Adjudicated After HQ.

**n. The median and average length of time (in days) from when such applicants were referred into CARRP and their application were returned to the field for adjudication following HQ Directorate or other senior-level at Stage 4 of CARRP.**

In order to respond to this request, USCIS identified the date the RFA to HQFDNS was entered into FDNS-DS and the date the application was adjudicated in USCIS' relevant electronic case processing system used for adjustment of status and naturalization applications (CLAIMS 4, CLAIMS 3, or USCIS ELIS). Where there were multiple RFAs to HQFDNS, USCIS used the most recent one. See tab N – Adj After HQ Proc Times.


I declare, under penalty of perjury, that the foregoing response is true and correct.


Dated: October 16, 2018

Michael D. Hoefer
*Chief,*
Office of Performance and Quality
United States Citizenship and
    Immigration Services


**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 24

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

**REQUEST FOR PRODUCTION NO. 50:** Documents sufficient to demonstrate the basis for and confirm the accuracy of Your response to Interrogatory No. 3.

**OBJECTIONS TO REQUEST FOR PRODUCTION ["RFP"] NO. 50:** Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production and the Interrogatory," and their earlier "Objections to Instructions" and "Objections to Definitions."

Additionally, Defendants object to the RFP as burdensome and duplicative to the extent it seeks information about USCIS programs and policies for vetting adjustment-of-status and naturalization applications being handled pursuant to CARRP, for which Plaintiffs have previously requested the underlying documents and information in prior Requests for Production and prior Interrogatories, or that have already been produced to Plaintiffs in this litigation, or that are the subject of ongoing document production. Furthermore, Defendants object to the extent that the RFP calls for any information protected by the law enforcement and deliberative process privileges, or any other applicable privilege noted above.

Defendants further object to this request because it seeks discovery not proportional to the needs of the case, not important to resolve issues in the case, and seeking to impose a burden of complying that outweighs its likely benefit.

**RESPONSE TO RFP NO. 50:** In order to provide responses to Interrogatory No. 3, USCIS queried various USCIS systems, including CLAIMS 3, CLAIMS 4, USCIS ELIS, FDNS-DS, RAPS, and Global, to create the underlying data set, and USCIS analyzed the data in order to provide responses to the alphabetized subparts of Interrogatory No. 3. RAPS and Global are the electronic case management systems used to track and process asylum applications, credible fear and reasonable fear screening processes, and

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 25

(2:17-cv-00094-RAJ)

applications for benefits provided by Section 203 of the Nicaraguan Adjustment and Central American Relief Act. An applicant's religion may be inextricably linked to his claim of persecution and request for relief and is therefore tracked in RAPS and Global. Because some of the individuals in these datasets previously applied for asylum or withholding of removal or were subject to the credible fear and reasonable fear screening processes, religion information may be electronically available for those individuals. Given the sensitive nature of these protection claims, information from these systems implicates a confidentiality provision in 8 C.F.R. § 208.6. An applicant's religion is not requested on either the naturalization or adjustment applications. Subject to and without waiving the foregoing objections, Defendants will produce the data set(s) used to respond to Interrogatory No. 3. USCIS will not conduct any additional searches in response to this request.

**REQUEST FOR PRODUCTION NO. 51:** Documents used by you as the source of any of the information set forth in Your response to Interrogatory No. 3.

**OBJECTIONS TO RFP NO. 51:** Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production and the Interrogatory," and their earlier "Objections to Instructions" and "Objections to Definitions." The Court has explained that it "has little tolerance for that scorched-earth type discovery. Or whenever I see words like 'any,' 'all,' and 'every,' that's an indication to me that you're just casting as a fishing expedition." Trans. Feb. 8, 2018, at 10. Defendants object to this request in full on this basis, and as further detailed below.

Additionally, Defendants object to the RFP as burdensome and duplicative to the extent it seeks information about USCIS programs and policies for vetting adjustment-of-status and naturalization applications being handled pursuant to

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 26

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

CARRP, for which Plaintiffs have previously requested the underlying documents and information in prior Requests for Production and prior Interrogatories, or that have already been produced to Plaintiffs in this litigation, or that are the subject of ongoing document production. Furthermore, Defendants object to the extent that the RFP calls for any information protected by the law enforcement and deliberative process privileges, or any other applicable privilege noted above.

Defendants further object to this request because it seeks discovery not proportional to the needs of the case, not important to resolve issues in the case, and seeking to impose a burden of complying that outweighs its likely benefit.

**RESPONSE TO RFP NO. 51:**   In order to provide responses to Interrogatory No. 3, USCIS queried various USCIS systems, including CLAIMS 3, CLAIMS 4, USCIS ELIS, FDNS-DS, RAPS, and Global, to create the underlying data set, and then USCIS personnel analyzed the data in order to provide responses to Interrogatory No. 3. Subject to and without waiving the foregoing objections, Defendants will produce the data set(s) used to respond to Interrogatory No. 3. USCIS will not conduct any additional searches in response to this request.

> **REQUEST FOR PRODUCTION NO. 52:**  CARRP Eligibility
> Assessment and Background Check and Adjudicative Assessment
> (BCAA) Worksheets for the Named Plaintiffs subject to CARRP,
> including, but not limited, to documents identifying whether the
> Named Plaintiffs subject to CARRP were designated as KST or non-
> KST.

**OBJECTIONS TO RFP NO. 52:** Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production and the Interrogatory," and their earlier "Objections to Instructions" and "Objections to Definitions." Defendants object to this request as not proportionate to the needs of

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 27

(2:17-cv-00094-RAJ)

Plaintiffs' case, overbroad, unnecessarily burdensome and duplicative of other discovery to the extent it seeks documents that have been and are being produced in response to previous discovery requests, particularly production request nos. 12-21, and for which new searches are thus not required or would not be productive. Defendants also object to this request to the extent it seeks privileged material, including, but not limited to documents covered by the law enforcement privilege, other privileges, or classified material.

