1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ABDIQAFAR WAGAFE, et al.,

11                    Plaintiffs,

12          v.

13

14    DONALD TRUMP, et al.,

15                    Defendants.

CASE NO. C17-94 RAJ

ORDER

16          This matter comes before the Court again on Plaintiffs' Motion to Compel re

17   Deliberative Process Privilege.  Dkt. # 152.  On May 21, 2018, the Court granted in part

18   Plaintiffs' Motion, but reserved ruling on portions of the Motion pending supplemental

19   briefing from the parties.  Dkt. # 189.  The parties have submitted supplemental briefing,

20   and the Court has held a telephonic conference with the parties to discuss the status of

21   this Motion.  Dkt. ## 194, 198, 199, 211.  For the reasons stated below, the Court

22   **GRANTS IN PART, DENIES IN PART, AND RESERVES RULING IN PART** on

23   Plaintiffs' Motion.

24          In the Court's previous Order, the Court granted Plaintiffs' Motion to Compel as

25   to a number of documents the Court determined were not shielded by the deliberate

26   process privilege.  Dkt. # 189 at 9.  The Court determined that the Plaintiffs did not

27

previously have access to the Emrich Affidavit (Dkt. # 174-3), and ordered the parties to submit supplemental briefing whereby Plaintiff could more precisely challenge the remaining privilege assertions. *Id.*

In their supplemental briefing, the parties identified only two additional sets of documents to be subject to Plaintiffs' Motion: (1) documents identified in Paragraph 17 of the Emrich Affidavit; and (2) documents identified in Paragraph 45 of the Emrich Affidavit. Dkt. ## 194, 198. The parties clarified, first in Defendants' supplemental brief, and again in Plaintiff's supplemental reply, that Plaintiffs no longer seek documents identified in Paragraph 45. In the telephonic conference on December 18, 2018, the parties again confirmed that they had narrowed this dispute to one category of documents, certain pre-CARRP draft policy memoranda listed in Paragraph 17 of the Emrich affidavit (Dkt. # 174-3). Accordingly, the Court **DENIES** Plaintiffs' Motion to Compel as to the documents identified in Paragraph 45 of the Emrich Affidavit.

As for the Paragraph 17 documents, the parties' supplemental briefing also indicated that they agreed that an *in camera* review of the remaining documents would be necessary. Defendants explained that they had "no objection to providing some or all of the Paragraph 17 documents to the Court for *in camera review*." Dkt. # 198 at 12. Defendants also noted that to "minimize the burden on the Court, Defendants suggest it would be most efficient to present the Court with a randomly-selected sample of 10 draft policy memoranda for review, which would include approximately 200 pages." *Id.* The parties' representations to this Court in the December 18, 2018 status conference were consistent with this proposed procedure, and the Court approved of this approach. Dkt. # 211.

Notwithstanding this representation, the parties filed a joint status report on December 21, 2018 that noted that the parties agreed that "Defendants will submit, no later than Friday, December 28, 2018, four documents previously shared with Plaintiffs during the parties' deliberative process privilege negotiations for the Court's in camera

review in relation to Dkt. #152." Dkt. # 212 at 2. Due to the lapse in appropriations, Defendants' submission of the four documents occurred instead on February 5, 2019. Dkt. # 218.

The Court has reviewed the documents produced by Defendants. Based on what Defendants have provided, the Court cannot determine if all the Paragraph 17 documents are subject to the deliberative process privilege. The Court has concerns that because these documents were not randomly selected from the Paragraph 17 documents, they do not reliably represent the group as a whole. The Court was satisfied with the randomization procedure the parties had previously agreed to, and did not authorize this new procedure of providing four seemingly hand-picked unprivileged documents. As to the four documents already submitted, however, the Court finds that any privilege has been waived and **GRANTS** Plaintiff's Motion to Compel as to these documents.

At this point, the Court concludes that additional *in camera* review is needed to fully rule on Plaintiffs' Motion to Compel. The Court hereby **GRANTS IN PART, DENIES IN PART, AND RESERVES RULING IN PART** Plaintiff's Motion to Compel. The Court **DENIES** Plaintiff's Motion to Compel as to the Paragraph 45 documents, and **GRANTS** Plaintiff's Motion to Compel as to the four Paragraph 17 documents already produced. Within fourteen (14) days of this Order, Defendants are instructed to produce a randomly-selected sample of 10 documents from Paragraph 17 of the Emrich Affidavit for *in camera* review for this Court. Defendants must provide with this production an additional submission from the relevant custodian attesting to the randomization process used to select these documents.

Dated this 27th day of February, 2019.

The Honorable Richard A. Jones
United States District Judge