THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*, on behalf
of themselves and others similarly situated,

Plaintiffs,

v.

DONALD TRUMP, President of the
United States, *et al*.,

Defendants.

No. 2:17-cv-00094-RAJ

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL AND
OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE
ORDER**

**Note on Motion Calendar: April 5, 2019**

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................................. 1

II.   ARGUMENT .................................................................................................................... 4

    A.    Defendants Must Produce Why the Named Plaintiffs Were Subjected to
        CARRP .................................................................................................................. 4

        1.    The Court Already Ordered Defendants to Produce the "Why"
            Information ............................................................................................... 4

        2.    Plaintiffs' Need for the "Why" Information Outweighs
            Defendants' Purported Security Concerns ................................................. 5

            a.    Plaintiffs Require the "Why" Information to Demonstrate
                that CARRP Relies on Overbroad and Unlawful Criteria ............. 5

            b.    Defendants' Vague and Conclusory Law Enforcement
                Privilege Concerns Should be Rejected ........................................ 8

    B.    The Court Should Allow Plaintiffs to Post a Public Notice to Obtain
        Information from Potential Class Members ........................................................ 16

    C.    Defendants Must Produce A-Files from Unnamed Class Members ................... 17

III.  CONCLUSION ............................................................................................................... 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**Page**

**CASES**

*All. to End Repression v. City of Chicago,*
  91 F.R.D. 182 (N.D. Ill. 1981)......................................................................6, 18

*Baumann v. Chase Inv. Servs. Corp.,*
  747 F.3d 1117 (9th Cir. 2014) ...............................................................17

*Bryan v. United States,*
  No. CV 2010-0066, 2017 WL 1347681 (D.V.I. Jan. 27, 2017) ...............................14

*D.A. v. Nielsen,*
  No. 18-cv-09214, 2018 WL 3158819 (D.N.J. 2018) ...............................................16

*Hacking v. Toyota Motor Corp.,*
  No. 16-CV-00388-ALM-CAN, 2017 WL 10188773 (E.D. Tex. 2017)..................15

*Halle v. W. Penn Allegheny Health Sys. Inc.,*
  842 F.3d 215 (3d Cir. 2016)........................................................................6

*Hamdi v. USCIS,*
  No. 5:10-cv-00894-VAP-DTB, 2011 WL 13247932 (C.D. Cal. Dec. 14, 2011) ....................9

*Hamdi v. USCIS,*
  No. 5:10-cv-00894-VAP-DTB, 2012 WL 632397 (C.D. Cal. Feb. 25, 2012) ........................9

*Heffernan v. City of Chicago,*
  286 F.R.D. 332 (N.D. Ill. 2012)......................................................................16

*Ibrahim v. Dep't of Homeland Sec.,*
  No. C 06-00545 WHA, 2013 WL 1703367 (N.D. Cal. Apr. 19, 2013)............................14, 15

*Latif v. Holder,*
  28 F. Supp. 3d 1134 (D. Or. 2014) .................................................................10, 11

*Latif v. Holder,*
  686 F.3d 1122 (9th Cir. 2012) .......................................................................11

*Latif v. Lynch,*
  No. 10-cv-750, 2016 WL 1239925 (D. Or. 2016) ...................................................11

*Muhanna v. USCIS,*
  No. 14-cv-05995 (C.D. Cal. July 31, 2014)................................................9, 10, 12

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**TABLE OF AUTHORITIES**
**(CONTINUED)**

Page

*Preston v. Unknown Chicago Police Officer No. 1*,
    No. 10 C 0136, 2010 WL 3273711 (N.D. Ill. 2010) ..................................................16

*Stinson v. City of New York*,
    No. 10 Civ. 4228, 2014 WL 1243796 (S.D.N.Y. 2014) .........................................16

*Waters v. U.S. Capitol Police Bd.*,
    218 F.R.D. 323 (D.D.C. 2003) ...................................................................................15

STATUTES

5 U.S.C. § 552 .................................................................................................12, 14, 18

5 U.S.C. § 552(a)(6)(A)(i) .............................................................................................18

INA § 212(a)(3)(A) .......................................................................................................10

INA § 212(a)(3)(B) .......................................................................................................10

INA § 212(a)(3)(F) .......................................................................................................10

INA § 237(a)(4)(A) .......................................................................................................10

INA § 237(a)(4)(B) .......................................................................................................10

RULES

Fed. R. Civ. P. 37(b)(2)(C) ...........................................................................................5

Local Rule 7(h) .............................................................................................................4

OTHER AUTHORITIES

DHS, Privacy Impact Assessment Update for the TECS System: CBP Primary
    and Secondary Processing (TECS) National SAR Initiative DHS/CBP/PIA-
    009(a) (Aug. 5, 2011), https://www.dhs.gov/xlibrary/assets/privacy/privacy-
    pia-cbp-tecs-sar-update.pdf ....................................................................................14

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## I.      INTRODUCTION

2       Defendants' motion for protective order and opposition to Plaintiffs' motion to compel

3  provide no reason to deny Plaintiffs access to discovery that is critical to their claims challenging

4  the Controlled Application Review and Resolution Program ("CARRP") and related extreme

5  vetting programs. Instead, Defendants attempt to relitigate issues that the Court has already

6  decided in favor of Plaintiffs and present vague and conclusory national security concerns that

7  this Court already rejected and that are not tied to the information Plaintiffs seek.

8       Defendants argue that the law enforcement privilege should bar Plaintiffs' counsel's

9  access to highly relevant information showing why the Named Plaintiffs were subjected to

10  CARRP (hereinafter, "the 'why' information"). However, Defendants admit that they are

11  required by law and agency regulations to provide similar derogatory information—including

12  summaries of classified information—to certain individuals seeking immigration benefits. And,

13  in related litigation, Defendants routinely disclose such information in discovery. Defendants

14  provide no explanation whatsoever for why they are able to provide that information directly to

15  individuals without suffering *any* of the purported national security harms that they allege here.

