THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>Defendants. | No. 2:17-cv-00094-RAJ<br><br>**DEFENDANTS' REPLY TO REPONSE TO MOTION FOR LEAVE TO SUBMIT DOCUMENTS *EX PARTE, IN CAMERA*** |

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

## I.      Introduction

On February 21, 2019, Plaintiffs filed a Motion to Compel, requesting that the Court order Defendants to produce unredacted Alien Files (A-files) for the named Plaintiffs, and a random sample of one hundred A-files of unnamed class members, and to allow Plaintiffs to publicly post a proposed notice soliciting communications from potential class members.  Dkt. 221.  In support of Defendants' opposition (Dkt. 226), Defendants requested that the Court consider, in addition to six public affidavits (Dkt. 226-2), three affidavits *in camera* and *ex parte* as they contained sensitive, privileged and, in part, classified information that cannot be made public.  Dkt. 227.  Opposing Defendants' motion, Plaintiffs raised three objections to the *in camera*, *ex parte* submission:  that Defendants should be precluded from objecting to the discovery of the named Plaintiffs' A-files, that *ex parte* and *in camera* review is unfair, and that Defendants had not met the burden for demonstrating *ex parte*, *in camera* review was required. Dkt. 239.  As Plaintiffs' contentions lack merit, the Court should grant Defendants' motion and consider the affidavits in determining whether the law enforcement privilege protects from disclosure the classified, national security, or otherwise privileged information Plaintiffs seek.

## II.      Argument

It is telling that Plaintiffs devote more than half of their opposition to resurrecting the grievance that they deserved to see the named Plaintiffs' un-redacted A-files "17 months ago," rather than countering the basis for *in camera* review of classified and otherwise highly sensitive information relevant to the matters at hand.  Plaintiffs wrongly charge that Defendants are "serially litigating" a privilege issue decided on October 19, 2017.  The Court clarified that ruling as to the named Plaintiffs' A-files on May 4, 2018 (Dkt. 181 at 2), and again, on February

DEFENDANTS' REPLY TO REPONSE TO MOTION FOR
EX PARTE AND IN CAMERA SUBMISSION
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

-1-

28, 2019 (Dkt. 223 at 7-8) (expressly reserving ruling on privilege claims for A-files and declining to compel production), and approved the very cross-motions briefing underway.  Dkt. 214, 220.  Thus, it is Plaintiffs that repeat arguments the Court has already settled.  In its February 28th order, in particular, the Court ruled that Defendants' withholding of unredacted A-Files was not "substantially unjustified," declined to order the records produced, and declined to address the merits of Defendants' privilege claim, leaving it intact for later determination.  Dkt. 223 at 8.  The Court would presumably address the merits instead when resolving the pending Motion to Compel.

Moreover, Plaintiffs do not contend that assertions of privilege over the requested A-files of random unnamed class members are not properly before the Court.  Nor could Plaintiffs argue that there has been any privilege waiver as to the requested 100 randomized A-files since Defendants properly and timely asserted privilege objections to the Plaintiffs' production request.  Also, Defendants are obviously not required to assert privileges over, or redact unspecified, unidentified A-files.  The issue here is not waiver, but the need for *in camera* review of the privileged information *likely* to be contained in any such A-files, whether for the named Plaintiffs or other class members.  While Defendants have, to the maximum extent possible, endeavored to describe in publicly-filed affidavits why A-files in general contain privileged information (Dkt. 226-2), the *in camera* affidavits are necessary to establish this proposition more specifically, while protecting the very privileged matters at stake.

Plaintiffs are similarly mistaken to suggest that it is impossible to discern the purpose of the *ex parte* affidavits or the points they would support.  In the opposition to the Motion to Compel, Defendants clearly cited the affidavits – including references to where *ex parte* material

DEFENDANTS' REPLY TO REPONSE TO MOTION FOR
EX PARTE AND IN CAMERA SUBMISSION
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

-2-

1    was relevant – and explained the purposes for which they were offered.  Fundamentally,

2    Plaintiffs are complaining that they are unable to access the privileged information.  But it was

3    precisely to address this concern that Defendants filed as much information as possible on the

4    public docket (*e.g.*, the public versions of the Tabb and Allen declarations, and other filed

5    declarations) and cited the *ex parte* declarations when able in their opposition.  Contrary to

6    Plaintiffs' position that they cannot discern to which issues in their Motion to Compel the *ex*

7    *parte* declarations pertain (Dkt. 239 at 3), Defendants' brief included citations to both the

8    classified Tabb declaration (concerning the random A-files of unnamed class members) and the

9    classified Emrich declaration (concerning unnamed Plaintiffs' A-files).  Dkt. 226-1 at 4, 14, 18.

