District Judge Richard A. Jones

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>Defendants. | Case No. 17-cv-00094-RAJ<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS** |

## INTRODUCTION

Defendants oppose the amount of fees that Plaintiffs seek in their Supplemental Brief in support of their Motion for Sanctions, Dkt. 231. Plaintiffs request that this Court award them $73,476.08 in attorneys' fees for work on the sanctions motion. Dkt. 231 at 1. As explained below, Plaintiffs merit no more than **$10,336.15** in fees. This is in part because their attorneys' billing records contain duplicative, vague, and excessive entries. Additionally, the Court's February 27, 2019 Order on the Motion for Sanctions denied Plaintiffs' request for relief on all three of the substantive grounds sought, and granted only the request to award attorneys' fees. A reduction commiserate with Plaintiffs' rate of success on their Motion for Sanctions is therefore also warranted.

## LEGAL STANDARD

Payment of attorneys' fees under Rule 37(b) must be "reasonable" and "caused by" the party's failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(C). The starting point for

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 1

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

determining whether a fee is reasonable is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of "documenting the appropriate hours expended . . . [and] submit[ting] evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 437). The Court may exclude any hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 433–34. Moreover, the fee applicant must exercise "billing judgment," *i.e.*, the fees must be for services for which a private client would pay. *See id.* ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.").

## ARGUMENT

### I. The Court should exclude certain fee requests as duplicative, vague, excessive, and internally inconsistent.

Overall, Plaintiffs' fee request is excessive and unreasonable. Plaintiffs' counsel did not exercise sound billing judgment in requesting over $73,000 for preparing a 16-page motion and an 8-page reply because such an excessive rate would not be properly billed to Plaintiffs' counsel's clients. Indeed, Plaintiffs' counsel's billing records demonstrate duplicative billing, billing for clerical tasks, block billing, and inconsistent time entries, all of which would not be reasonably pushed onto a client. Likewise, such excessive and redundant fees are not properly billed to the Government, and should be reduced to a reasonable amount.

#### A. *Plaintiffs' requested fees are unreasonably duplicative because nine attorneys billed time for the same tasks.*

While participation of multiple attorneys in a large class action case is not unreasonable, duplicate and redundant billing is impermissible. *Hensley*, 461 U.S. at 434. Indeed, cases may be "overstaffed," and attorneys must use proper billing judgment in assessing fees, just as they are ethically obligated to do for their clients. *Id.* Thus, "substantial reductions" of attorneys' fees are warranted when a party's documented hours are replete with "needless peer review."

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 2

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

1  *Grove Cement Co. v. Liberty Mut. Ins. Co.*, 649 Fed. Appx. 585, 589 (9th Cir. 2016); *cf. Jackson*
2  *ex rel. Dupree v. Director, Office of Workers' Compensation Programs*, 505 Fed. Appx. 616,
3  617 (9th Cir. 2013) (upholding disallowance of 60.6 of the 80.4 hours spent on two reply briefs
4  because the hours were "duplicative" and excessive.).

5      Here, Plaintiffs impermissibly request duplicative fees for multiple attorneys to review
6  and edit the same motion and reply brief. *See generally* Ex. 1. For example, eight attorneys
7  "reviewed" or revised Ms. Hennessey's Motion for Sanctions, and all eight attorneys billed for
8  that review. *Id.* Nonetheless, Ms. Hennessey's billing entries indicate that her primary reviewer
9  was David Perez, and she specifically billed her time to "incorporate D. Perez edits" into the
10 motion. *See id.* at 5. As it is reasonable to bill a client for one senior attorney's review and edits,
11 Defendants do not challenge the hours for Mr. Perez's edits given that he appeared to be the
12 principal reviewer of the motion. *Id.* The remaining seven attorneys' "review," however, is
13 needless peer review, unreasonably duplicative, and would not ordinarily be billed to a client.
14 *Ash Grove Cement Co.*, 649 Fed. Appx. at 589. Accordingly, the Court should exclude these
15 duplicative time entries for review and editing by seven of the eight reviewing attorneys as
16 unreasonable, thereby reducing the attorney fees by $18,180.05. Fed. R. Civ. P. 37(b)(2)(C);
17 *Grove Cement Co.*, 649 Fed. Appx. at 589; Ex. 1 at 10.

