THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

DONALD TRUMP, President of the United States, *et al.*,

Defendants.

No. 2:17-cv-00094-RAJ

**PLAINTIFFS' MOTION TO COMPEL DOCUMENTS WITHHELD UNDER THE LAW ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES**

**NOTE ON MOTION CALENDAR: April 26, 2019**



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........................................ 1

II. PROCEDURAL BACKGROUND ........................................ 1

A. The Court Ordered the Production of Revised Law Enforcement Privilege Logs ........................................ 1

B. Recent Developments ........................................ 1

III. MEET AND CONFER CERTIFICATION ........................................ 2

IV. ARGUMENT ........................................ 2

A. The Defendants' Privilege Logs are Insufficient ........................................ 2

B. Legal Standard Governing the Law Enforcement Privilege ........................................ 3

C. The Balancing Test Weighs in Favor of Disclosing Documents that are Highly Relevant to Plaintiffs' Claims ........................................ 4

1. The Challenged Documents ........................................ 4

2. Balancing Test ........................................ 7

a. Factor 1 ........................................ 8

b. Factor 2 ........................................ 8

c. Factor 3 ........................................ 8

d. Factor 4 ........................................ 9

e. Factor 5 ........................................ 9

f. Factor 6 ........................................ 9

g. Factor 7 ........................................ 10

h. Factor 8 ........................................ 10

i. Factor 9 ........................................ 10

j. Factor 10 ........................................ 10

D. Deliberative Process Privilege ........................................ 10

1. Legal Standard ........................................ 11

2. Plaintiffs' Interest in DEF-0094269 Outweighs the Government's Interest in Non-Disclosure. ........................................ 11

V. CONCLUSION ........................................ 12




**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Marion Cty. Sheriff's Dep't*,
220 F.R.D. 555 (S.D. Ind. 2004)....................................9

*Ariz. Dream Act Coal. v. Brewer*,
No. CV-12-02546-PHX-DGC, 2014 WL 171923 (D. Ariz. Jan. 15, 2014)....................................12

*Conan v. City of Fontana*,
No. EDCV 16-1261-KK, 2017 WL 2874623 (C.D. Cal. July 5, 2017)....................................3

*FTC v. Warner Commc'ns*,
742 F.2d 1156 (9th Cir. 1984)....................................11

*Ibrahim v. Dep't of Homeland Sec.*,
C 06-00545 WHA, 2009 WL 5069133 (N.D. Cal. Dec. 17, 2009), *vacated and remanded on other grounds*, 669 F.3d 983 (9th Cir. 2012)....................................8

*Ibrahim v. Dep't of Homeland Sec.*,
No. C 06-00545 WHA, 2013 WL 1703367 (N.D. Cal. Apr. 19, 2013)....................................4, 7, 8

*In re Anthem, Inc. Data Breach Litig.*,
236 F. Supp. 3d 150 (D.D.C. 2017)....................................3, 4, 7

*In re Sealed Case*,
856 F.2d 268 (D.C. Cir. 1988)....................................3

*In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*,
145 F.3d 1422 (D.C. Cir.), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998)....................................11

*Kelly v. City of San Jose*,
114 F.R.D. 653 (N.D. Cal. 1987)....................................8, 9, 10

*MacNamara v. City of New York*,
249 F.R.D. 70 (S.D.N.Y. 2008)....................................8

*Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York*,
194 F.R.D. 88 (S.D.N.Y. 2000)....................................8

*Rodriguez v. City of Fontana*,
No. EDCV 16-1903-JGB, 2017 WL 4676261 (C.D. Cal. Oct. 17, 2017)....................................12



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Shah v. Dep't of Justice*,
714 F. App'x 657 (9th Cir. 2017) ....................3

*Stephens Produce Co., Inc. v. N.L.R.B.*,
515 F.2d 1373 (8th Cir. 1975) ....................3

*U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*,
No. C13-2041, 2014 WL 5465808 (N.D. Iowa Oct. 28, 2014) ....................3

