HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, et al.,

　　　　　Plaintiffs,

　　v.

DONALD TRUMP, et al.,

　　　　　Defendants.

CASE NO. C17-94 RAJ

ORDER

This matter comes before the Court again on Plaintiffs' Motion to Compel re Deliberative Process Privilege and Defendants' Unopposed Motion for Reconsideration Waiver of Privilege. Dkt. ## 152, 230. For the reasons stated below, the Court **DENIES** Plaintiffs' Motion to Compel as to the Paragraph 17 documents and **GRANTS** Defendants' Motion for Reconsideration.

On May 21, 2018, the Court granted in part Plaintiffs' Motion to Compel, but reserved ruling on portions of the Motion pending supplemental briefing from the parties. Dkt. # 189. The parties then submitted supplemental briefing, and the Court held a telephonic conference with the parties to discuss the status of this Motion. Dkt. ## 194, 198, 199, 211. In the Court's May 21 Order, the Court granted Plaintiffs' Motion to Compel as to a number of documents the Court determined were not shielded by the

ORDER- 1

deliberate process privilege.  Dkt. # 189 at 9.  The Court determined that the Plaintiffs did not previously have access to the Emrich Affidavit (Dkt. # 174-3), and ordered the parties to submit supplemental briefing whereby Plaintiff could more precisely challenge the remaining privilege assertions.  *Id*.

In their supplemental briefing, the parties identified only two additional sets of documents to be subject to Plaintiffs' Motion: (1) documents identified in Paragraph 17 of the Emrich Affidavit; and (2) documents identified in Paragraph 45 of the Emrich Affidavit.  Dkt. ## 194, 198.  The parties clarified, first in Defendants' supplemental brief, and again in Plaintiff's supplemental reply, that Plaintiffs no longer sought documents identified in Paragraph 45.  In the telephonic conference on December 18, 2018, the parties again confirmed that they had narrowed this dispute to one category of documents, certain pre-CARRP draft policy memoranda listed in Paragraph 17 of the Emrich affidavit (Dkt. # 174-3).  Accordingly, on February 27, 2019, the Court denied Plaintiffs' Motion to Compel as to the Paragraph 45 documents.  Dkt. # 224 at 2.

As for the Paragraph 17 documents, the parties agreed to submit a portion of the remain documents for *in camera* review, following a randomization procedure which the Court approved of.  *See* Dkt. # 224 at 2-3.  Instead of following this randomization procedure, Defendants provided "four documents previously shared with Plaintiffs during the parties' deliberative process privilege negotiations for the Court's in camera review in relation to Dkt. #152."  Dkt. # 212 at 2.  Due to the lapse in appropriations, Defendants' submission of the four documents occurred instead on February 5, 2019.  Dkt. # 218.

As this four-document sample did not comport with the randomization procedure the parties agreed upon, the Court ruled that it could not determine whether all the Paragraph 17 documents were subject to the deliberative process privilege.  Dkt. # 224 at 3.  The Court ordered Defendants to produce a randomly-selected sample of 10 documents from Paragraph 17 of the Emrich Affidavit for *in camera* review for this Court, and to provide a supporting affidavit of the randomization procedure used.  *Id*.

The Court also ruled that for the four documents already shared with Plaintiffs, the claimed privilege was waived. *Id*.

On March 12, 2019, Defendants made the requested submission. Dkt. # 229. The day after, Defendants filed an Unopposed Motion for Reconsideration of the Court's ruling that privilege was waived for the four documents already shared with Plaintiffs. Dkt. # 230. Defendants argue that Plaintiffs agreed, as part of the parties' discovery deliberations, that privilege would not be waived by virtue of Defendants' disclosure of the four documents. *Id*.

The Court has reviewed the documents produced by Defendants. The Court confirms that the deliberative process privilege applies to these documents because they are (1) predecisional and (2) deliberative in nature, in that they concern "opinions, recommendations, [and] advice about agency policies." *F.T.C. v. Warner Connc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). The Court thus turns next to the four *F.T.C.* factors to determine whether to pierce the privilege, which are "(1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *F.T.C.*, 742 F.2d at 1161. The Court will address each in turn.

The Court believes that the balance of factors weighs against compelling production of the Paragraph 17 documents. As Defendants note, the Paragraph 17 documents were never finalized, adopted, or implemented, and have little bearing on how CARRP operates today. After reviewing the documents provided by Defendants, the Court does not believe these predecisional documents would be particularly helpful in ascertaining whether Defendants are currently administering CARRP in a discriminatory fashion. Moreover, Defendants have provided Plaintiffs with a number of other documents that explain existing CARRP policy. *See, e.g.*, Dkt. # 198-2. The Court accordingly does not believe the Paragraph 17 documents are necessary to ascertain the

motives or operations behind the current CARRP policies and procedures. Lastly, the Court believes the fourth factor, which generally "weighs in factor of the privilege and nondisclosure," weighs in favor of Defendants, who articulate in sworn affidavits the serious danger of public disclosure, whether intentional or inadvertent. *All. for the Wild Rockies v. Pena*, No. 2:16-CV-294-RMP, 2017 WL 8778579, at *8 (E.D. Wash. Dec. 12, 2017).

As for Defendants' Unopposed Motion for Reconsideration, "motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* Based on Defendants' submission, there seems to be little dispute that Plaintiffs agreed that the disclosure of the four documents in question would not waive privilege as to those documents. The Court will thus revise its ruling, and holds that privilege for these documents was not waived.

Accordingly, the Court hereby **DENIES** Plaintiff's Motion to Compel as to the Paragraph 17 documents. Dkt. # 152. The Court **GRANTS** Defendants' Unopposed Motion for Reconsideration. Dkt. # 230.

Dated this 23rd day of April, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 4