THE HONORABLE RICHARD A JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, on behalf of himself and other similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>　　　　　　　　　　Defendants. | CASE NO.  2:17-cv-00094-RAJ<br><br>**NOTICE OF MOTION AND DEFENDANTS' MOTION FOR LEAVE TO SUBMIT DOCUMENT** *EX PARTE, IN CAMERA*<br><br>(Note On Motion Calendar for:<br>　May 17, 2019) |

Defendants respectfully request leave to submit to the Court, for its *ex parte, in camera* review in connection with Defendants' opposition to Plaintiffs' motion to compel, Dkt. 260, the declaration of Timothy P. Groh, Deputy Director for Operations of the Terrorist Screening Center ("TSC") of the Federal Bureau of Investigation ("FBI").

The Court's consideration of this declaration is necessary to the Court's full understanding of Defendants' response to Plaintiffs' motion to compel.  The declaration contains sensitive, nonpublic explanations of the harms and risks that can be expected to result if the information that Defendants have withheld regarding the Terrorist Screening Database ("TSDB") and watchlisting processes is disclosed outside the U.S. government.  That information cannot be filed on the public docket, or

NOTICE OF MOTION AND DEFENDANTS' MOTION FOR LEAVE TO SUBMIT DOCUMENT *EX PARTE, IN CAMERA* - 1
(Case No. 2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 616-4900

disclosed to Plaintiffs through filing under seal, without damage to the national interest. Defendants have endeavored to file information on the public docket where possible, which is why Defendants have also filed on the public docket, as exhibits to their brief in opposition to Plaintiffs' motion to compel, a public version of the Groh declaration as well as other declarations which do not require *ex parte, in camera* handling. Nevertheless, some information must be disclosed only *ex parte, in camera*.

Defendants communicated their intent to seek leave to file this declaration *ex parte* for *in camera* review by the Court to Plaintiffs' counsel on April 25, 2019. Although this is not a motion to seal, Defendants nonetheless considered the issues required by Local Civil Rule 5.2(g)(3)(A) and the Court's standing order (Dkt. 65). On Thursday, April 25, 2019, Plaintiffs' counsel indicated that they oppose this request.

**ARGUMENT**

THE COURT HAS AUTHORITY TO RECEIVE AND REVIEW
PRIVILEGED DOCUMENTS EX PARTE AND IN
CAMERA REGARDING PRIVILEGE ASSERTIONS

The Court has the authority—and perhaps even an obligation—to review *ex parte* and *in camera* privileged documents submitted in support of a privilege assertion. It is also entirely consistent with judicial ethics: Canon 3(A)(4)(a) of the *Code of Conduct for United States Judges* provides that a judge may "consider *ex parte* communications as authorized by law." Such is the case here. Submission of privileged material to a court for its *ex parte, in camera* review, particularly in support of a privilege assertion, is in full accord with longstanding precedent in this Circuit and nationwide.

Article III courts have inherent authority to review material *ex parte* and *in camera*. *See, e.g., Meridian Int'l Logis. v. United States*, 939 F.2d 740, 745 (9th Cir. 1991) (quoting *United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987) ("this court has generally recognized the capacity of a district judge to 'fashion and guide the procedures to be followed in cases before him.'"); *Arieff v. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983) ("the receipt of in camera affidavits . . .

NOTICE OF MOTION AND DEFENDANTS' MOTION FOR LEAVE TO
SUBMIT DOCUMENT *EX PARTE, IN CAMERA* - 2
(Case No. 2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 616-4900

when necessary . . . [is] part of a trial judge's procedural arsenal."[1]).  This principle is not limited to classified information.  *See Gilmore v. Gonzales*, 435 F.3d 1125, 1129 (9th Cir. 2008) (information protected by statute); *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002) (information protected by statute); *Thompson*, 827 F.2d at 1257 (sensitive information not protected by statute).

In addition, the Ninth Circuit has specifically approved of the use of *ex parte* procedures to substantiate claims of privilege.  *Kasza v. Browner*, 133 F.3d 1159, 1169 (9th Cir. 1998) ("Elaborating the basis for the claim of privilege through *in camera* submissions is unexceptionable."); see also *In re City of New York*, 607 F.3d 923, 948–49 (2d Cir. 2010) (discussing propriety of *in camera*, *ex parte* presentation of materials for privilege assessment); *Wabun-Inini v. Sessions*, 900 F.2d 1234 (8th Cir. 1990) (affirming *ex parte, in camera* review of submissions to support law enforcement privilege); *Alexander v. FBI*, 186 F.R.D. 154, 169 (D.D.C. 1999) (explaining that *in camera, ex parte* hearing was required to determine whether law enforcement investigatory privilege applied).

This is not surprising, because the factual basis for a privilege may itself be privileged.  In the absence of *ex parte* review there would be no meaningful way for a court to evaluate a privilege assertion or a challenge to a privilege assertion without violating the very privilege at issue.  By protecting the ability of parties to claim privileges even where the reasons for it are themselves privileged, *ex parte* review is a necessary component of the adversarial system.  Congress, via the Rules Enabling Act and the Supreme Court, has codified this principle in Federal Rule of Civil Procedure 26(b)(5)(A)(ii), which permits a party to withhold information concerning privilege assertions where that information is "itself privileged or protected."  Fed. R.Civ. P. 26(b)(5)(A)(ii).  Thus, relying on *ex parte* procedures to submit documents to substantiate a claim of privilege is well within long-standing precedent from the Ninth Circuit and elsewhere.

