THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>  Defendants. | No. 2:17-cv-00094-RAJ<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD UNDER THE LAW ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES**<br><br>**NOTE ON MOTION CALENDAR:**<br>**May 3, 2019** |

REPLY ISO PLAINTIFFS' MOTION TO COMPEL RE: LAW ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES
(No. 2:17-cv-00094-RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    CARRP is an extra-statutory internal vetting policy for identifying and processing
2    immigration applications. A crucial part of this process is a determination that an applicant poses
3    a "national security concern." Plaintiffs challenge CARRP on both statutory and constitutional
4    grounds and are entitled to documents that are important to proving their claims. Critical to
5    Plaintiffs' claims is fully understanding *how* and *why* Defendants designate applicants for
6    immigration benefits as "national security concerns" and then subject those applicants to
7    CARRP. Redacted portions of these documents contain such information. Defendants contend
8    this information is privileged because disclosing it would reveal law enforcement processes and
9    pose a "risk to public safety and national security." But these are the very processes that
10   Plaintiffs challenge as unlawful and unconstitutional. Defendants cannot assert privilege to hide
11   the very processes at the heart of this case and avoid litigating this case on the merits. And, even
12   if the Court finds that any of Defendants' purported concerns have merit, there is no reason why
13   they cannot produce the requested information under an attorney's-eyes-only protective order.

**A.   Defendants' Reproduced Privilege Logs Are Insufficient and Misleading**

Defendants' failure to provide adequately descriptive privilege logs, for the small number of highly relevant requested documents from the hundreds produced asserting the law enforcement privilege, left Plaintiffs to guess about the nature of the underlying information and its importance—and therefore hampered in their ability to contest those assertions of privilege. When parties seek to withhold information on the basis of privilege, they must describe the withheld material "in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Defendants' privilege logs fall short of this standard. For example, without any page numbers associated with the privilege descriptions, it is very difficult to match privilege descriptions to redacted sections. The Court already gave Defendants two bites at the apple, and should now order the requested documents produced.

Neither Defendants' reproduced privilege logs nor their initial affidavits assert any privileges from third parties. While Defendants attempt to assert new third-party privileges for

REPLY ISO PLAINTIFFS' MOTION TO COMPEL RE: LAW
ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES
(No. 2:17-cv-00094-RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  the first time in opposition to Plaintiffs' motion to compel, as explained further below, those
2  privileges are waived. *See infra* pp. 6. Moreover, in their opposition, Defendants take issue with
3  Plaintiffs seeking password formatting instructions. Dkt. 266 at 8. This argument alone shows
4  the insufficiency of Defendant's privilege logs because nowhere in the privilege log description
5  do Defendants mention redacting password formatting instructions. *See* Dkt. 266-1, Ex. B at 42.
6  Plaintiffs do not challenge these redactions. Defendants also now state that DEF-0094271 and
7  DEF-0094994 redact scoring methodology "no longer used by USCIS." *See* Dkt. 266-1, Ex. A,
8  Emrich Aff. ¶ 11. But their privilege logs tell a different story: they say the withheld information
9  "would reveal *current* law enforcement procedures." Dkt. 266-1, Ex. B at 42, 43 (emphasis
10 added). If the scoring methodology is as the privilege log indicates, it is highly relevant to
11 Plaintiffs' claims and should be produced.

**B. Plaintiffs' Need for the Documents Outweighs Defendants' Interest in Nondisclosure**

The law enforcement privilege is not absolute, and Plaintiffs' need for the 25 documents identified in this motion outweighs Defendants' interest in nondisclosure. *See In re Sealed Case*, 856 F.2d 268, 272 (D.C. Cir. 1988).

**1. Plaintiffs Cannot Obtain the Withheld Information Through Other Means**

Defendants' analysis of the ten factors that courts consider when ruling on the qualified law enforcement privilege largely ignores two of the most important factors in this case: whether the information is available from other sources (factor nine) and the importance of the information to the plaintiff's case (factor ten). *See Ibrahim v. Dep't of Homeland Sec.*, No. C 06-00545 WHA, 2013 WL 1703367, at *4 (N.D. Cal. Apr. 19, 2013).

