HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*, on
behalf of themselves and others
similarly situated,

              Plaintiffs,

    v.

DONALD TRUMP, President of the
United States, *et al.*,

              Defendants.

CASE NO. C17-94 RAJ

ORDER

This matter comes before the Court on Plaintiffs' Motions to Compel (Dkt. # 221) and on Defendants' Cross-Motion for Protective Order (Dkt. # 226). For the following reasons, the Court **GRANTS IN PART AND DENIES** in part the parties' Motions.

## I.    BACKGROUND

The procedural history of this case has been recounted a number of times in prior orders, and the Court will not belabor to repeat it in detail. Of particular relevance to this dispute is this Court's Order on October 19, 2017. Dkt. # 98. In that Order, this Court granted Plaintiffs' previous motion to compel (Dkt. # 91), and ordered Defendants to produce information showing the reasons "why the Named Plaintiffs were subjected to

1    CARRP." *Id.* at 4.  This Court held that "this information is relevant to the claims and

2    Plaintiffs' needs outweigh the Government's reasons for withholding." *Id.*  Defendants

3    moved for an emergency stay pending appellate review, which this Court interpreted as a

4    motion for reconsideration.  Dkt. ## 156, 183.  In what this Court determined a "close

5    call," it granted Defendants motion, allowing Defendants to produce a class list with a

6    limited protective order sharply limiting access to the list.  Dkt. # 183.

7         The parties proceeded to engage in additional discovery and again have disputed

8    the extent to which Defendants must produce the "why" information.  The parties have

9    attempted to resolve their discovery disputes without court intervention but have again

10   reached an impasse.  Plaintiffs now move the Court again to compel the Government to

11   produce certain discovery related to the "why" information—information relating to why

12   the named Plaintiffs were subject to CARRP.  Dkt. # 221.  Plaintiffs also request Court

13   approval of a Public Notice to unnamed class members, and to compel the Government to

14   produce a random sample of 100 A Files of unnamed class members.  *Id.*  The

15   Government opposes, and also requests that certain information be subject to a limited

16   and more robust protective order.  Dkt. # 226.

17   **II.    LEGAL STANDARD**

18        The Court has broad discretion to control discovery.  *Hallett v. Morgan*, 296 F.3d

19   732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828,

20   833 (9th Cir. 2011); *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988).  That

21   discretion is guided by several principles.  Most importantly, the scope of discovery is

22   broad.  A party must respond to any discovery request that is not privileged and that is

23   "relevant to any party's claim or defense and proportional to the needs of the case,

24   considering the importance of the issues at stake in the action, the amount in controversy,

25   the parties' relative access to relevant information, the parties' resources, the importance

26   of the discovery in resolving the issues, and whether the burden or expense of the

27   proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

1   If a party refuses to respond to discovery, the requesting party "may move for an

2   order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  "The party who

3   resists discovery has the burden to show that discovery should not be allowed, and has

4   the burden of clarifying, explaining, and supporting its objections."  *Cable & Computer*

5   *Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

6   **III.    DISCUSSION**

7       A.  "Why" Information

8       The Government has claimed that the law enforcement privilege protects its

9   documents for quite some time.  To claim this privilege, the Government must satisfy

10  three requirements: (1) there must be a formal claim of privilege by the head of the

11  department having control over the requested information; (2) assertion of the privilege

12  must be based on actual personal consideration by that official; and (3) the information

13  for which the privilege is claimed must be specified, with an explanation why it properly

14  falls within the scope of the privilege.  *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir.

15  1988).  This privilege is qualified: "[t]he public interest in nondisclosure must be

16  balanced against the need of a particular litigant for access to the privileged information."

17  *Id*. at 272.

18      As an initial matter, whether or not the Named Plaintiffs were subject to CARRP

19  does not appear, based on the record, to be information properly withheld under the law

20  enforcement privilege.  As Plaintiffs note, determination of whether Plaintiffs'

21  applications were subject to CARRP has already been disclosed either through FOIA

22  requests or disclosures by Defendants.  *See generally* Dkt. # 243.

