THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al., on behalf of himself and other similarly situated*,<br><br>      Plaintiffs,<br><br> v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>      Defendants. | CASE NO. 17-cv-00094 RAJ<br><br>**DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' INTERROGATORY RESPONSES AND TO CHALLENGE THE SUFFICIENCY OF PLAINTIFFS' ANSWERS AND OBJECTIONS TO DEFENDANTS' REQUESTS FOR ADMISSION**<br><br>**<u>NOTE ON MOTION CALENDAR:</u>**<br><br>**NOVEMBER 8, 2019** |

Defendants' Motion to Compel
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

## INTRODUCTION

Defendants move to compel Plaintiffs to respond to Defendants' interrogatories and requests for admission in order to remedy the Plaintiffs' refusal to identify, in any meaningful way, either documents that support the paragraphs and claims in their complaint, or people with knowledge of that support, including a reasonable description of such knowledge.  On one hand, Plaintiffs deny that they lack such information or documents, but on the other hand, they refuse to connect any person with any particular supporting information, or identify any particular document containing information to support their claims.  There can be no more basic requirement in the Federal Rules of Civil Procedure than that a party, upon receipt of a discovery request from an opposing party, must identify the persons and documents who possess the non-privileged information that supports their claims.   For this reason, Defendants seek relief.

Plaintiffs have demanded substantial discovery from Defendants but provided nothing of substance in response to Defendants' limited discovery requests, which seek only to narrow the issues remaining in dispute now that written discovery is coming to a close.  Over the course of discovery, Plaintiffs have operated with great latitude to request and accumulate information they believed relevant to their claims.  In challenging the lawfulness of the Controlled Application Review and Resolution Program ("CARRP") policy as well as two Executive Orders, and in alleging the existence of an undefined "successor" program to CARRP, Plaintiffs issued broad requests for production requiring the collection and review of more than 1.7 million documents.  Defendants have worked diligently for two years to comply with Plaintiffs' requests.  Defendants have produced responsive documents to Plaintiffs on a rolling basis.  Consequently, Plaintiffs have now had the benefit of extensive time to review the information they received and assess its value to the allegations and legal underpinnings of their case.  In total, Defendants have produced nearly 40,000 documents to Plaintiffs, as well as a Certified Administrative Record, the A-files of the five named

Defendants' Motion to Compel - 1
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

plaintiffs, responses to several interrogatories containing numerous subparts, substantial initial and supplemental disclosures, and answers to requests for admissions. In return, Defendants only ask the Plaintiffs to identify the witnesses and documents supporting the allegations in their complaint, or admit that they have no evidence supporting the allegations in their complaint. These modest requests are supported by the Rules of Civil Procedure, and Plaintiffs should be required to respond fully.

**PROCEDURAL HISTORY**

In an effort to narrow the issues in this case, determine what facts are materially in dispute, and avoid surprise at trial, Defendants propounded a set of three interrogatories on Plaintiffs on August 21, 2018, seeking clarity about the potential witnesses and documents supporting Plaintiffs' claims and allegations. *See* Exhibit A. In their initial response to the interrogatories, which were served on September 20, 2018, Plaintiffs provided mostly general objections and meaningless responses, claiming that document production was still ongoing. However, after Defendants claimed that the responses were deficient, Plaintiffs promised to supplement the responses as discovery progressed. Defendants patiently waited for the repeatedly-promised supplement as document production continued. As discovery drew to conclusion and the latest deadline for written discovery was approaching, Plaintiffs had yet to supplement their interrogatory responses or to connect any person or document with any of their claims or allegations.

