# EXHIBIT B

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ABDIQAFAR WAGAFE *et al.*, on behalf of themselves and others similarly situated,

              Plaintiffs,

     v.

DONALD TRUMP, President of the United States *et al.*,

              Defendants.

No. 17-cv-00094 RAJ

PLAINTIFFS' OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rules of Civil Procedure 26 and 36, Abdiqafar Wagafe, Mehdi Ostadhassan, Hanin Omar Bengezi, Noah Adam Abraham (f/k/a Mushtaq Abed Jihad), and Sajeel Manzoor, on behalf of themselves and others similarly situated (collectively, "Plaintiffs"), hereby submit the following Objections and Answers to Defendants' First Set of Requests for Admission.

## GENERAL OBJECTIONS AND RESERVATIONS

Plaintiffs' responses to the Requests for Admission are subject to and without waiver of the following objections and reservations:

1.     Plaintiffs object to the Requests for Admission that impose or seek to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of the Court.

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

2.      Plaintiffs object to the Requests for Admission because Defendants' Requests for Admission exceed the "limited number of Requests for Admission, not to exceed 25" the parties stipulated to serve, Dkt. 205 at 3 n.2, and the parties have not stipulated to increase the number of Requests for Admission that each party may serve.

3.      Plaintiffs object to each Request for Admission to the extent that the Request for Admission calls for information protected from discovery or disclosure by any privilege or doctrine, including, without limitation, the attorney-client privilege or work product doctrine and any privilege or doctrine that protects information from discovery or disclosure because it otherwise reflects the impressions, conclusions, opinions, legal research, litigation plans or theories of their attorneys. Such information or documents shall not be provided in response to Defendants' Requests for Admission and any inadvertent disclosure shall not be deemed a waiver of any privilege with respect to such information or of any work product immunity which may attach thereto. Fed. R. Civ. P. 26(b)(5)(B).

4.      By providing certain information requested herein, Plaintiffs do not waive any privilege or protection that is or may be applicable to such information.

5.      Plaintiffs object to the Requests for Admission to the extent they seek information no longer in existence or not currently in Plaintiffs' possession, custody, or control, or to the extent it refers to persons, entities, or events not known to Plaintiffs or controlled by Plaintiffs, on the grounds that such definitions or Requests for Admission are overly broad, seek to require more of Plaintiffs than any obligation imposed by law, would subject Plaintiffs to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Plaintiff an obligation to investigate, discover, or produce information or materials from third parties or otherwise that are accessible to Defendants or readily obtainable from public or other sources. Fed. R. Civ. P. 26(b)(1), (2).

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

6.      Plaintiffs object to the Requests for Admission to the extent they seek legal conclusions and/or would require Plaintiffs to reach a legal conclusion in order to prepare a response.

7.      Plaintiffs' investigation and development of facts relating to this action are ongoing. These objections and answers are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial.

8.      Plaintiffs reserve the right to supplement, clarify, revise, or correct any or all of the objections and answers herein, and to assert additional objections or privileges, in one or more subsequent supplemental answer(s).

9.      The assertion of any general objections does not preclude the assertion of specific objections. Nor does the assertion of additional specific objections waive applicable general objections.

## SPECIFIC OBJECTIONS AND ANSWERS TO REQUESTS FOR ADMISSION

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into the following answers to the extent applicable, Plaintiffs respond to Defendants' Requests for Admission as follows:

**REQUEST FOR ADMISSION NO. 1:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 10 of the Second Amended Complaint (hereafter "Complaint") that "CARRP prohibits USCIS field officers from approving an application with an alleged potential national security concern," and "instead direct[s] officers to deny the application or delay adjudication—often indefinitely."

**ANSWER:** Plaintiffs object to Request for Admission No. 1 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

sources. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 2:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 11 of the Complaint that "CARRP identifies national security concerns based on . . . characteristics such as national origin."

**ANSWER:** Plaintiffs object to Request for Admission No. 2 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 3:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 13 of the Complaint that "two recent immigration Executive Orders issued by Defendant Donald Trump suggest the number of residents subjected to CARRP will expand in the coming months and years."

**ANSWER:** Plaintiffs object to Request for Admission No. 3 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 4:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 15 of the Complaint, as to USCIS suspending adjudication or of all pending petitions, applications and requests involving citizens

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

or nationals of the seven countries subject to Executive Order 13769, other than from January 28, 2017 through February 2, 2017.

**ANSWER:** Plaintiffs object to Request for Admission No. 4 because it misstates paragraph 15 of Plaintiffs' Second Amended Complaint, and because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs admit but reserve the right to amend this answer as discovery is still ongoing.

**REQUEST FOR ADMISSION NO. 5:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 16 of the Complaint that any "extreme vetting" policy implemented under the First Executive Order would expand CARRP or has expanded CARRP.

**ANSWER:** Plaintiffs object to Request for Admission No. 5 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Plaintiffs further respond that responsive documents related to the implementation of Executive Order 13769 (the "First Executive Order") have been heavily redacted on several grounds, including but not limited to attorney-client privilege, deliberative process privilege, law enforcement privilege, and presidential communication privilege, making it difficult to ascertain the implementation of the First Executive Order. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**REQUEST FOR ADMISSION NO. 6:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 18 of the Complaint that "the Second EO sanctions a major expansion of the existing CARRP program."

