THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>Defendants. | No. 2:17-cv-00094-RAJ<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**<br><br>**Note on Motion Calendar:**<br>**November 8, 2019** |

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................... 1
II. PROCEDURAL HISTORY.................................................................................... 2
III. LEGAL STANDARD ............................................................................................. 4
IV. ARGUMENT .......................................................................................................... 5
    A. Defendants' blockbuster interrogatories are overly broad and unduly burdensome ................................................................................................. 6
        1. Plaintiffs' objections and responses are proper ......................... 6
        2. Interrogatory No. 1..................................................................... 6
        3. Interrogatory No. 2..................................................................... 8
    B. Plaintiffs sufficiently answered the requests for admission................................. 10
V. CONCLUSION...................................................................................................... 12

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Anaya v. CBS Broad. Inc.*,
    No. CIV 06-0476 JBKBM, 2007 WL 2219458 (D.N.M. May 16, 2007)................................6

*Bilyeu v. City of Portland*,
    No. CIV. 06-1299-AC, 2008 WL 4912048 (D. Or. Nov. 10, 2008).........................................8

*Commodores Entm't Corp. v. McClary*,
    No. 614CV1335ORL37GJK, 2015 WL 12843874 (M.D. Fla. Nov. 6, 2015) ........................12

*Exec. Mgmt. Servs., Inc. v. Fifth Third Bank*,
    No. 1:13-CV-00582-WTL, 2014 WL 5529895 (S.D. Ind. Nov. 3, 2014) ................................7

*Franklin Fueling Sys., Inc. v. Veeder-Root Co.*,
    No. 2:09-CV-0580 FCD JFM, 2009 WL 10691372 (E.D. Cal. Nov. 13, 2009)...................7, 9

*Grynberg v. Total S.A.*,
    No. 03-CV-01280-WYD-BNB, 2006 WL 1186836 (D. Colo. May 3, 2006) .................8, 9, 10

*Hallett v. Morgan*,
    296 F.3d 732 (9th Cir. 2002) ...................................................................................................4

*Hilt v. SFC Inc.*,
    170 F.R.D. 182 (D. Kan. 1997).......................................................................................passim

*Hiskett v. Wal-Mart Stores, Inc.*,
    180 F.R.D. 403 (D. Kan. 1998).................................................................................................8

*Klein v. Demopulos*,
    No. C09-1342-JCC, 2010 WL 4365840 (W.D. Wash. Oct. 27, 2010) .....................................1

*Kolker v. VNUS Med. Techs., Inc.*,
    No. C 10-0900 SBA PSG, 2011 WL 5057094 (N.D. Cal. Oct. 24, 2011)................................9

*Lawrence v. First Kansas Bank & Trust Co.*,
    169 F.R.D. 657 (D. Kan. 1996).................................................................................................9

*Merkley v. Maricopa Cty. Cmty. Coll. Dist.*,
    No. 04-2981-PHX-ROS, 2006 WL 8440535 (D. Ariz. June 29, 2006)..................................12

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – ii

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES
(continued)

**Page**

*Rosario v. Starbucks Corp.*,
  No. 16-CV-01951 RAJ, 2017 WL 5999634 (W.D. Wash. Dec. 4, 2017) ................................. 5

*Safeco of Am. v. Rawstron*,
  181 F.R.D. 441 (C.D. Cal. 1998) ........................................................................... 11, 12

*Synopsys, Inc. v. ATopTech, Inc.*,
  No. 13-CV-02965-MMC(DMR), 2016 WL 6732805 (N.D. Cal. Nov. 15, 2016) ....................... 3

*Thomas v. Schroer*,
  No. 2:13-CV-02987-JPM, 2015 WL 4041642 (W.D. Tenn. July 1, 2015) ............................. 11

*United Coal Cos. v. Powell Const. Co.*,
  839 F.2d 958 (3d Cir. 1988) .................................................................................... 11

*United States ex rel. Barko v. Halliburton Co.*,
  241 F. Supp. 3d 37 (D.D.C.), *aff'd*, 709 F. App'x 23 (D.C. Cir. 2017) ................................. 7

*Wilkerson v. Vollans Auto., Inc.*,
  No. C08-1501RSL, 2009 WL 1373678 (W.D. Wash. May 15, 2009) .................................... 9

