THE HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

ABDIQAFAR WAGAFE, *et al.*, on
behalf of themselves and others
similarly situated,

No. 2:17-CV-00094-RAJ

12
13

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL**

Plaintiffs,

14

v.

15

DONALD TRUMP, President of the
United States; *et al.*,

16
17

Defendants.

18
19

This matter comes before the Court on Plaintiffs' motion to compel documents

20

withheld under the law enforcement and deliberative process privileges (Dkt. # 260).  For

21

the reasons stated below, Plaintiffs' motion is **GRANTED in part and DENIED in**

22

**part.**

23

## I.    BACKGROUND

24

The facts underlying this lawsuit have been detailed in several previous orders,

25

and the Court assumes familiarity with them.  Of particular relevance to this dispute is

26

this Court's order on April 11, 2018.  Dkt. # 148.  There, the Court held that the

27

ORDER - 1

Government had failed to properly invoke the law enforcement privilege and ordered it to produce revised privilege logs, detailing the basis for this privilege.  Dkt. # 148 at 4-5. Following the Court's order, the parties continued to meet and confer regarding the Government's assertion of the law enforcement privilege.   Of the many documents that the Government has withheld or redacted under the law enforcement privilege, Plaintiffs have identified 38 that they believe to contain relevant information.  Dkt. # 260 at 5. Defendants agreed to review and reproduce the 38 documents with fewer or no redactions.  On December 5, 2018, Defendants reproduced the 38 requested documents. Dkt. # 260 at 5.

Plaintiffs allege that many of the documents still contain redactions in areas purportedly relevant to Plaintiffs' claims and now move to compel the production of 25 documents without redactions.  *Id.*  On October 24, 2019, the Court held a telephone conference and ordered the Government to submit the 25 documents, unredacted, for the Court's *in camera* review.  Dkt. # 297.

## II.   **LEGAL STANDARD**

The Court has broad discretion to control discovery.  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011); *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988).  That discretion is guided by several principles. Most importantly, the scope of discovery is broad.  A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

If a party refuses to respond to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).  "The party who

1   resists discovery has the burden to show that discovery should not be allowed, and has

2   the burden of clarifying, explaining, and supporting its objections." *Cable & Computer*

3   *Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

### III.   DISCUSSION

5   Plaintiffs seek, and the Government refuses to provide, 25 documents containing

6   law enforcement and deliberative process privilege redactions.  As a threshold matter,

7   Plaintiffs take issue with the Government's privilege logs, claiming that they do not

8   "adequately describe and justify why the privileges apply" to the documents.  Dkt. # 269

9   at 3 (noting the Government takes issue with Plaintiffs seeking to compel password

10  formatting instructions, but the privilege logs do not mention password formatting

11  instructions).  The Government's privilege logs are sufficiently detailed.  Rule 26(b)(5)

12  requires the party withholding privilege information to "describe the nature of the

13  documents, communications, or tangible things not produced or disclosed . . . in a manner

14  that, without revealing information itself privileged or protected, will enable other parties

15  to assess the claim." Fed. R. Civ. P. 26(b)(5).  Given the volume of documents at issue in

16  this case, the Government cannot be expected to provide an individual explanation for

17  every page containing a redaction or assertion of privilege.

18  Plaintiffs also object to assertion of the third-party law enforcement privilege on

19  behalf of several other law enforcement agencies because the privilege was not raised in

20  the Government's privilege logs or any of the initial affidavits.  Dkt. # 269 at 2.  The

21  Government offers no explanation for its failure to raise these additional privilege claims

22  in a timely manner and the Court is inclined to find that the privilege was waived because

23  of this needless delay.  However, given the circumstances of this case and the nature of

24  the privilege the Court declines to find a waiver based on this record.[1] *See Singh v. S.*

25

26  ---

[1] Although the Court declines to find waiver at this time, the Government is warned that
27  future unexplained delays will not be met with similar leniency.  The Government has

1    *Asian Soc'y of George Washington Univ.,* No. CIV A 06-574 RMC, 2007 WL 1556669,

2    at *2 (D.D.C. May 24, 2007) (declining to find waiver of law enforcement privilege

3    "[g]iven the importance of the values that the privilege is designed to protect (i.e., the

4    effective functioning of law enforcement investigations).").

5              **A.  Law Enforcement Privilege**

6              Turning to the merits of the Government's privilege claim, the parties agree that

7    three requirements must be met in order to establish the law enforcement privilege: (1)

8    there must be a formal claim of privilege by the head of the department having control

9    over the requested information; (2) assertion of the privilege must be based on actual

10   personal consideration by that official; and (3) the information for which the privilege is

11   claimed must be specified, with an explanation why it properly falls within the scope of

12   the privilege.  *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988).

