The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, President of the United States, *et al.*, <br><br> Defendants. | No. 2:17-cv-00094-RAJ <br><br> **RESPONSE TO PLAINTIFFS' MOTION TO SEAL EXHIBITS TO THE DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL** |

Defendants do not oppose Plaintiffs' Motion to Seal and ask the Court to grant it. *See* Dkt. 311.

## LEGAL STANDARD

The strong presumption of public access to court records ordinarily requires the moving party to provide compelling reasons to seal a document. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But, the less onerous "good cause" standard applies to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety, v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Here, the good cause standard applies because the sealed materials are related to Plaintiffs' Motion to

RESPONSE TO PLAINTIFFS' MOTION TO SEAL EXHIBITS TO THE DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL - 1
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7035

1  Compel, Dkt. 312, which is a non-dispositive discovery-related motion. *See Ctr. for Auto Safety*,
2  809 F.3d at 1097.
3     Under this Court's Local Rules, a motion to seal a document must include the following:

   (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;

   (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
      i. the legitimate private or public interests that warrant the relief sought;
      ii. the injury that will result if the relief sought is not granted; and
      iii. why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3). Furthermore, where the parties have entered a stipulated protective order governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. *Id.* Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion. *Id.*

## ARGUMENT

Here, Exhibit 1 contains a list of titles of documents produced by Defendants in discovery, and Exhibits 2 and 3 are excerpts from documents produced in discovery subject to the existing Protective Order. Dkt. 314; *see also* Dkt. 86 (Stipulated Protective Order). These three Exhibits satisfy the requirements of Local Rule 5(g)(3)(B) and hence should remain filed under seal. Exhibit 1 contains general information regarding USCIS' vetting practices, including database information, and Exhibits 2 and 3 are training documents created by USCIS to train officers who vet and adjudicate applications pursuant to CARRP policy. The documents contain

RESPONSE TO PLAINTIFFS' MOTION TO SEAL
EXHIBITS TO THE DECLARATION IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL - 2
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7035

sensitive but unclassified information about how USCIS officers investigate and vet national security to maintain the integrity of the legal immigration system and combat fraud, criminal activity, and other threats to public safety and national security. Disclosure of this information could cause nefarious individuals to modify their behavior and thereby avoid detection. These documents should remain under seal because USCIS has a legitimate interest in protecting against their release, and public release could cause injury. For these same reasons, there are no less restrictive alternatives than keeping the documents under seal.

Nevertheless, as provided under LCR 5(g)(6), because the Plaintiffs' motion to seal pertains in part to the foregoing three exhibits produced by the Government under a protective order, should the Court deny the motion to seal as to these three documents, Defendants request that "the court withdraw the document[s] from the record rather than unseal [them]." LCR 5(g)(6) (noting that a response to a motion to seal may request this alternative remedy for preserving the status quo).

RESPONSE TO PLAINTIFFS' MOTION TO SEAL
EXHIBITS TO THE DECLARATION IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL - 3
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7035

| | |
|---|---|
| Dated: January 21, 2020 | Respectfully Submitted, |
| JOSEPH H. HUNT<br>Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice | */s/ Jesse Busen*<br>JESSE BUSEN<br>Counsel for National Security<br>National Security Unit<br>Office of Immigration Litigation |
| AUGUST FLENTJE<br>Special Counsel<br>Civil Division | ANDREW C. BRINKMAN<br>Senior Counsel for National Security<br>National Security Unit<br>Office of Immigration Litigation |
| ETHAN B. KANTER<br>Chief National Security Unit<br>Office of Immigration Litigation<br>Civil Division | BRENDAN T. MOORE<br>Trial Attorney<br>Office of Immigration Litigation |
| BRIAN T. MORAN<br>United States Attorney | LEON B. TARANTO<br>Trial Attorney<br>Torts Branch |
| BRIAN C. KIPNIS<br>Assistant United States Attorney<br>Western District of Washington | VICTORIA M. BRAGA<br>Trial Attorney<br>Office of Immigration Litigation |
| LINDSAY M. MURPHY<br>Senior Counsel for National Security<br>National Security Unit<br>Office of Immigration Litigation | MICHELLE SLACK<br>Trial Attorney<br>Office of Immigration Litigation |
| | *Counsel for Defendants* |

RESPONSE TO PLAINTIFFS' MOTION TO SEAL
PLAINTIFFS' REPLY TO MOTION TO COMPEL AND
OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR
PROTECTIVE ORDER - 4
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7205

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jesse Busen
JESSE BUSEN
Senior Counsel for National Security
Office of Immigration Litigation
450 5th St. NW
Washington, DC 20001
Jesse.Busen@usdoj.gov
Phone: (202) 305-7205

RESPONSE TO PLAINTIFFS' MOTION TO SEAL
PLAINTIFFS' REPLY TO MOTION TO COMPEL AND
OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR
PROTECTIVE ORDER - 5
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7205