1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*, on behalf
of themselves and others similarly situated,

Plaintiffs,

v.

DONALD TRUMP, President of the
United States, *et al.*,

Defendants.

No. 2:17-cv-00094-RAJ

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION FOR COURT PERMISSION
TO INTERVIEW LIMITED NUMBER
OF PERSONS WHO SUSPECT THEY
HAVE BEEN SUBJECTED TO CARRP**

NOTE ON MOTION CALENDAR: January
24, 2020

PLAINTIFFS' REPLY ISO MOTION FOR COURT PERMISSION
TO INTERVIEW LIMITED NUMBER OF PERSONS WHO
SUSPECT THEY HAVE BEEN SUBJECTED TO CARRP
(No. 2:17-cv-00094-RAJ)  v

147015455.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# I.    INTRODUCTION

Defendants' opposition provides no concrete reason to justify prohibiting Plaintiffs from conducting limited-scope interviews with six individuals who already believe that they have been subject to CARRP.  Instead, Defendants rely on vague allusions to national security, and further claim—contrary to the Court's prior rulings—that evidence related to potential unnamed class members are irrelevant to the development of Plaintiffs' case.  These unsupported assertions ignore the realities of this litigation and resurrect arguments that the Court has previously dismissed as unpersuasive.  This evidence poses a minimal risk to Defendants' purported security interests and goes directly to the core of Plaintiffs' case.

Defendants' purported national security concerns are unsupported by any specific facts and remain entirely speculative.  Further, Defendants' misstate the issue by arguing that Plaintiffs' proposed contact with the six individuals who responded to the notice would cause those individuals to "surmise" that their applications were subject to CARRP. Opp. at 1, 6. On the contrary, these individuals responded to the notice precisely because they *already* suspect that they are subject to CARRP and had concluded as a result that they might have information relevant to this litigation.  Defendants' claim that potential class members contacted by Plaintiffs' counsel would alter their behavior or impede ongoing law enforcement investigations is specious because these individuals already believe their immigration benefits applications are subject to CARRP.  Further, Defendants' contention that terrorists may have responded to the class notice for the purpose of testing whether the Government is pursuing them is wildly speculative at best.  Defendants cannot use such conjecture—untethered to logic or evidence—to justify curtailing Plaintiffs' right to develop relevant evidence.

Defendants also err in contending that evidence from potential class members is irrelevant, a contention at odds with the Court's prior recognition that such information is relevant to Plaintiffs' prosecution of their claims.  Dkt. Nos. 183 at 3, 274 at 6.  Plaintiffs seek to vindicate the rights and present the experiences of unnamed class members, who are directly

PLAINTIFFS' REPLY ISO MOTION FOR COURT PERMISSION
TO INTERVIEW LIMITED NUMBER OF PERSONS WHO
SUSPECT THEY HAVE BEEN SUBJECTED TO CARRP
(No. 2:17-cv-00094-RAJ) – 1

147015455.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    impacted by this litigation.  This information is certainly germane to this case.  Defendants'

2    assertion that the class should be decertified if Plaintiffs seek to develop and present evidence of

3    individuals' harms as a result of CARRP misunderstands the nature of class action suits and

4    ignores parties' rights to marshal and present evidence in support of their narratives.  Limited

5    contact that would not confirm to potential class members whether their applications were

6    subject to CARRP would allow counsel to identify relevant evidence, as well as fairly and

7    adequately represent the interests of the two certified classes.

8         The Court should grant Plaintiffs' motion to interview persons who responded to

9    Plaintiffs' Class Notice.

10                              **II.     ARGUMENT**

11   **A.    Defendants' purported security concerns are specious, conclusory, and
            unsupported.**

12        Defendants assert that Plaintiffs' proposed contact with potential unnamed class members

13   would confirm the individuals' CARRP status and enable them to alter their behavior to evade

14   government scrutiny.  This is baseless speculation and is unsupported by any concrete

15   information.  In a prior ruling, the Court noted that Defendants offered only a "vague, brief

16   explanation" of these same concerns, grounded in "mere speculation" and positing only a

17   "hypothetical result."  Dkt. 98 at 3.  As this Court has previously emphasized, the government

18   "may not merely say those magic words—'national security threat'—and automatically have its

19   requests granted in this forum."  Dkt. 202 at 3.  Yet Defendants insist on repeating these

20   arguments without offering any factual support for their assertions that individuals who already

21   suspect their immigration benefits applications are subject to CARRP would alter their behavior

22   or somehow impede law enforcement investigations if contacted by Plaintiffs' counsel.

23        Vague allusions to hypothetical security risks are not sufficient to justify a prohibition on

24   contact between Plaintiffs' counsel and potential class members, particularly where contact

25   would be limited to a pre-determined set of questions that adhere to the Court's protective order.

