1

THE HONORABLE RICHARD A. JONES

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

ABDIQAFAR WAGAFE, *et al.*, on behalf
of themselves and others similarly situated,

10

Plaintiffs,

11

v.

12

DONALD TRUMP, President of the
United States, *et al.*,

13

Defendants.

14

15

16

No. 2:17-cv-00094-RAJ

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO COMPEL NAMED
PLAINTIFFS' A-FILE INFORMATION**

**NOTE ON MOTION CALENDAR:
January 24, 2020**

17

## I.    INTRODUCTION

18

Defendants continue to wrongly withhold significant information and analysis, created by

19

Defendant U.S. Citizenship and Immigration Services (USCIS), about the Named Plaintiffs in

20

their A-Files. Such information is important to Plaintiffs' claims challenging CARRP and related

21

extreme vetting programs. This Court ruled that information related to internal vetting

22

procedures used by USCIS is "highly relevant" to Plaintiffs' claims, and that there is "little

23

justification for withholding this information based on the law enforcement privilege." Dkt. 274

24

at 5. This Court has also instructed Defendants to use the law enforcement privilege

25

"deliberately" and "to be exacting with which documents fall within this privilege." Dkt. 148 at

26

5. Nonetheless, Plaintiffs' A-files still contain numerous redactions, including block redactions

PLAINTIFFS' REPLY ISO MOTION TO COMPEL NAMED
PLAINTIFFS' A-FILE INFORMATION
(No. 2:17-cv-00094-RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3

covering entire pages of documents. These widespread redactions reveal that Defendants have failed to use the privilege "deliberately" and have withheld USCIS-generated information to which Plaintiffs are entitled.

## II.    ARGUMENT

4
5
6
7
8
9
10
11
12
13

This Court has upheld Defendants' law enforcement privilege redactions *only* with regard to two categories of information: (1) "why" information that originates from law enforcement agencies external to USCIS, and (2) communications between USCIS and third-party law enforcement agencies relating to such "why" information. Dkt. 274 at 3-5. Beyond these two categories, the Court has ruled that Plaintiffs are entitled to USCIS-generated information, information regarding USCIS internal vetting procedures, and USCIS's internal decision-making processes for adjudicating A-files. Dkt. 274 at 5 (finding "little justification" for withholding information related to USCIS's internal vetting procedures). Such information is highly relevant to Plaintiffs' claims. *See* Dkt. 274 at 5.

14
15
16
17
18
19
20
21
22
23
24
25
26

In their Opposition brief, Defendants assert that they withhold only information originating from third-party law enforcement agencies or communications with those agencies. *See* Dkt. 326. That is incorrect. Defendants wrongfully redact internal USCIS analysis and USCIS-generated information throughout the Named Plaintiffs' A-files. *See, e.g.*, Hyatt Decl., Ex. A at DEF-00420720 (the Hyatt Declaration includes a further discussion of the contents of this document). For example, in at least one Named Plaintiff's A-file, Defendants redact information about an *internal* USCIS vetting program. Even though the program was USCIS-run—and information gathered from the program was generated by USCIS—Defendants redact the name of the program, information generated by the program, and related internal analysis in this applicant's A-file. *See id.* at DEF-00420593, DEF-00420705, DEF-00420707. In an internal communication from one USCIS officer to another in the A-file, Defendants redact information discovered through this internal vetting program even though the same communication acknowledges that the vetting program was initiated by USCIS. *See id.* at

PLAINTIFFS' REPLY ISO MOTION TO COMPEL NAMED
PLAINTIFFS' A-FILE INFORMATION
(No. 2:17-cv-00094-RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    DEF-00420593. On its face, this document shows that Defendants have withheld information

2    related to USCIS internal vetting procedures to which this Court has ruled Plaintiffs are entitled.

3    *See* Dkt. 274 at 5 ("The Court believes the "internal" vetting procedures used by USCIS to be

4    most relevant . . . [and] sees little justification for withholding this information based on the law

5    enforcement privilege.").

6          Defendants also withhold other USCIS-generated analysis and information that is highly

7    relevant to Plaintiffs' claims. For example, Defendants redact analyses performed by USCIS

8    based on the information generated through the internal vetting program discussed above. *See*

9    Hyatt Decl., Ex. A at DEF-00420711 (redacting almost all analysis related to this internal vetting

10   program); *see also id.* at DEF-00420717. In other documents in this same A-file, Defendants

11   withhold an entire internal email between USCIS officers, *id.* at DEF-00420592, and block-

12   redact large portions of an internal USCIS memorandum regarding the applicant. *Id.* at DEF-

13   00420704. This internal analysis and information is highly relevant to Plaintiffs' claims and, per

14   this Court's Order, cannot be withheld under the law enforcement privilege. *See* Dkt. 274 at 5.

15         Moreover, Defendants claim that, for immigration benefit applications where at least

16   some information underlying the national security concern originates from a third-party law

17   enforcement agency, "the third-party agency information *and the reasons why USCIS determined*

18   *that CARRP review was necessary* are inextricably linked, and therefore, *both* must be protected

19   from disclosure." Defendants' Response, Dkt. 326 at 4 (emphasis added). This cannot be true.

20   Although the Court permitted Defendants to withhold information originating from third-party

21   law enforcement agencies, additionally withholding subsequent USCIS internal analyses,

22   interpretations, and communications regarding whether CARRP review is necessary in these

23   cases goes beyond the scope of permissible law enforcement privilege redactions. Plaintiffs are

24   entitled to information regarding USCIS's internal decision-making processes, methods of

25   distilling and analyzing facts, and adjudication of these immigration benefit applications. *See*

26   Dkt. 274 at 5 (finding little justification for withholding ""internal' vetting procedures used by

PLAINTIFFS' REPLY ISO MOTION TO COMPEL NAMED
PLAINTIFFS' A-FILE INFORMATION
(No. 2:17-cv-00094-RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

USCIS"). Defendants redact exactly this kind of information anyway. *See*, *e.g.*, Sepe Decl., Ex. D at p. 1. Defendants cannot withhold this highly relevant information by unilaterally claiming that the entirety of USCIS's internal decision-making processes in such cases is "inextricably linked" to third-party information.

