The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*,<br><br>                Plaintiffs,<br><br>   v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>                Defendants. | No. 2:17-cv-00094-RAJ<br><br>**RESPONSE TO PLAINTIFFS' MOTION TO SEAL HYATT DECLARATION AND ATTACHED EXHIBIT IN SUPPORT OF MOTION TO COMPEL NAMED PLAINTIFFS' A-FILES** |

      Defendants do not oppose Plaintiffs' Motion to Seal and ask the Court to grant it. *See* Dkt. 329.

## **LEGAL STANDARD**

      The strong presumption of public access to court records ordinarily requires the moving party to provide compelling reasons to seal a document. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But the less onerous "good cause" standard applies to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety, v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Here, the good cause standard applies because the sealed materials are related to Plaintiffs' Reply in

RESPONSE TO PLAINTIFFS' MOTION TO SEAL HYATT DECLARATION AND ATTACHED EXHIBIT IN SUPPORT OF MOTION TO COMPEL NAMED PLAINTIFFS' A-FILES  - 1
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7205

support of their Motion to Compel A-File information, Dkt. 328, which is a non-dispositive discovery-related motion.  *See Ctr. for Auto Safety*, 809 F.3d at 1097.

Under this Court's Local Rules, a motion to seal a document must include the following:

(A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;

(B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
   i. the legitimate private or public interests that warrant the relief sought;
   ii. the injury that will result if the relief sought is not granted; and
   iii. why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3).  Furthermore, where the parties have entered a stipulated protective order governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above.  *Id.*  Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.  *Id.*

## ARGUMENT

Here, the Hyatt declaration and Exhibit contain information from the Named Plaintiffs' A-files, and they contain personal identifying information.  *See* Dkt. 328.  Additionally, the documents contain sensitive but unclassified information about investigative techniques used by USCIS to maintain the integrity of the legal immigration system and combat fraud, criminal activity, and other threats to public safety and national security.  This includes how officers conduct the vetting of benefit applicants, the types of databases and sources officers consult in the course of vetting, and the names of officers involved in particular cases.  As this Court has

RESPONSE TO PLAINTIFFS' MOTION TO SEAL HYATT
DECLARATION AND ATTACHED EXHIBIT IN SUPPORT
OF MOTION TO COMPEL NAMED
PLAINTIFFS' A-FILES  - 2
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7205

recognized, public disclosure of these types of information could compromise public safety and national security, such as by prompting nefarious individuals to modify their behavior and thereby avoid detection.  Dkt. 320 at 6-7.  These documents should remain under seal because USCIS has a legitimate interest in protecting against their release, and public release could cause injury.  For these same reasons, there are no less restrictive alternatives than keeping the documents under seal.

Nevertheless, as provided under LCR 5(g)(6), because the Plaintiffs' motion to seal pertains in part to the foregoing exhibit produced by the Government under a protective order, should the Court deny the motion to seal as to these documents, Defendants request that "the court withdraw the document[s] from the record rather than unseal [them]." LCR 5(g)(6) (noting that a response to a motion to seal may request this alternative remedy for preserving the status quo).

RESPONSE TO PLAINTIFFS' MOTION TO SEAL HYATT DECLARATION AND ATTACHED EXHIBIT IN SUPPORT OF MOTION TO COMPEL NAMED PLAINTIFFS' A-FILES  - 3
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7205

Dated: February 3, 2020

JOSEPH H. HUNT
Assistant Attorney General
Civil Division
U.S. Department of Justice

AUGUST FLENTJE
Special Counsel
Civil Division

ETHAN B. KANTER
Chief National Security Unit
Office of Immigration Litigation
Civil Division

BRIAN T. MORAN
United States Attorney

BRIAN C. KIPNIS
Assistant United States Attorney
Western District of Washington

LINDSAY M. MURPHY
Senior Counsel for National Security
National Security Unit
Office of Immigration Litigation

Respectfully Submitted,

*/s/ Jesse Busen*
JESSE BUSEN
Counsel for National Security
National Security Unit
Office of Immigration Litigation

ANDREW C. BRINKMAN
Senior Counsel for National Security
National Security Unit
Office of Immigration Litigation

BRENDAN T. MOORE
Trial Attorney
Office of Immigration Litigation

LEON B. TARANTO
Trial Attorney
Torts Branch

VICTORIA M. BRAGA
Trial Attorney
Office of Immigration Litigation

MICHELLE SLACK
Trial Attorney
Office of Immigration Litigation

*Counsel for Defendants*

RESPONSE TO PLAINTIFFS' MOTION TO SEAL HYATT
DECLARATION AND ATTACHED EXHIBIT IN SUPPORT
OF MOTION TO COMPEL NAMED
PLAINTIFFS' A-FILES  - 4
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7205

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jesse Busen
JESSE BUSEN
Senior Counsel for National Security
Office of Immigration Litigation
450 5th St. NW
Washington, DC 20001
Jesse.Busen@usdoj.gov
Phone: (202) 305-7205

RESPONSE TO PLAINTIFFS' MOTION TO SEAL
PLAINTIFFS' REPLY TO MOTION TO COMPEL AND
OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR
PROTECTIVE ORDER - 5
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 305-7035