HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, et al.,

    Plaintiffs,

v.

DONALD TRUMP, et al.,

    Defendants.

CASE NO. C17-00094 RAJ

**ORDER ON SANCTIONS**

    This matter is before the Court on Plaintiffs' supplemental briefing in support of Plaintiffs' previous motion for sanctions (Dkt. # 137). Dkt. # 231. For the following reasons the Court **GRANTS** Plaintiffs' request for sanctions.

## I.   BACKGROUND

    The procedural history of this case has been recounted at length in previous orders and the Court will not repeat it here. Of particular relevance to this dispute is this Court's February 27, 2019 order granting Plaintiffs' previous motion for sanctions (Dkt. # 137)

ORDER- 1

based on Defendants' resistance to Plaintiffs' discovery requests necessitating multiple motions to compel. Dkt. # 223. The Court ordered Defendants to pay Plaintiffs' reasonable attorney fees in connection with the litigation of Plaintiffs' September 2017 motion to compel (Dkt. # 91) and instructed Plaintiffs to submit supplemental briefing detailing the reasonable attorneys' fees incurred in preparing the motion for sanctions (Dkt. # 137). Dkt. # 223 at 13. Plaintiffs subsequently submitted supplemental briefing (Dkt. # 231), Defendants responded (Dkt. # 255), and this matter is currently before the Court.

## II. DISCUSSION

Because the Court has already concluded that attorney fees are warranted, the only remaining question is the reasonableness of the requested fees. District courts have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar amount," which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar figure is presumptively a reasonable fee award. *Id*. at 977. The moving party has the burden to produce evidence that the rates and hours worked are reasonable. *See Intel Corp. v. Terabyte Int'l,* 6 F.3d 614, 623 (9th Cir. 1983).

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). The relevant community is that in which the district court sits. *See Schwarz v. Sec'y of Health & Human Serv.*, 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiffs request $73,476.08 for 132.25 hours of work at hourly rates of $415.36 to $815.62 in connection with the litigation of their motion for sanctions. Dkt. # 231 at 3. Plaintiffs submit several declarations in support of their motion, detailing the experience,

1  hourly rates, hours, and work performed by Plaintiffs' attorneys.  Dkt. ## 232-237.  The
2  Court previously reviewed Plaintiffs' requested 2017 rates in connection with the initial
3  motion for sanctions and found them reasonable. # 223 at 11.  Although the requested
4  rates are now based on hourly rates for 2018, after reviewing the supporting declarations,
5  the Court finds that Plaintiffs' requested rates are reasonable.
6        As for the number of hours worked, in determining the reasonableness of hours
7  spent preparing a motion, the Court may exclude any hours that are excessive, redundant,
8  or otherwise unnecessary.  *Hensley v. Eckerhart,* 461 U.S. 424, 433–34 (1983).  In
9  determining the reasonableness of hours spent preparing a motion, the Court may exclude
10 any hours that are excessive, redundant, or otherwise unnecessary.  *Hensley v. Eckerhart*,
11 461 U.S. 424, 433–34 (1983).   Defendants object to Plaintiffs' requested fees on multiple
12 grounds arguing that the requested hours are duplicative, excessive, impermissibly based
13 on "block-billed" time entries, and unreasonably ambiguous.  Dkt. # 255, Ex. 1.
14       Overall, the Court finds that the hours claimed are reasonable.  However, as noted
15 by Defendants, Plaintiffs were not fully successful on their motion for sanctions.  *See*
16 Dkt. # 223 (granting in part and denying in part Plaintiffs' motion for sanctions).  Thus, a
17 50% reduction of the total fees claimed is warranted.  This apportionment is
18 approximately in line with the percentage of arguments Plaintiffs prevailed on in their
19 motion for sanctions.  *Id*.  The Court calculates the total amount of attorneys' fees to be
20 awarded in connection with the motion for sanctions as $36,738.04. This amount
21 represents 50% of the sum of the hours and fees claimed in Plaintiffs' supplemental brief
22 and supporting declarations.  *See* Dkt. ## 231-237.

### III.   CONCLUSION

24       For the above reasons, Plaintiffs' request for sanctions in connection with the
25 litigation of Plaintiffs' motion for sanctions (Dkt. # 137) is **GRANTED**.  Dkt. # 231.
26 Within **30 (thirty) days** of the date of this order, Defendants are ordered to pay

$36,738.04, along with the $50,507.92 previously ordered (*see* Dkt. # 223), to the Perkins Coie Trust Account.

Dated this 14th  day of May, 2020.

_____

*Richard A. Jones* (signature)

The Honorable Richard A. Jones
United States District Judge

ORDER- 4