THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>Defendants. | No. 2:17-cv-00094-RAJ<br><br>**PLAINTIFFS' STATUS REPORT** |

Since the parties last met with the Court on May 28, 2020, substantial progress has been made on some issues, but unfortunately disputes remain that Plaintiffs believe will require Court intervention.

First, the good news: The parties reached agreement on the procedures for interviews of people who responded to the notice to class members (see Dkt. 371 (stipulated motion regarding same)). The parties reached agreement regarding objections raised by Defendants as to the scope of the Rule 30(b)(6) deposition notice that Plaintiffs served back in January, and are now discussing the scheduling of that deposition. Finally, Plaintiffs provided Defendants with the

PLAINTIFFS' STATUS REPORT
(No. 2:17-cv-00094-RAJ) – 1

148656800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  information they offered to resolve the Defendants' motion to compel (Dkt. 289) on June 17,
2  2020.

3  Next, the bad news: To start, today Defendants informed Plaintiffs for the first time since
4  receiving the information from Plaintiffs that their motion to compel (Dkt. 289) is still not
5  resolved, despite the information Plaintiffs provided. But Defendants have not identified any
6  deficiencies in what Plaintiffs provided to Defendants, nor did they offer to meet and confer with
7  Plaintiffs regarding what issues remain unresolved.

8  In addition, over the course of the past 6 weeks, counsel for the parties have met and
9  conferred extensively regarding the contested redactions for alleged law enforcement privilege in
10 the named Plaintiffs' A-Files and in 41 policy documents (the subject of Plaintiffs' two
11 motions—Dkts. 312 and 316). The process has not resolved the parties' disputes. But it has
12 been helpful in clarifying how divergent the parties' interpretations of this Court's prior
13 discovery orders are. In addition, the parties' discussions have illustrated, more than Plaintiffs
14 originally understood, how sweeping Defendants' redactions are and the degree to which
15 Defendants are withholding discoverable information that is central to Plaintiffs' claims and
16 within the sphere of information that Plaintiffs understand to be discoverable under the Court's
17 prior orders.

18 The greatest point of difference between the parties is that Defendants have interpreted
19 the Court's prior orders at Dkt. 320 and Dkt. 274 to mean that any information that in any way
20 touches on a third party is law enforcement privileged. They take this position even when (a) the
21 third party is not a law enforcement agency, or even an agency (but rather just a third person),
22 (b) the information is not in any way sensitive, let alone about law enforcement activities, and
23 (c) the information is digested, analyzed, and incorporated into USCIS memos, processes,
24 internal vetting procedures, and databases. Defendants take the position that the mere fact of
25 USCIS's communication with a third-party agency or referral to a third-party agency is law
26 enforcement privileged, even when the decision to do so is made by USCIS and USCIS alone.

PLAINTIFFS' STATUS REPORT
(No. 2:17-cv-00094-RAJ) – 2

148656800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

And they take the position that the fact that certain databases are checked as part of USCIS's internal vetting is law enforcement privileged. This approach to privilege assertions is evident at both the policy level and with respect to the individual A-Files.[1]

The result of Defendants' redactions is that, with respect to the A-Files, Plaintiffs still do not know why the Named Plaintiffs were subject to CARRP, as all meaningful "why" information within relevant USCIS documents remains redacted.[2]

With respect to the 41 documents, Defendants continue to redact USCIS policy merely because it touches or could implicate third-party information. The redactions go well beyond disclosing any third-agency information-gathering techniques or processes. The Defendants' positions also are relevant to Defendants' latest round of claw-back requests, on which the parties have also not been able to reach an agreement.

Given this, Plaintiffs propose that they file a single supplemental brief that distills the main categories of disagreement between the parties with respect to the A-Files, 41 documents, and claw backs, provides specific examples that illustrate these disagreements, and clarifies exactly what disputes remain between the parties. This supplemental brief is necessary to resolve these remaining important discovery disputes and allow the parties to move forward to the final phases of this litigation. The supplemental brief would explain how Defendants have misapplied the Court's prior orders, and in the alternative ask for reconsideration of the prior

---

[1] The process has revealed various other improprieties. For example, some documents contained in Plaintiffs' A-Files have been produced through FOIA in more complete form, allowing Plaintiffs to examine the underlying information and confirm that it did not implicate sensitive law enforcement information or even third-party information. One USCIS memorandum about a USCIS internal vetting program contained material that is redacted in Defendants' production and that appears to be embarrassing or damaging to the agency but in no way sensitive or colorably privileged. Defendants only agreed to revisit the redactions in this document when Plaintiffs presented the same memorandum which was available publicly after having been produced to a civil rights group through FOIA. Even then, Defendants only agreed to redo the redactions to comport with the scope of the redactions in the FOIA-produced version, despite the fact that Defendants' only explanation for their privilege assertion is that the document mentions specific technologies, which could be redacted far more sparingly than in the FOIA version. Plaintiffs are still awaiting a reproduced version of this memorandum.

[2] Defendants refuse to acknowledge publicly whether the Named Plaintiffs were subjected to CARRP. However, the Named Plaintiffs all plausibly alleged in the Complaint that their applications were subjected to CARRP. Therefore, to the extent their applications were subjected to CARRP, Defendants should provide the information regarding why.