**RESPONSE TO RFP NO. 52:** Subject to the foregoing objections and the Defendants' privilege log entries, the Defendants have produced, will produce, or continue its production of, the following: non-privileged portions of CARRP Eligibility Assessment and Background Check and Adjudicative Assessment (BCAA) Worksheets for the Named Plaintiffs subject to CARRP, to the extent such documents exist. Defendants will not at this time undertake any additional searches for additional documents responsive to this request.

> **REQUEST FOR PRODUCTION NO. 53:** The Alien Files ("A-Files") of 100 members of the Naturalization and Adjustment Classes statistically chosen at random.

**OBJECTIONS TO RFP NO. 53:** Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production and the Interrogatory," and their earlier "Objections to Instructions" and "Objections to Definitions." Defendants further object to this request as unduly burdensome and not proportionate to Plaintiffs' needs for this case. Since the named Plaintiffs have been certified as representatives of the unnamed members of the two certified classes, Plaintiffs have no need to present any evidence concerning or relating to

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS AND THIRD INTERROGATORY - 28

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

1    any specific class member who is unnamed.  At the same time, the request seeks to

2    unnecessarily burden the Defendants with undertaking the compilation and review

3    of many tens of thousands of pages of sensitive material for identification and

4    redaction of law enforcement privileged material, other privileged material and

5    any potentially classified material, and potentially undertaking declassification

6    reviews or causing same to be conducted by other agencies, and also arranging for

7    and obtaining reviews by other agencies, including law enforcement partners, with

8    equities in the information or documents that are in the subject A-files.  Since the

9    review and production of material from the A-files for the five named Plaintiffs

10   took several months to complete, the Defendants reasonably anticipate that a much

11   greater span of time, and far more personnel resources, would be required to

12   complete the review and production of material from the A-files of 100 randomly

13   selected members of the two certified classes.  Defendants further object to this

14   request to the extent it seeks production of law-enforcement privileged material,

15   other privileged material, or classified material.  Finally, Defendants object on the

16   basis that the Privacy Act, 5 U.S.C. § 552a(b), prohibits disclosures of the

17   documents Plaintiffs seek.

18     **RESPONSE TO RFP NO. 53:**   Based on the foregoing objections, Defendants

19   will not conduct any further search for or produce documents in response to this

20   request.

21

22     **REQUEST FOR PRODUCTION NO. 54:**  All video and audio for

23   CARRP-related trainings offered to USCIS officers and agency
     personnel, including but not limited to the video and audio that

24   accompanied training materials produced in response to previous

25   Requests for Production.

26

27

28

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 29

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

**OBJECTIONS TO RFP NO. 54:** Defendants incorporate here by reference their earlier "Objections Which Apply to All Requests for Production and the Interrogatory," and their earlier "Objections to Instructions" and "Objections to Definitions."  Furthermore, Defendants object to the extent that the RFP calls for any information protected by the law enforcement privilege, or any other applicable privilege noted above. Also, to the extent that the requested audio and video files contain privileged information, Defendants further object to production based on the burden imposed for editing files to remove privileged information and reconstitute audio and video files in a playable, redacted format; the Plaintiffs' lack of need for the requested files, particularly if or where a transcript exists or is obtainable; the availability of previously produced documents containing substantially the same information related to CARRP training (including, but not limited to, transcripts of some audio clips); and the fact that the request, based on the burden presented, is disproportionate to the needs for Plaintiffs' case.

**RESPONSE TO RFP NO. 54:**   Subject to the foregoing objections, Defendants will produce non-privileged, responsive documents.


Dated: October 16, 2018

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 30

(2:17-cv-00094-RAJ)

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

AUGUST FLENTJE
Special Counsel
Civil Division
Washington, DC 20530

ETHAN B. KANTER
Acting Chief, National Security Unit
Office of Immigration Litigation

DEREK C. JULIUS
Assistant Director
Office of Immigration Litigation

ANNETTE L. HAYES
United States Attorney

BRIAN C. KIPNIS
Assistant United States Attorney
Western District of Washington

DANIEL E. BENSING
Senior Trial Counsel
Federal Programs Branch

ANDREW C. BRINKMAN
Trial Attorney
Office of Immigration Litigation

/s/ *Leon B. Taranto*
LEON B. TARANTO
Trial Attorney, Torts Branch
Civil Division
U.S. Department of Justice
175 N Street, N.E.
Washington, DC 20002
leon.b.taranto@usdoj.gov
Phone: (202) 616-4231
Fax: (202) 616-4473

LYLE D. JENTZER
Special Counsel for National Security
Office of Immigration Litigation
National Security Unit

JEFFREY L. MENKIN
Senior Counsel for National Security
Office of Immigration Litigation
National Security Unit

LINDSAY M. MURPHY
Counsel for National Security
Office of Immigration Litigation
National Security Unit

BRENDAN T. MOORE
Trial Attorney
Office of Immigration Litigation

*Counsel for Defendants*

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 31

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 16, 2018, pursuant to the agreement of the parties at the Rule 26(f) conference, I served Defendants' Objections and Response to Plaintiffs' Fifth Request for Production of Documents and Third Interrogatory by email on Nicholas Gellert, *Esq.*, Jennie Pasquarella, *Esq.*, Sameer Ahmed, *Esq.*, David Perez, *Esq.*, and Laura Hennessey, *Esq.*, counsel for Plaintiffs.

*/s/ Leon B. Taranto*
LEON B. TARANTO
Trial Attorney
Civil Division
U.S. Department of Justice

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS
AND THIRD INTERROGATORY - 32

(2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4231