16  The only plausible conclusion is that production of the "why" information to Plaintiffs' counsel

17  would not harm national security.

18       Defendants further acknowledge that all Named Plaintiffs' applications have been

19  adjudicated, and, for all but one, the alleged national security concern was resolved in their

20  favor. Defendants argue that is irrelevant because in some cases even a resolved national security

21  concern *may* provide insight into an ongoing investigation of another individual. However, as

22  with *every* broad and conclusory law enforcement privilege argument Defendants make in their

23  brief, Defendants fail to tie that concern to the specific information at issue in Plaintiffs' motion

24  to compel. Nowhere do Defendants contend that the "why" information for any of the Named

25  Plaintiffs is part of any ongoing investigation.

26

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1      To the extent Defendants' national security concerns have any validity, their argument

2  that an attorneys' eyes only ("AEO") protective order cannot protect such concerns is belied by

3  their own actions in this case. Indeed, to address similar law enforcement concerns, Defendants

4  requested the Class List be subject to an AEO protective order. The Class List contains what

5  Defendants characterize as "highly sensitive" information for hundreds of unnamed class

6  members; Plaintiffs' counsel have diligently abided by that AEO protective order and would

7  continue to do so if the Court orders the release of the "why" information on an AEO basis.

8      Defendants further argue that Plaintiffs have no need for the "why" information, a

9  random sample of class members' A-files, or to post a Class Notice, because Defendants have

10  already produced CARRP policies and training materials as well as aggregate data on class

11  members. What Defendants fail to recognize is that the highly relevant information Plaintiffs

12  seek in their motion to compel cannot be found in *any* of the discovery that Defendants have

13  produced to date. Specifically, Defendants have not produced any discovery that demonstrates

14  how they have applied CARRP to class members in practice. This information is critical for two

15  reasons. ████████████████████████████████████████

16  ████████████████████████████████████████

17  ████████████████████████████████████████

18  ████████████████████████████████████████

19  ████████████████████████████████████████

20  ████████████████████████████████████████

21  ████████████████████████████████████████

22  ████████████████████████████████████████

23      Defendants also contend that the discovery Plaintiffs seek is not relevant because this

24  case is a class action. Defendants take the extraordinary position that information about all class

25  members—even the Named Plaintiffs themselves—is not discoverable in this case. Defendants'

26  argument is meritless and has already been rejected by the Court multiple times when it ordered

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    production of the Class List. *See, e.g.*, Dkt. 98 at 3 (holding that "information" pertaining to

2    unnamed class members "is relevant" to Plaintiffs' claims); Dkt. 183 at 3 (permitting Plaintiffs'

3    counsel to obtain "information about particular unnamed class members to develop evidence for

4    use in their case"). Indeed, Defendants fail to cite *any* case that holds that Plaintiffs are not

5    entitled to discovery related to class members simply because they assert class claims or

6    challenge a nationwide government policy or program.

7            Finally, Defendants criticize Plaintiffs for raising these discovery disputes "at the

8    eleventh hour" in an attempt "to bury the Defendants with more and more discovery requests."

9    Dkt. 226-1 at 1. This is a gross distortion of the course of discovery in this case. As this Court

10   recognized in its order on Plaintiffs' motion for sanctions, it is *Defendants* whose "discovery

11   efforts [were] undertaken in bad faith" and who "resisted, without providing adequate support,

12   most of Plaintiffs' attempts to obtain relevant documentation in any form." Dkt. 223 at 9.

13   Defendants have been under court order to produce the "why" information since October 2017,

14   and Plaintiffs first raised their requests for a random sample of A-files and to post a Class Notice

15   in August 2018. Plaintiffs filed their motion to compel after months of good-faith attempts to

16   resolve these disputes without Court intervention, and following a stay requested by Defendants

17   because of the government shutdown. In its sanctions order, the Court recognized that

18   Defendants' more recent "cooperation regarding outstanding discovery issues" should be "the

19   starting point for discovery negotiations, not the end result of nearly a year of discovery battles."

20   *Id*. To the extent that remaining discovery deadlines must be extended, it will be due to

21   Defendants' failure to produce highly relevant discovery in a timely manner, including

22   outstanding privilege logs.[1]

23

24

25   [1] To date, Defendants have failed to produce privilege logs for document production volumes 16, 18 to 24, and 26,
     despite the fact they previously stated that Defendants would produce the majority of those logs in October 2018.

26   *See* Declaration of Sameer Ahmed In Support of Plaintiffs' Reply to Motion to Compel and Opposition to Cross-
     Motion for a Protective Order ("Ahmed Decl."), Ex. A.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II.    ARGUMENT

**A.    Defendants Must Produce Why the Named Plaintiffs Were Subjected to CARRP.**

### 1.    The Court Already Ordered Defendants to Produce the "Why" Information.

As Plaintiffs set forth in their motion to compel, this Court has already ordered Defendants to produce the "why" information. *See* Dkt. 221 at 8–10. Defendants never sought reconsideration of that order and therefore must produce that information. Defendants still have not explained why they should be allowed to avoid complying with the Court's previous order.