10           Regardless of Plaintiffs' complaints of transparency, simply put, *in camera* and *ex parte*

11    remains the best option to deal with competing priorities:  the need to demonstrate to the Court

12    that the information sought to be withheld is indeed law enforcement sensitive or classified

13    without risking disclosure of information that is potentially damaging to the national interest.

14    *See Arieff v. U.S. Dep't of Navy*, 712 F.3d 1462, 1471 (D.C. Cir. 1983) (approving *ex parte*

15    review of documents in limited circumstances because "the courts have been charged with the

16    responsibility of deciding the dispute without . . . disclosing the very material sought to be kept

17    secret").  Defendants recognize *ex parte* review represents "uneasy compromises with some

18    overriding necessity," *United States v. Thompson*, 821 F.2d 1254, 1258 (9th Cir. 1987), but the

19    fact remains that Courts routinely review sensitive and classified information *ex parte* to assure

20    itself of the Government's claims that information is law enforcement privileged or related to

21    national security.  *See, e.g.*, *United States v. Sedaghaty*, 728 F.3d 885, 908 (9th Cir. 2013)

22    (holding that where classified information was concerned, a "broadside challenge to the *in*

DEFENDANTS' REPLY TO REPONSE TO MOTION FOR
EX PARTE AND IN CAMERA SUBMISSION
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

-3-

1    *camera* and *ex parte* proceedings is a battle already lost in the federal courts"); *Mohamed v.*

2    *Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1081-82 (9th Cir. 2010) (*en banc*).  The Ninth Circuit

3    has long held that "[s]uch a hearing is appropriate if the court has questions about the

4    confidential nature of the information or its relevancy."  *United States v. Klimavicius-Viloria*,

5    144 F.3d 1249, 1261 (9th Cir. 1998).  Indeed, this Court has already approved the use of this

6    procedure to determine whether the release of specific information has "articulable potential to

7    damage the national interest."  Dkt. 181 at 2.

8        Plaintiffs suggest that Defendants should be required to use "mitigation" measures in lieu

9    of *ex parte* submissions, relying on dicta from *Al Haramain Islamic Found., Inc. v. U.S. Dep't of*

10   *Treasury*, 686 F.3d 965, 984 (9th Cir. 2012).  This reliance is fundamentally misplaced.  First,

11   the court in *Al Haramain* itself reviewed a classified record *ex parte* and *in camera*.  *Id*. at 979.

12   The dicta on which Plaintiffs rely dealt not with whether courts can review materials *ex parte*

13   when assessing privilege, but rather with very different questions of administrative due process

14   in the unique context of sanctions imposed by the Department of the Treasury.  Also, the Ninth

15   Circuit has recognized that mitigation measures, even in the context of imposing economic

16   sanctions, "may not always be possible.  For example, an unclassified summary may not be

17   possible because, in some cases, the subject matter itself may be classified and cannot be

18   revealed without implicating national security."  *Id.*; *see also Kasza v. Browner*, 133 F.3d 1159,

19   1166 ("[I]f seeming innocuous information is part of a classified mosaic, the state secrets

20   privilege may be invoked to bar its disclosure and the court cannot order the government to

21   disentangle this information from other classified information.").  As explained in Defendants'

22   opposition and the affidavits made publicly available, Defendants' claim of privilege rests on the

DEFENDANTS' REPLY TO REPONSE TO MOTION FOR
EX PARTE AND IN CAMERA SUBMISSION
(2:17-CV-00094-RAJ)

-4-

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

1   potential damage to law enforcement functions from revealing aspects of their operations, and (in

2   the case of the *ex parte* Tabb and Emrich declarations) the protection of classified information.

3   As also explained, the affidavits addressing why and how that information pertains to

4   investigatory techniques are themselves sensitive, privileged and non-public; they are in part

5   classified. *See generally* Dkt. 226-1, 227.  In this circumstance, *ex parte* submission to explain

6   fully to the Court the law enforcement functions and national security information at risk is

7   manifestly appropriate. *See, e.g.*, *Fazaga v. FBI*, 884 F. Supp. 2d 1022, 1030 (C.D. Cal. 2012).