18     **B. This Court should exclude attorneys' fees that are unclear, clerical, or are not
19 attributable to the motion for sanctions.**

20     The Court should deny or reduce fees that are not facially attributable to remedying the
21 party's failure to comply with a court order. Fed. R. Civ. P. 37(b)(2)(C) (courts may order a
22 party to pay the reasonable expenses "caused by the failure" to comply with a court order); *see
23 also*, *e.g.*, *Fischer v. SJB–P.D. Inc.,* 214 F.3d 1115, 1121 (9th Cir. 2000) ("Where billing records
24 are lacking in detail, a reviewing court may reduce the fee to a reasonable amount."). Time
25 entries are unreasonably ambiguous when the court cannot discern how the time billed is directly
26 attributable to the case at hand. *Center for Food Safety v. Vilsack*, No. C–08–00484 JSW, 2011
27 WL 6259891 at *8 (N.D. Cal. Oct. 13, 2011).

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 3

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

Block billing, *i.e.*, when lawyers aggregate multiple smaller tasks into a single "block" time entry, is unreasonably ambiguous because it disables a court from reasonably discerning how an attorney attributed his or her time. Block billing not only makes it more difficult to determine the time reasonably expended on tasks, but because block billing hides accountability, it may increase the time sought by 10% to 30% by lumping together tasks. *See Yeager v. Bowlin*, No. 2:08-102, 2010 WL 1689225, at *1 (E.D. Cal. Apr. 26, 2010); *aff'd* 495 Fed. App'x 780 (9th Cir. 2010) (citation omitted); *see also Brandt v. Astrue*, No. 08–0658, 2009 WL 1727472, at *4 (D. Or. Jun. 16, 2009) (reducing the hours counsel block billed by 50 percent). Thus, where a fee applicant chooses to "block bill some of its time rather than itemize each task individually," the court may "impose a reduction," as long as it explains how the reduction properly balances the hours that counsel actually billed. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (citations omitted).

Plaintiffs' billing records include fourteen block-billing entries, which create unreasonable ambiguity, shield accountability, and likely increase the overall time entry. Dkt. 232-1, 233, 234, 235, 236, 237; *see also* Ex. 1 at 9 (listing the 14 block-billing objections).[1] Indeed, many of the entries block billed contain clerical tasks, or tasks unrelated to the motion for sanctions. For example, on March 23, 2018, Nicolas Gellert billed 0.6 hours for considering sanctions strategy and "potential referral to magistrate"—a task wholly unrelated to the sanctions motion. *Id.* at 2. Ms. Hennessey billed 4.0 hours, totaling $1,960, for "finalizing papers and oversee filing of motion for sanctions," which includes non-compensable, clerical work. *Id.* at 6; *see Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) ("When clerical tasks [such as the "filing"] are billed at hourly rates, the court should reduce the hours requested to account for the billing errors."). In fact, 4 of the 14 block-billing entries include clerical tasks: Ms. Macleod-Ball's March 27, 2018 entry ($415.26); Ms. Tolchin's March 27, 2018 entry ($338.43); and Ms.

---

[1] Defendants only request that the Court reduce those block billed time entries not already deducted for duplicative entries. *See* Ex. 1 at 10.

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 4

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

Hennessey's March 19 and 29, 2018 entries ($2,450 total).  *See* Ex. 1 at 5, 6, 8, and 9.  Because these reported hours are improperly inflated as a result of block billing, Defendants seek a 50% reduction of these block-billed hours, resulting in a $7,946.39 reduction.  Ex. 1 at 9; *Brandt*, 2009 WL 1727472, at *4

As with block billing, courts cannot discern whether billing entries were reasonable when an entry's description only consists of "conferences" or "telephone calls" without describing the subject of the entry.  *Prineville Sawmill Co. v. Longview Fibre Co.*, No. 01–1073, 2003 WL 23957141, at *2 (D. Or. Apr. 23, 2003).  In particular, on March 30, 2018, Attorney Matt Adams billed $815.62 for "Call with ACLU, re next steps."  Ex. 1 at 1.  Since the entry does not sufficiently describe what the call was about, the Court cannot determine whether the call was related to the sanctions motion.  It should therefore further reduce the fee award by $815.62.  *Id.* at 10.

Similarly, excessive time entries are unreasonable.  Although emails are certainly an important part of litigation strategy, time for emailing may be excessive, especially when it pertains to "status updates."  *Cascadia Wildlands v. Bureau of Land Management*, 987 F. Supp.2d 1085, 1096 (D. Or. 2013); *see also Transamerica Life Ins. Co. v. Shubin*, No. 1:11–cv–01958, 2012 WL 2839704, at *11 (E.D. Cal. Jul. 10, 2012) (excluding time for "preparing and exchanging emails").  Further, courts may adjust an attorney's billed hours for drafting a motion for sanctions if the hours exceed a reasonable amount.  *Vasquez v. City of Colton*, No. 5:08–CV–01629, 2011 WL 744916, at *2 (C.D. Cal. Feb. 23, 2011) (reducing billed hours by 14 hours because counsel's 28.9 hours for researching and drafting motion for sanctions were excessive); *see also Colony Ins. Co. v. Kuehn*, No. 2:10–CV–01943, 2011 WL 4729954, at *2 (D. Nev. Oct. 5, 2011) (concluding that 24.4 hours of attorney work was excessive to prepare a motion for sanctions that should reasonably require no more than 14 hours of attorney labor).  In *Vasquez*, the defendants' sanctions motion totaled 12 pages and their corresponding objections brief totaled 2 pages, *see Vasquez v. City of Colton*, No. 5:08–CV–01629 (C.D. Cal. Jan. 6, 2011), Dkt. Nos. 31, 39, and in *Colony Ins. Co.*, the sanctions motion at issue totaled 11 pages, *Colony*