**STATUTES**

8 U.S.C. § 212(a)(3)(A) ....................6

8 U.S.C. § 212(a)(3)(B) ....................6

8 U.S.C. § 212(a)(3)(F) ....................6

8 U.S.C. § 237(a)(4)(A) ....................6

8 U.S.C. § 237(a)(4)(B) ....................6



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. INTRODUCTION

In this lawsuit challenging the Controlled Application Review and Resolution Program ("CARRP") and related extreme vetting programs, Defendants have invoked the law enforcement privilege in withholding or redacting hundreds of documents. From those, Plaintiffs have identified a narrow subset of 25 that appear to be especially relevant. As to these documents, the applicable balancing test weighs in favor of disclosure. Defendants also assert the deliberative process privilege over three of the 25 documents, but Plaintiffs' interests weigh in favor of disclosure. Plaintiffs ask the Court to compel the production of these documents without redactions, or if necessary, under an Attorneys Eyes' Only protective order. In the alternative, Plaintiffs request that the Court review the 25 documents *in camera* to determine whether Defendants should produce them unredacted to Plaintiffs.

## II. PROCEDURAL BACKGROUND

### A. The Court Ordered the Production of Revised Law Enforcement Privilege Logs

On February 8, 2018, Plaintiffs filed a motion to compel challenging Defendants' assertion of the law enforcement privilege with respect to the documents in Volumes 1-4 of Defendants' discovery production. Dkt. 109. Plaintiffs argued that Defendants had failed to properly invoke the law enforcement privilege because they declined to provide an affidavit from a department head and proper privilege logs.

On April 11, 2018, the Court issued an order holding in part that Defendants had failed to properly invoke the law enforcement privilege. Dkt. 148 at 3. The Court also found Defendants' privilege logs insufficient and ordered them to produce revised logs. *Id.* at 4-5.

### B. Recent Developments

The parties have met and conferred several times regarding Defendants' assertions of the law enforcement privilege. After meeting and conferring on July 20, 2018, the parties agreed they were at an impasse. *See* Declaration of Sameer Ahmed ISO the Motion to Compel ("Ahmed Decl.") ¶ 2. Plaintiffs then culled 38 documents that appeared particularly relevant to Plaintiffs'



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

claims from the hundreds of withheld or redacted documents asserting the law enforcement privilege. *Id.* at ¶ 3. On October 5, 2018, Plaintiffs sent Defendants the list of 38 documents they intended to request in this motion. *Id.* at ¶ 4. After meeting and conferring on October 15, 2018, Defendants agreed to review and possibly reproduce those documents with fewer or no redactions. *Id.* On December 5, 2018, Defendants finished reproducing all the requested documents, most of which contained fewer, but still significant, redactions. *Id.* at ¶ 5. Many of the documents still contain redactions in areas that appear to be relevant to Plaintiffs' claims. *Id.* From the reproduced documents and after further discussions with the Defendants, Plaintiffs narrowed the scope of their request to 25 documents that still include redactions in areas believed to be most relevant to Plaintiffs' claims. *Id.* ¶¶ 6-7. Three of the 25 documents contain deliberative process privilege redactions. *Id.* at ¶ 9. For the reasons set forth below, this motion addresses the deliberative process privilege assertions contained in DEF-0094269 alone.

## III. MEET AND CONFER CERTIFICATION

On March 29, 2019, the parties held a final telephonic meet and confer, in good faith, to avoid the Court's involvement in this dispute. The parties included Andrew Brinkman, Joseph Carilli, and Jesse Busen for the Defendants and Sameer Ahmed, Nicholas Gellert, Cristina Sepe, and Heath Hyatt for the Plaintiffs. Ahmed Decl. ¶ 8. Plaintiffs requested that Defendants produce unredacted versions of the remaining 25 documents. *Id.* ¶ 6. On April 5, 2019, Defendants responded in writing refusing that request. *Id.* ¶ 7. The parties are at an impasse.

## IV. ARGUMENT

### A. The Defendants' Privilege Logs are Insufficient

The reproduced privilege logs asserting the law enforcement and deliberative process privileges are insufficient because they fail to adequately describe and justify why the privileges apply to these documents. Defendants have had multiple opportunities to provide satisfactory privilege logs but have failed to do so. It is Plaintiffs' position that Defendants should not be given any further opportunities to revise their logs.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**B. Legal Standard Governing the Law Enforcement Privilege**

Although Defendants broadly invoke a "law enforcement privilege," neither the Supreme Court nor the Ninth Circuit has recognized such a privilege. *See Shah v. Dep't of Justice*, 714 F. App'x 657, 659 n.1 (9th Cir. 2017). District courts within the Ninth Circuit have looked to other courts of appeals for guidance on what the privilege might cover, assuming it exists.