Moreover, the Ninth Circuit has rejected challenges to the use of *ex parte* procedures as contrary to due process.  See *United States v. Ott*, 827 F.2d 473, 476-77 (9th Cir. 1987).  In *Ott*, the

---

1 The court's opinion in *Arieff* makes clear that the declaration at issue was reviewed by the court both *in camera* and *ex parte*.  *Arieff v. Dep't of Navy*, 712 F.2d at 1469.

NOTICE OF MOTION AND DEFENDANTS' MOTION FOR LEAVE TO SUBMIT DOCUMENT *EX PARTE, IN CAMERA* - 3
(Case No. 2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 616-4900

Ninth Circuit explained that, despite a criminal defendant's assertion "that the *ex parte, in camera* proceeding violated due process, . . . Congress has a legitimate interest in authorizing the Attorney General to invoke procedures designed to ensure that sensitive security information is not unnecessarily disseminated to *anyone* not involved in the surveillance operation in question." *Id*. (emphasis in original).

In *ACLU v. Dep't of Defense*, No. 09-cv-8071, 2012 WL 13075286, *1 (S.D.N.Y. Jan. 24, 2012), the Court recognized that the general reluctance to rely on *ex parte* proceedings "dissipates considerably when the case raises national security concerns" and noted that a court "may conduct an *in camera* review of *ex parte* agency affidavits after 'attempt[ing] to create as complete a public record as is possible.'" There, the Court concluded:

> Important as the right to due process and the judicial system's dedication to an adversarial process are, protecting the national security would be a futile effort if those interests automatically trumped national security concerns. The law reflects these competing objectives and allows for some sacrifice of adversarial process in limited circumstances where national security concerns are implicated.

Id. at *2. Here, because the declaration contains law enforcement sensitive information regarding the TSDB and FBI's watchlisting processes, it is necessary for the Court to evaluate the privilege claims *ex parte* in order to protect that information. *See Thompson*, 827 F.2d at 1258. It is critical to protect information relating to the FBI's techniques and processes used in the watchlisting enterprise in order to prevent individuals from exploiting that information to circumvent the law and harm national security. The *in camera* declaration addresses the information contained in the redactions at issue and the need to sustain those redactions, necessitating *ex parte*, *in camera* review of the declaration.

NOTICE OF MOTION AND DEFENDANTS' MOTION FOR LEAVE TO
SUBMIT DOCUMENT *EX PARTE, IN CAMERA* - 4
(Case No. 2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 616-4900

# CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court to grant them leave to submit the declaration of FBI Deputy Director for Operations of the TSC Timothy P. Groh *ex parte* for *in camera* review.

Dated: April 26, 2019

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
U.S. Department of Justice

AUGUST FLENTJE
Special Counsel
Civil Division

ETHAN B. KANTER
Chief, National Security Unit
Office of Immigration Litigation
Civil Division

BRIAN T. MORAN
United States Attorney

BRIAN C. KIPNIS
Assistant United States Attorney
Western District of Washington

ANDREW C. BRINKMAN
Senior Counsel for National Security
Office of Immigration Litigation

DANIEL E. BENSING
Senior Trial Counsel
Federal Programs Branch

LEON B. TARANTO
Trial Attorney
Torts Branch

LINDSAY M. MURPHY
Counsel for National Security
Office of Immigration Litigation

BRENDAN T. MOORE
Trial Attorney
Office of Immigration Litigation

/s/ *Jesse L. Busen*
JESSE L. BUSEN
Trial Attorney
Office of Immigration Litigation

Counsel for Defendants

NOTICE OF MOTION AND DEFENDANTS' MOTION FOR LEAVE TO SUBMIT DOCUMENT *EX PARTE, IN CAMERA* - 5
(Case No. 2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 616-4900

# CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that on April 25, 2019, I participated in a telephonic conference call with opposing counsel at which the substance of this motion was thoroughly discussed and where a good faith effort was made to reach an accord to eliminate the need for the motion. Among those participating in this conference for Defendants was myself, Andrew Brinkman, and Leon Taranto. For plaintiffs, Nicholas P. Gellert was on the conference call. The reasons why Defendants foresaw the need to file certain information with the Court *ex parte* and *in camera* was fully explained during the telephone conference. Mr. Gellert, representing Plaintiffs, stated that Plaintiffs opposed this motion and stated his understanding that Defendants would provide a public version of the Groh declaration containing as much detail as possible without revealing the information that Defendants claim includes law enforcement privileged information.

Dated: April 26, 2019

 /s/ *Jesse L. Busen*
JESSE L. BUSEN
U.S. Department of Justice

NOTICE OF MOTION AND DEFENDANTS' MOTION FOR LEAVE TO SUBMIT DOCUMENT *EX PARTE, IN CAMERA* - 6
(Case No. 2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 616-4900

# CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      /s/*Jesse L. Busen*
      JESSE L. BUSEN

NOTICE OF MOTION AND DEFENDANTS' MOTION FOR LEAVE TO SUBMIT DOCUMENT *EX PARTE, IN CAMERA* - 7
(Case No. 2:17-cv-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
CIVIL DIVISION, OFFICE OF IMMIGRATION LITIGATION
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
(202) 616-4900