In addressing factor nine, Defendants argue they have already provided policy and training documents. But this argument assumes the information Plaintiffs seek in this motion is available elsewhere. Plaintiffs moved to compel on these limited documents because this information is not available anywhere else in unredacted form.

REPLY TO PLAINTIFFS' MOTION TO COMPEL RE: LAW
ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES
(No. 2:17-cv-00094-RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

As to factor ten, Defendants decline to acknowledge that indicators, methods, and techniques they use to identify whether an applicant poses a "national security concern," and examples or hypotheticals of the same, are very important and relevant to Plaintiffs' claims. Defendants ignore the central allegations in this case: that Defendants employ "non-statutory indicators" to determine whether an applicant is a "national security concern" and therefore subject to CARRP. Dkt. 260 at 6-7. Plaintiffs are entitled to know what "non-statutory indicators" and other information Defendants consider to make this determination. The Court's analysis of factor ten is dispositive, and should compel disclosure because how and why Defendants decide whether an applicant is a "national security concern" is central to this case.

Because the balancing test clearly favors disclosure, the Court should order the documents produced. *See* Dkt. 260 at 7-10.

### 2. The Withheld USCIS Information Is Highly Relevant to Plaintiffs Claims

Many of the documents at issue in this motion are training and guidance documents that teach USCIS officers how to determine whether an applicant is a "national security concern." Inherently, these documents and the redacted portions are important to Plaintiffs' claims because they demonstrate how Defendants identify "national security concerns" and what information Defendants consider when making this determination.

Many documents identify certain indicators of suspicious activity or circumstances that might indicate an applicant allegedly poses a concern—such as "vetting family members and close associates." *See* Emrich Aff. ¶ 50. The redacted portions of these documents are the very indicators and examples of suspicious activities that would support Plaintiffs' constitutional and statutory claims challenging CARRP. Defendants' speculative claim that lifting these redactions may allow future applicants to evade detection or the adjudication process is unpersuasive because the government already publicly reveals its standards of reporting suspicious activity and other related national security information in other contexts. *See, e.g.*, Nationwide Suspicious Activity Reporting (SAR) Initiative, Functional Standard, Suspicious Activity

REPLY TO PLAINTIFFS' MOTION TO COMPEL RE: LAW ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES (No. 2:17-cv-00094-RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Reporting (Feb. 23, 2015), https://nsi.ncirc.gov/documents/SAR_FS_1.5.5_PMISE.pdf; Dkt. 241 at 8-15. Moreover, producing the information under an AEO protective order would address Defendants' purported concern.

Actual examples of adjudicated CARRP cases are also highly relevant to Plaintiffs' case because they show how Defendants determined whether an applicant was a "national security concern." These examples are of particular import because Defendants have not produced the information in the Named Plaintiffs' A-files describing why they were subjected to CARRP. Plaintiffs do not oppose Defendants redacting names or other personally identifiable information from the examples.

Redacted portions of the documents also appear to contain training and guidance on how USCIS identifies purportedly Known and Suspected Terrorists, where national security concerns originate, and other training on how to identify national security concerns. *See, e.g.*, DEF-0095125 at 00095264-65, 68, and DEF-0095760 at DEF-0095805-06, 19-21. Again, this information is crucial to Plaintiffs' challenge to CARRP on constitutional and statutory grounds, because without it, Plaintiffs are forced to speculate regarding how Defendants identify such "concerns," and whether they do so arbitrarily or discriminatorily.

Finally, Defendants suggest the RAIO documents are irrelevant. *See* Emrich Aff. ¶ 41. The redacted sections are relevant because they appear to describe the same CARRP review process and considerations for determining whether an applicant is a national security concern.