23      As for the production of the "why" information, the Court has already ruled that

24  such information must be disclosed, and the Court does not intend to reverse that decision

25  without a compelling reason to do so.  In its previous Order, the Court rejected

26  Defendants' vague descriptions of the harm of disclosure of USCIS' procedures

27  regarding immigration benefits processing.  Dkt. # 98.  Defendants' arguments here as for

ORDER- 3

1   why USCIS should not be forced to produce any "why" information largely mirror these

2   previously considered arguments, and the Court sees little reason to deviate from this

3   approach based on the current submissions.  *See id*.  Defendants have already produced a

4   number of documents that provide details about the procedures USCIS uses to determine

5   whether an application will initially be subject to CARRP or not, and Defendants'

6   submissions do not provide the Court with a basis to distinguish this information from

7   that redacted under the law enforcement privilege.  Although it is true that some

8   functions of the USCIS relate to law enforcement and some of the withheld information

9   may properly be subject to that privilege, the mixed-function nature of the agency means

10  that the Court must analyze these privilege claim "with some skepticism."  *Am. Civil*

11  *Liberties Union of S. California v. United States Citizenship & Immigration Servs.*, 133

12  F. Supp. 3d 234, 245 (D.D.C. 2015).  Defendants' generalized descriptions of the internal

13  USCIS information contained within the A Files, and the resulting harm of disclosure, are

14  insufficient at this point to overcome this skepticism.

15         Defendants have, however, provided the Court with a number of Declarations

16  from departmental heads from other law enforcement agencies, such as the FBI, CBP,

17  and TSA, or information contained in TECS records.  *See, e.g.*, Dkt. # 86, Exs. B-F.  The

18  Court is persuaded by Defendants' submissions, including those submitted *ex parte* and

19  *in camera*, that disclosure of certain information and methods originating from law

20  enforcement agencies external to USCIS immigration processing, such as the FBI or

21  CBP, could cause harm to national security.  These agencies are not defendants in this

22  case, and their internal processes are not at issue.  Moreover, disclosing details of past or

23  current investigations by these third-party law enforcement agencies would not, in this

24  Court's view, offer much insight into the alleged internal misuse of CARRP by USCIS,

25  and the harm of disclosure would outweigh the value of this information.

26         This leaves the Court in a difficult position.  Plaintiffs' theory in this case is that

27  USCIS is improperly subjecting applications to CARRP; thus, evidence about whether

1   such an improper application has occurred would be highly relevant.  If Plaintiffs'
2   applications were so subjected to CARRP for reasons purely internal to USCIS or only
3   related to the processing of immigration benefits, this information would be highly
4   relevant to Plaintiffs' claims, and may only be contained in the A Files.  As Defendants
5   note, the application of CARRP involves both "internal and external vetting" procedures.
6   Dkt. # 226-1 at 21.  The Court believes the "internal" vetting procedures used by USCIS
7   to be most relevant for the current dispute, and the Court at this point sees little
8   justification for withholding this information based on the law enforcement privilege.
9   However, if Plaintiffs' applications were subject to CARRP because of information
10  originating from law enforcement agencies such as the FBI, producing this information
11  could harm cooperation between law enforcement agencies and implicate ongoing
12  investigations.

13          The Courts thus **GRANTS IN PART AND DENIES IN PART** the parties'
14  Motions as to the "why" information in the Named Plaintiffs' A Files.  Defendants may
15  redact "why" information contained within the A Files that originates from law
16  enforcement agencies external to USCIS immigration processing, such as the FBI, ICE,
17  or CBP.  Defendants may also redact communications between USCIS and these
18  agencies relating to this information.  Defendants may not redact "why" information that
19  originated **solely** within USCIS, and may not redact out whether the application was
20  subject to CARRP, and when.[1]

21

22

23  _____
    [1] If Defendants still believe that disclosure of this "why" information would result in harm to
24  national security and should be withheld under the law enforcement privilege, they may file a
    supplemental request for a protective order on the specific redactions they wish to make.
25  Defendants submission must be narrowly tailored, citing pages and the information contained
    therein with particularity, and must present this information to the Court in an appropriate
26  format.  The Court will continue to reject generalized descriptions of harm or unspecific
    assertions of the law enforcement privilege, and may punish repeated attempts to do so with
27  additional sanctions.