Faced with this lack of knowledge, Defendants attempted to narrow the issues in dispute by propounding requests for admission on Plaintiffs on August 28, 2019. *See* Exhibit B. In relevant part, these requests for admission took a complementary approach to the interrogatories and asked Plaintiffs to admit that they had no evidentiary support for some of their allegations.[1] For any request

---

[1] Defendants' Requests for Admissions included 67 separate requests. However, Plaintiffs only responded to the first 25 of these RFAs, citing to a numerical limitation incorporated in a previous

Defendants' Motion to Compel - 2
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

that is denied, therefore, Plaintiffs necessarily identified some piece of evidence—a witness or document—that supported all the relevant facts of the applicable allegation and related allegations. Taken together, any denial to an admission request should be accompanied by a corresponding supplement to Plaintiffs' interrogatory responses, at least identifying the person or document they necessarily determined supported that allegation and similar allegations.

Soon after Defendants propounded their requests for admission, Plaintiffs provided Defendants with the long-awaited supplement to their interrogatory responses. Despite the wait and vast amount of information and documents provided to Plaintiffs, this supplement failed to provide any specific information or to narrow the evidence supporting Plaintiffs' claims. Most notably, in response to Defendants' request that Plaintiffs identify all documents supporting their Complaint, Plaintiffs identified all documents produced by Defendants in this litigation. In response to Defendants' request that Plaintiffs identify all persons with knowledge of the facts supporting their complaint, Plaintiffs identified all persons named in documents produced by Defendants in this litigation. As a result, the issues were not narrowed, the facts materially in dispute were not focused, and trial by surprise remains a real possibility as discovery concludes.

Defendants remained hopeful, though, that their requests for admissions would generate some clarity and prompt further supplements to the interrogatory responses. In fact, Defendants agreed to Plaintiffs' request for two additional weeks to answer the requests for admission, conditioned on a corresponding extension of the discovery schedule being implemented by the court. Despite no extension being granted by the conclusion of the written discovery deadline of September 27, 2019, Plaintiffs did not serve their answers to Defendants' requests for admission until October

---

stipulation not carried through by the parties in subsequent stipulations. This has resulted in a disagreement between the parties as to whether this stipulated numerical limitation on RFAs still applies in this case. Given the misunderstanding, Defendants have decided not to seek to compel answers to the unanswered RFAs.

Defendants' Motion to Compel - 3
(Case No. C17-00094RAJ)

11, 2019. While Plaintiffs' answers did confirm a lack of evidentiary support for some aspects of their case, Plaintiffs also objected that the requests for admission implicated the attorney work product doctrine and that documents produced to them were redacted, and otherwise denied the requested admissions. Despite denying most of the requested admissions, Plaintiffs offered no supplemental interrogatory responses that identified any evidentiary support for the corresponding allegation(s) in the requests for admissions.

On October 15, 2019, Defendants notified Plaintiffs of their intent to file this motion by the existing deadline and requested a meet and confer to try to resolve the dispute without court intervention. On October 17, 2019, the parties held a meet and confer, but were unable to resolve this dispute, necessitating this motion.

## ARGUMENT

A "guiding principle" behind the rules governing discovery is that "every party to a litigation is entitled to secure all evidence, information, and documents germane to the issues, even if they are in possession of an adverse party." *Odum v. Willard Stores, Inc.,* 1 F.R.D. 680, 681 (D.D.C 1941). Though Plaintiffs are in possession of some 40,000 documents that Defendants have produced in discovery over the course of two years, their responses to Defendants' Interrogatories and Requests for Admission violate this principle and undermine Defendants' basic capacity to prepare their case for the final stages of litigation ahead.

The scale and scope of production in this case necessitates that Defendants gain a reasonable inventorying of the factual information that Plaintiffs deem pertinent to their claims. Defendants' issued standard and straightforward discovery requests designed to accomplish this modest outcome. Plaintiffs' responses, however, rest on invalid objections and responses so broad and devoid of specificity so as to lack any utility. Although the foundational rules of Civil Procedure are liberally

Defendants' Motion to Compel - 4
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

construed to allow the wide-ranging discovery necessary to avoid surprise at trial and help the parties evaluate and resolve their disputes, *telSPACE, LLC v. Coast to Coast Cellular, Inc*., No. 2:13-CV-01477 RSM, 2014 WL 4364851, at *2 (W.D. Wash. Sept. 3, 2014), Defendants currently cannot accomplish this objective. Therefore, for the reasons detailed below, Defendants request that Plaintiffs be compelled to properly and fully answer Defendants' inquiries.