**ANSWER:** Plaintiffs object to Request for Admission No. 6 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Plaintiffs further respond that responsive documents related to implementation of Executive Order 13780 (the "Second Executive Order") have been heavily redacted on several grounds, including but not limited to attorney-client privilege, deliberative process privilege, law enforcement privilege, and presidential communication privilege, making it difficult to ascertain the implementation of the Second Executive Order. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 20 of the Complaint that "the applications of Plaintiff Ostadhassan, Plaintiff Bengezi, and proposed class members will be unlawfully suspended due to the application of the Second EO," or that their applications have been "unlawfully suspended due to the application of the Second EO."

**ANSWER:** Plaintiffs object to Request for Admission No. 7 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Plaintiffs further respond that responsive documents related to the implementation of Executive Order 13780 (the "Second Executive Order") have been heavily redacted on several grounds, including but not limited to attorney-client privilege, deliberative process privilege, and law enforcement privilege, making it difficult to ascertain the implementation of the Second Executive Order. Additionally, Defendants have not produced an unredacted version Plaintiff

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  Mehdi Ostadhassan A-File nor have Defendants produced the A-Files of unnamed class

2  members. Without waiving the General Objections, which are incorporated herein, and the

3  foregoing Specific Objections, Plaintiffs deny the allegations as to Plaintiff Bengezi as moot

4  because USCIS approved Bengezi's I-485 application on May 9, 2017. *See* Dkt. 60 at 10.

5  Regarding the allegations as to Plaintiff Ostadhassan and the class members, Plaintiffs admit but

6  the admission does not extend to the allegations regarding the application of CARRP to their

7  applications. Plaintiffs reserve the right to amend this answer as discovery is still ongoing.

8

9  **REQUEST FOR ADMISSION NO. 8:** Admit that Plaintiffs cannot identify any documents or

10  other evidence supporting their allegation(s) in paragraphs 25 and 174 of the Complaint that

11  "Plaintiff Mehdi Ostadhassan . . . satisfies all statutory criteria for adjustment of status" to lawful

12  permanent resident," or their allegations in paragraph 173 that Plaintiff Ostadhassan "is

13  statutorily eligible for adjustment of status."

14  **ANSWER:** Plaintiffs object to Request for Admission No. 8 because it seeks information that is

15  attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

16  documents/information produced by Defendants and documents/information obtained from other

17  sources. Plaintiffs further object to this Request for Admission because Defendants have not

18  produced an unredacted version Plaintiff Mehdi Ostadhassan A-File. Without waiving the

19  General Objections, which are incorporated herein, and the foregoing Specific Objections,

20  Plaintiffs deny.

21

22  **REQUEST FOR ADMISSION NO. 9:** Admit that Plaintiffs cannot identify any documents or

23  other evidence supporting their allegation(s) in paragraph 174 of the Complaint regarding

24  Plaintiff Mehdi Ostadhassan that "USCIS has suspended or will suspend adjudication of his

25  application under the First and Second EOs."

26

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**ANSWER:** Plaintiffs object to Request for Admission No. 9 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Plaintiffs further object because responsive documents related to Plaintiff Mehdi Ostadhassan and the First and Second Executive Orders have been heavily redacted, making it difficult to ascertain the implementation of the First and Second Executive Orders and their effects on Ostadhassan's application. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 10:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraphs 26 and 197 of the Complaint that "under the First and Second EOs" the "USCIS has suspended or will suspend adjudication" of Plaintiff Hanin Omar Bengezi's application for adjustment to lawful permanent resident status."

**ANSWER:** Plaintiffs object to Request for Admission No. 10 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Plaintiffs further respond that responsive documents related to Plaintiff Hanin Omar Bengezi and the First and Second Executive Orders have been heavily redacted, making it difficult to ascertain the implementation of the First and Second Executive Orders and their effects on Bengezi's application. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny but further respond that USCIS approved Bengezi's I-485 application on May 9, 2017. *See* Dkt. 60 at 10.

**REQUEST FOR ADMISSION NO. 11:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraphs 25-28, 160, 173, 196, 217, 234, 241, and 243-44 of the Complaint that there is, or that USCIS operates, a "successor 'extreme vetting'

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  program" to CARRP, and that USCIS has subjected or will subject the applications of the named

2  Plaintiffs and of the class plaintiffs to a "successor 'extreme vetting' program" to CARRP.

3  **ANSWER:** Plaintiffs object to Request for Admission No. 11 because it seeks information that

4  is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

5  documents/information produced by Defendants and documents/information obtained from other

6  sources. Plaintiffs further object because responsive documents related to the implementation

7  and evolution of CARRP have been heavily redacted, making it difficult to ascertain whether

8  USCIS operates a successor extreme vetting program to CARRP. Without waiving the General

9  Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs

10  admit as to successor programs but further respond, however, that new tools and programmatic

11  changes to CARRP have been implemented. Plaintiffs reserve the right to amend this answer as

12  discovery is still ongoing.

13

14  **REQUEST FOR ADMISSION NO. 12:** Admit that Plaintiffs cannot identify any documents or

15  other evidence supporting their allegation(s) in paragraph 66 of the Complaint that the Terrorist

16  Screening Database (TSDB) or Terrorist Watchlist includes the names of "many" persons who

17  "present no threat to the United States."

18  **ANSWER:** Plaintiffs object to Request for Admission No. 12 because it seeks information that

19  is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

20  documents/information produced by Defendants and documents/information obtained from other

21  sources. Plaintiffs further object because the federal government refuses to disclose the names of

22  those in the Terrorist Screening Database. Without waiving the General Objections, which are

23  incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

24

25  **REQUEST FOR ADMISSION NO. 13:** Admit that Plaintiffs cannot identify any documents or

26  other evidence supporting their allegation(s) in paragraph 68 of the Complaint that "the Terrorist

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   Screening Center ("TSC"), which maintains the TSDB, has failed to ensure that individuals who

2   do not meet the Watchlist's criteria are promptly removed from the TSDB (or not blacklisted in

3   the first place)."