**RULES**

Fed. R. Civ. P. 26 ................................................................................................... 2, 5

Fed. R. Civ. P. 33 ............................................................................................... 5, 11, 12

Fed. R. Civ. P. 36 ............................................................................................... 5, 11, 12

**OTHER AUTHORITIES**

Wright, Miller & Marcus, 8A Federal Practice and Procedure § 2258 ......................................... 11

William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice* (2d ed. 1994) ................................................................. 5

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – iii

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## I. INTRODUCTION

This lawsuit challenges the Controlled Application Review and Resolution Program ("CARRP"), a secret program created and carried out by Defendant U.S. Citizenship and Immigration Services ("USCIS"), and successor "extreme vetting" programs. *See generally* ECF No. 47. Plaintiffs allege that CARRP implements an extra-statutory internal vetting policy that discriminates based on religion or national origin to indefinitely delay and pretextually deny statutorily-qualified immigration benefit applicants.

The present dispute arises from Defendants' efforts to obtain Plaintiffs' narrative of their case in chief through written discovery responses that would require in-depth person-by-person summaries and lists of all documents related to all allegations contained in Plaintiffs' Second Amended Complaint ("Complaint"). Defendants characterize their interrogatories as "modest," "unremarkable," and "commonplace," ECF No. 289 at 3, 6,[1] but these interrogatories indiscriminately sweep in every allegation of Plaintiffs' Complaint. Various courts have referred to interrogatories similar to the ones propounded by Defendants as "blockbuster" and "blunderbuss"—sustaining objections that such interrogatories are overly broad and unduly burdensome and denying motions to compel further responses to them.

Plaintiffs do not dispute that Defendants may be entitled to certain factual information underlying discrete allegations. Plaintiffs' objections to Interrogatory No. 1 and No. 2, however, are based on the way that Defendants seek disclosure of facts—two interrogatories that blanket Plaintiffs' entire case in a format that would require identification of all supporting evidence for Plaintiffs' allegations. Given the extensive nature of Defendants' discovery requests, Plaintiffs have sufficiently answered Interrogatories Nos. 1 and 2. *See Klein v. Demopulos*, No. C09-1342-JCC, 2010 WL 4365840, at *2 (W.D. Wash. Oct. 27, 2010) ("The rules of civil procedure are not to be construed in a way that would require plaintiff to provide the equivalent of a narrative or otherwise detailed account of her entire case in chief, together with identification of virtually all

---

[1] ECF-stamped page numbers.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

supporting evidence for each fact.") (internal quotation marks removed).

Defendants also contend that Plaintiffs' responses to their requests for admission are deficient, but Plaintiffs denied or admitted each of the requests at issue. Defendants cite no rule or case requiring Plaintiffs to offer any explanation for their responses to these requests; compelling Plaintiffs to do so would transform these RFAs into interrogatories that have not been propounded by Defendants and would exceed Rule 33's numerical limit.

This Court should accordingly deny Defendants' Motion to Compel.

## II.   PROCEDURAL HISTORY

Defendants served three interrogatories on August 21, 2018. The two interrogatories at issue in this dispute are:

> **INTERROGATORY NO. 1:** Identify all persons with knowledge of the facts in support of your claims asserted in the Second Amended Complaint, the specific facts known to that person, the manner in which the person acquired the knowledge (e.g., by observing, witnessing, hearing, reading), and every source from whom, that person obtained knowledge of the facts.
>
> **INTERROGATORY NO. 2:** Identify all documents that Plaintiffs claim supports their averments in the Second Amended Complaint, including for each document an identification of each paragraph in the Second Amended Complaint that Plaintiffs claim the document supports.[2]

Plaintiffs timely responded, objecting that these interrogatories were, *inter alia*, overbroad and unduly burdensome. *See* Declaration of Cristina Sepe ("Sepe Decl.") ¶ 3; ECF No. 289-1.

At a July 2, 2019 meet and confer, Defendants raised the issue of supplementing interrogatory responses. *See* Sepe Decl. ¶ 4. The parties again discussed this issue at a July 23 meet and confer, at which Plaintiffs asked what specific information Defendants needed in these responses and requested that Defendants provide case law to support the breadth of the interrogatories propounded. *Id.* ¶ 5. Defendants did not provide this information. *Id.* ¶ 6.