13             The parties do not dispute that the Government has satisfied the first two

14   requirements to assert the privilege.  *See* Dkt. # 266-1, Exs. A, D, E, F.  In assessing

15   whether the Government has demonstrated the final requirement—i.e., that the

16   information properly falls within the scope of the privilege—the Court must "weigh the

17   public interest in nondisclosure against the [requesting party's] need for access to the

18   privileged information."  *Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C.  Cir. 1996) (internal

19   quotation marks and modifications omitted).

20             To achieve this end, a number of factors must be considered,
              including: (1) the extent to which disclosure will thwart governmental
21            processes by discouraging citizens from giving the government
              information; (2) the impact upon persons who have given information
22            of having their identities disclosed; (3) the degree to which
              governmental self-evaluation and consequent program improvement
23            will be chilled by disclosure; (4) whether the information sought is

24

25   _____

26   repeatedly plagued this Court with unnecessary delays and the Court will not hesitate to
     award further sanctions, including waiver, if this pattern of behavior continues.

27

ORDER - 4

1
2
3
4
5
6

> factual data or evaluative summary; (5) whether the party seeking
> discovery is an actual or potential defendant in any criminal
> proceeding either pending or reasonably likely to follow from the
> incident in question; (6) whether the police investigation has been
> completed; (7) whether any interdepartmental disciplinary
> proceedings have arisen or may arise from the investigation; (8)
> whether the plaintiff's suit is non-frivolous and brought in good faith;
> (9) whether the information sought is available through other
> discovery or from other sources; (10) the importance of the
> information sought to the plaintiff's case.

7   *Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D. Pa. 1973).

8        In support of its privilege claim, the Government submits declarations by the

9   departmental heads of several law enforcement agencies including the U.S. Citizenship

10  and Immigration Services ("USCIS"), Federal Bureau of Investigation ("FBI"), Customs

11  and Board Patrol ("CBP"), and United States Immigration and Customs Enforcement

12  ("ICE").  Dkt. # 266-1, Exs. A, D, E, F.  *See* Dkt. # 166-1.  Each of these declarations

13  describes in detail specific potential harms to public safety and national security if the

14  information in these documents is disclosed.  *Id.*  This leaves the Court in a difficult

15  position.  As Plaintiffs correctly note, the very core of this case relates to USCIS' vetting

16  procedures and techniques for identifying and prioritizing national security concerns.

17  However, the Court must seriously consider the potential harms and national security

18  risks that the Government alleges could result from the disclosure of the redacted

19  information.

20        After considering the *Frankenhouser* factors and reviewing the documents *in*

21  *camera,* the Court finds that the Government has demonstrated that the public interest in

22  nondisclosure outweighs Plaintiffs' need for access to some, but not all, of the

23  information that the Government proposes to redact.   The Court will address each

24  category of documents in turn.

25
26
27

ORDER - 5

i.   Information regarding law enforcement databases

The Government argues that the law enforcement privilege protects any information that would allow individuals to access law enforcement databases, including screenshots, unique codes, password formatting information, and other instructions or guidance regarding how to navigate these law enforcement databases.  Dkt. # 266 at 7. The Court agrees.  The Government has articulated a very real concern that disclosing this information may allow unauthorized users to access these systems.  *See* Dkt. # 266-1, Ex. A at ¶¶ 32-36, Ex. E at ¶¶ 10-15, Ex. F at ¶¶ 15-16.  When balanced against these national security risks, the Government's interest in nondisclosure outweighs Plaintiffs' need for this information.  Plaintiffs' motion to compel this information is **DENIED**.

ii.   Personal identifying information

The Government also argues that the law enforcement privilege protects personal identifying information or details from ongoing cases, such as the filing date for a benefit application.  *See* Dkt. # 266-1, Ex. A at ¶¶ 45-47.  Disclosure of this information "could permit such individuals to learn of derogatory information possessed by USCIS or other government agencies, and permit bad actors to falsify or misrepresent information or otherwise obstruct USCIS enforcement efforts."  Dkt. # 266 at 8.  Plaintiffs do not oppose the redaction of names or other personally identifiable information.  Dkt. # 269 at 5. Accordingly, because Plaintiffs' need for this information is vastly outweighed by the Government's interest in nondisclosure, Plaintiffs' motion to compel this information is **DENIED**.

iii.   Third-party law enforcement agency information

Plaintiffs next seek disclosure of information from third-party law enforcement agencies including the FBI, CBP, and ICE.  Dkt. # 269 at 5.  As the Court noted in a previous order, these third-party agencies are not defendants in this case and their internal processes and techniques are not at issue.  Dkt. # 274 at 4.  But, to the extent Defendants rely on third-party agency information to make CARRP determinations, Plaintiffs argue

ORDER - 6

1   that such information may indeed be relevant to their case.  This is a closer call.