26

---

PLAINTIFFS' REPLY ISO MOTION FOR COURT PERMISSION
TO INTERVIEW LIMITED NUMBER OF PERSONS WHO
SUSPECT THEY HAVE BEEN SUBJECTED TO CARRP
(No. 2:17-cv-00094-RAJ) – 2

147015455.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Defendants' alarmist hypothetical scenario—which envisions that individuals who responded to

2    the class notice did so "for entirely nefarious reasons," Opp. at 7—pure speculation and divorced

3    from any facts or reason.  This argument does not constitute a "specific record" showing "the

4    particular abuses" threatened by the proposed contact, as would be required to justify limiting

5    speech between Plaintiffs' counsel and the potential unnamed class members whose interests

6    they have a duty to investigate and represent.  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).

7    Rather than any specific factual showing, Defendants offer only conjecture.

8            Further, it is illogical for Defendants to claim that the proposed contact would serve as a

9    catalyst for the individuals in question to begin thwarting law enforcement investigations.  As

10   Plaintiffs have explained, the people who responded to the class notice did so precisely because

11   they *already believe* that they are subject to CARRP.  It is unreasonable to suggest that contact

12   with these individuals, who have independently and affirmatively reached out to Plaintiffs'

13   counsel, would be a trigger that causes them or "their associates" to suddenly "alter their

14   behavior" for the purpose of eluding the Government or destroying evidence.  *See* Opp. at 7.  For

15   one, Defendants do not explain why someone would respond to the class notice for the purpose

16   of eluding investigation when doing so means drawing attention and scrutiny beyond what the

17   process of applying for immigration benefits already entails.  For another, there is nothing

18   concrete to suggest that an individual who believes her application to be subject to CARRP

19   would, as Defendants claim, "nefarious[ly]" seek contact with Plaintiffs' counsel in order to

20   implement a plan to "go into hiding," compromise evidence, or "alert" a body of "co-

21   conspirators."  Opp. at 5.  This reasoning is illogical and purely hypothetical.

22           Finally, Defendants claim that the usual principles underlying contact between class

23   counsel and potential unnamed class members do not apply here, simply because there are

24   national security risks.  This is yet another instance of Defendants invoking the "magic words"

25   without offering evidence to support their position.  Dkt. 202 at 3.  Notably, the only case that

26   Defendants cite as authority for their proposition that national security displaces the standard

PLAINTIFFS' REPLY ISO MOTION FOR COURT PERMISSION
TO INTERVIEW LIMITED NUMBER OF PERSONS WHO
SUSPECT THEY HAVE BEEN SUBJECTED TO CARRP
(No. 2:17-cv-00094-RAJ) – 3

147015455.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    relationship between class counsel and class members is completely irrelevant in this context.

2    *See* Opp. at 78 (citing *Berlin Democratic Club v. Rumsfeld*, 410 F. Supp. 144, 163 (D.D.C.

3    1976)).  *Berlin Democratic Club* considered whether to certify a class.  *Id.*  But here, the Court

4    has already certified two classes.  *See* Dkt. 69.  This is not a question of whether class

5    certification is appropriate—it is a question of whether class counsel may effectively develop its

6    evidence in order to adequately represent the class.  There is nothing to support Defendants'

7    contention that class counsel's traditional relationship with unnamed class members is

8    fundamentally altered in cases that implicate questions of national security.

9        To justify limiting Plaintiffs' contact with potential class members, Defendants must

10   make a showing based on a "specific record" detailing the "particular abuses" that would occur

11   as a result.  *Gulf Oil,* 452 U.S. at 102.  Defendants have not met that burden.  Allusions to vague

12   national security risks are simply insufficient.

13   **B.    Plaintiffs have a compelling need for relevant evidence from potential unnamed**
14   **class members, and such evidence poses little risk to Defendants' purported security**
       **concerns.**

15       Defendants rely on previously refuted logic to assert that Plaintiffs have no need to gather

16   evidence from potential unnamed class members.  The core of Defendants' position is that the

17   individual experiences of unnamed class members cannot be relevant in a class action, because

18   relief is sought on behalf of the class as a whole.  This argument simply ignores the Court's prior

19   rulings, which have recognized that Plaintiffs should be permitted to "obtain information about

20   particular unnamed class members to develop evidence for use in their case." Dkt. 183 at 3.