Defendants' large, block redactions in the Named Plaintiffs' A-files also reinforce that Defendants have failed to follow this Court's Order, which instructs Defendants to use the law enforcement privilege "deliberately" and "to be exacting with which documents fall within this privilege." Dkt. 148 at 5. Defendants' redactions in the A-files are anything but deliberate and exacting. In multiple instances, Defendants withhold entire documents in the A-files. *See, e.g.*, Sepe Decl., Ex. E; Sepe Decl., Ex. F; Dkt. 326-1, Ex. C (email from counsel for Plaintiffs identifying to Defendants portions of A-files that were redacted in their entirety). And in other documents, Defendants redact blocks of information appearing within internal memoranda or communications. *See, e.g.*, Hyatt Decl., Ex. A at DEF-00420704, DEF-00420592, DEF-00420730.

Finally, Defendants fail to carry the "heavy burden" of showing why discovery is being denied. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Considering the numerous remaining redactions in the Named Plaintiffs' A-files—and how highly relevant information in the A-files is to Plaintiffs' claims—Plaintiffs would welcome *in camera* review of the Named Plaintiffs' A-files to determine whether Plaintiffs are entitled to additional information within the A-files.

### III.     CONCLUSION

Plaintiffs respectfully request that the Court order Defendants to produce USCIS-generated analysis on why the Named Plaintiffs' immigration benefits applications were subject to CARRP. These documents are important to Plaintiffs' claims. Alternatively, Plaintiffs request that the Court review the Named Plaintiffs' A-files *in camera* to determine the propriety of Defendants' redactions and whether further disclosure is warranted.

PLAINTIFFS' REPLY ISO MOTION TO COMPEL NAMED
PLAINTIFFS' A-FILE INFORMATION
(No. 2:17-cv-00094-RAJ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Respectfully submitted,                    DATED: January 24, 2020

2    s/ Jennifer Pasquarella                    s/ Harry H. Schneider, Jr.
     Jennifer Pasquarella (admitted pro hac vice)   s/ Nicholas P. Gellert
3    **ACLU Foundation of Southern California**     s/ David A. Perez
     1313 W. 8th Street                         s/ Heath L. Hyatt
4    Los Angeles, CA 90017                      Harry H. Schneider, Jr. #9404
     Telephone: (213) 977-5236                  Nicholas P. Gellert #18041
5    jpasquarella@aclusocal.org                 David A. Perez #43959
                                                Heath L. Hyatt #54141
6    s/ Matt Adams                              **Perkins Coie LLP**
     Matt Adams #28287                          1201 Third Avenue, Suite 4900
7    **Northwest Immigrant Rights Project**     Seattle, WA 98101-3099
     615 Second Ave., Ste. 400                  Telephone: 206.359.8000
8    Seattle, WA 98122                          HSchneider@perkinscoie.com
     Telephone: (206) 957-8611                  NGellert@perkinscoie.com
9    matt@nwirp.org                             DPerez@perkinscoie.com
                                                HHyatt@perkinscoie.com
10   s/ Stacy Tolchin
     Stacy Tolchin (admitted pro hac vice)      s/ Trina Realmuto
11   **Law Offices of Stacy Tolchin**          s/ Kristin Macleod-Ball
     634 S. Spring St. Suite 500A               Trina Realmuto (admitted pro hac vice)
12   Los Angeles, CA 90014                      Kristin Macleod-Ball (admitted pro hac vice)
     Telephone: (213) 622-7450                  **American Immigration Council**
13   Stacy@tolchinimmigration.com               1318 Beacon Street, Suite 18
                                                Brookline, MA 02446
14   s/ Hugh Handeyside                         Telephone: (857) 305-3600
     s/ Lee Gelernt                             trealmuto@immcouncil.org
15   s/ Hina Shamsi                             kmacleod-ball@immcouncil.org
     Hugh Handeyside #39792
16   Lee Gelernt (admitted pro hac vice)        s/ John Midgley
     Hina Shamsi (admitted pro hac vice)        John Midgley #6511
17   **American Civil Liberties Union Foundation**   **ACLU of Washington**
     125 Broad Street                           P.O. Box 2728
18   New York, NY 10004                         Seattle, WA 98111
     Telephone: (212) 549-2616                  Telephone: (206) 624-2184
19   lgelernt@aclu.org                          jmidgley@aclu-wa.org
     hhandeyside@aclu.org
20   hshamsi@aclu.org

21

22                                              *Counsel for Plaintiffs*

23

24

25

26

PLAINTIFFS' REPLY ISO MOTION TO COMPEL NAMED
PLAINTIFFS' A-FILE INFORMATION
(No. 2:17-cv-00094-RAJ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

**CERTIFICATE OF SERVICE**

3

    The undersigned certifies that on the date indicated below, I caused service of the

4

foregoing document via the CM/ECF system that will automatically send notice of such filing to

5

all counsel of record herein.

6

    DATED this 24th day of January, 2020, at Washington, DC.

7

8

                                        By: s/ *Heath Hyatt*
                                        Heath Hyatt, WSBA No. 54141
                                        **Perkins Coie LLP**

9

                                        1201 Third Avenue, Suite 4900
                                        Seattle, WA 98101-3099

10

                                        HHyatt@perkinscoie.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 2:17-cv-00094-RAJ) – 1