PLAINTIFFS' STATUS REPORT
(No. 2:17-cv-00094-RAJ) – 3

148656800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

orders if necessary in light of new information Plaintiffs learned about the information withheld by Defendants through this meet-and-confer process. To fully address these issues that are integral to Plaintiffs' ability to adequately prosecute their claims, and to enable the Court to adequately assess them, Plaintiffs respectfully request that the Court grant them leave to file a 20-page supplemental brief, and/or motion for reconsideration in the alternative, by July 17, 2020.  Plaintiffs sought Defendants' consent for this proposal, and indicated that they would not object to Defendants filing a simultaneous 20-page supplemental brief by July 17, 2020. Defendants oppose this request.

Plaintiffs believe that this supplemental brief will aid the Court's resolution of Plaintiffs' motions, and that it would be a more efficient use of this Court's and the parties' time to reschedule the July 1, 2020 status conference for a date after the Court reviews Plaintiffs' proposed supplemental brief on July 17, 2020. If the Court does hold the July 1, 2020 status conference, Plaintiffs do not agree with Defendants that it is necessary to preemptively close the hearing to the public. If the need to discuss information subject to the Protective Order or an Attorneys' Eyes Only Order arises at the hearing, Plaintiffs believe the parties and the Court could discussing closing the court to the public at that time and for that purpose.

PLAINTIFFS' STATUS REPORT
(No. 2:17-cv-00094-RAJ) – 4

148656800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | | |
|---|---|---|
| 1 | Respectfully submitted, | DATED: June 26, 2020 |
| 2 | s/ Jennifer Pasquarella | s/ Harry H. Schneider, Jr. |
| | Jennifer Pasquarella (admitted pro hac vice) | s/ Nicholas P. Gellert |
| 3 | **ACLU Foundation of Southern California** | s/ David A. Perez |
| | 1313 W. 8th Street | s/ Heath L. Hyatt |
| 4 | Los Angeles, CA 90017 | s/ Paige L. Whidbee |
| | Telephone: (213) 977-5236 | Harry H. Schneider, Jr. #9404 |
| 5 | jpasquarella@aclusocal.org | Nicholas P. Gellert #18041 |
| | | David A. Perez #43959 |
| 6 | s/ Matt Adams | Heath L. Hyatt #54141 |
| | Matt Adams #28287 | Paige L. Whidbee #55072 |
| 7 | **Northwest Immigrant Rights Project** | **Perkins Coie LLP** |
| | 615 Second Ave., Ste. 400 | 1201 Third Avenue, Suite 4900 |
| 8 | Seattle, WA 98122 | Seattle, WA 98101-3099 |
| | Telephone: (206) 957-8611 | Telephone: 206.359.8000 |
| 9 | matt@nwirp.org | HSchneider@perkinscoie.com |
| | | NGellert@perkinscoie.com |
| 10 | s/ Stacy Tolchin | DPerez@perkinscoie.com |
| | Stacy Tolchin (admitted pro hac vice) | HHyatt@perkinscoie.com |
| 11 | **Law Offices of Stacy Tolchin** | PWhidbee@perkinscoie.com |
| | 634 S. Spring St. Suite 500A | |
| 12 | Los Angeles, CA 90014 | s/ Kristin Macleod-Ball |
| | Telephone: (213) 622-7450 | Kristin Macleod-Ball (admitted pro hac vice) |
| 13 | Stacy@tolchinimmigration.com | **American Immigration Council** |
| | | 1318 Beacon Street, Suite 18 |
| 14 | s/ Hugh Handeyside | Brookline, MA 02446 |
| | s/ Lee Gelernt | Telephone: (857) 305-3600 |
| 15 | s/ Hina Shamsi | kmacleod-ball@immcouncil.org |
| | Hugh Handeyside #39792 | |
| 16 | Lee Gelernt (admitted pro hac vice) | s/ John Midgley |
| | Hina Shamsi (admitted pro hac vice) | s/ Molly Tack-Hooper |
| 17 | **American Civil Liberties Union Foundation** | John Midgley #6511 |
| | 125 Broad Street | Molly Tack-Hooper #56356 |
| 18 | New York, NY 10004 | **ACLU of Washington** |
| | Telephone: (212) 549-2616 | P.O. Box 2728 |
| 19 | lgelernt@aclu.org | Seattle, WA 98111 |
| | hhandeyside@aclu.org | Telephone: (206) 624-2184 |
| 20 | hshamsi@aclu.org | jmidgley@aclu-wa.org |
| | | |
| 21 | s/ Sameer Ahmed | |
| | Sameer Ahmed (admitted pro hac vice) | |
| 22 | **Harvard Immigration and Refugee** | |
| | **Clinical Program** | |
| 23 | Harvard Law School | |
| | 6 Everett Street; Suite 3105 | *Counsel for Plaintiffs* |
| 24 | Cambridge, MA 02138 | |
| | Telephone: (617) 495-0638 | |
| 25 | sahmed@law.harvard.edu | |
| | | |
| 26 | | |

PLAINTIFFS' STATUS REPORT
(No. 2:17-cv-00094-RAJ) – 5

148656800.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000