In its sanctions order, the Court confirmed that Defendants have been under court order since October 2017 to produce the "why" information. *See* Dkt. 223 at 2 ("The Court found merit in Plaintiffs' Motion to Compel and granted it in part, requiring Defendants to disclose information explaining why the Named Plaintiffs' applications were subjected to CARRP."); *id.* ("Defendants sought reconsideration of this Order with regard to the section addressing the class list, but did not raise any issue with the Court's order to produce information regarding why the Named Plaintiffs' applications were subjected to CARRP."); *id.* at 3 ("[T]he Motion to Compel directly sought both the "whether" and the "why" information, and Defendants raised no objection."); *id.* at 4 ("[T]he issue before the Court at the time of the Motion to Compel was whether Defendants needed to produce documents regarding why the Named Plaintiffs' applications were subjected to CARRP, and the Court found affirmatively.").

In effect, Defendants' motion for protective order is a belated attempt to file another motion to reconsider the Court's prior order, but this time on the "why" information. Under Local Rule 7(h), a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." Defendants' motion is untimely and should be denied on that basis alone. Moreover, this Court should "ordinarily deny" such motion unless the moving party demonstrates "manifest error" in the Court's prior ruling or "new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h). Defendants do not provide any new facts or legal authority which could not have been raised

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

when Plaintiffs filed their original motion to compel. Nor do Defendants demonstrate "manifest error" with the Court's prior ruling. These defects are fatal to their motion for a protective order.

To the extent Defendants assume they can belatedly file a motion for reconsideration based on the Court's sanctions order, that assumption is misplaced. The Court held that "it will not compel the production of the unredacted A Files as a sanction for noncompliance under Fed. R. Civ. P. 37(b)(2)(C)," Dkt. 223 at 8, but did not state that such ruling authorized reconsideration of its earlier order. Moreover, the relief Plaintiffs seek here is different from what they requested in their sanctions motion. Plaintiffs do not request completely unredacted A-files, but only the portions of those A-files that explain why the Named Plaintiffs were subjected to CARRP. Plaintiffs also seek information outside of the A-files containing the "why" information, which Defendants still have not produced. *See* Dkt. 146 n.4 at 5 ("[S]ome number of 'why' documents would not necessarily be in the Plaintiffs' A-Files. Those documents, to the extent they exist . . . will be produced once review is complete.").

### 2. Plaintiffs' Need for the "Why" Information Outweighs Defendants' Purported Security Concerns.

If the Court permits Defendants to belatedly assert additional privileges in an attempt to withhold the "why" information, the Court once again should find that Plaintiffs' need for this information outweighs Defendants' purported law enforcement privilege concerns.

### a. Plaintiffs Require the "Why" Information to Demonstrate that CARRP Relies on Overbroad and Unlawful Criteria.

Plaintiffs need the "why" information to support many of their claims, including to determine: (1) whether the "why" information relies on non-statutory criteria or is otherwise unrelated to an individual's eligibility for immigration benefits (Claims 8, 9, 10); (2) whether the use of vague, overbroad, or discriminatory criteria in the "why" information necessitates a meaningful process by which Plaintiffs can challenge their CARRP designation (Claim 4); and

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    (3) whether the "why" information unlawfully takes into account an individual's national origin

2    or religion (Claim 6). *See* Dkt. 221 at 11-12.

3        Defendants argue that the "why" information is not relevant because "[t]he individualized

4    circumstances of any particular case cannot be representative of how CARRP administrators

5    acted or refused to act with the whole class." Dkt. 226-1 at 18. But the Court already rejected

6    that argument when it held that discovery into class members is relevant in this case, Dkt. 98 at

7    3, and permitted Plaintiffs to obtain information about class members "to develop evidence for

8    use in their case." Dkt. 183 at 3. As the Court recognized, Plaintiffs intend to use this evidence to

9    demonstrate patterns across cases in how CARRP is being applied in practice. Moreover, the

10   Court has appointed the Named Plaintiffs as *class representatives*, making discovery about them

11   especially apt in this case. Dkt. 69 at 31. For these reasons, courts overseeing class actions

12   routinely allow discovery about the Named Plaintiffs even when challenging government

13   programs. *See, e.g.*, *All. to End Repression v. City of Chicago*, 91 F.R.D. 182, 188 (N.D. Ill.

14   1981) (named plaintiffs obtained "[a]ll Chicago Field Office and Headquarters files" on named

15   plaintiffs and some unnamed plaintiffs in action challenging surveillance programs); *Halle v. W.

16   Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 220 (3d Cir. 2016) (explaining that "[t]he parties

17   conducted collective action related discovery for nearly two years, including expert discovery

18   and fact discovery of the named plaintiffs and a sample of the collective action members").

19       Defendants also argue that Plaintiffs do not need the "why" information because

20   Defendants have already produced "documents concerning, *inter alia*, CARRP policy, guidance

21   and training" that "illuminate how CARRP adjudicators are instructed to examine and assess

22   whether certain derogatory evidence meets the 'articulable link' standard" that subjects an

23   individual to CARRP. Dkt. 226-1 at 18. But Plaintiffs require the "why" information precisely

24   because the official CARRP policy and training materials that Defendants have produced fail to

25   demonstrate how they have applied CARRP to immigration benefit applications *in practice*.

26

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████

3  ████████        *See, e.g.*, Declaration of Sameer Ahmed In Support of Plaintiffs' Reply to Motion

4  to Compel and Opposition to Cross-Motion for a Protective Order ("Ahmed Decl."), Ex. B

5  (DEF-00004491) (noting that officers are instructed to consider the totality of the circumstances

6  and "[n]eed not consider satisfying the legal standard used in determining admissibility or

7  removability"); Ex. C (DEF-0094968 at 94973) ████████████████████████

8  ████████████████████████████████████████████████

9  ████████████████████; Ex. D (DEF-00026371 at 26410) ████████████

10 ████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████;

12 Ex. E (DEF-0094351 at 94497) ████████████████████████████

13 ████████████████████████████████████████████████

14 ████████████████████████████████████████████████████

15 ██████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████████████████

18    ██████████████████████████████████████

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████

22 ██████████████████████████████████████████████████████

23 ██████████████████████████████████████████████, the "why"

24 information is highly relevant to determining how different CARRP is in practice from the

25 general guidelines in Defendants' policies and training materials.