8   Plaintiffs suggest, for example, that Defendants should burden the Court with an *in camera*

9   examination of many thousands of pages that would comprise 100 randomized A-files, going far

10  beyond the Court's previous *in camera* examination of "why information" pertaining to 50

11  randomly-selected unnamed class members.  The Court previously found in Defendants' favor,

12  based on that *in camera* inspection, that the Defendants are not required to produce "case-by-

13  case determinations."  Dkt. 183 at 2.  There is no reason for the Court to engage in a far more

14  extensive and laborious *in camera* inspection here only to reach the same foreseeable outcome.

15      Similarly, Plaintiffs' reliance on Department of Homeland Security regulations on this

16  point does nothing to aid their cause.  First, Defendants are not seeking *ex parte* and *in camera*

17  procedures to adjudicate the merits of this case – only to protect privileged information not

18  required for Plaintiffs to litigate their case. *See generally*, Dkt. 226-1.  Moreover, the cited

19  regulation states that "[a]n applicant or petitioner *shall not* be provided with any information

20  contained in the record or outside the record which is classified."  8 C.F.R. 103.2(b)(16)(iv)

21  (emphasis added).  The regulation makes a limited exception where the classifying authority has

22  agreed in writing to the disclosure or where the general nature of the information may be

DEFENDANTS' REPLY TO REPONSE TO MOTION FOR
EX PARTE AND IN CAMERA SUBMISSION
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

-5-

1   disclosed "consistently with safeguarding both the information and its source." *Id.*  Here, the

2   general nature has been disclosed – both the information redacted from the A-files and the

3   affidavits provide details related to the government's law enforcement operations and procedures

4   – and further disclosures cannot be made without risk to the information.

5          As Defendants explained in their opposition to the Motion to Compel, the submitted

6   information is essential to the Court's understanding of the claimed governmental privileges.

7   Substantiating this claim via *ex parte* and *in camera* procedures to provide privileged, and in part

8   classified, information to the Court is unexceptional.  *Kasza*, 133 F.3d at 1169.  Accordingly, the

9   Court should grant Defendants' motion.

10  **III.      Conclusion**

11         For the foregoing reasons, the Court should grant *in camera* and *ex parte* review of the

12  proffered affidavits.

13

14

15

16

17

18

19

20

21

22

DEFENDANTS' REPLY TO REPONSE TO MOTION FOR
EX PARTE AND IN CAMERA SUBMISSION
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
-6-               Washington, DC 20044
(202) 616-4900

Dated:  March 22, 2019                              Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
U.S. Department of Justice                          DANIEL E. BENSING
                                                    Senior Trial Counsel
AUGUST FLENTJE                                      Federal Programs Branch
Special Counsel
Civil Division                                      /s/ *Leon B. Taranto*
                                                    LEON B. TARANTO
ETHAN B. KANTER                                     Trial Attorney
Chief, National Security Unit                       Torts Branch
Office of Immigration Litigation
Civil Division                                      BRENDAN T. MOORE
                                                    Trial Attorney
DEREK C. JULIUS                                     Office of Immigration Litigation
Assistant Director
Office of Immigration Litigation                    LINDSAY M. MURPHY
Civil Division                                      Counsel for National Security
                                                    National Security Unit
BRIAN T. MORAN                                      Office of Immigration Litigation
United States Attorney
                                                    ANDREW C. BRINKMAN
BRIAN C. KIPNIS                                     Senior Counsel for National Security
Assistant United States Attorney                    Office of Immigration Litigation
Western District of Washington
                                                    *Counsel for Defendants*

DEFENDANTS' REPLY TO REPONSE TO MOTION FOR          UNITED STATES DEPARTMENT OF JUSTICE
EX PARTE AND IN CAMERA SUBMISSION                   Civil Division, Office of Immigration Litigation
(2:17-CV-00094-RAJ)                                 Ben Franklin Station, P.O. Box 878
                                         -7-        Washington, DC 20044
                                                    (202) 616-4900

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on March 22, 2019, I electronically filed the foregoing with the Clerk

3    of the Court using the CM/ECF system, which will send notification of such filing to all counsel

4    of record.

5

6                                                          /s/ Leon B. Taranto
                                                           LEON B. TARANTO
7                                                          Trial Attorney
                                                           Torts Branch, Civil Division
8                                                          U.S. Department of Justice
                                                           175 N Street, N.E., Room 11-220
9                                                          leon.b.taranto@usdoj.gov
                                                           Phone: (202) 616-4231

10

11

12

13

14

15

16

17

18

19

20

21

22