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 5

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

*Ins. Co. v. Kuehn*, No. 2:10–CV–01943 (D. Nev. Jul 5., 2011), Dkt. No. 40, resulting in hours to page ratios of 1.06 and 1.27, respectively.  Here, Plaintiffs' counsel seeks a total of 132.25 hours for 24 pages of briefing, resulting in an hours to page ratio of 5.51.

Here, several of Ms. Hennessey's time entries are either excessive because they are status-update emails that exceed one hour or they are excessive in relation to the work produced. Ms. Hennessey billed 1 hour for "email regarding finalization of motion for sanctions," 1.6 hours for "email regarding details for motion for sanctions," and 1.5 hours for "email regarding motion for sanctions and related documentation."  Ex. 1 at 5-6.  Ms. Hennessey also billed over 17 hours for outlining and drafting the 16-page Motion, 10.2 hours more for "editing" the brief after her supervisor expended several hours revising it, and an additional 7.9 hours for "finalizing" that same motion. Ex. 1 at 4-6.  One attorney billing 35.1 hours for a 16-page motion for sanctions is excessive—especially considering the additional 9 hours that her colleague, David Perez, billed for reviewing and editing it—and an attorney would likely not bill a client for so many hours given the nature and length of the motion. *Colony Ins. Co.*, 2011 WL 4729954, at *2.  Thus, in light of the excessive billing entries for status-update emails and for drafting the Motion for Sanctions, Defendants request that the Court apply a 50% reduction of these excessive fees, or $2,572.50. Ex. 1 at 10.

Lastly, attorneys' fees for purely clerical work, such as "document organization," are not reasonably compensable; rather, they should be included in an attorney's overhead costs. *E.g., Nadarajah*, 569 F.3d at 921.  Because Ms. Hennessey's March 20, 2018 one-hour entry description for "review and edit time entries" is purely clerical work, it should likewise be excluded. *See* Ex. 1 at 5.  The Court should therefore deduct an additional $490.00 for Ms. Hennessey's clerical entry.

### C. This Court should exclude attorneys' fees for inconsistent and irreconcilable billing entries or, alternatively, accept the lowest recorded time entry.

When inconsistencies in attorneys' time entries are "irreconcilable," courts reduce the recoverable hours. *Santiago v. Equitable Ascent Financial*, No. 11–3158, 2013 WL 3498079, at

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 6

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

\*6 (N.D. Cal. Jul. 12, 2013) (citing *Cotton v. City of Eureka, Cal.*, 889 F. Supp.2d 1154, 1179 (N.D. Cal. 2012)). Billing entries for calls with "co-counsel" that lack corresponding entries by co-counsel "raise[] suspicion about the accuracy of the records." *Id.* (eliminating inconsistent billing entries where one attorney billed five calls to co-counsel while the co-counsel's record contained no such entries).

Here, several inconsistent time entries for telephone conferences call into question the accuracy of Plaintiffs' counsels' time entries. Sameer Ahmed twice billed for "meet and confer" calls on March 1 and March 5, 2018 that no other attorney billed for. *See* Ex. 1 at 7. Likewise, Stacy Tolchin billed $473.80 for a "Call with Team" on March 7, 2018, but no one else on the team has such an entry. *Id.* at 8. Additionally, there are some internal inconsistencies in the time each attorney reported for certain events. On March 21, 2018, for instance, Mr. Handeyside and Ms. Tolchin report that their conference call lasted 0.6 hour, which Mr. Perez similarly reported as 0.5 hour. Ex. 1 at 1, 8. Ms. Hennessey, however, billed 1.0 hour for that same call. *Id.* at 5. Then, again, Ms. Hennessey and Ms. Tolchin billed 0.6 hour for a conference call on March 27, 2018, while Mr. Ahmed reported that the call lasted 1.0 hour. *Id.* at 6, 7, 8. Because these entries are irreconcilable based on the time-entry descriptions and raise suspicion of their accuracy, Plaintiffs have not met their burden of documenting the hours expended. The Court should thus exclude these inconsistent entries or use the lowest time entry to calculate the proper fees. *Santiago,* 2013 WL 3498079, at \*6. As a result, Plaintiffs' irreconcilable time entries merit a further $2,126.91 decrease. Ex. 1 at 10.