"The so-called 'law enforcement privilege' is 'a limited evidentiary privilege which protects the informal investigatorial and trial-preparatory processes of regulatory agencies.'" *U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, No. C13-2041, 2014 WL 5465808, at *8 (N.D. Iowa Oct. 28, 2014) (quoting *Stephens Produce Co., Inc. v. N.L.R.B.*, 515 F.2d 1373, 1376 (8th Cir. 1975)). "The privilege is 'a very narrow one' and the 'mere incantation' of the stated policy behind it is not always 'necessarily sufficient to bring the privilege into effect.'" *Id.* (quoting *Stephens*, 515 F.2d at 377).

"The party claiming the privilege has the burden to establish its existence." *Conan v. City of Fontana*, No. EDCV 16-1261-KK, 2017 WL 2874623, at *4 (C.D. Cal. July 5, 2017). "To prevent a document's disclosure under this privilege, the Executive Branch must establish that (1) the head of the department, who had some control over the information, made a formal claim of privilege; (2) that individual had personally considered the basis for raising the privilege; and (3) the information for which the privilege is claimed, described in detail, properly falls within the scope of the privilege." *In re Anthem, Inc. Data Breach Litig.*, 236 F. Supp. 3d 150, 159 (D.D.C. 2017). The Court confirmed in its April 11, 2018 Order that Defendants must satisfy these requirements to properly invoke the privilege. *See* Dkt. 148 at 3.

The law enforcement privilege is qualified rather than absolute, which means that even if the above elements are satisfied and the information properly falls within the scope of the privilege, "[t]he public interest in nondisclosure must be balanced against the need of a particular litigant for access to the privileged information." *In re Sealed Case*, 856 F.2d 268, 272 (D.C. Cir. 1988). When striking the balance, courts may consider the following ten factors:



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*Ibrahim v. Dep't of Homeland Sec.*, No. C 06-00545 WHA, 2013 WL 1703367, at *4 (N.D. Cal. Apr. 19, 2013). Additionally, the existence of a protective order that safeguards confidential information weighs in favor of disclosure. *In re Anthem*, 236 F. Supp. 3d at 167.

**C. The Balancing Test Weighs in Favor of Disclosing Documents that are Highly Relevant to Plaintiffs' Claims**

Plaintiffs' need for the 25 documents identified here—a very small subset of the hundreds of documents over which Defendants have asserted the privilege—outweighs Defendants' purported interests in nondisclosure. Further, the Protective Order in this case would sufficiently mitigate the risks, if any, that may arise from disclosure. To the extent the Court determines that the Protective Order may not be sufficient, the Court may order production of the documents on an Attorneys Eyes Only (AEO) basis to further mitigate any risk of disclosure.

**1. The Challenged Documents**

The 25 documents appear highly relevant to Plaintiffs' claims. They are listed here, grouped into five categories:

<u>1. Documents that discuss non-statutory indicators of alleged national security concerns</u>:

1. CARRP Operational Guidance: Attachment A - Guidance for Identifying National Security Concerns [DEF-0094536 to DEF-0094544];
2. National Security Indicator Training, January 2017 [DEF-0094351 to DEF-0094535];
3. National Security Indicator Training, January 2017 [DEF-00095125 to DEF-00095285];
4. National Security Indicator Training, August 2017 [DEF-0094804 to DEF-0094966];
5. National Security Indicator Training, August 2017 [DEF-00095597 to DEF-00095757];



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

6. National Security Indicator Training, August 2017 [DEF-0094630 to DEF-0094792];
7. FDNS Officer Basic Training: Identification of a NS Concern [DEF-00095871-00095962].