**3.  Plaintiffs Only Seek Third-Agency Information Relevant to Their Claims**

Defendants raise alarms about third-agency information sharing. But Plaintiffs only seek the putative third-agency information that reveals how USCIS uses that information to determine whether an applicant is a "national security concern." And much of the redacted information is highly relevant because it includes insight into USCIS's process and procedures. *See e.g.*, Dkt. 266-1, Ex. C, Privilege Log Entry for DEF-00095597 ("The withheld information in this training includes certain information collected from law enforcement and/or intelligence partners *and*

REPLY TO PLAINTIFFS' MOTION TO COMPEL RE: LAW ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES (No. 2:17-cv-00094-RAJ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*how that law enforcement and/or intelligence information should be considered by USCIS in cases posing national security concerns.*") (emphasis added).

Redacted portions of the documents provide guidance on external vetting of applicants to determine whether they allegedly pose national security concerns. Included in this external vetting appear to be determinations reached by third agencies about an applicant; *see* DEF-0094351 at 0094423-28, 35-44, the questions USCIS should ask third agencies; *see* DEF-00095009 at DEF-00095031, and what determinations a USCIS adjudicator should reach based on information obtained during external vetting in coordination with such agencies, *see id.* at DEF-00095031-33. Lifting redactions of this information will help elucidate whether the fairness and lawfulness of the process USCIS uses to gather information about applicants.

Defendants also caution that many of the documents contain redactions of screenshots and electronic systems. It is not immediately clear which redactions Defendants refer to because they do not provide page numbers for their redactions. Still, if, for example, the screenshots and electronic systems Defendants refer to appear in the National Security Indicator Training, January 2017 (DEF-0094351 at DEF-0094435-44), they seem to be substantive examples of how USCIS determines whether an applicant presents an alleged national security concern. Plaintiffs do not seek specific information that will allow hackers or unauthorized users to navigate government databases. But Plaintiffs do challenge the substantive information the examples and training documents provide for the same reasons previously stated.

Database codes and their descriptions are also important to Plaintiffs' claims. The codes appear to indicate whether an applicant poses a national security concern and what type of information and from what sources Defendants consider when making that determination. DEF-0094536 at DEF-0094540-44. The database codes may also be relevant to understanding other produced documents or to be produced documents, including possibly Plaintiffs' unredacted A-files. Defendants regularly produce such codes in FOIA and related litigation. *See* Dkt. 241 at 12-14; Dkt. 243.

REPLY TO PLAINTIFFS' MOTION TO COMPEL RE: LAW
ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES
(No. 2:17-cv-00094-RAJ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### C. The Court Should Disregard the Third-Agencies' 11th-Hour Privilege Claims

"Failing to timely assert a privilege results in its waiver." *United States v. $43,660.00 in U.S. Currency*, No. 1:15CV208, 2016 WL 1629284, at *5 (M.D.N.C. Apr. 22, 2016). Yet again, third-party agencies wait until after Plaintiffs move to compel before formally asserting privilege over these 25 documents despite at least four opportunities to do so. *See* Dkt. 150 at 4. And again, Plaintiffs are forced into an endless game of whack-a-mole, addressing one claim of privilege only to find that more pop up. *See id.* The agencies waived these claimed privileges, and the Court should consider neither the assertions of privilege nor the supporting affidavits.

### D. Defendants Fail to Explain Why the Protective Order or an AEO Designation Would Not Satisfy Their Concerns

First, the Court should disregard Defendants' AEO arguments incorporated by reference to the extent they exceed the page limits established by the local rules. *Calence, LLC v. Dimension Data Holdings, PLC*, 222 F. App'x 563, 566 (9th Cir. 2007).

Second, Defendants' supporting declarations make general, unsupported claims that disclosure under the Protective Order "would not mitigate the risk to national security or public safety." *See* Emrich Aff. ¶ 52. But Defendants and their affiants demonstrate no compelling reason why the Stipulated Protective Order is insufficient and make no argument that Plaintiffs' counsel cannot and will not uphold the Protective Order. The Court has numerous tools at its disposal to punish improper disclosure of information subject to the Protective Order. Dkt. 148 at 9. The same is true of the even more stringent AEO designation. Indeed, Defendants have already agreed to disclosure of the Class List under an AEO protective order to protect similar "national security and intelligence interests." Dkt. 126 at 3. Plaintiffs' counsel have diligently complied with that order, and there is no reason why they would not do so again.