1    Should this directive require an additional production of the Named Plaintiffs' A

2 Files, these productions are to occur within fourteen (14) days of this Order. These files

3 must bear the "ATTORNEYS EYES ONLY" designation, and may only be disclosed to

4 (1) Plaintiffs' attorneys of record, during such time as they continue to represent

5 Plaintiffs; (2) experts retained by Plaintiffs to the extent reasonably necessary to prepare

6 expert reports and testimony; and (3) the Court.  Plaintiffs' attorneys shall maintain these

7 files in a secure manner, such as a locked filing cabinet or password protected electronic

8 file, and shall not transmit these files over any e-mail or cloud-based sharing platform

9 unless the transportation method utilizes appropriate encryption.  Plaintiffs' counsel may

10 not disclose these files, or the newly-unredacted information contained therein (if

11 applicable), to any other individual.  The Court expects strict compliance with this

12 directive, and will impose severe sanctions if the parties do not follow it.

13    B.  Public Class Notice

14    As part of its Motion, Plaintiffs request the Court's permission to post a public

15 Notice to "Potential Class Members" that contains what they contend is only publicly

16 available information and requests that potential class members contact class counsel if

17 they have information that could assist in prosecuting the claims in this case.  Dkt. # 221

18 at 19; *see also* Dkt. # 222, Ex. C.

19    The Court has reviewed Plaintiffs' proposed Class Notice, and finds that it states

20 little more than what is already contained in public records.  The Court finds little fault

21 with the simple act of compiling this information and placing it in a format accessible to

22 the general public.  The Notice also appears to comply with this Court's previous Orders,

23 as it does not disclose whether or not any particular individual was ever, or is, subject to

24 CARRP.  The Court also has little indication that Plaintiffs' attorneys will not abide by

25 the applicable Orders in this case sharply limiting such communication with potential

26 class members. *See, e.g.,* Dkt. # 183.  If they do, Defendants are instructed to

27 immediately bring this to the Court's attention, and the Court will issue appropriate and

1  severe sanctions.  At this point, however, Defendants' concerns that "[h]uman memory is
2  fallible and class counsel may confuse information provided under the AEO restriction
3  with information from public sources" is based on little more than speculative conjecture.
4  Dkt. # 226-1 at 11.

5  Accordingly, the Court **GRANTS** Plaintiffs' Motion and **DENIES** Defendants'
6  Cross-Motion on this point.

7  C.  100 Additional A Files

8  Finally, the Government argues the Plaintiffs' request to produce a random sample
9  of 100 additional A File would be costly, overly burdensome, and unlikely to furnish the
10  information Plaintiffs seek.  Dkt. # 226-1 at 4-10.  The Court agrees that this amount is
11  too many.  While the Court agrees that information relating to unnamed class members
12  remains relevant, it is skeptical that a large, 100 A File production would be worth the
13  significant additional time and effort it would take to redact sensitive information and
14  litigate additional privilege disputes.

15  The Court will thus **DENY** Plaintiffs' specific request for 100 additional A Files.
16  However, the Court is willing to entertain a production of a significantly smaller number
17  of additional A Files, within the realm of one to five A Files, redacted in accordance with
18  the directives of this Order.  While Defendants contend that producing "even one" such A
19  File would create a "substantial burden" for the Government (Dkt. # 226-1 at 4-5),
20  Plaintiffs observe that FOIA requests for such A Files are routinely processed.  Dkt. #
21  244 at 22.  The parties are directed to meet and confer on this point, and are encouraged
22  to submit a joint status report indicating if an agreement for such a production can be
23  accomplished.  If the parties cannot reach an agreement, Plaintiffs may move again on
24  this point for a significantly smaller subset of A Files.

25  Accordingly, pending the outcome of these negotiations in light of the Court's
26  Order, the parties' Motions are both **GRANTED IN PART AND DENIED IN PART**
27  on this point.

1

IV.    **CONCLUSION**

2

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN**

3

**PART** Plaintiffs' Motion to Compel and Defendants' Cross-Motion for a Protective

4

Order.  Dkt. ## 221, 226.

5

6

Dated this 9th day of July, 2019.

7

8

9

The Honorable Richard A. Jones

10

United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 8