## I. Plaintiffs' Objections and Answers to Defendants' Interrogatories are Deficient.

### A. Legal Standard

The Federal Rules of Civil Procedure provide for broad discovery in civil actions. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The provision is liberally construed to allow the wide-ranging discovery necessary to avoid surprise at trial and help the parties evaluate and resolve their disputes. *Wilkerson v. Vollans Auto, Inc.*, 2009 WL 1373678, *1 (W.D.Wash.2009).

Rule 37(a) specifically provides that a party may file a motion to compel if "a party fails to answer an interrogatory submitted under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii).

### B. Plaintiffs' Responses Raise Invalid Objections and are Non-Responsive to Defendants' Reasonable Inquiries

Plaintiffs' initial and supplemental responses to Defendants' interrogatories are deficient in fundamental respects. Although Defendants merely seek information that illuminates the factual support for the allegations contained in Plaintiffs' complaint, Plaintiffs' responses are devoid of nearly any information that would allow Defendants to make such determinations. While they require some level of specificity, the information Defendants seek is unremarkable and commonplace. The interrogatories simply request Plaintiffs to identify the knowledgeable persons and relevant documents that support the claims asserted in their Second Amended Complaint and to provide certain information about expert witnesses they may rely upon to present evidence at trial. Yet in their initial responses, Plaintiffs set forth generic objections, contended that the interrogatories were premature because Defendants had not fully responded to Plaintiffs' discovery requests, and referred Defendants to generic sources of information such as "persons identified in documents

Defendants' Motion to Compel - 5
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

produced by Defendants," and "documents Defendants have produced." *See* Exhibit A at 2-4. Even at that juncture, Defendants had produced upwards of 20,000 documents responsive to Plaintiffs' discovery requests. Still, Plaintiffs' responses failed to point with specificity to a single document or person with knowledge of facts supportive of their claims. *Id*. Plaintiffs then waited more than one year to serve Defendants with supplemental responses. Although in the intervening period of time Plaintiffs had received thousands of additional documents along with detailed and lengthy interrogatory responses from Defendants, Plaintiffs' supplemental responses provided scant additional information. The responses remained inadequate for the following reasons:

   1. *Plaintiffs' objections are generalized, moot, or otherwise improper*.

Plaintiffs' objections to Defendants' three interrogatories are invalid. First, in their supplemental responses, Plaintiffs incorporate the objections from their initial responses that interpose the generic, generalized language of ongoing investigation, overbreadth, and undue burden. *See* Exhibit A at 3-6. But as an initial matter, "generalized objections are inadequate and tantamount to not making any objection at all." *Wolk v. Green*, No. C06-5025 BZ, 2007 WL 3203050, at *1 n.1 (N.D. Cal. Oct. 29, 2007) (quoting *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)); *see also Dolarian Capital, Inc. v. SOC, LLC*, No. 1: 11-CV-0031-LJO, 2012 WL 4026818, at *2 (E.D. Cal. Sept. 12, 2012) (describing as "inappropriate under the Federal Rules of Civil Procedure" "general, boilerplate objections with little to no explanation"); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Such generic objections do not meet the requirement of recently amended Federal Rules of Civil Procedure that the grounds for objecting must be "state[d] with specificity ... including the reasons". Fed. R. Civ. P. 34(b)(2)(B); *see also* Fed. R. Civ. P. 34 advisory comm. note to 2015 amend. ("This provision . . . eliminat[es] any doubt that less specific objections might be suitable under Rule 34.").