4   **ANSWER:** Plaintiffs object to Request for Admission No. 13 because it seeks information that

5   is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

6   documents/information produced by Defendants and documents/information obtained from other

7   sources. Without waiving the General Objections, which are incorporated herein, and the

8   foregoing Specific Objections, Plaintiffs deny.

9

10   **REQUEST FOR ADMISSION NO. 14:** Admit that Plaintiffs cannot identify any documents or

11   other evidence supporting their allegation(s) in paragraph 76 of the Complaint that "CARRP

12   labels applicants national security concerns based on vague and overbroad criteria that often turn

13   on national origin or innocuous and lawful activities or associations, . . . and … necessarily

14   ensnare individuals who pose no threat to the security of the United States."

15   **ANSWER:** Plaintiffs object to Request for Admission No. 14 because it seeks information that

16   is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

17   documents/information produced by Defendants and documents/information obtained from other

18   sources. Without waiving the General Objections, which are incorporated herein, and the

19   foregoing Specific Objections, Plaintiffs deny.

20

21   **REQUEST FOR ADMISSION NO. 15:** Admit that Plaintiffs cannot identify any documents or

22   other evidence supporting their allegation(s) in paragraph 77 of the Complaint that "CARRP's

23   rules and procedures … guide. . . an officer[, who] cannot find a basis to deny the application, to

24   delay adjudication as long as possible."

25   **ANSWER:** Plaintiffs object to Request for Admission No. 15 because it seeks information that

26   is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

documents/information produced by Defendants and documents/information obtained from other sources. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 16:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 78 of the Complaint that a CARRP "procedure … called 'deconfliction' … requires USCIS to … subordinate its authority – to the law enforcement agency, often the FBI, that possesses information giving rise to the … national security concern" for an application handled under CARRP.

**ANSWER:** Plaintiffs object to Request for Admission No. 16 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 17:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 79 of the Complaint that "[d]uring deconfliction" under CARRP, "the relevant law enforcement agency has authority: to instruct USCIS to ask certain questions in an interview or to issue a Request for Evidence ("RFE"); … and to request that USCIS deny, grant or hold the application in abeyance for an indefinite period of time."

**ANSWER:** Plaintiffs object to Request for Admission No. 17 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2  **REQUEST FOR ADMISSION NO. 18:** Admit that Plaintiffs cannot identify any documents or

3  other evidence supporting their allegation(s) in paragraph 81 of the Complaint that "USCIS often

4  makes decisions to deny immigration benefit applications because the FBI requests or

5  recommends the denial, not because the person is statutorily ineligible for the benefit."

6  **ANSWER:** Plaintiffs object to Request for Admission No. 18 because it seeks information that

7  is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

8  documents/information produced by Defendants and documents/information obtained from other

9  sources. Without waiving the General Objections, which are incorporated herein, and the

10  foregoing Specific Objections, Plaintiffs deny.

11

12  **REQUEST FOR ADMISSION NO. 19:** Admit that Plaintiffs cannot identify any documents or

13  other evidence supporting their allegation(s) in paragraph 82 of the Complaint that "[t]he FBI

14  often seeks to use the pending immigration application to coerce the applicant to act as an

15  informant or otherwise provide information."

16  **ANSWER:** Plaintiffs object to Request for Admission No. 19 because it seeks information that

17  is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

18  documents/information produced by Defendants and documents/information obtained from other

19  sources. Without waiving the General Objections, which are incorporated herein, and the

20  foregoing Specific Objections, Plaintiffs deny.

21

22  **REQUEST FOR ADMISSION NO. 20:** Admit that Plaintiffs cannot identify any documents or

23  other evidence supporting their allegation(s) in paragraph 84 of the Complaint that "[w]here no

24  legitimate reason supports denial of an application subjected to CARRP, USCIS officers often

25  utilize spurious or pretextual reasons to deny the application."

26

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 12

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   **ANSWER:** Plaintiffs object to Request for Admission No. 20 because it seeks information that

2   is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

3   documents/information produced by Defendants and documents/information obtained from other

4   sources. Without waiving the General Objections, which are incorporated herein, and the

5   foregoing Specific Objections, Plaintiffs deny.

6

7   **REQUEST FOR ADMISSION NO. 21:** Admit that Plaintiffs cannot identify any documents or

8   other evidence supporting their allegation(s) in paragraph 94 of the Complaint that "USCIS

9   routinely delays adjudication of applications subject to CARRP when it cannot find a reason to

10  deny the application."

11  **ANSWER:** Plaintiffs object to Request for Admission No. 21 because it seeks information that

12  is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

13  documents/information produced by Defendants and documents/information obtained from other

14  sources. Without waiving the General Objections, which are incorporated herein, and the

15  foregoing Specific Objections, Plaintiffs deny.

16

17  **REQUEST FOR ADMISSION NO. 22:** Admit that Plaintiffs cannot identify any documents or

18  other evidence supporting their allegation(s) in paragraph 94 of the Complaint that "[w]hen an

19  applicant files a mandamus action to compel USCIS to finally adjudicate his or her pending

20  application, it often has the effect of forcing USCIS to deny a statutorily-eligible application on

21  pretextual grounds."