On August 30, 2019, Plaintiffs served supplemental responses to the interrogatories.

---

[2] Defendants' third interrogatory seeks information about expert witnesses. Plaintiffs responded that it would comply with the case schedule (set at ECF No. 298) and obligations imposed by Rule 26(a)(2). *See* ECF No. 289-1. Defendants do not appear to move to compel Plaintiffs to respond further to Interrogatory No. 3, *see generally* ECF No. 289, and Plaintiffs will supplement their response this interrogatory at the appropriate time.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Id.* ¶ 7. With respect to witnesses, the supplemental responses identified 19 persons with knowledge of the issues raised by Plaintiffs' claims. Out of an abundance of caution, even though Plaintiffs do not anticipate at this time they will be witnesses, the supplemental responses also reminded Defendants of the fact that other persons were mentioned or identified in other documents about CARRP. *See generally* ECF No. 289-1. With respect to documents, Plaintiffs identified the categories of documents on which they are relying to support their claims—nearly all of which were prepared and/or produced by Defendants in this case. *See id.*

That same day, so that Plaintiffs' disclosures matched these supplemental discovery responses, Plaintiffs served supplemental initial disclosures with additional individuals likely to have discoverable information and explanations of their areas of discoverable information. *See* Sepe Decl. ¶ 8, Ex. B. Plaintiffs also identified additional categories of documents Plaintiffs may use to support their claims. *See id.*

Defendants served two sets of Requests for Admission on August 28, 2019. *Id.* ¶ 9. Even though, at the suggestion of Defendants, the parties had previously stipulated to serving no more than 25 requests for admission in this case, Defendants served 68 total requests. *See* ECF No. 205 at 2 n.2 (stipulating to "serve a limited number of Requests for Admission, not to exceed 25").[3] Consistent with the parties' stipulation, Plaintiffs answered the first 25 requests—which had asked Plaintiffs to admit they could not identify any documents or other evidence to support allegations to specified paragraphs of the Complaint. Plaintiffs set forth proper objections, but then admitted or denied each request for admission. *See* ECF No. 289-2.

Defendants emailed Plaintiffs on October 15, 2019, asking to meet and confer on October 17, 2019 regarding Plaintiffs' responses to Defendants' Interrogatories and Defendants' First and Second Sets of Requests for Admission. Sepe Decl. ¶ 11. Defendants insisted that Plaintiffs drop their objections, answer all 68 RFAs (despite the previous stipulated limit of 25),

---

[3] Because the parties did not stipulate to increase the number of Requests for Admission that each party could serve, Plaintiffs answered the first 25 requests for admission. *See Synopsys, Inc. v. ATopTech, Inc.*, No. 13-CV-02965-MMC(DMR), 2016 WL 6732805, at *3 (N.D. Cal. Nov. 15, 2016) (finding the parties originally agreed to a limit of 25 RFAs and enforcing that limit).

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and identify every witness and document supporting every allegation in the Complaint. *Id.*

At the October 17 meet and confer, Plaintiffs emphasized the overbreadth of Defendants' interrogatories. *Id.* ¶ 12. For instance, Plaintiffs' counsel explained that Interrogatory No. 1 (asking about all persons with knowledge) was phrased in such a way to require not only a list and general topics, but also *how that person knows what she knows*, the *manner* or *source* of that person's knowledge, and *every specific fact* known to that person. As for Interrogatory No. 2, counsel explained that in their collective decades' worth of experience none of them had ever seen an interrogatory this broad. When pushed for its outer limits, Defendants conceded that this interrogatory calls for a sentence-by-sentence citation for the entire Complaint. *Id.* ¶ 13.