2   Declarations submitted by the departmental heads of each of these law enforcement

3   agencies describe significant potential national security risks that could result from the

4   disclosure of this information.  Dkt. # 266-1, Exs. D, E, F.  In addition, the Government

5   contends that disclosure of this information would thwart future cross-agency information

6   sharing.  Dkt. # 266 at 6.  Considering all these factors, the Court finds that the potential

7   harms of disclosure of this information outweigh any interest Plaintiffs may have in

8   accessing the information, Plaintiffs' motion to compel is **DENIED**.

9                    iv.    Internal USCIS information

10   Finally, Plaintiffs request information regarding USCIS' internal vetting

11   procedures and methodologies for identifying risk.  As this Court has previously

12   articulated, the internal vetting procedures used by USCIS to identify and screen national

13   security concerns are directly relevant to this dispute.  Dkt. # 274 at 5.  USCIS is unique

14   in that only some of its functions relate to law enforcement.  *Am. Civil Liberties Union of*

15   *S. California v. United States Citizenship & Immigration Servs.*, 133 F. Supp. 3d 234,

16   245 (D.D.C. 2015).  *Id.*  As a result, the Court must analyze its law enforcement

17   privilege claim "with some skepticism."

18   Here, the balance of factors weighs in favor of disclosure.  The withheld

19   information regarding USCIS' processes is directly relevant to Plaintiff's claims and does

20   not appear to be obtainable from alternative sources.  Furthermore, aside from the

21   Government's conclusory assertion that an "attorney eyes only" ("AEO") designation

22   will not "fully protect" this information, the Court finds no basis to conclude that an AEO

23   protective order is inadequate to protect the competing interests involved.  M*acNamara v.*

24   *City of New York,* 249 F.R.D. 70, 94 (S.D.N.Y.2008) (permitting disclosure under AEO

25   protective order where defendants failed to articulate a non-conclusory basis in support of

26   their assertion that the limited disclosure of such information would pose a risk to the

27

ORDER - 7

1  safety of law enforcement personnel and/or the integrity of ongoing criminal

2  investigations).

3          With respect to the information regarding USCIS' internal vetting procedures and

4  techniques, scoring methodologies, indicators of national security concerns, related

5  hypotheticals and examples, and information regarding how USCIS prioritizes risk,

6  Plaintiffs' motion to compel is **GRANTED**.[2]  Consistent the Court's prior order, these

7  documents may be produced under an attorney's-eyes-only protective order.  *See* Dkt. #

8  183.  These files must bear the "ATTORNEYS EYES ONLY" designation and may only

9  be disclosed to (1) Plaintiffs' attorneys of record, during such time as they continue to

10 represent Plaintiffs; (2) experts retained by Plaintiffs to the extent reasonably necessary to

11 prepare expert reports and testimony; and (3) the Court.  Plaintiffs' attorneys shall

12 maintain these files in a secure manner, such as a locked filing cabinet or password

13 protected electronic file and shall not transmit these files over any e-mail or cloud-based

14 sharing platform unless the transportation method utilizes appropriate encryption.

15 Plaintiffs' counsel may not disclose these files, or the newly-unredacted information

16 contained therein (if applicable), to any other individual. The Court expects strict

17 compliance with this directive and will impose severe sanctions if the parties do not

18 follow it.

19          **B.  Deliberative Process Privilege**

20          The Government also asserts deliberative process privilege over 3 of the 25

21 documents.  Plaintiffs only seek to lift the deliberative process redactions on one

22 document, DEF-0094269.  Dkt. # 260 at 15.  The Government argues that DEF-0094269

23 is a pre-decisional policy proposal that was never implemented.  Dkt. # 266-1 at ¶ 12.

24 The Court has reviewed the unredacted document provided by Defendants and agrees that

25 _____

26 [2] This decision is subject to the limitations outlined above.  For example, if a document
   that discusses USCIS' internal vetting processes includes personal identifying

27 information from actual cases, the personal identifying information may remain redacted.

ORDER - 8

the deliberative process privilege applies to this document because it is (1) predecisional and (2) deliberative in nature, in that it relates to "opinions, recommendations, [and] advice about agency policies." *F.T.C. v. Warner Connc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). In addition, the Court does not believe that this document would be useful in ascertaining whether Defendants are currently administering CARRP in a discriminatory fashion. In addition, the extent to which disclosure of this document could hinder "frank and independent discussion[s] regarding contemplated policies and decisions" weighs in favor of denying the motion. Dkt. # 166-1 at ¶¶ 14-15. Plaintiffs' motion to compel the production of DEF-0094269 without the deliberative process redactions is **DENIED**.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion to compel (Dkt. # 260). Defendants are ordered to reproduce the 25 documents in Plaintiffs' motion consistent with the parameters outlined above within twenty-one (21) days from the date of this order.

Dated this 16th day of January, 2020.

The Honorable Richard A. Jones
United States District Judge