21       Further, it stands to reason that evidence gathered from potential unnamed class

22   members—whose interests and potential claims may be impacted by the outcome of this

23   litigation—is germane to the prosecution of this case and the effective representation of the class

24   as a whole.  In order to present their case with evidentiary richness, Plaintiffs' counsel must be

25   permitted to investigate facts known to those who make up the class, and whose lives are directly

26   impacted by the CARRP policy.  Their stories go directly to the core of Plaintiff's case,

PLAINTIFFS' REPLY ISO MOTION FOR COURT PERMISSION
TO INTERVIEW LIMITED NUMBER OF PERSONS WHO
SUSPECT THEY HAVE BEEN SUBJECTED TO CARRP
(No. 2:17-cv-00094-RAJ) – 4

147015455.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    providing evidence, inter alia, as to how CARRP modifies the statutory and regulatory process

2    for adjudicating their applications.

3        Defendants also claim that the information they have provided about CARRP renders

4    superfluous any additional facts that might be gathered from potential class members.  But this

5    misunderstands Plaintiffs' goal in developing such evidence.  The individual texture and nature

6    of potential unnamed class members' experiences, and the basis of their independent perceptions

7    that they have been subject to CARRP, cannot be found elsewhere.  Prohibiting contact with

8    these individuals would make it "more difficult for [Plaintiffs], as the class representatives, to

9    obtain information *about the merits of the case from the persons they [seek] to represent.*" *Gulf*

10   *Oil*, 452 U.S. at 101 (emphasis added).  Ultimately, Plaintiffs represent classes of people, and

11   class counsel must have the opportunity to speak with the six individuals whose interests are

12   among those Plaintiffs seek to vindicate and protect.

13                    **III.    CONCLUSION**

14       Defendants' arguments are speculative and do not justify limiting Plaintiffs' right to

15   gather relevant evidence by conducting very limited-scope interviews with six potential class

16   members.  The Court should grant Plaintiffs' motion and permit contact with potential class

17   members.

18

19

20

21

22

23

24

25

26

PLAINTIFFS' REPLY ISO MOTION FOR COURT PERMISSION
TO INTERVIEW LIMITED NUMBER OF PERSONS WHO
SUSPECT THEY HAVE BEEN SUBJECTED TO CARRP
(No. 2:17-cv-00094-RAJ) – 5
147015455.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

Respectfully submitted,

DATED: January 24, 2020

2

s/ Jennifer Pasquarella
Jennifer Pasquarella (admitted pro hac vice)
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
jpasquarella@aclusocal.org

s/ Harry H. Schneider, Jr.
s/ Nicholas P. Gellert
s/ David A. Perez
s/ Heath Hyatt
Harry H. Schneider, Jr. #9404
Nicholas P. Gellert #18041
David A. Perez #43959
Heath Hyatt #54141
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
HSchneider@perkinscoie.com
NGellert@perkinscoie.com
DPerez@perkinscoie.com
HHyatt@perkinscoie.com

3

4

5

6

s/ Matt Adams
Matt Adams #28287
**Northwest Immigrant Rights Project**
615 Second Ave., Ste. 400
Seattle, WA 98122
Telephone: (206) 957-8611
matt@nwirp.org

7

8

9

10

s/ Stacy Tolchin
Stacy Tolchin (admitted pro hac vice)
**Law Offices of Stacy Tolchin**
634 S. Spring St. Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Stacy@tolchinimmigration.com

s/ Trina Realmuto
s/ Kristin Macleod-Ball
Trina Realmuto (admitted pro hac vice)
Kristin Macleod-Ball (admitted pro hac vice)
**American Immigration Council**
1318 Beacon Street, Suite 18
Brookline, MA 03446
Telephone: (857) 305-3600
trealmuto@immcouncil.org
kmacleod-ball@immcouncil.org

11

12

13

14

s/ Hugh Handeyside
s/ Lee Gelernt
s/ Hina Shamsi
Hugh Handeyside #39792
Lee Gelernt (admitted pro hac vice)
Hina Shamsi (admitted pro hac vice)
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
lgelernt@aclu.org
hhandeyside@aclu.org
hshamsi@aclu.org

s/ John Midgley
John Midgley #6511
**ACLU of Washington Foundation**
901 Fifth Avenue, Suite 630
Seattle, WA 98164
Telephone: (206) 624-2184
jmidgley@aclu-wa.org

15

16

17

18

19

20

21

*Counsel for Plaintiffs*

22

23

24

25

26

PLAINTIFFS' REPLY ISO MOTION FOR COURT PERMISSION
TO INTERVIEW LIMITED NUMBER OF PERSONS WHO
SUSPECT THEY HAVE BEEN SUBJECTED TO CARRP
(No. 2:17-cv-00094-RAJ) – 0
147015455.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date indicated below, I caused service of the foregoing document via the CM/ECF system that will automatically send notice of such filing to all counsel of record herein.

DATED this 24th day of January, 2020, at Seattle, Washington.

By: s/ *Heath Hyatt* _____
Heath Hyatt
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
HHyatt@perkinscoie.com