26

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

### b.  Defendants' Vague and Conclusory Law Enforcement Privilege Concerns Should be Rejected.

2

3    In response to Plaintiffs' significant need for the "why" information, Defendants assert

4    overbroad and conclusory law enforcement privilege concerns similar to those that this Court

5    and others have rejected. Those assertions are not tied to the facts of this case and are belied by

6    the fact that Defendants routinely produce similar information in related cases.

### (i)  Law and Agency Regulations Require Defendants to Disclose Information Similar to What Plaintiffs Seek Here.

7

8    All of Defendants' law enforcement concerns can be dismissed because, as Defendants

9    admit, they are required by law and agency regulations to disclose information about noncitizens

10   that is similar—and sometimes identical—to the "why" information that Plaintiffs seek here.

11   Dkt. 221 at 12-14. Defendants provide no justification for why that information can be released

12   to the individuals themselves but cannot be produced under a restrictive AEO protective order in

13   this case. Defendants contend that Plaintiffs "present no method by which production of such

14   information will avoid providing a roadmap to understanding the techniques and procedures

15   USCIS and its partner agencies use to uncover derogatory information and how that information

16   is used in adjudicating immigration benefit applications." Dkt. 226-1 at 19. That is incorrect.

17   Plaintiffs have presented multiple methods by which Defendants can produce the "why"

18   information without suffering any of their purported harms: the exact methods authorized by

19   courts, statutes, and Defendants' own regulations to produce similar information.

20   *First*, Defendants admit that "USCIS generally must advise an individual of derogatory

21   information unknown to the applicant or petitioner . . . if an adverse decision is based on that

22   information." Dkt. 226-1 at 20 (citing 8 C.F.R. 103.2(b)(16)(i)-(iv)). Defendants further concede

23   that even if the information is classified, they are required to give those applicants "general

24   notice of the nature of the concern." Dkt. 226-1 at 21 (citing 8 C.F.R. 103.2(b)(16)(iv)). While

25   Defendants routinely produce such information pursuant to these agency regulations, they

26   provide no reason why Defendants cannot use these same procedures to provide the Named

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Plaintiffs' "why" information in this case. Defendants attempt to distinguish the "why" information from that which is disclosed under these regulations by arguing that "[a]n 'articulable link' determination does not signify . . . that the derogatory information behind it is inconsequential or insufficient to support a final determination on an individual's eligibility for an immigration benefit." Dkt. 226-1 at 20. But that is precisely Plaintiffs' point. Even when information is consequential enough to support a final determination of ineligibility, Defendants must produce that information to the applicant. Information used to make an initial determination of an "articulable link" and subject an applicant to CARRP (*i.e.*, the "why" information) would be similarly or less consequential to USCIS, yet it still has adverse effects on Plaintiffs.

When Defendants rely on information to deny an individual's immigration benefit application, they often provide detailed information about why USCIS believes that individual is a national security concern. That information is similar, or sometimes identical, to the "why" information that Plaintiffs seek here. For example, in *Hamdi v. USCIS*, USCIS denied Tarek Hamdi's naturalization application because he had failed to disclose that he had donated to the Benevolence International Foundation ("BIF"), a charitable organization that the government claimed helped finance terrorism. *See* No. 5:10-cv-00894-VAP-DTB, 2012 WL 632397, at *2-7 (C.D. Cal. Feb. 25, 2012); 2011 WL 13247932, at *2-5 (C.D. Cal. Dec. 14, 2011). In discovery, USCIS revealed that Mr. Hamdi was subject to CARRP, and the reasons why he was subject to CARRP were based on the same information that USCIS used to deny his application: Mr. Hamdi's donations to BIF. *See* Dkt. 92, Ex. E at 277:3-9 (USCIS officer testifying in deposition that Mr. Hamdi's case "was designated a CARRP case" because of "Mr. Hamdi's affiliation with the BIF"); *id.* at 278:22-25 (stating that USCIS "had a[n] FBI Declaration that basically indicated that Mr. Hamdi was affiliated with the BIF and was fund-raising for them").

Similarly, in *Muhanna v. USCIS*, No. 14-cv-05995 (C.D. Cal. July 31, 2014), another case challenging CARRP, Ahmad Muhanna was denied naturalization because USCIS claimed that he was "a member of, associated with, or affiliated with the Holy Land Foundation (HLF),"

1    another charitable organization that the government alleged supported terrorism. Ahmed Decl.,

2    Ex. F at 1 (Muhanna USCIS N-336 Decision); *id.* at 7. USCIS produced a detailed discussion of

3    Muhanna's alleged ties to HLF. *Id.* at 1-7. In his lawsuit challenging CARRP, Muhanna alleged

4    that the reason why he was subjected to CARRP was also because of his ties to HLF, which he

5    explained were innocent. *See Muhanna v. USCIS*, No. 14-cv-05995 (C.D. Cal. July 31, 2014),

6    Dkt. 1 at ¶¶ 104-112; *see also* Declaration of Jay Gairson in Support of Plaintiffs' Reply to

7    Motion to Compel and Opposition to Cross-Motion for a Protective Order ("Gairson Decl.")

8    ¶¶ 14-16. Defendants' disclosures of the "why" information in these related cases flatly

9    contradict their arguments that they cannot disclose the "why" information here.