\* \* \*

After deducting all fees for objections due to unreasonable time entries, the only reasonable fees compensable to Plaintiffs under Rule 37(b) are $41,344.61. Ex. 1 at 9; Fed. R. Civ. P. 27(b)(2)(C). This amount, however, should be further reduced to reflect Plaintiffs' partial success in litigating the motion for sanctions.

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 7

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

## II. This Court should further reduce Plaintiffs' fees because Plaintiffs were only partially successful on their Motion for Sanctions.

Since this Court granted Plaintiffs' Motion for Sanctions only in part, it should correspondingly reduce its award of attorneys' fees. *See* Order, Dkt. 223 at 11. When a party has achieved "only partial or limited success," a court may reduce the award to account for the limited success. *Hensley*, 461 U.S. at 436–37. When it is impracticable to identify which hours counsel spent on the successful portion and which hours counsel spent on the unsuccessful portion, a "general reduction of the compensatory sanctions" is appropriate. *U.S. v. Bright*, No. 07–00311, 2010 WL 2734779, at *11 (D. Haw. Jul. 9, 2010); *see also Puente Arizona v. Penzone*, No. CV-14-01356, 2017 WL 4805116, at *4 (D. Ariz. Oct. 25, 2017). Here, although this Court granted Plaintiffs' request for attorneys' fees, it denied Plaintiffs' request that the Court order production of unredacted A-files, as well as their requests for production of an unredacted class list and compliance with the PETT Order. Dkt. 223 at 4-5, 7-8. Because Plaintiffs were only partially successful in litigating their Motion for Sanctions, Defendants request that this Court reduce their fee award by 75% to $10,336.15 to reflect the percentage of arguments Plaintiffs prevailed on in their Motion.

Alternatively, the Court could award a 50% reduction in fees to $20,672.31 because the Court granted "Section A" of Plaintiffs' motion for sanctions requesting attorneys' fees but denied "Section B" of the motion—the second half of Plaintiffs' requested relief—seeking that the Court order production of unredacted A-Files, production of an unredacted class list, and compliance with the PETT Order. Dkt. 223 at 7-8. Regardless, because Plaintiffs had only partial success in their motion, and also because it is impractical to try to decipher which hours counsel spent on the attorneys' fees portion of the motion for sanctions, this Court should apply a general reduction of the compensatory sanctions.

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 8

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

## CONCLUSION

Because Plaintiffs failed to meet their burden of appropriately documenting and submitting evidence in support of the hours their attorneys expended on their Motion for Sanctions, this Court should reduce their fees to $41,344.61, as calculated and explained in Exhibit 1 at 9-10. Further, because Plaintiffs did not succeed on three of the four requests in their Motion for Sanctions, it should further reduce their award to $10,336.15 to account for that rate of success. Alternatively, at least a 50% reduction of their overall award is warranted as explained above. Defendants, therefore, request that this Court exercise its discretion and reduce Plaintiffs' fees for their Motion for Sanctions to **$10,336.15** (or alternatively to **$20,672.31** if applying a 50% reduction).

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 9

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

DATED this 27th day of March, 2019

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
U.S. Department of Justice

AUGUST FLENTJE
Special Counsel
Civil Division

ETHAN B. KANTER
Chief, National Security Unit
Office of Immigration Litigation
Civil Division

DEREK C. JULIUS
Assistant Director
Office of Immigration Litigation
Civil Division

BRIAN T. MORAN
United States Attorney

BRIAN C. KIPNIS
Assistant United States Attorney
Western District of Washington

Respectfully submitted,

DANIEL E. BENSING
Senior Trial Counsel
Federal Programs Branch

LEON B. TARANTO
Trial Attorney
Torts Branch

BRENDAN T. MOORE
Trial Attorney
Office of Immigration Litigation

ANDREW C. BRINKMAN
Senior Counsel for National Security
Office of Immigration Litigation

/s/ Lindsay M. Murphy
LINDSAY M. MURPHY
Counsel for National Security
National Security Unit
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

*Counsel for Defendants*

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ] - 10

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the plaintiffs.

/s/ Lindsay M. Murphy
LINDSAY M. MURPHY
Counsel for National Security
National Security Unit
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044

DEFENDANTS' OPPOSITION BRIEF
[Case No. 17-cv-00094-RAJ]

Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-4900