2. Documents describing CARRP's "articulable link" requirement:

8. FDNS-DS User Guide Updates & Articulable Link Training [DEF-00095963 to DEF-00096057].

3. Documents describing CARRP policies and procedures:

9. Policy Memorandum 602-XXXX [DEF-0094235 to DEF-0094252];[1]
10. Executive Summary Re: CARRP Re-designated as Situational Review Process (SRP) [DEF-0094269 to DEF-0094270];[2]
11. Senior Policy Council - Briefing Paper [DEF-0094275 to DEF-0094277];
12. CARRP Adjudicator Training - Instructor Guide [DEF-0094295 to DEF-0094348];
13. CARRP Policy/Guidance Questions [DEF-0094974 to DEF-0094978];[3]
14. FDNS Officer Basic Training: National Security Instructor Guide [DEF-00095760 to DEF-00095870];
15. USCIS Shark Tank [DEF-0094994 to DEF-0095008];
16. CARRP Overview - Refugee Asylum, and International Operations Directorate (RAIO) Pre-Deployment Training [DEF-0094545 to DEF-0094629];
17. [Redacted]: Where Do They Come From and Where Do They Go [DEF-00095123];
18. Where Do [Redacted] Come From? [DEF-00095124].

4. Documents relating to case prioritization:

19. Case Prioritization Intelligence Assessment (CPIA) [DEF-0094271 to DEF-0094274].

5. Documents relating to procedures for vetting cases with alleged national security concerns:

20. FDNS Continuous Immigration Vetting (CIV) Overview [DEF-00096101 to DEF-00096104];
21. Operational Guidance for Vetting and Adjudicating Cases with National Security Concerns [DEF-00095009 to DEF-00095054];
22. Additional Guidance on Issues Concerning the Vetting and Adjudication of Cases Involving National Security Concerns [DEF-0094260 to DEF-0094268];
23. Interim Operational Guidance Pertaining to the Vetting and Adjudication of Cases with National Security Concerns [DEF-00096058 to DEF-00096100];

---

[1] Defendants did not change the scope of redactions in this document in the reproduced version. Defendants' reproduced version now asserts the deliberative process privilege and the law enforcement privilege. Plaintiffs moved to compel this document without deliberative process privilege redactions and that motion is currently before the Court. Dkt. 194; *see* Ahmed Decl. ¶ 9. Plaintiffs request lifting the law enforcement privilege redactions here.

[2] Defendants did not change the scope of redactions in this document in the reproduced version. Their log asserts both the law enforcement privilege and the deliberative process privilege but their redactions now only claim the deliberative process privilege. Ahmed Decl. ¶ 9.

[3] While Defendants lifted redactions on parts of this document, a number of redactions remain, all of which assert only the law enforcement privilege or both the law enforcement privilege and the deliberative process privilege. Plaintiffs move only to unredact the assertions of the law enforcement privilege at this time. Plaintiffs previously agreed to not move to compel the deliberative process privilege assertions on this document. Ahmed Decl. ¶ 9.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

24. Refugee Adjudication Standard Operating Procedure: Cases Involving National Security Concern [DEF-00095055 to DEF-00095076];
25. Operational Guidance on Vetting and Adjudicating Cases with National Security Concerns [DEF-00095077 to DEF-00095122].

All these documents are important to Plaintiffs' case. Plaintiffs allege that CARRP implements an extra-statutory, internal vetting program that discriminates on the basis of religion and/or national origin and unreasonably delays and pretextually denies immigration benefits to statutorily-qualified applicants. Dkt. 47 ¶¶ 35-51, 62-76. Plaintiffs therefore need to know what "non-statutory indicators" Defendants are employing to determine whether an applicant raises alleged national security concerns that subject an individual to CARRP. Plaintiffs also need to understand how Defendants determine whether an "articulable link" exists between an applicant and an activity, individual, or organization described in specific sections of the Immigration and Nationality Act. *See* 8 U.S.C. § 212(a)(3)(A), (B), and (F); § 237(a)(4)(A) and (B). According to Defendants, when such an "articulable link" exists, an individual is subjected to CARRP. Dkt. 74 ¶ 61 ("[I]f an application presents an articulable link to a national security concern, the application is handled pursuant to CARRP."). Further, Plaintiffs seek information on CARRP policies and procedures to determine whether the program discriminates based on religion and/or national origin, and whether it indefinitely delays or pretextually denies immigration benefits to statutorily-qualified applicants. Finally, documents relating to case prioritization and procedures for vetting cases with alleged national security concerns would help reveal whether CARRP and successor vetting programs are being applied to applicants in an arbitrary and pretextual fashion. All of this information is highly relevant to Plaintiffs' clams under the Administrative Procedure Act (Claim 8), the Immigration and Nationality Act (Claim 7), and the Uniform Rule of Naturalization Clause (Claim 10). And to the extent this information reflects that CARRP-related determinations unlawfully turn on national origin or religion, that information is plainly relevant to Plaintiffs' Equal Protection claim (Claim 6).