\*   \*   \*

Plaintiffs request an order compelling Defendants to produce the 25 documents identified in the motion unredacted. Plaintiffs alternatively ask that the Court review the documents *in camera*, which Defendants do not oppose, to determine whether disclosure is warranted.

REPLY TO PLAINTIFFS' MOTION TO COMPEL RE: LAW
ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES
(No. 2:17-cv-00094-RAJ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

| | |
|---|---|
| Respectfully submitted, | DATED: May 3, 2019 |
| s/ Jennifer Pasquarella<br>s/ Sameer Ahmed<br>Jennifer Pasquarella (admitted pro hac vice)<br>Sameer Ahmed (admitted pro hac vice)<br>**ACLU Foundation of Southern California**<br>1313 W. 8th Street<br>Los Angeles, CA 90017<br>Telephone: (213) 977-5236<br>jpasquarella@aclusocal.org<br>sahmed@aclusocal.org | s/ Harry H. Schneider, Jr.<br>s/ Nicholas P. Gellert<br>s/ David A. Perez<br>s/ Cristina Sepe<br>Harry H. Schneider, Jr. #9404<br>Nicholas P. Gellert #18041<br>David A. Perez #43959<br>Cristina Sepe #53609<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>HSchneider@perkinscoie.com<br>NGellert@perkinscoie.com<br>DPerez@perkinscoie.com<br>CSepe@perkinscoie.com |
| s/ Matt Adams<br>Matt Adams #28287<br>**Northwest Immigrant Rights Project**<br>615 Second Ave., Ste. 400<br>Seattle, WA 98122<br>Telephone: (206) 957-8611<br>matt@nwirp.org | |
| s/ Stacy Tolchin<br>Stacy Tolchin (admitted pro hac vice)<br>**Law Offices of Stacy Tolchin**<br>634 S. Spring St. Suite 500A<br>Los Angeles, CA 90014<br>Telephone: (213) 622-7450<br>Stacy@tolchinimmigration.com | s/ Trina Realmuto<br>s/ Kristin Macleod-Ball<br>Trina Realmuto (admitted pro hac vice)<br>Kristin Macleod-Ball (admitted pro hac vice)<br>**American Immigration Council**<br>1318 Beacon Street, Suite 18<br>Brookline, MA 02446<br>Telephone: (857) 305-3600<br>trealmuto@immcouncil.org<br>kmacleod-ball@immcouncil.org |
| s/ Hugh Handeyside<br>s/ Lee Gelernt<br>s/ Hina Shamsi<br>Hugh Handeyside #39792<br>Lee Gelernt (admitted pro hac vice)<br>Hina Shamsi (admitted pro hac vice)<br>**American Civil Liberties Union Foundation**<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 549-2616<br>lgelernt@aclu.org<br>hhandeyside@aclu.org<br>hshamsi@aclu.org | s/ Emily Chiang<br>Emily Chiang #50517<br>**ACLU of Washington Foundation**<br>901 Fifth Avenue, Suite 630<br>Seattle, WA 98164<br>Telephone: (206) 624-2184<br>Echiang@aclu-wa.org<br><br><br>*Counsel for Plaintiffs* |

REPLY TO PLAINTIFFS' MOTION TO COMPEL RE: LAW ENFORCEMENT AND DELIBERATIVE PROCESS PRIVILEGES (No. 2:17-cv-00094-RAJ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the date indicated below, I caused service of the foregoing document via the CM/ECF system that will automatically send notice of such filing to all counsel of record herein.

DATED this 3rd day of May, 2019, at Seattle, Washington.

By: s/ *Cristina Sepe*
Cristina Sepe, WSBA No. 53609
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
CSepe@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 2:17-cv-00094-RAJ) – 1

144255549.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000