Additionally, Plaintiffs improperly object to Defendants' requests on the grounds that Defendants "have not produced relevant documents or information in response to Plaintiffs' discovery requests." In reasserting an objection raised in their initial interrogatory responses served

Defendants' Motion to Compel - 6
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

in September 2018, Plaintiffs disregard the nearly 20,000 additional documents Defendants have produced along with the reality that, but for a small number of documents implicating third agency privilege sensitivities, production is complete. Moreover, a party may not refuse to respond to a requesting party's discovery request on the ground that the requested information is in the possession of the requesting party, *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003), or that information is more readily available to the requesting party. *See DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 340–41 (N.D. Cal. 1985) (compelling a response to a similar interrogatory, finding "no good reason . . . why plaintiffs should not promptly disclose to defendants all documents in plaintiffs control that support or contradict any of the controverted allegations in their Consolidated Amended Complaint").

      2. *Plaintiffs' substantive responses omit the material information requested*.

With one exception, Plaintiffs' substantive responses do not identify specific, individual documents. Instead, they make generic, categorical references to large tranches of information which, collectively, encompass the sum total of documents Defendants have produced in this litigation. To detail one specific example, in response to Defendants' second interrogatory request that Plaintiffs identify documents that support the paragraphs and claims in their complaint, Plaintiffs provided the following response:

> Plaintiffs incorporate the General Objections and objections in Plaintiffs response to Interrogatory No. 2. Without waiving the foregoing objections, documents that support Plaintiffs' claim include: Documents and data produced by Defendants in this litigation responsive to Plaintiffs' Requests for Production; Defendants' responses and documents appended to responses to Plaintiffs' Interrogatories and Requests for Admission; the CARRP Administrative Record produced by Defendants; documents referenced by Defendants in their initial and supplemental disclosures; the Class Lists produced by Defendants; documents regarding named Plaintiffs' immigration benefit applications; documents related to CARRP obtained in response to Freedom of Information Act requests made by the American Civil Liberties Union, available at https://www.aclusocal.org/en/CARRP; a report titled "Muslims Need Not Apply: How USCIS Secretly Mandates the Discriminatory Delay and Denial of Citizenship and Immigration Benefits to Aspiring Americans" prepared by the American Civil Liberties Union of Southern California and available at: https://www.aclusocal.org/en/CARRP; publicly available documents and statistics accessed on websites for USCIS, Department of Homeland Security, and Department of State; and documents identified by Defendants' in their Initial and First and Second Supplemental Initial Disclosures.

Defendants' Motion to Compel - 7
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

*See* Exhibit A at 5-6.

Here, Plaintiffs refer Defendants to "[d]ocuments and data produced by Defendants in this litigation responsive to Plaintiffs' Requests for Production," meaning the 40,000 documents, but also including categories such as "Defendants' responses and documents appended to responses to Plaintiffs' Interrogatories and Requests for Admission; the CARRP Administrative Record produced by Defendants; documents referenced by Defendants in their initial and supplemental disclosures; the Class Lists produced by Defendants; documents regarding named Plaintiffs' immigration benefit applications," etc. *See* Exhibit A at 3-7. These disclosures fail to correlate any documents or category of documents to an averment in the complaint or even make any meaningful distinction between the documents that purportedly support Plaintiffs' allegations and the full corpus of documents they have received throughout the course of discovery. It is axiomatic, for instance, that the virtual entirety of Defendants' discovery production was "responsive to Plaintiffs' Requests for Production." Thus, Defendants are no better equipped to prepare their case for the impending consequential and dispositive stages of this litigation than they were before they propounded the interrogatories in August 2018.