22  **ANSWER:** Plaintiffs object to Request for Admission No. 22 because it seeks information that

23  is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

24  documents/information produced by Defendants and documents/information obtained from other

25  sources. Without waiving the General Objections, which are incorporated herein, and the

26  foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 23:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 97 of the Complaint that "CARRP results in … pre-textual denials of statutorily-eligible immigration applications."

**ANSWER:** Plaintiffs object to Request for Admission No. 23 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 24:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 141 of the Complaint that "the Second EO" has "required" an "'extreme vetting'" program" that "will dramatically expand CARRP," or that the Second EO has "dramatically expand[ed] CARRP."

**ANSWER:** Plaintiffs object to Request for Admission No. 24 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Plaintiffs further respond that responsive documents related to implementation of Executive Order 13780 (the "Second Executive Order") have been redacted on several grounds, including but not limited to attorney-client privilege, deliberative process privilege, law enforcement privilege, and presidential communication, making it difficult to ascertain the implementation of the Second Executive Order. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 14

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**REQUEST FOR ADMISSION NO. 25:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 161 that subjecting Plaintiff Abdiqafar Wagafe's "application to CARRP … harmed his professional options …"

**ANSWER:** Plaintiffs object to Request for Admission No. 25 because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources. Without waiving the General Objections, which are incorporated herein, and the foregoing Specific Objections, Plaintiffs deny.

**REQUEST FOR ADMISSION NO. 26:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 218 of the Complaint that "under the First EO," the "USCIS suspended adjudication" of Plaintiff Mushtaq Abed Jihad's application for adjustment of status."

**ANSWER:** Plaintiffs object to Request for Admission No. 26 because the parties stipulated to serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and the parties have not stipulated to increase the number of Requests for Admission that each party may serve. Plaintiffs further object to this Request for Admission because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources.

**REQUEST FOR ADMISSION NO. 27:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 251 of the Complaint that "Defendants have interpreted the First EO … to authorize the suspension of immigration petitions, applications, or requests involving Plaintiff Wagafe, Plaintiff Ostadhassan, [and] Plaintiff Bengezi …"

PLAINTIFFS' OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION
(No. 17-cv-00094 RAJ) – 15

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**ANSWER:** Plaintiffs object to Request for Admission No. 27 because the parties stipulated to serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and the parties have not stipulated to increase the number of Requests for Admission that each party may serve. Plaintiffs further object to this Request for Admission because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources.

**REQUEST FOR ADMISSION NO. 28:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 251-52 of the Complaint that "Defendants …will interpret the Second EO to authorize the suspension of immigration petitions, applications, or requests involving Plaintiff Wagafe, Plaintiff Ostadhassan, [and] Plaintiff Bengezi," and that Defendants will suspend adjudication of such immigration benefits petitions, applications, or requests" by Plaintiffs Wagafe, Ostadhassan and Bengezi.

**ANSWER:** Plaintiffs object to Request for Admission No. 28 because the parties stipulated to serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and the parties have not stipulated to increase the number of Requests for Admission that each party may serve. Plaintiffs further object to this Request for Admission because it seeks information that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of documents/information produced by Defendants and documents/information obtained from other sources.

**REQUEST FOR ADMISSION NO. 29:** Admit that Plaintiffs cannot identify any documents or other evidence supporting their allegation(s) in paragraph 268 of the Complaint that the Defendants "indefinite[ly] suspend[ed] … adjudication of [the class] Plaintiffs' applications for immigration benefits on the basis of their country of origin, and without sufficient justification."

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 16

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   **ANSWER:** Plaintiffs object to Request for Admission No. 29 because the parties stipulated to

2   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

3   the parties have not stipulated to increase the number of Requests for Admission that each party

4   may serve. Plaintiffs further object to this Request for Admission because it seeks information

5   that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

6   documents/information produced by Defendants and documents/information obtained from other

7   sources.

8

9   **REQUEST FOR ADMISSION NO. 30:** Admit that Plaintiffs cannot identify any documents or

10   other evidence supporting their allegation(s) in paragraph 269 of the Complaint that Defendants

11   "indefinite[ly] suspended ... adjudication of Plaintiff Wagafe's, Plaintiff Ostadhassan's, [and]

12   Plaintiff Bengezi's ... applications for immigration benefits under the First and Second EOs."

13   **ANSWER:** Plaintiffs object to Request for Admission No. 30 because the parties stipulated to

14   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

15   the parties have not stipulated to increase the number of Requests for Admission that each party

16   may serve. Plaintiffs further object to this Request for Admission because it seeks information

17   that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

18   documents/information produced by Defendants and documents/information obtained from other

19   sources.

20

21   **REQUEST FOR ADMISSION NO. 31:** Admit that Plaintiffs have not received any responses

22   to their Public Notice.

23   **ANSWER:** Plaintiffs object to Request for Admission No. 31 because the parties stipulated to

24   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

25   the parties have not stipulated to increase the number of Requests for Admission that each party

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

may serve. Plaintiffs further object to this Request for Admission to the extent it seeks information protected by attorney-client privilege or work product doctrine.

**REQUEST FOR ADMISSION NO. 32:** Admit that Plaintiffs have not received more than 5 responses to their Public Notice.

**ANSWER:** Plaintiffs object to Request for Admission No. 32 because the parties stipulated to serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and the parties have not stipulated to increase the number of Requests for Admission that each party may serve. Plaintiffs further object to this Request for Admission to the extent it seeks information protected by attorney-client privilege or work product doctrine.