Plaintiffs explained that these interrogatories were unreasonable, unduly burdensome, and simply inconsistent with the federal rules. But rather than reject them out of hand, Plaintiffs proposed a compromise that was practical and reasonable under the circumstances: Plaintiffs would supplement Interrogatory No. 1 with additional names (if any) and general descriptions of their areas of knowledge. *Id.* ¶ 14. As for Interrogatory No. 2, Plaintiffs offered to supplement their response to add additional categories of documents where warranted, clarify any categories that Defendants considered too broad, and provide representative examples for certain categories upon Defendants' request. *Id.* The parties exchanged emails over the next day and a half with counter-proposals. *Id.* ¶ 15. Plaintiffs further offered to provide a privilege log, or a description of documents withheld based on work product or attorney-client privilege (aside from legal counsel's or yet to be disclosed expert's analysis of information) based on assertions of work product or attorney-client privilege, though Plaintiffs did not believe that there has been any such withholding of information on that basis. *Id.* ¶ 16. Defendants ultimately rejected Plaintiffs' proposed compromise, opting instead to file the instant motion to compel. *Id.* ¶ 17.

### III.   LEGAL STANDARD

Trial courts have broad discretion to grant or deny discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Courts "must limit discovery where it can be obtained from some

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

other source that is more convenient, less burdensome, or less expensive, or where its 'burden or expense…outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues.'" *Rosario v. Starbucks Corp.*, No. 16-CV-01951 RAJ, 2017 WL 5999634, at *1 (W.D. Wash. Dec. 4, 2017) (quoting Rule 26(b)(2)(C)).

Interrogatories can relate to any matter into which Rule 26(b) allows inquiry. *See* Fed. R. Civ. P. 33(a)(2). "Interrogatories should be targeted at discrete issues, rather than blanketing the case, and should be few in number." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D. Kan. 1997) (quoting William W. Schwarzer et al., *Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice* (2d ed. 1994)). As to requests for admission, Rule 36 provides that a responding party must admit an allegation, "specifically deny it," or "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

## IV.   ARGUMENT

Defendants' discovery requests cannot be squared with the Federal Rules of Civil Procedure. *See Hilt*, 170 F.R.D. at 187 ("The discovery rules provide no absolute, unharnessed right to find out every conceivable, relevant fact that opposing litigants know."). Plaintiffs sufficiently answered Defendants' interrogatories and requests for admission, by naming individuals with knowledge, identifying documents and categories of documents supporting Plaintiffs' claims, and admitting or denying the admission requests. The Court should deny Defendants' motion to compel further responses. Interrogatories Nos. 1 and 2 are overly broad and unduly burdensome; they essentially ask Plaintiffs to marshal all evidence in support of their claims in response to two interrogatories. And requiring Plaintiffs to respond further to their answers admitting or denying Defendants' RFAs would transform the RFAs into interrogatories that Defendants did not propound and would also exceed the limit imposed by Rule 33.

Defendants contend that the scope of their document production in this case "necessitates that Defendants gain a reasonable inventorying of the factual information that Plaintiffs deem

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

pertinent to their claims"—which further responses purportedly provide. *See* ECF No. 289 at 5. But Plaintiffs' allegations are well-detailed in the Complaint, and Defendants have control and access to nearly all of the evidence regarding CARRP and its alleged illegality. Defendants are not entitled to a detailed telling of Plaintiffs' case in chief through identification of all supporting evidence for Plaintiffs' allegations.

**A.    Defendants' blockbuster interrogatories are overly broad and unduly burdensome.**

**1.    Plaintiffs' objections and responses are proper.**

Plaintiffs objected to the interrogatories requesting "all" or "every" source of information as overly broad and unduly burdensome and quoted three cases that explained why similar interrogatories in those cases were impermissible. *See* ECF No. 289-1 at 3–4. Moreover, "[a] contention interrogatory that seeks, in one paragraph, all of the facts supporting allegations…is overly broad and unduly burdensome on its face." *Anaya v. CBS Broad. Inc.*, No. CIV 06-0476 JBKBM, 2007 WL 2219458, at *6 (D.N.M. May 16, 2007).

Given the sweeping nature of Defendants' discovery requests, Plaintiffs have sufficiently answered Interrogatories Nos. 1 and 2 by naming individuals with knowledge and identifying documents and categories of documents supporting Plaintiffs' claims. Beside a general discoverability argument, Defendants do not justify this indiscriminate sweep.

**2.    Interrogatory No. 1**

Interrogatory No. 1 demands Plaintiffs identify *every* person with knowledge concerning any of the 293 paragraphs in the Complaint. The interrogatory goes on to request facts known to each person, how that person learned those facts, and each source from whom each person obtained knowledge of those facts. Plaintiffs sufficiently responded to this interrogatory by listing 19 individuals with knowledge, and Plaintiffs provided summaries of the knowledge held by each person in their initial and supplemental initial disclosures. *See* ECF No. 289-1; Sepe Decl., Exs. A & B. This interrogatory is impermissibly overbroad and burdensome, and the Court should not compel a further response to it. This is not a witness list; it is effectively a direct- and cross-

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

examination outline for every possible witness in this case.