10        *Second*, Defendants concede that they are required to disclose underlying information

11    when a noncitizen is charged with inadmissibility or removability under the national security-

12    related grounds in INA §§ 212(a)(3)(A), (B), or (F), or §§ 237(a)(4)(A) or (B). *See* Dkt. 226-1 at

13    20 ("disclosure would  . . . occur if the Government pursued removal based on a national security

14    ground, where it then may be required to present sufficient evidence to sustain that ground")

15    (citing 8 U.S.C. § 1229a(c)(3)(A)). Defendants' only attempt to distinguish this admission is that,

16    in narrow circumstances, "the Government is permitted to submit national security information

17    *ex parte* in the case of arriving aliens or those seeking discretionary relief." Dkt. 226-1 at 20

18    (citing 8 U.S.C. § 1229a(b)(4)(B)). However, that exception would not apply to any of the

19    Named Plaintiffs because none are arriving aliens, naturalization is not discretionary relief, and

20    none have sought adjustment of status in removal proceedings. Again, Defendants fail to explain

21    why they cannot adopt the same procedures to produce the "why" information here that they

22    routinely apply when disclosing similar information to individuals who they allege are dangerous

23    enough to be charged with a national security ground for removal.

24        *Third*, Defendants are also required to disclose underlying information to individuals

25    placed on the No Fly List, which is administered by the FBI's Terrorist Screening Center

26    ("TSC") and is a subset of the Terrorist Screening Database ("TSDB"). *See Latif v. Holder*, 28 F.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Supp. 3d 1134, 1141 (D. Or. 2014). The TSC places individuals on the No Fly List based on the same low "reasonable suspicion" standard that it uses to justify inclusion in the TSDB. *See id.* USCIS, in turn, subjects any applicant who is listed in the TSDB to CARRP. Dkt. 74 ¶ 65. The court in *Latif* held that the government must provide individuals on the No Fly List "with notice regarding their status on the No-Fly List and *the reasons for placement on that List*." 28 F. Supp. 3d at 1162 (emphasis added). If the information is classified, the government "may choose to provide Plaintiffs with unclassified summaries of the reasons for their respective placement on the No-Fly List or disclose the classified reasons to properly-cleared counsel." *Id.*; *see also Latif v. Holder*, 686 F.3d 1122, 1130 (9th Cir. 2012) (reversing the district court's dismissal on jurisdictional grounds, remanding for proceedings that could involve "discovery of . . . sensitive intelligence information," and suggesting they be managed by reference to the Classified Information Procedures Act, 18 U.S.C. app. 3 §§ 1–16). Once again, Defendants fail to explain how they can provide underlying reasons directly to individuals on the No Fly List but cannot provide similar information in this case, even under an AEO protective order. That failure is all the more inexplicable given that USCIS considers placement in the TSDB, of which the No Fly List is a subset, sufficient of itself to justify subjecting an individual to CARRP.[2]

Contrary to Defendants' arguments, there are many ways that Defendants can provide the "why" information in this case without "provid[ing] a roadmap of the investigative techniques and procedures that USCIS and its partner agencies use to uncover derogatory information," or

---

[2] Defendants conclude with a perfunctory argument regarding jurisdiction to review Sensitive Security Information (SSI), *see* Dkt. 226-1 at 22, but it is not even clear that the "why" information includes any SSI at all. Defendants cite to the declaration of Douglas Blair in stating that "TSA has determined that certain information contained in A-files contains SSI." *Id.* That overstates the cited passage, which merely suggests that "*to the extent* that the Named Plaintiff's A-Files contain TECS records, those documents contain SSI *to the extent* they contain information concerning the status of individuals on or off the No Fly and Selectee Lists and records pertaining to TSA targeting and operations . . . ." Dkt. 226-2, Ex. C at ¶ 8 (emphasis added). This doubly contingent language establishes nothing that the Court can or needs to adjudicate now. In any event, the court in *Latif* held that individuals must be notified of their status on the No Fly List, 28 F. Supp. 3d at 1162, and the government now discloses No Fly List status to individuals on the list. *See Latif v. Lynch*, No. 10-cv-750, 2016 WL 1239925 at *5 (D. Or. 2016).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

any of the other harms alleged by Defendants. *See* Dkt. 226-1 at 13. Defendants routinely

provide similar information in the circumstances described above, and should do so here.

> **(ii)** **Defendants Routinely Disclose FBI Name Check, TECS, and Records Revealing Coordination Between USCIS and Other Law Enforcement Agencies.**

Defendants also make the extraordinary claims that disclosure of FBI Name Check,

TECS, and records revealing coordination between USCIS and other law enforcement agencies

should be categorically barred from production under the law enforcement privilege. *See* Dkt.

226-1 at 14-17. These claims should also be rejected and are contrary to Defendants' routine

disclosures of such records under the Freedom of Information Act ("FOIA") and in related cases.

*First*, Defendants argue that "[w]hen conducting a name check on an individual, the FBI

does not disclose the results of that check, regardless of whether it revealed derogatory

information." Dkt. 226-1 at 14. That is incorrect. In FOIA and related litigation, Defendants

routinely disclose the results of FBI Name Checks. For example, in *Hamdi*, USCIS disclosed Mr.

Hamdi's FBI Name Check Responses in discovery without any protective order. *See* Ahmed

Decl., Ex. G at 1-3 ███████████████████████████████████████

██████████████████████████████████████████████████████ .