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Most of the withholdings that Plaintiffs challenge are training and guidance documents. Training and guidance documents relating to CARRP are highly relevant to Plaintiffs' claims that CARRP imposes unlawful, extra-statutory hurdles on individuals applying for residency or citizenship who are alleged to have an "articulable link" to activities, entities, or individuals raising national security. *See* Dkt. 47 ¶¶ 9-11, 21,55-97, 273-78, 289-93. Such documents are also relevant to Plaintiffs' claim that "CARRP labels applicants national security concerns based on vague and overbroad criteria that often turn on national origin or innocuous and lawful activities or associations." *Id.* ¶ 76. The documents will also shed light on the criteria Defendants employ in evaluating individuals for security risks and the scoring determinations thereof. For example, some of the redacted information in the above documents includes indicators of suspicious activities, *see* DEF-00095125 at DEF-00095207–DEF-00095211; examples of vetting determinations, and possibly the rationale for those determinations, *see* DEF-00095055 at DEF-00095067–DEF-00095076; and information about scores and scoring categories, *see* DEF-0094994 at DEF-0095001. Lifting these redactions are important to Plaintiffs' claims.

**2. Balancing Test**

As an initial matter, "[i]t is important to note that this suit does not present a typical [law enforcement] privilege fact pattern," as "[t]he government is not seeking to protect information relating to an ongoing investigation or that would tend to reveal the identity of a confidential informant." *See Ibrahim*, 2013 WL 1703367, at *5. Rather, Defendants are seeking to withhold documents relating to general CARRP policies and procedures. This mismatch calls into question Defendants' broad invocation of the privilege. *See In re Anthem,* 236 F. Supp. 3d at 166-67 ("[T]hese audit workpapers and meeting write-ups do not pertain to an ongoing or closed criminal or civil investigation of a particular law violation and, therefore, fall outside the heartland of the types of records the privilege is designed to protect."). At a minimum, because Plaintiffs are not seeking disclosure of any information relating to an ongoing investigation, many of the factors that might otherwise weigh in favor of nondisclosure are irrelevant here. In



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Ibrahim*, for example, the court declined to consider factors 1-3 and 5-7 because the plaintiff sought only documents relating to her placement on the No Fly List and the government's No Fly List policies. *See* 2013 WL 1703367, at *5.

**a. Factor 1**

The first factor considers "the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information." This factor weighs in favor of disclosure because Plaintiffs are requesting policy documents that are not derived from citizen-provided information. Any risk of chilling citizen informants would be mitigated by the Protective Order in this case or an AEO protective order. *See* Dkt. 98 at 4 ("find[ing] that the balance weigh in favor of disclosure" in part because "there is a protective order in place"); *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 666 (N.D. Cal. 1987); *Ibrahim v. Dep't of Homeland Sec.*, C 06-00545 WHA, 2009 WL 5069133, at *15 (N.D. Cal. Dec. 17, 2009), *vacated and remanded on other grounds*, 669 F.3d 983 (9th Cir. 2012); *MacNamara v. City of New York*, 249 F.R.D. 70, 88-89 (S.D.N.Y. 2008); *Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York*, 194 F.R.D. 88, 96 (S.D.N.Y. 2000).

**b. Factor 2**

The second factor inquires into "the impact upon persons who have given information of having their identities disclosed." This factor appears to be irrelevant here, but to the extent any of the withheld information includes the names of confidential informants, Plaintiffs do not object to the redaction of that information.