Moreover, it is undisputed that a core function of the discovery process is to narrow issues in dispute and lend efficiency to any resulting trial. When appropriately-timed interrogatories, such as Defendants' interrogatory no. 2, request that an opposing party state all the evidence on which it bases some specified contention, "they tend to narrow issues, avoid wasteful preparation, and it is hoped, expedite a resolution of the litigation." *Kolker v. VNUS Med. Techs., Inc.*, No. C 10-0900 SBA PSG, 2011 WL 5057094, at *5–6 (N.D. Cal. Oct. 24, 2011). For this reason, courts "generally approve of [them]." *Id*. Though Plaintiffs protest otherwise, a party "cannot refuse to disclose facts simply because the interrogatory requires their attorney to cull through the universe of information to determine what is, and what is not, responsive." *Wilkerson v. Vollans Auto., Inc.*, No. C08-1501RSL, 2009 WL 1373678, at *1 (W.D. Wash. May 15, 2009). Plaintiffs' interrogatory responses are inadequate and they should be required to respond with specificity to the reasonable inquiries Defendants have made.

Defendants' Motion to Compel - 8
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

## II. Plaintiffs' Objections and Answers to Defendants' Requests for Admission are Deficient.

### A. Legal Overview

Admission requests serve purposes different from other forms of discovery. "Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Advisory Committee Note to Rule 36(a), 48 F.R.D. 531, 533 (1970) ("Advisory Committee Note"). Admissions eliminate issues for trial by establishing facts without requiring additional proof. *Asea, Inc. v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1245 (9th Cir.1981) ("[t]he purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial").

### B. Plaintiffs' Responses Rest on Invalid Objections.

Plaintiffs' objections to Defendants' Requests for Admission ("RFAs") are improper. First, Plaintiffs object to each of Defendants' RFAs on the basis that the requests seek information that is protected by the Work Product Doctrine in that each RFA "asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources." *See* Exhibit B at 3-30. However, the Work Product Doctrine, which protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial," Fed. R. Civ. P. 26(b)(3)(A), is inapplicable in this context. "It is firmly established that there is no privilege at all unless the document was ***initially prepared*** in contemplation of litigation, or in the course of preparing for trial. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 865 (D.C. Cir. 1980) (emphasis added).

Plaintiffs' contention that the information Defendants seek is protected by the Work Product Doctrine fails to get out of the starting gate because Defendants do not request a single document that Plaintiffs' counsel has created or prepared. Nor do Plaintiffs identify or describe any document

Defendants' Motion to Compel - 9
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

that would be protected by work product relevant to the RFAs. Fed. R. Civ. P. 26(b)(5); *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003). Instead, Defendants merely seek documentation of the facts elicited in discovery that support Plaintiffs' claims that are contained in documents Defendants have produced in discovery. Such a request is not objectionable. Indeed, "one of the primary purposes of discovery is to uncover the facts on which your opponents' claim or defense is based: such facts are clearly discoverable." *Wilkerson*, 2009 WL 1373678, at *1, citing *Campbell v. Washington*, –––F.Supp.2d –––, 2009 WL 577599 (W.D. Wash. March 5, 2009); *Ramirez v. Olympic Health Mgmt. Sys., Inc*., –––F.Supp.2d –––2008 WL 5377882 (E.D. Wash. Dec.23, 2008). In *Wilkerson*, the responding party raised work product and attorney-client privilege objections to interrogatories seeking "all facts and documents that support[ed]" certain affirmative defenses based on the premise that a response would necessarily disclose the mental impressions of the responding attorney. The court rejected the basis for each objection. *Id*. Because the propounding party sought only information and not documents or tangible things created in anticipation of litigation, the court found, the work product doctrine was inapplicable. *Id*. As the court noted, if discovery aimed solely at facts and the identification of documents were objectionable under the work product doctrine, "the liberal rules of discovery would be ineffective because any selection would arguably reveal the 'mental impressions' of counsel." Accordingly, Plaintiffs' Work Product objections are unfounded.