**REQUEST FOR ADMISSION NO. 33:** Admit that Plaintiffs have not received more than 10 responses to their Public Notice.

**ANSWER:** Plaintiffs object to Request for Admission No. 33 because the parties stipulated to serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and the parties have not stipulated to increase the number of Requests for Admission that each party may serve. Plaintiffs further object to this Request for Admission to the extent it seeks information protected by attorney-client privilege or work product doctrine.

**REQUEST FOR ADMISSION NO. 34:** Admit that Plaintiffs have not received more than 25 responses to their Public Notice.

**ANSWER:** Plaintiffs object to Request for Admission No. 34 because the parties stipulated to serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and the parties have not stipulated to increase the number of Requests for Admission that each party may serve. Plaintiffs further object to this Request for Admission to the extent it seeks information protected by attorney-client privilege or work product doctrine.

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 18

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2   **REQUEST FOR ADMISSION NO. 35:** Admit that Plaintiffs have not received more than 50

3   responses to their Public Notice.

4   **ANSWER:** Plaintiffs object to Request for Admission No. 35 because the parties stipulated to

5   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

6   the parties have not stipulated to increase the number of Requests for Admission that each party

7   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

8   information protected by attorney-client privilege or work product doctrine.

9

10   **REQUEST FOR ADMISSION NO. 36:** Admit that Plaintiffs have not received more than 100

11   responses to their Public Notice.

12   **ANSWER:** Plaintiffs object to Request for Admission No. 36 because the parties stipulated to

13   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

14   the parties have not stipulated to increase the number of Requests for Admission that each party

15   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

16   information protected by attorney-client privilege or work product doctrine.

17

18   **REQUEST FOR ADMISSION NO. 37:** Admit that Plaintiffs have not received more than 5

19   responses to their Public Notice from members of the Naturalization Class.

20   **ANSWER:** Plaintiffs object to Request for Admission No. 37 because the parties stipulated to

21   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

22   the parties have not stipulated to increase the number of Requests for Admission that each party

23   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

24   information protected by attorney-client privilege or work product doctrine.

25

26

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  **REQUEST FOR ADMISSION NO. 38:** Admit that Plaintiffs have not received more than 10

2  responses to their Public Notice from members of the Naturalization Class.

3  **ANSWER:** Plaintiffs object to Request for Admission No. 38 because the parties stipulated to

4  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

5  the parties have not stipulated to increase the number of Requests for Admission that each party

6  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

7  information protected by attorney-client privilege or work product doctrine.

8

9  **REQUEST FOR ADMISSION NO. 39:** Admit that Plaintiffs have not received more than 25

10 responses to their public notice from members of the Naturalization Class.

11 **ANSWER:** Plaintiffs object to Request for Admission No. 39 because the parties stipulated to

12 serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

13 the parties have not stipulated to increase the number of Requests for Admission that each party

14 may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

15 information protected by attorney-client privilege or work product doctrine.

16

17 **REQUEST FOR ADMISSION NO. 40:** Admit that Plaintiffs have not received more than 50

18 responses to their Public Notice from members of the Naturalization Class.

19 **ANSWER:** Plaintiffs object to Request for Admission No. 40 because the parties stipulated to

20 serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

21 the parties have not stipulated to increase the number of Requests for Admission that each party

22 may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

23 information protected by attorney-client privilege or work product doctrine.

24

25 **REQUEST FOR ADMISSION NO. 41:** Admit that Plaintiffs have not received more than 100

26 responses to their Public Notice from members of the Naturalization Class.

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  **ANSWER:** Plaintiffs object to Request for Admission No. 41 because the parties stipulated to

2  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

3  the parties have not stipulated to increase the number of Requests for Admission that each party

4  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

5  information protected by attorney-client privilege or work product doctrine.

6

7  **REQUEST FOR ADMISSION NO. 42:** Admit that Plaintiffs have not received any responses

8  to their Public Notice from members of the Adjustment Class.

9  **ANSWER:** Plaintiffs object to Request for Admission No. 42 because the parties stipulated to

10  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

11  the parties have not stipulated to increase the number of Requests for Admission that each party

12  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

13  information protected by attorney-client privilege or work product doctrine.

14

15  **REQUEST FOR ADMISSION NO. 43:** Admit that Plaintiffs have not received more than 5

16  responses to their Public Notice from members of the Adjustment Class.

17  **ANSWER:** Plaintiffs object to Request for Admission No. 43 because the parties stipulated to

18  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

19  the parties have not stipulated to increase the number of Requests for Admission that each party

20  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

21  information protected by attorney-client privilege or work product doctrine.

22

23  **REQUEST FOR ADMISSION NO. 44:** Admit that Plaintiffs have not received more than 10

24  responses to their Public Notice from members of the Adjustment Class.

25  **ANSWER:** Plaintiffs object to Request for Admission No. 44 because the parties stipulated to

26  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

1    the parties have not stipulated to increase the number of Requests for Admission that each party

2    may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

3    information protected by attorney-client privilege or work product doctrine.

4

5    **REQUEST FOR ADMISSION NO. 45:** Admit that Plaintiffs have not received more than 25

6    responses to their Public Notice from members of the Adjustment Class.

7    **ANSWER:** Plaintiffs object to Request for Admission No. 45 because the parties stipulated to

8    serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

9    the parties have not stipulated to increase the number of Requests for Admission that each party

10   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

11   information protected by attorney-client privilege or work product doctrine.