Interrogatory No. 1 is overly broad because it requires Plaintiffs to identify every person who has any knowledge, regardless of how scant that knowledge might be, and ignores that Plaintiffs do not know, and could not be expected to know, every person with any knowledge of CARRP. It is also unduly burdensome because it not only seeks *who* has any knowledge of the allegations, but also seeks an array of information—the *what*, *where*, *why*, and *how* concerning individuals with relevant knowledge—that is in Defendants' own possession, given that many of these individuals are USCIS officers.

Courts have rejected such sweeping discovery requests in analogous circumstances. In *United States ex rel. Barko v. Halliburton Co.*, the court held that an interrogatory asking the defendant to "identify every person that may possess knowledge or information regarding the factual allegations or legal claims in [the] complaint—which [were] incredibly numerous, to say the least—and then describe, in detail, the facts about which they have knowledge" was overbroad and unduly burdensome. 241 F. Supp. 3d 37, 77 (D.D.C.), *aff'd*, 709 F. App'x 23 (D.C. Cir. 2017). The court criticized the interrogatory, noting that the plaintiff was essentially asking the defendant "to investigate and describe his case for him" and that this was "not the proper purpose of interrogatories." *Id.*

Likewise, in *Exec. Mgmt. Servs., Inc. v. Fifth Third Bank*, the court sustained the defendant's objections based on burden and vagueness where the plaintiff's interrogatory asked the defendant "to identify 'all persons with knowledge relating to the allegations in Plaintiff's Complaint or otherwise relevant to this matter' and to provide the 'substance of the person's anticipated knowledge or expected testimony.'" No. 1:13-CV-00582-WTL, 2014 WL 5529895, at *12 (S.D. Ind. Nov. 3, 2014). The court explained that this was not a "proper use of interrogatories" because it "on its face sweeps in 'all persons' with relevant knowledge" and asked the defendant "to undertake an ill-defined and potentially endless search for anyone who may have information related to this case." *Id.*; *see also Franklin Fueling Sys., Inc. v. Veeder-*

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Root Co.*, No. 2:09-CV-0580 FCD JFM, 2009 WL 10691372, at *4 (E.D. Cal. Nov. 13, 2009) (denying motion to compel where interrogatory sought identity of every person with knowledge about any allegation in the complaint); *Bilyeu v. City of Portland*, No. CIV. 06-1299-AC, 2008 WL 4912048, at *2 (D. Or. Nov. 10, 2008) (holding interrogatory requiring party to identify all persons with whom plaintiff had discussed the incident vague and burdensome).

### 3.  Interrogatory No. 2

Interrogatory No. 2 demands that Plaintiffs identify *all documents* that Plaintiffs claim supports their allegations in the Complaint and to list each paragraph of the Complaint that the document supports. Plaintiffs responded by identifying documents and categories of documents supporting Plaintiffs' claims—nearly all of which were produced by Defendants in this litigation or in response to Freedom of Information Act requests.

If this interrogatory had asked for principal or sample documents that support a specific allegation, Plaintiffs would not have objected to the interrogatory as overly broad and unduly burdensome. *See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998) ("Interrogatories 'which seek underlying facts or the identities of knowledgeable persons and supporting exhibits for material allegations' may possibly survive objections that they are overly broad or unduly burdensome.") (quoting *Hilt*, 170 F.R.D. at 188); *Grynberg v. Total S.A.*, No. 03-CV-01280-WYD-BNB, 2006 WL 1186836, at *7 (D. Colo. May 3, 2006) ("It is proper…to inquire about the material facts supporting specific factual matters raised in the pleadings.").