Similarly, the FBI Name Check Response for Ahmed Hassan, one of the Named Plaintiffs in

*Muhanna*, had been previously disclosed to him under FOIA. *See id.*, Ex. H ████████████

████████████████████████████████████ . The Government has even disclosed

FBI Name Check records under FOIA for Abdiqafar Wagafe, one of the Named Plaintiffs in this

case. *See id.*, Ex. I at 1 (stating that there was "[n]o derogatory information found in system

checks and file review other than [ ] name check response"); *id.* at 2 (providing Mr. Wagafe's

FBI Name Check Response from 2013); *see also* Gairson Decl. ¶¶ 8-11 (noting that out of 600

FOIA responses, attorney received substantial FBI data in 210 cases and name check records in

475 cases); *id.* at Exs. G, K, L, M, O, P, & V (FBI data & name check records).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1     Defendants further contend that if they "were ordered to produce this information for the
2     named Plaintiffs, accidental disclosure could result in individuals inferring that they are or were
3     the subjects of law enforcement scrutiny." Dkt. 226-1 at 14. But all the Named Plaintiffs have
4     already "infer[red] that they are or were the subjects of law enforcement scrutiny," because they
5     all have alleged in the Complaint that they have been subjected to CARRP, and therefore, USCIS
6     has deemed them "national security concerns." *See* Dkt. 47 ¶¶ 24-28. Moreover, Defendants
7     have already disclosed to Plaintiffs' counsel under an AEO protective order whether the Named
8     Plaintiffs were subjected to CARRP, along with a Class List of all naturalization and adjustment
9     of status applicants with delays of greater than six months subject to CARRP. Therefore,
10    Defendants have already confirmed to Plaintiffs' counsel whether the Named Plaintiffs and other
11    class members have been subject to law enforcement scrutiny.

12         *Second*, Defendants argue that TECS records cannot be produced because they may
13    indicate "why an individual was of interest to immigration officials" and "tend[] to reveal an
14    agency's investigative standards for launching investigations in the first instance." Dkt. 226-1 at
15    15. But that is precisely the point. To support their claims, Plaintiffs are entitled to know why the
16    Named Plaintiffs were subjected to CARRP (*i.e.*, why they were of interest to immigration
17    officials) as well as the standards for subjecting someone to CARRP in the first instance (*i.e.*, the
18    "articulable link" to an alleged national security concern). Plaintiffs are entitled to this
19    information to demonstrate how CARRP relies on vague, unlawful, discriminatory, and non-
20    statutory criteria. *See* Dkt. 221 at 11-12. Defendants also contend that TECS records cannot be
21    produced because "bad actors [can] gain knowledge of methods and techniques utilized in a
22    particular investigation." Dkt. 226-1 at 15. As explained above, Defendants consistently produce
23    such information for individuals who are denied immigration benefits, who are charged with
24    national security grounds of removability, or who are on the No Fly List without revealing their
25    "methods and techniques" to "bad actors." They can do so as well here.

26

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Defendants are also incorrect that TECS records are categorically barred from

2    production. In publicly available information, DHS explicitly states that "individuals

3    seeking . . . access to any record contained in TECS . . . may gain access to certain information in

4    TECS about themselves by filing a Freedom of Information Act (FOIA) request with CBP."

5    DHS, Privacy Impact Assessment Update for the TECS System: CBP Primary and Secondary

6    Processing (TECS) National SAR Initiative DHS/CBP/PIA-009(a), at 5 (Aug. 5, 2011),

7    https://www.dhs.gov/xlibrary/assets/privacy/privacy-pia-cbp-tecs-sar-update.pdf. Moreover,

8    even in national security cases, the Government has disclosed TECS and national security-

9    related database records, including for Mr. Wagafe, one of the Named Plaintiffs in this case. *See*

10   Ahmed Decl., Ex. I at 3-4 (Mr. Wagafe's TECS records); *id.*, Ex. J (TECS records produced

11   under FOIA); Gairson Decl. ¶¶ 8-11 (noting that out of 600 FOIA responses, attorney received

12   substantial TECS data in 138 cases); *id.*, Exs. A, C, E, G, J, K, O, P, Q, T, U, W (TECS records);

13   *see also Bryan v. United States*, No. CV 2010-0066, 2017 WL 1347681, at *5-7 (D.V.I. Jan. 27,

14   2017) (unsealing in part certain TECS records about Plaintiffs the government had disclosed);

15   *Ibrahim v. Dep't of Homeland Sec.*, No. C 06-00545 WHA, 2013 WL 1703367, at *7 (N.D. Cal.

16   Apr. 19, 2013) (granting motion to compel and overruling claims of law enforcement privilege

17   over documents relating to plaintiff's watchlist status).

18       *Third*, Defendants argue that communications between USCIS and third-party law

19   enforcement agencies cannot be produced because they "could divulge whether an individual is

20   or was the subject of a third-party law enforcement or intelligence agency investigation." Dkt.

21   226-1 at 16. But, again, Defendants routinely produce such information in other contexts, *see*

22   *supra* pp. 8-12, and even in CARRP cases. For example, in *Hamdi*, a USCIS officer disclosed

23   that he communicated with FBI agents who had investigated Mr. Hamdi. *See* Dkt. 92, Ex. E at

24   278:11-25 (USCIS officer spoke with FBI agents "because Mr. Hamdi's case was designated a

25   national security case"); *id.* at 279:18-24; Dkt. 96, Ex. 5 at 317:5-9, 320:12-21. In discovery,

26   USCIS even produced a declaration from the FBI providing details about their investigation.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Ahmed Decl., Ex. K (Hamdi FBI Declaration); *see also* Gairson Decl. ¶¶ 8-11, 14-16; *id.* at Exs. D, H, G, K, M, S, & V (records revealing individuals subject to third-party investigations).