**c. Factor 3**

The third factor asks "the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure." This factor also appears to be irrelevant. To the extent it applies, the Protective Order in this case would adequately mitigate the risk that disclosure would chill government deliberations. And, if the Court has additional concerns, it could order production under an AEO designation to further mitigate any potential risk.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**d. Factor 4**

The fourth factor is whether the information sought is factual data or an "evaluative summary." Plaintiffs seek factual data regarding how CARRP works. There does not appear to be evaluative data in the redacted documents. To the extent the withheld material includes an evaluative summary, that does not necessarily weigh against disclosure. In *Kelly v. City of San Jose*, for example, the court rejected the concern that officers performing internal investigations "would not express their views honestly if they knew their words might be used against individual officers or the police department by a civil rights plaintiff." 114 F.R.D. at 664. According to the court, there was "no empirical support for the contention that the possibility of disclosure would reduce the candor of officers who contribute to internal affairs investigations" and "solid reasons to believe that that possibility might have the opposite effect (improving accuracy and honesty)." *Id.* at 666. The same reasoning applies here—since disclosing evaluations of CARRP would likely promote greater honesty and accuracy in future evaluations, this factor is either neutral or favors disclosure. *See also Anderson v. Marion Cty. Sheriff's Dep't*, 220 F.R.D. 555, 566 (S.D. Ind. 2004) (noting that courts typically "require reports containing both factual and evaluative materials to be disclosed in civil rights actions").

**e. Factor 5**

The fifth factor asks "whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question." None of the named Plaintiffs is an actual or potential defendant in any criminal proceeding. And, Plaintiffs seek documents relating to CARRP policies and procedures, which have no connection to any particular criminal case. This factor weighs in favor of disclosure.

**f. Factor 6**

The sixth factor is "whether the police investigation has been completed." The investigations into the named Plaintiffs' immigration applications have been completed. And The



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

documents requested by Plaintiffs here relate to general policies and procedures that presumably are not specific to any particular investigation.

**g. Factor 7**

The seventh factor asks "whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation." This factor appears irrelevant.

**h. Factor 8**

The eighth factor asks "whether the plaintiff's suit is non-frivolous and brought in good faith." It is. Plaintiffs' claims have survived a motion to dismiss, and weighty constitutional issues of vital public importance are at stake.

**i. Factor 9**

The ninth factor is "whether the information sought is available through other discovery or from other sources." With respect to this factor, the government bears the burden of "show[ing] that information of comparable quality is as efficiently available from alternative sources." *Kelly*, 114 F.R.D. at 667; *see also id.* ("It is difficult to imagine how plaintiffs, who generally will not know what is in confidential police files, could satisfy a court who demanded that they prove the negative, i.e., that there were no practicable alternative routes to the same information."). The government has not shown that, so this factor weighs in favor of disclosure.

**j. Factor 10**

The tenth factor concerns "the importance of the information sought to the plaintiff's case." As discussed above, most of the documents are for training and guidance purposes and are important to Plaintiffs' case.

On balance, these factors indicate definitively that Defendants' assertion of the law enforcement privilege lacks merit and that disclosure is warranted here.

**D. Deliberative Process Privilege**

Three of the 25 redacted documents contain redactions asserting the deliberative process privilege: DEF-0094235, DEF-0094974, and DEF-0094269. Ahmed Decl. ¶ 9. The deliberative



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

process privilege claim in DEF-0094235 is already before the Court. *See* Dkt. 194. DEF-0094974 contains redactions under both the deliberative process and law enforcement privileges. For the reasons set forth above, Plaintiffs at this time move to lift only the redactions in DEF-0094974 under the law enforcement privilege. Plaintiffs' need for the third document, DEF-0094269, outweighs the Government's interest in withholding it. *See* Dkt. 189.

**1. Legal Standard**

The deliberative process privilege is a qualified, not an absolute, privilege. *FTC v. Warner Commc'ns*, 742 F.2d 1156, 1161 (9th Cir. 1984). A party may obtain disclosure of deliberative materials if it can establish that the need for the materials is to allow for accurate fact-finding outweighs the government's interest in non-disclosure. *Id.* In deciding whether the qualified privilege should be overcome, a court may consider "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id*; Dkt. 189 at 7-8.