Second, Plaintiffs' objection premised on the basis that Defendants have not produced unredacted versions of certain documents is also improper. Plaintiffs are only entitled to receive non-privileged information that is otherwise responsive to their discovery requests. *See* Fed.R.Civ.P. 26(b)(1). Where Defendants have withheld information pursuant to valid privilege assertions, the information provided is properly limited. Indeed, the parties have heavily litigated privilege disputes over the course of this litigation and found compromise on numerous other

Defendants' Motion to Compel - 10
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

occasions.  The redacted information that is a product of those court rulings and agreements cannot not now properly be offered by Plaintiffs as a basis to withhold factual information which is otherwise discoverable.  As such, Defendants request this Court to invalidate these objections.

Finally, a party asserting a claim of privilege in lieu of a discovery response must raise that claim expressly by stating the ground of the claim of privilege, and by describing the withheld materials so that the validity of the claim may be judged.  Fed. R. Civ. P. 26(b)(5)(A); *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1393 (N.D. Ga. 2017) ("Blanket and general assertions of a claim of privilege do not provide sufficient detail about the documents.").  In asserting work product and attorney-client privileges, Plaintiffs fail to provide a privilege log describing the materials which they claim protection over.  Plaintiffs' failure to do so not only prevents Defendants from scrutinizing the objections, but further undermines the validity of their claims.  To the extent the Court's finds any of Plaintiffs' privilege assertions valid, they accordingly should be required to provide a proper privilege log.

Defendants' Motion to Compel - 11
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

# **CONCLUSION**

For the reasons argued above, Defendants' Motion to Compel and Motion Challenging the Sufficiency of Plaintiffs' Answers to Requests for Admissions should be granted.

DATED this 18th day of October, 2019.         Respectfully submitted,

| | |
|---|---|
| JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice | VICTORIA BRAGA<br>Trial Attorney<br>Office of Immigration Litigation |
| AUGUST FLENTJE<br>Special Counsel<br>Civil Division | LEON B. TARANTO<br>Trial Attorney<br>Torts Branch |
| ETHAN B. KANTER<br>Chief, National Security Unit<br>Office of Immigration Litigation | LINDSAY M. MURPHY<br>Counsel for National Security<br>Office of Immigration Litigation |
| BRIAN C. KIPNIS<br>Assistant United States Attorney<br>Western District of Washington | JESSE L. BUSEN<br>Trial Attorney<br>Office of Immigration Litigation |
| ANDREW C. BRINKMAN<br>Senior Counsel for National Security<br>Office of Immigration Litigation | /s/ Brendan T. Moore<br>BRENDAN T. MOORE<br>Trial Attorney<br>Office of Immigration Litigation |
| BRIAN T. MORAN<br>United States Attorney<br>Counsel for Defendants | |

Defendants' Motion to Compel - 12
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

Certification re: Meet and Confer Requirement

Defendants hereby certify that they have in good faith conferred with counsel for Plaintiffs in an effort to resolve this dispute without court action. Defendants have raised their concerns about Plaintiffs' interrogatory responses as part of meet and confer sessions covering a variety of issues over the course of several months. Defendants again specifically raised their issues concerning Plaintiffs' interrogatory responses together with concerns about Plaintiffs' responses to Defendants' Requests for Admission in e-mails sent to Plaintiffs' attorneys on October 15, 2019 and October 16, 2019. Attorneys for the parties participated in a telephone conference on October 17, 2019. Attorneys David Perez and Cristina Sepe participated in the telephone conference for Plaintiffs. Attorney Ethan Kanter and Brian Kipnis participated in the telephone conference for Defendants. The parties continued to exchange various proposals and counterproposals through midday on October 18, 2019 before an impasse in negotiations was reached.

/s/ Brendan Moore
BRENDAN T. MOORE
Trial Attorney
Office of Immigration Litigation
U.S. Dept. of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington D.D. 20044
(202) 598-8173

Defendants' Motion to Compel - 13
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Brendan Moore
BRENDAN T. MOORE
Trial Attorney
Office of Immigration Litigation
U.S. Dept. of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington D.D. 20044
(202) 598-8173

Defendants' Motion to Compel - 14
(Case No. C17-00094RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445