12

13   **REQUEST FOR ADMISSION NO. 46:** Admit that Plaintiffs have not received more than 50

14   responses to their Public Notice from members of the Adjustment Class.

15   **ANSWER:** Plaintiffs object to Request for Admission No. 46 because the parties stipulated to

16   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

17   the parties have not stipulated to increase the number of Requests for Admission that each party

18   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

19   information protected by attorney-client privilege or work product doctrine.

20

21   **REQUEST FOR ADMISSION NO. 47:** Admit that Plaintiffs have not received more than 75

22   responses to their Public Notice from members of the Adjustment Class.

23   **ANSWER:** Plaintiffs object to Request for Admission No. 47 because the parties stipulated to

24   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

25   the parties have not stipulated to increase the number of Requests for Admission that each party

26

1  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

2  information protected by attorney-client privilege or work product doctrine.

3

4  **REQUEST FOR ADMISSION NO. 48:** Admit that Plaintiffs have not received any responses

5  to their Public Notice from class members from a Muslim Majority Country.

6  **ANSWER:** Plaintiffs object to Request for Admission No. 48 because the parties stipulated to

7  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

8  the parties have not stipulated to increase the number of Requests for Admission that each party

9  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

10  information protected by attorney-client privilege or work product doctrine.

11

12  **REQUEST FOR ADMISSION NO. 49:** Admit that Plaintiffs have not received more than 5

13  responses to their Public Notice from class members from any Muslim Majority Country.

14  **ANSWER:** Plaintiffs object to Request for Admission No. 49 because the parties stipulated to

15  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

16  the parties have not stipulated to increase the number of Requests for Admission that each party

17  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

18  information protected by attorney-client privilege or work product doctrine.

19

20  **REQUEST FOR ADMISSION NO. 50:** Admit that Plaintiffs have not received more than 10

21  responses to their Public Notice from class members from any Muslim Majority Country.

22  **ANSWER:** Plaintiffs object to Request for Admission No. 50 because the parties stipulated to

23  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

24  the parties have not stipulated to increase the number of Requests for Admission that each party

25  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

26  information protected by attorney-client privilege or work product doctrine.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2   **REQUEST FOR ADMISSION NO. 51:** Admit that Plaintiffs have not received more than 25

3   responses to their Public Notice from class members from any Muslim Majority Country.

4   **ANSWER:** Plaintiffs object to Request for Admission No. 51 because the parties stipulated to

5   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

6   the parties have not stipulated to increase the number of Requests for Admission that each party

7   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

8   information protected by attorney-client privilege or work product doctrine.

9

10   **REQUEST FOR ADMISSION NO. 52:** Admit that Plaintiffs have not received more than 50

11   responses to their Public Notice from class members from any Muslim Majority Country.

12   **ANSWER:** Plaintiffs object to Request for Admission No. 52 because the parties stipulated to

13   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

14   the parties have not stipulated to increase the number of Requests for Admission that each party

15   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

16   information protected by attorney-client privilege or work product doctrine.

17

18   **REQUEST FOR ADMISSION NO. 53:** Admit that Plaintiffs have not received more than 100

19   responses to their Public Notice from class members from any Muslim Majority Country.

20   **ANSWER:** Plaintiffs object to Request for Admission No. 53 because the parties stipulated to

21   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

22   the parties have not stipulated to increase the number of Requests for Admission that each party

23   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

24   information protected by attorney-client privilege or work product doctrine.

25

26

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  **REQUEST FOR ADMISSION NO. 54:** Admit that Plaintiffs have not received any responses

2  to their Public Notice from class members with an application pending with USCIS for more

3  than 2 years.

4  **ANSWER:** Plaintiffs object to Request for Admission No. 54 because the parties stipulated to

5  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

6  the parties have not stipulated to increase the number of Requests for Admission that each party

7  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

8  information protected by attorney-client privilege or work product doctrine.

9

10  **REQUEST FOR ADMISSION NO. 55:** Admit that Plaintiffs have not received more than 5

11  responses to their Public Notice from class members with an application pending with USCIS for

12  more than 2 years.

13  **ANSWER:** Plaintiffs object to Request for Admission No. 55 because the parties stipulated to

14  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

15  the parties have not stipulated to increase the number of Requests for Admission that each party

16  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

17  information protected by attorney-client privilege or work product doctrine.

18

19  **REQUEST FOR ADMISSION NO. 56:** Admit that Plaintiffs have not received more than 10

20  responses to their Public Notice from class members with an application pending with USCIS for

21  more than 2 years.

22  **ANSWER:** Plaintiffs object to Request for Admission No. 56 because the parties stipulated to

23  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

24  the parties have not stipulated to increase the number of Requests for Admission that each party

25  may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

26  information protected by attorney-client privilege or work product doctrine.

1

2   **REQUEST FOR ADMISSION NO. 57:** Admit that Plaintiffs have not received more than 25

3   responses to their Public Notice from class members with an application pending with USCIS for

4   more than 2 years.

5   **ANSWER:** Plaintiffs object to Request for Admission No. 57 because the parties stipulated to

6   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

7   the parties have not stipulated to increase the number of Requests for Admission that each party

8   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

9   information protected by attorney-client privilege or work product doctrine.

10

11   **REQUEST FOR ADMISSION NO. 58:** Admit that Plaintiffs have not received more than 50

12   responses to their Public Notice from class members with an application pending with USCIS for

13   more than 2 years.