The problem, however, with Interrogatory No. 2 (like Interrogatory No. 1) is that it encompasses every allegation in Plaintiffs' 293-paragraph Complaint and is thus patently overly broad. In effect, Defendants demand, through a single interrogatory, that Plaintiffs footnote every allegation of the Complaint as if it was a law review article. Yet courts and leading practice guides emphasize that interrogatories must be limited to specific and discrete issues. Interrogatories requiring an opponent "to identify every witness and specify each document supporting each allegation of the complaint" are "blunderbuss interrogations [that] are likely to be

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

found objectionable and should not be used." *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662–64 (D. Kan. 1996) (quoting Schwarzer at 4-10 to 4-11).

For example, in *Hilt*, the court sustained objections to four "blockbuster" interrogatories that asked the plaintiff to state "each and every fact supporting all of the allegations" in her four-count complaint, identify "each person having knowledge of each fact," and specify "all documents purporting to support" the four counts. 170 F.R.D. at 186. The court found the interrogatories overly broad and unduly burdensome because they "would require plaintiff to provide the equivalent of a narrative or otherwise detailed account of her entire case in chief, together with identification of virtually all supporting evidence for each fact." *Id.* at 186.

Similarly, in *Grynberg v. Total S.A.*, the contested interrogatory asked the defendant to "(a) state all material facts upon which you base denial of affirmative defense; (b) state…all material persons who have knowledge of those facts; and (c) identify all material documents…." 2006 WL 1186836, at *5–*6. The court denied the motion to compel with respect to this interrogatory, characterizing it as unduly burdensome as a matter of law and an abuse of the discovery system. *Id.* at *7; *see also Lawrence*, 169 F.R.D. at 662–64 (a party need not respond to interrogatories spanning 58 of 79 total paragraphs of the complaint); *Franklin Fueling Sys.*, 2009 WL 10691372, at *4 (denying motion to compel further responses to two interrogatories because "they sweep in every allegation from the Amended Complaint which is inappropriate").

\*   \*   \*

Defendants contend that their interrogatories may narrow the issues and avoid wasteful preparation, quoting *Kolker v. VNUS Med. Techs., Inc.*, No. C 10-0900 SBA PSG, 2011 WL 5057094, at *6 (N.D. Cal. Oct. 24, 2011). *See* ECF No. 289 at 8. But Defendants do not appreciate that interrogatories must be targeted to discrete, specific contentions. The very cases relied on by Defendants illustrate this crucial point. In *Kolker*, a defendant's interrogatories had required the plaintiff to "identify witnesses and documents that support a *particular fact or claim* as alleged in the complaint." *Id.* (emphasis added). In *Wilkerson v. Vollans Auto., Inc.*, the

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

plaintiff sought facts that supported the defendants' affirmative defense that the "plaintiff is exempt from overtime payments under state and federal law," as well as facts and documents that supported the defendants' claim that the "plaintiff stole from Vollans Automotive." No. C08-1501RSL, 2009 WL 1373678, at *1 (W.D. Wash. May 15, 2009). The narrowly tailored requests in these cases are nothing like Defendants' all-encompassing requests here.

Interrogatories Nos. 1 and 2 are impermissible blockbuster interrogatories "of a nature repeatedly condemned by trial courts." *Grynberg*, 2006 WL 1186836, at *6. As one district court aptly explained:

> If the drafters of the rules had intended to authorize interrogatories with an impact as wide as the entire case, they could more realistically and easily have adopted a simple rule to require every pleading to be accompanied by a statement of all the facts supporting every allegation and the identifications of every knowledgeable person and supporting document. The rules, of course, contain no such requirement. They contemplate instead that discovery in each case be sensibly organized and managed—and often limited—to provide each party with reasonable opportunity to learn information essential to a fair resolution of the case.

*Hilt*, 170 F.R.D. at 187.

Plaintiffs have sufficiently responded to Defendants' overbroad and unduly burdensome interrogatories. The Court should deny Defendants' motion to compel further responses.

### B. Plaintiffs sufficiently answered the requests for admission.

Defendants contend that Plaintiffs' objections to Defendants' admission requests are improper. But Plaintiffs answered each RFA that Defendants' issued, *so there is nothing to compel*. To the extent Defendants seek to convert these RFAs into interrogatories, that request also fails, as Defendants never propounded interrogatories requesting that Plaintiffs identify the reasons why they admitted or denied the requests for admission.