### (iii)   Defendants Have Disclosed the Reasons Why Individuals Were Subjected to CARRP.

Defendants assert that they have released information in the past that undermines their security concerns, and that those disclosures were "mistakes" and "do not pertain to the very category of information they now seek to compel: the reasons why particular individuals were selected for CARRP screening." Dkt. 226-1 at 19. That is incorrect. In *Hamdi*, for example, USCIS explicitly disclosed why Mr. Hamdi was subject to CARRP: because of his "affiliation with the BIF." Dkt. 92, Ex. E at 277:3-9; *id.* at 278:22-25. Moreover, that disclosure was not a "mistake," but rather ordered by the court when it rejected USCIS's law enforcement privilege assertions and granted Mr. Hamdi's motion to compel USCIS to answer questions related to "[w]hy plaintiffs' case was a CARRP case." Ahmed Decl., Ex. L at 7 (*Hamdi v. USCIS*, No. 5:10-cv-00894-VAP-DTB (C.D. Cal., Nov. 16, 2011), Dkt. 89 at 7); *see also* Gairson Decl. ¶ 14 (attorney "regularly discover[s] … some of the grounds for CARRP investigations of [his] clients"); *id.* ¶¶ 15-16 & Exs. D, H, R, S (disclosing suspected "why" information for individuals, including certain Named Plaintiffs).

Just like in Mr. Hamdi's case, this Court should order Defendants to produce the "why" information. Defendants' concerns are especially inapt here, because all the Named Plaintiffs' applications have already been adjudicated. Dkt. 221 at 13-14. When an investigation has concluded, courts have routinely ordered the production of documents over the Government's law enforcement privilege concerns. *See, e.g.*, *Waters v. U.S. Capitol Police Bd.*, 218 F.R.D. 323, 324 (D.D.C. 2003) (holding that law enforcement privilege did not protect officer's notes because the investigation was finished); *Hacking v. Toyota Motor Corp.*, No. 16-CV-00388-ALM-CAN, 2017 WL 10188773, at *4 (E.D. Tex. 2017) (providing Plaintiffs access to the materials subject to law enforcement privilege once the investigation concludes); *Ibrahim*, 2013

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

WL 1703367, at *8 (providing documents related to plaintiff's watchlist status because they were "stale"). Defendants' only response is that, sometimes, a resolved investigation into one individual may relate to an ongoing investigation into another. Dkt. 226-1 at 21. However, Defendants' argument is merely a hypothetical because they fail to provide any evidence that any of the Named Plaintiffs' information relate to an ongoing investigation.

> **(iv)   Any Remaining Law Enforcement Privilege Concerns can be Addressed by an AEO Protective Order.**

Finally, any remaining law enforcement concerns can be resolved by producing the "why" information under an AEO protective order. Defendants claim that AEO orders "are inappropriate for civil matters involving the law enforcement privilege." Dkt. 226-1 at 12. But Defendants requested that the Class List be produced under an AEO protective order to address law enforcement privilege concerns that are very similar to the ones they raise here. *See* Dkt. 126 at 3 (Defendant's motion for AEO protective order to protect "national security and intelligence interests and investigations"). Just like this case, courts routinely issue AEO protective orders to protect information that raises law enforcement privilege concerns. *See, e.g.*, *D.A. v. Nielsen*, No. 18-cv-09214, 2018 WL 3158819, at *7-8 (D.N.J. 2018); *Stinson v. City of New York*, No. 10 Civ. 4228, 2014 WL 1243796, at *4 (S.D.N.Y. 2014); *Heffernan v. City of Chicago*, 286 F.R.D. 332, 336 (N.D. Ill. 2012); *Preston v. Unknown Chicago Police Officer No. 1*, No. 10 C 0136, 2010 WL 3273711, at *1 (N.D. Ill. 2010).

**B.   The Court Should Allow Plaintiffs to Post a Public Notice to Obtain Information from Potential Class Members.**

The Court should also permit Plaintiffs' counsel to post the proposed Notice to Potential Class Members so they may be able to obtain highly relevant information from class members regarding the unreasonable delays and unwarranted denials of their immigration benefit applications due to CARRP. *See* Dkt. 221 at 14-16.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

While Defendants acknowledge that the Notice only contains public information, and the procedures outlined by Plaintiffs are consistent with the Court's May 10, 2018 protective order, Defendants oppose posting the Notice, claiming that class counsel "may inadvertently reveal information provided under the AEO protective order." Dkt. 226-1 at 10. Defendants' argument—including their insinuation regarding class counsel—is baseless. Because this case is on the public docket, potential class members and their attorneys routinely contact Plaintiffs' counsel, who have diligently complied with the Court's protective order when responding to such individuals. If the Court authorizes posting of the Notice, Plaintiffs' counsel will continue to follow the procedures outlined in their motion to compel—which Defendants acknowledge are consistent with the Court's order—and refrain from revealing any information protected by the Court's order. Defendants add that "the integrity of thousands of ongoing investigations rests upon an applicant's *lack* of knowledge (or even suspicion) that such investigations are underway." Dkt. 226-1 at 10. That grandiose claim ignores the content of the Notice, which itself would not provide any class member with knowledge or suspicion that they are subject to an investigation, and the obvious fact that a class member who contacts Plaintiffs' counsel already has suspicion or knowledge that they are subject to a CARRP-related investigation.

Defendants also oppose posting the Notice, claiming that information from unnamed class members is not relevant to this case. Dkt. 226-1 at 11. But the Court already rejected that argument when it ordered production of the Class List, Dkt. 98 at 3-4, and permitted Plaintiffs to obtain "information about particular unnamed class members to develop evidence for use in their case." Dkt. 183 at 3. Plaintiffs have a *duty* "to fairly and adequately represent unnamed" class members, *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014), and the Court should permit class counsel to post the Notice to obtain relevant information from them.