**2. Plaintiffs' Interest in DEF-0094269 Outweighs the Government's Interest in Non-Disclosure.**

Defendants' assertion of the deliberative process privilege regarding DEF-0094269 lacks merit. First, the deliberative process privilege does not apply to DEF-0094269 because the government's decision-making process is itself at issue here. *See In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424-25 (D.C. Cir.) ("Subpoena I"), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998). DEF-0094269 is a memorandum that outlines updates to USCIS policy regarding the handling of cases involving purported national security concerns. Defendants have redacted nearly all of the substantive information in the document. While Defendants assert that the "policy was not adopted," the privilege log accompanying the document states that the memorandum discusses how USCIS should consider intelligence gathered by law enforcement in cases posing national security concerns and USCIS'



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"vetting techniques for cases involving national security concerns." Ahmed Decl. ¶ 11, Ex. A (Production Volume 25 Privilege Log). Those subjects are squarely relevant to Plaintiffs' claims. *See* Second Am. Compl., Dkt. 47 ¶¶ 9-11, 21, 55-97, 273-78, 289-93. Draft policy documents, moreover, may provide important insights into the motivations behind CARRP as a whole. As the Court has already noted, "the Government plays a central role in this case," and "'the basis for its action is a central issue in the litigation.'" Dkt. 189 at 7 (quoting *Ariz. Dream Act Coal. v. Brewer*, No. CV-12-02546-PHX-DGC, 2014 WL 171923, at *3 (D. Ariz. Jan. 15, 2014)).

Finally, any risk that disclosure would hinder frank and independent discussion regarding contemplated policies and decisions is substantially mitigated by the parties' stipulated Protective Order or an AEO protective order should the Court deem it necessary. *See Rodriguez v. City of Fontana*, No. EDCV 16-1903-JGB (KKx), 2017 WL 4676261, at *4 (C.D. Cal. Oct. 17, 2017). Plaintiffs therefore request that the Court order disclosure of DEF-0094269 without redactions.

## V. CONCLUSION

Plaintiffs respectfully request an order compelling Defendants to produce the 25 documents identified in this motion unredacted. Plaintiffs alternatively ask that the Court review the 25 documents *in camera* to determine whether disclosure is warranted.



**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Respectfully submitted,

s/ Jennifer Pasquarella
s/ Sameer Ahmed
Jennifer Pasquarella (admitted pro hac vice)
Sameer Ahmed (admitted pro hac vice)
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
jpasquarella@aclusocal.org
sahmed@aclusocal.org

s/ Matt Adams
Matt Adams #28287
**Northwest Immigrant Rights Project**
615 Second Ave., Ste. 400
Seattle, WA 98122
Telephone: (206) 957-8611
matt@nwirp.org

s/ Stacy Tolchin
Stacy Tolchin (admitted pro hac vice)
**Law Offices of Stacy Tolchin**
634 S. Spring St. Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Stacy@tolchinimmigration.com

s/ Hugh Handeyside
s/ Lee Gelernt
s/ Hina Shamsi
Hugh Handeyside #39792
Lee Gelernt (admitted pro hac vice)
Hina Shamsi (admitted pro hac vice)
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
lgelernt@aclu.org
hhandeyside@aclu.org
hshamsi@aclu.org

DATED: April 11, 2019

s/ Harry H. Schneider, Jr.
s/ Nicholas P. Gellert
s/ David A. Perez
s/ Cristina Sepe
Harry H. Schneider, Jr. #9404
Nicholas P. Gellert #18041
David A. Perez #43959
Cristina Sepe #53609
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
HSchneider@perkinscoie.com
NGellert@perkinscoie.com
DPerez@perkinscoie.com
CSepe@perkinscoie.com

s/ Trina Realmuto
s/ Kristin Macleod-Ball
Trina Realmuto (admitted pro hac vice)
Kristin Macleod-Ball (admitted pro hac vice)
**American Immigration Council**
1318 Beacon Street, Suite 18
Brookline, MA 02446
Telephone: (857) 305-3600
trealmuto@immcouncil.org
kmacleod-ball@immcouncil.org

s/ Emily Chiang
Emily Chiang #50517
**ACLU of Washington Foundation**
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Echiang@aclu-wa.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the date indicated below, I caused service of the foregoing document via the CM/ECF system that will automatically send notice of such filing to all counsel of record herein.

DATED this 11th day of April, 2019, at Seattle, Washington.

By: s/ *Cristina Sepe*
Cristina Sepe
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
CSepe@perkinscoie.com