14   **ANSWER:** Plaintiffs object to Request for Admission No. 58 because the parties stipulated to

15   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

16   the parties have not stipulated to increase the number of Requests for Admission that each party

17   may serve. Plaintiffs further object to this Request for Admission to the extent it seeks

18   information protected by attorney-client privilege or work product doctrine.

19

20   **REQUEST FOR ADMISSION NO. 59:** Admit that the documents contained within the

21   Certified Administrative Record are certified as correct by a person authorized to make such

22   certification.

23   **ANSWER:** Plaintiffs object to Request for Admission No. 59 because the parties stipulated to

24   serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

25   the parties have not stipulated to increase the number of Requests for Admission that each party

26   may serve.

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

2  **REQUEST FOR ADMISSION NO. 60:** Admit that the documents contained within the

3  Certified Administrative Record are self-authenticated as set forth in Rule 902 of the Federal

4  Rules of Evidence.

5  **ANSWER:** Plaintiffs object to Request for Admission No. 60 because the parties stipulated to

6  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

7  the parties have not stipulated to increase the number of Requests for Admission that each party

8  may serve.

9

10  **REQUEST FOR ADMISSION NO. 61:** Admit that the documents contained within the

11  Certified Administrative Record are reports or records of, or statements of, a public office or

12  agency.

13  **ANSWER:** Plaintiffs object to Request for Admission No. 61 because the parties stipulated to

14  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

15  the parties have not stipulated to increase the number of Requests for Admission that each party

16  may serve.

17

18  **REQUEST FOR ADMISSION NO. 62:** Admit that the documents contained within the

19  Certified Administrative Record are records of a regularly conducted activity, as provided in

20  Fed. R. Evid. 803(6).

21  **ANSWER:** Plaintiffs object to Request for Admission No. 62 because the parties stipulated to

22  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

23  the parties have not stipulated to increase the number of Requests for Admission that each party

24  may serve.

25

26

1  **REQUEST FOR ADMISSION NO. 63:** Admit that Plaintiffs have no evidence to refute that

2  most (over 50%) of the applications for either naturalization (N-400) or adjustment of status (I-

3  485) submitted between Fiscal Year (FY) 2013 and March of FY 2019 were not processed under

4  CARRP.

5  **ANSWER:** Plaintiffs object to Request for Admission No. 63 because the parties stipulated to

6  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

7  the parties have not stipulated to increase the number of Requests for Admission that each party

8  may serve. Plaintiffs further object to this Request for Admission because it seeks information

9  that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

10  documents/information produced by Defendants and documents/information obtained from other

11  sources.

12

13  **REQUEST FOR ADMISSION NO. 64:** Admit that Plaintiffs have no evidence to refute that

14  most (over 50%) of the applications for naturalization (N-400) and adjustment of status (I-485)

15  submitted by applicants from Muslim Majority Countries, between FY 2013 and March of FY

16  2019, were not processed under CARRP.

17  **ANSWER:** Plaintiffs object to Request for Admission No. 64 because the parties stipulated to

18  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

19  the parties have not stipulated to increase the number of Requests for Admission that each party

20  may serve. Plaintiffs further object to this Request for Admission because it seeks information

21  that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

22  documents/information produced by Defendants and documents/information obtained from other

23  sources.

24

25

26

1  **REQUEST FOR ADMISSION NO. 65:** Admit that Plaintiffs have no evidence to refute that

2  most (over 50%) of the applications for naturalization (N-400) and most for adjustment of status

3  (I-485), which were processed under CARRP and adjudicated between FY 2013 and March of

4  FY 2019, were granted.

5  **ANSWER:** Plaintiffs object to Request for Admission No. 65 because the parties stipulated to

6  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

7  the parties have not stipulated to increase the number of Requests for Admission that each party

8  may serve. Plaintiffs further object to this Request for Admission because it seeks information

9  that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

10  documents/information produced by Defendants and documents/information obtained from other

11  sources.

12

13  **REQUEST FOR ADMISSION NO. 66:** Admit that Plaintiffs cannot identify any evidence that

14  USCIS suspended its adjudication of any naturalization or adjustment of status applications from

15  applicants from any country pursuant to either Executive Order 13780 or Presidential

16  Proclamation 9645, *Enhancing Vetting Capabilities and Processes for Detecting Attempted*

17  *Entry into the United States by Terrorists or Other Public-Safety Threats*, 82 FR 45161 (Sept.

18  27, 2017).

19  **ANSWER:** Plaintiffs object to Request for Admission No. 66 because the parties stipulated to

20  serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and

21  the parties have not stipulated to increase the number of Requests for Admission that each party

22  may serve. Plaintiffs further object to this Request for Admission because it seeks information

23  that is attorney work product privileged in that it asks for Plaintiffs' counsel's interpretation of

24  documents/information produced by Defendants and documents/information obtained from other

25  sources.

26

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**REQUEST FOR ADMISSION NO. 67:** Admit that CARRP permits USCIS officers to grant an immigration benefit application with a potential national security concern for or involving a non-KST (*i.e.*, someone who is not a Known or Suspected Terrorist) if the officers obtain supervisory approval before granting the application.

**ANSWER:** Plaintiffs object to Request for Admission No. 67 because the parties stipulated to serving "a limited number of Requests for Admission, not to exceed 25," Dkt. 205 at 3 n.2, and the parties have not stipulated to increase the number of Requests for Admission that each party may serve.