The 25 disputed RFAs ask Plaintiffs to admit that they "cannot identify any documents or other evidence supporting their allegation(s)" certain allegations in the Second Amended Complaint. Defendants move to determine the sufficiency of Plaintiffs' objections, but Plaintiffs answered each request for admission by specifically denying or admitting them. *See* ECF No.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 10

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

289-2. Moreover, Plaintiffs' answers—either admitting or denying the requests—are not altered by the fact that they objected on privilege or work product grounds. Even if the Court were to rule, as Defendants' request, that Plaintiffs' objections were improper, it would not change the answers Plaintiffs gave to each request for admission,

Defendants further seek "documentation of the facts elicited in discovery that support Plaintiffs' claims that are contained in documents Defendants have produced in discovery." ECF No. 289 at 11. Defendants appear to ask for further responses to their admission requests, but "[w]hen responding to requests for admissions, explanation generally is unnecessary." *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 447 (C.D. Cal. 1998); Wright, Miller & Marcus, 8A Federal Practice and Procedure § 2258 ("Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation."). Plaintiffs' answers to Defendants' admission requests specifically denied or admitted the matter; nothing more is required. *See* Fed. R. Civ. P. 36(a); *see also United Coal Cos. v. Powell Const. Co.*, 839 F.2d 958, 967–68 (3d Cir. 1988) ("Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response. Furthermore, the use of only the word "denied" is often sufficient under the rule."); *Thomas v. Schroer*, No. 2:13-CV-02987-JPM, 2015 WL 4041642, at *1 (W.D. Tenn. July 1, 2015) (denials sufficiently comply with Rule 36). Defendants cite no rule or authority requiring Plaintiffs to explain their denials and admissions.

Finally, Defendants argue that Plaintiffs denied some of the requested admissions but "offered no supplemental interrogatory responses that identified any evidentiary support forth the corresponding allegation(s) in the requests for admissions." ECF No. 289 at 4. Setting aside Plaintiffs' breadth and burden concerns regarding Interrogatories Nos. 1 and 2, see Section IV.A, Defendants are impermissibly attempting to convert their RFAs into interrogatories that have not been propounded and would exceed the numerical limit imposed by Rule 33.

Unsurprisingly, courts have rejected similar attempts to convert requests for admission into interrogatories. In *Safeco of Am. v. Rawstron*, the defendant had concurrently served

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 11

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

interrogatories with requests for admission that asked plaintiff to state, "every fact," identify "every document," and identify "every witness with knowledge" that supported the plaintiff's responses to the requests for admission that were not unqualified admissions. 181 F.R.D. at 442. The court denied defendant's motion compelling responses to these interrogatories—"which request[ed] disclosure of all of the information on which the denials of each of 50 requests for admission were based" —because they essentially transformed "each request for admission into an interrogatory." *Id.* at 445. The court held that the interrogatories "violated the numerical limit contained in Rule 33(a) and because they were unduly burdensome and oppressive." *Id.* at 448.

Defendants never propounded interrogatories requesting information on which Plaintiffs' denials were based. Using Interrogatories Nos. 1 and 2 to ferret out an explanation for each denial of Defendants' RFAs should count as multiple interrogatories exceeding the numerical limit set by Rule 33(a).[4] *See also Merkley v. Maricopa Cty. Cmty. Coll. Dist.*, No. 04-2981-PHX-ROS, 2006 WL 8440535, at *5 (D. Ariz. June 29, 2006) ("Requiring Plaintiff to provide a basis for all of his denials would transform each request for admission into an interrogatory.") (alteration and quotation marks removed)); *Commodores Entm't Corp. v. McClary*, No. 614CV1335ORL37GJK, 2015 WL 12843874, at *3 (M.D. Fla. Nov. 6, 2015) (finding an interrogatory contained 26 discrete subparts based on the 13 requests for admission the defendant denied).

Plaintiffs sufficiently answered Defendants' requests for admission. Requiring further responses identifying evidentiary support for the corresponding allegations in the requests for admission would circumvent Rule 33's limit on the number of interrogatories.

## V.     CONCLUSION

Plaintiffs respectfully request the Court deny Defendants' motion for an order compelling further responses to Interrogatories No. 1 and 2 and further answers to Defendants' Requests for Admission.