## C.    Defendants Must Produce A-Files from Unnamed Class Members.

Finally, the Court should also order Defendants to produce a random sample of class members' A-files. Dkt. 221 at 16-17. Defendants contend that "even producing one A-file will

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   impose a substantial burden on the Government" because "this group of A-files is

2   distinguishable from those pertaining to the vast majority of persons applying for immigration

3   benefits." Dkt. 226-1 at 3. However, under FOIA, Defendants routinely review and produce A-

4   files, even if the requesting individual was subjected to CARRP, and are required by law to

5   respond to the request within 20 days. 5 U.S.C. § 552(a)(6)(A)(i). Given the gravity of the

6   matters at issue in this class action, there is no reason why Defendants should not be obligated to

7   do the same here. And, to address Defendants' alleged burden, Plaintiffs are willing to accept

8   fewer than 100 A-files.

9        Defendants also argue that "production of additional A-files will only provide anecdotal

10  evidence with no reliable significance for the programmatic validity of the CARRP policy." Dkt.

11  226-1 at 5. But Plaintiffs have asked for a statistically random sample of 100 A-files not to

12  provide mere anecdotal evidence, but rather to demonstrate patterns across cases in how CARRP

13  is being applied in practice to rely on vague and unlawful criteria. As explained above,

14  Defendants' production of CARRP policies and spreadsheet data, *cf.* Dkt. 226-1 at 6-8, cannot be

15  an adequate substitute for the highly relevant information that Plaintiffs can obtain through the

16  A-files. *See supra* pp. 6-8. For similar reasons, courts have permitted discovery about unnamed

17  class members. *See, e.g.*, *All. to End Repression*, 91 F.R.D. at 188.

18       Lastly, Defendants claim that production of the A-files will be "so heavily redacted that

19  Plaintiffs would obtain little, if any, useful information" because the "why" information "will, in

20  most if not all cases, be subject to a law enforcement privilege." Dkt. 226-1 at 6. However, the

21  "why" information in these A-files should be produced for the same reasons the Court has

22  already ordered production of the "why" information in the Named Plaintiffs' A-files. *See* Dkt.

23  98 at 4; Dkt. 221 at 8-14; *supra* pp. 4-16.

24                           **III.   CONCLUSION**

25       Plaintiffs respectfully request the Court grant their motion to compel (Dkt. 221) and deny

26  Defendants' motion for protective order (Dkt. 226).

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL AND OPPOSITION TO DEFENDANTS'
CROSS-MOTION FOR A PROTECTIVE ORDER
(No. 2:17-cv-00094-RAJ) – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Respectfully submitted,                    DATED: March 21, 2019

2    s/ Jennifer Pasquarella                     s/ Harry H. Schneider, Jr.
     s/ Sameer Ahmed                             s/ Nicholas P. Gellert
3    Jennifer Pasquarella (admitted pro hac vice)   s/ David A. Perez
     Sameer Ahmed (admitted pro hac vice)        s/ Cristina Sepe
4    **ACLU Foundation of Southern California**   Harry H. Schneider, Jr. #9404
     1313 W. 8th Street                          Nicholas P. Gellert #18041
5    Los Angeles, CA 90017                       David A. Perez #43959
     Telephone: (213) 977-5236                   Cristina Sepe #53609
6    jpasquarella@aclusocal.org                  **Perkins Coie LLP**
     sahmed@aclusocal.org                        1201 Third Avenue, Suite 4900
7                                                Seattle, WA  98101-3099
     s/ Matt Adams                               Telephone:  206.359.8000
8    Matt Adams #28287                           HSchneider@perkinscoie.com
     **Northwest Immigrant Rights Project**       NGellert@perkinscoie.com
9    615 Second Ave., Ste. 400                   DPerez@perkinscoie.com
     Seattle, WA 98122                           CSepe@perkinscoie.com
10   Telephone: (206) 957-8611
     matt@nwirp.org                              s/ Trina Realmuto
11                                               s/ Kristin Macleod-Ball
     s/ Stacy Tolchin                            Trina Realmuto (admitted pro hac vice)
12   Stacy Tolchin (admitted pro hac vice)       Kristin Macleod-Ball (admitted pro hac vice)
     **Law Offices of Stacy Tolchin**             **American Immigration Council**
13   634 S. Spring St. Suite 500A                100 Summer St., 23rd Fl.
     Los Angeles, CA  90014                      Boston, MA 02110
14   Telephone: (213) 622-7450                   Telephone: (857) 305-3600
     Stacy@tolchinimmigration.com                trealmuto@immcouncil.org
15                                               kmacleod-ball@immcouncil.org

16   s/ Hugh Handeyside
     s/ Lee Gelernt                              s/ Emily Chiang
17   s/ Hina Shamsi                              Emily Chiang #50517
     Hugh Handeyside #39792                      **ACLU of Washington Foundation**
18   Lee Gelernt (admitted pro hac vice)         901 Fifth Avenue, Suite 630
     Hina Shamsi (admitted pro hac vice)         Seattle, WA 98164
19   **American Civil Liberties Union Foundation**  Telephone: (206) 624-2184
     125 Broad Street                            Echiang@aclu-wa.org
20   New York, NY 10004
     Telephone: (212) 549-2616
21   lgelernt@aclu.org
     hhandeyside@aclu.org
22   hshamsi@aclu.org
                                                 *Counsel for Plaintiffs*
23

24

25

26

1

CERTIFICATE OF SERVICE

2

      I certify that on the date indicated below, I caused service of the foregoing document via

3

the CM/ECF system, which will automatically send notice of such filing to all counsel of record.

4

      DATED this 21st day of March, 2019, at Seattle, Washington.

5

6

7

8

9

                         *s/ Cristina Sepe*
                         Cristina Sepe, WSBA No. 53609
                         Perkins Coie LLP
                         1201 Third Avenue, Suite 4900
                         Seattle, WA 98101-3099
                         Telephone: 206.359.8000
                         Facsimile: 206.359.9000
                         Email: CSepe@perkinscoie.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26