PLAINTIFFS' OBJECTIONS AND ANSWERS TO
DEFENDANTS' FIRST SET OF REQUESTS FOR
ADMISSION
(No. 17-cv-00094 RAJ) – 30

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1    DATED: October 11, 2019

2    COUNSEL FOR PLAINTIFFS

3    s/ Jennifer Pasquarella
     Jennifer Pasquarella (admitted pro hac vice)
4    **ACLU Foundation of Southern California**
     1313 W. 8th Street
5    Los Angeles, CA 90017
     Telephone: (213) 977-5236
6    jpasquarella@aclusocal.org
     sahmed@aclusocal.org
7
     s/ Matt Adams
8    Matt Adams #28287
     **Northwest Immigrant Rights Project**
9    615 Second Ave., Ste. 400
     Seattle, WA 98122
10   Telephone: (206) 957-8611
     matt@nwirp.org
11
     s/ Stacy Tolchin
12   Stacy Tolchin (admitted pro hac vice)
     **Law Offices of Stacy Tolchin**
13   634 S. Spring St. Suite 500A
     Los Angeles, CA 90014
14   Telephone: (213) 622-7450
     Stacy@tolchinimmigration.com
15
     s/ Hugh Handeyside
16   s/ Lee Gelernt
     s/ Hina Shamsi
17   Hugh Handeyside #39792
     Lee Gelernt (admitted pro hac vice)
18   Hina Shamsi (admitted pro hac vice)
     **American Civil Liberties Union Foundation**
19   125 Broad Street
     New York, NY 10004
20   Telephone: (212) 549-2616
     lgelernt@aclu.org
21   hhandeyside@aclu.org
     hshamsi@aclu.org
22

23

24

25

26

s/ Harry H. Schneider, Jr.
s/ Nicholas P. Gellert
s/ David A. Perez
s/ Cristina Sepe
Harry H. Schneider, Jr. #9404
Nicholas P. Gellert #18041
David A. Perez #43959
Cristina Sepe #53609
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
HSchneider@perkinscoie.com
NGellert@perkinscoie.com
DPerez@perkinscoie.com
CSepe@perkinscoie.com

s/ Trina Realmuto
s/ Kristin Macleod-Ball
Trina Realmuto (admitted pro hac vice)
Kristin Macleod-Ball (admitted pro hac vice)
**American Immigration Council**
1318 Beacon Street, Suite 18
Brookline, MA 03446
Telephone: (857) 305-3600
trealmuto@immcouncil.org
kmacleod-ball@immcouncil.org

s/ Emily Chiang
Emily Chiang #50517
**ACLU of Washington Foundation**
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
Echiang@aclu-wa.org

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 11, 2019, I caused service of the foregoing document via email to all counsel of record herein.

| | |
|---|---|
| Andrew C. Brinkman<br>U.S. Department of Justice<br>450 5th Street NW<br>andrew.brinkman@usdoj.gov<br>(202) 305-7035 | Via Email |
| August Flentje<br>U.S. Department of Justice<br>950 Pennsylvania Ave NW<br>Washington, DC 20530<br>august.flentje@usdoj.gov<br>(202) 514-3309 | Via Email |
| Brendan T. Moore<br>U.S. Department of Justice (Box 878)<br>PO Box 878<br>Ben Franklin Station<br>Washington, DC 20044<br>brendan.t.moore@USDOJ.gov<br>Phone: (202) 598-8173 | Via Email |
| Brian C. Kipnis<br>US Attorney's Office (SEA)<br>700 Stewart St., Suite 5220<br>Seattle, WA 98101-1271<br>Brian.Kipnis@USDOJ.gov<br>Phone: (206) 553-7970 | Via Email |
| Brigham J. Bowen<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW<br>Washington, DC 2005<br>Brigham.Bowen@usdoj.gov<br>Phone: (202) 514-6289 | Via Email |
| Derek C. Julius<br>U.S. Department of Justice (Box 868)<br>P.O. 878<br>Benjamin Franklin Station<br>Washington, DC 20044<br>derek.julius2@usdoj.gov<br>Phone: (202) 532-4323 | Via Email |
| Ethan B. Kanter<br>U.S. Department of Justice<br>Office of Immigration Litigation,<br>Liberty Square Building, 450 5th Street NW<br>Washington, DC 20001<br>Ethan.Kanter@usdoj.gov<br>Phone: (202) 616-9123 | Via Email |

CERTIFICATE OF SERVICE
(No. 17-cv-00094 RAJ) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | |
|---|---|
| Jesse Busen<br>U.S. Department of Justice (Box 878)<br>PO Box 878<br>Ben Franklin Station<br>Washington, DC 20044<br>Jesse.Busen@usdoj.gov<br>Phone: (202) 598-8173 | Via Email |
| Leon B. Taranto<br>U.S. Department of Justice, Civil Division<br>1331 Pennsylvania Ave NW<br>Room 8018-S<br>Washington, DC 20004<br>Leon.B.Taranto@USDOJ.gov<br>Phone: (202) 616-4231 | Via Email |
| Lindsay M. Murphy<br>U.S. Department of Justice (Box 878)<br>P.O. Box 878<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Lindsay.M.Murphy@usdoj.gov<br>Phone: (202) 616-4018 | Via Email |
| Victoria Braga<br>U.S. Department of Justice (Box 878)<br>P.O. Box 878<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Victoria.M.Braga@usdoj.gov<br>Phone: (202) 616-5573 | Via Email |

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of October, 2019, at Seattle, Washington.

s/ Cristina Sepe
Cristina Sepe, WSBA No. 53609

CERTIFICATE OF SERVICE
(No. 17-cv-00094 RAJ) – 2