---

[4] It would not be improper if Defendants had posed separate interrogatories "seeking disclosure of the basis for each response to any request for admission which was not admitted without qualification." *See Rawstron*, 181 F.R.D. at 442.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | | |
|---|---|---|
| 1 | Respectfully submitted, | DATED: November 4, 2019 |
| 2 | s/ Jennifer Pasquarella | s/ Harry H. Schneider, Jr. |
| | Jennifer Pasquarella (admitted pro hac vice) | s/ Nicholas P. Gellert |
| 3 | **ACLU Foundation of Southern California** | s/ David A. Perez |
| | 1313 W. 8th Street | s/ Cristina Sepe |
| 4 | Los Angeles, CA 90017 | s/ Heath L. Hyatt |
| | Telephone: (213) 977-5236 | Harry H. Schneider, Jr. #9404 |
| 5 | jpasquarella@aclusocal.org | Nicholas P. Gellert #18041 |
| | | David A. Perez #43959 |
| 6 | s/ Matt Adams | Cristina Sepe #53609 |
| | Matt Adams #28287 | Heath L. Hyatt #54141 |
| 7 | **Northwest Immigrant Rights Project** | **Perkins Coie LLP** |
| | 615 Second Ave., Ste. 400 | 1201 Third Avenue, Suite 4900 |
| 8 | Seattle, WA 98122 | Seattle, WA 98101-3099 |
| | Telephone: (206) 957-8611 | Telephone: 206.359.8000 |
| 9 | matt@nwirp.org | HSchneider@perkinscoie.com |
| | | NGellert@perkinscoie.com |
| 10 | s/ Stacy Tolchin | DPerez@perkinscoie.com |
| | Stacy Tolchin (admitted pro hac vice) | CSepe@perkinscoie.com |
| 11 | **Law Offices of Stacy Tolchin** | HHyatt@perkinscoie.com |
| | 634 S. Spring St. Suite 500A | |
| 12 | Los Angeles, CA 90014 | s/ Trina Realmuto |
| | Telephone: (213) 622-7450 | s/ Kristin Macleod-Ball |
| 13 | Stacy@tolchinimmigration.com | Trina Realmuto (admitted pro hac vice) |
| | | Kristin Macleod-Ball (admitted pro hac vice) |
| 14 | s/ Hugh Handeyside | **American Immigration Council** |
| | s/ Lee Gelernt | 1318 Beacon Street, Suite 18 |
| 15 | s/ Hina Shamsi | Brookline, NA 03446 |
| | Hugh Handeyside #39792 | Telephone: (857) 305-3600 |
| 16 | Lee Gelernt (admitted pro hac vice) | trealmuto@immcouncil.org |
| | Hina Shamsi (admitted pro hac vice) | kmacleod-ball@immcouncil.org |
| 17 | **American Civil Liberties Union Foundation** | |
| | 125 Broad Street | s/ Emily Chiang |
| 18 | New York, NY 10004 | Emily Chiang #50517 |
| | Telephone: (212) 549-2616 | **ACLU of Washington Foundation** |
| 19 | lgelernt@aclu.org | 901 Fifth Avenue, Suite 630 |
| | hhandeyside@aclu.org | Seattle, WA 98164 |
| 20 | hshamsi@aclu.org | Telephone: (206) 624-2184 |
| | | Echiang@aclu-wa.org |
| 21 | | |
| 22 | | *Counsel for Plaintiffs* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL
(No. 2:17-cv-00094-RAJ) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

|   |   |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on the dated indicated below, I caused service of the foregoing |
| 3 | document via the CM/ECF system, which will automatically send notice of such filing to all |
| 4 | counsel of record. |
| 5 | DATED this 4th day of November 2019, at Seattle, Washington. |

1                        **CERTIFICATE OF SERVICE**

2       I hereby certify that on the dated indicated below, I caused service of the foregoing

3 document via the CM/ECF system, which will automatically send notice of such filing to all

4 counsel of record.

5       DATED this 4th day of November 2019, at Seattle, Washington.

                                                         s/ Cristina Sepe
                                                         Cristina Sepe, WSBA No. 53609
                                                         PERKINS COIE LLP
                                                         1201 Third Avenue, Suite 4900
                                                         Seattle, WA 98101-3099
                                                         Telephone: 206.359.8000
                                                         Facsimile: 206.359.9000
                                                         Email: CSepe@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 2:17-cv-00094-RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000