THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al., on behalf of himself and other similarly situated*,

                    Plaintiffs,

     v.

DONALD TRUMP, President of the United States, *et al.*,

                    Defendants.

CASE NO.  2:17-cv-00094-RAJ

**DEFENDANTS' STATUS REPORT**

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

Pursuant to the parties' May 26, 2020 Joint Status Report, Defendants submit this status report on the status of the resolution of the issues raised in three stricken discovery motions, as well as on other issues.  *See* Dkt. 359 at 2-3. Although Defendants proposed that the parties file a joint status report, Plaintiffs rejected that offer.

**Discovery Motions**

On May 14, 2020, the Court struck four pending discovery motions and ordered the parties to negotiate in an attempt to resolve their disputes without Court intervention.  *See* Dkt. No. 355.  The Court scheduled a status conference on May 28, 2020 for the parties to report their progress, and stated that additional papers should not be filed.  *See* Dkt. 355.  In a status report filed on May 26, 2020, and at the status conference on May 28, 2020, the parties reported to the Court on their progress and plans to negotiate the issues.  *See* Dkt. No. 359.  Specifically, the parties reported that they were working on a compromise that would allow Plaintiffs to contact individuals who had responded to the public posting of the class notice, as Plaintiffs requested in their stricken Motion to Amend the Protective Order to Contact Class Notice Responders.  *See* Dkt. No. 359 at 2; *see also* Dkt. Nos. 309.  The parties also reported that, in an effort to resolve Defendants' Motion to Compel Answers to their Interrogatories, Plaintiffs would send Defendants a list of deposition exhibits and documents they intended to use as deposition exhibits but did not, and would later link a sampling of those documents, and documents relied upon by their experts, to their claims.  *See* Dkt. No. 359 at 2. At the May 28, 2020 hearing, Defendants expressed concern that Plaintiffs had not committed that their sampling would be representative of the evidence in support of their claims.  Tr. at 12:22-13:22.

The parties additionally reported that they developed a plan to attempt to resolve Plaintiffs' motions to compel lesser-redacted versions of the Named Plaintiffs' A-Files and 41 other documents.  Under this plan, Defendants agreed to review redactions annotated by Plaintiffs, offer privilege descriptions, and where possible, lift redactions.  Dkt. No. 359 at 3.  It was Defendants' understanding from Plaintiffs' stricken motions and subsequent representations to the Court at the hearings that Plaintiffs were particularly concerned with block redactions, *see*, *e.g.*, Dkt. No. 312 at

Defendants' Status Report - 1
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

3, and sought confirmation from Defendants that the redacted content in the A-Files and documents was, in fact, privileged information, *see generally* Dkt. No. 320 at 6-7 (denying a prior motion to compel as to "[i]nformation regarding law enforcement databases," "personally identifying information," and "third-party law enforcement agency information"); *see also* Dkt. No. 344 (Plaintiffs statement in their reply brief to the stricken document motion that they are "*not challenging Defendants' redactions [over] . . . third party law enforcement information, codes, database screenshots, and personally identifying information*") (emphasis in original).

Finally, the parties reported that they would apprise the Court of any unresolved issues by June 26, 2020, and the Court scheduled a hearing on July 1, 2020 to discuss any such issues. *See* Dkt. No. 359.

Following the May 28, 2020 hearing, the parties' negotiations resulted in the resolution of Plaintiffs' Motion to Amend the Protective Order to Contact Class Notice Responders. *See* Dkt. No. 371 (filed under seal). Defendants made significant concessions in an effort to resolve this motion, and Defendants ultimately conceded that Plaintiffs would be afforded all relief they sought in their stricken motion, subject to very limited conditions. *See* Dkt. No. 371 (filed under seal).

Unfortunately, as further detailed below, the parties were not able to resolve their disputes related to the other three stricken motions. Defendants believe the issues in dispute have been sufficiently and extensively briefed, *see* Dkt. Nos. 289, 301, 303, 312, 316, 326, 328, 341, 344, and should any issues remain in dispute at the time of the July 1, 2020 hearing, Court intervention is now necessary to resolve said disputes.

Dkt. No. 289 (Defendants' Motion to Compel Answers to their Interrogatories)

After discussion between the parties, on June 11, 2020, Defendants received a list of documents, by Bates numbers, from Plaintiffs. This list was comprised of documents Plaintiffs used as deposition exhibits and documents Plaintiffs considered using as deposition exhibits, but ultimately did not use. On June 17, 2020, Plaintiffs linked 32 documents – taken from the June 11 list and documents listed in reports submitted by Plaintiffs' experts – to some, but not all, of their claims.

Defendants' Status Report - 2
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

Defendants are continuing to evaluate Plaintiffs' submission.  Of particular concern to Defendants is the fact that, in a cover e-mail transmitted with Plaintiffs' June 17 linking, Plaintiffs admitted that the documents were neither an exhaustive nor representative sample of the evidence supporting their claims.  Plaintiffs also stated unequivocally that they would not supplement the list.  Notably, some of Plaintiffs' claims were not linked to any documents, giving Defendants absolutely no information about what types of documents, if any, support those claims.  Defendants therefore remain concerned that Plaintiffs' refusal to identify a representative sample of evidence in support of their claims will advance a pre-trial litigation-by-surprise strategy, which the Rules were designed to prevent as not beneficial for the parties or the Court.  Accordingly, Defendants do not consider the issues raised in their motion resolved.  However, Defendants will continue to evaluate the sample and hope to contact Plaintiffs with proposed terms for final resolution prior to the July 1, 2020 hearing.  Defendants will report to the Court before or at the hearing whether the issues are resolved.

<u>Dkt. Nos. 312 & 316 (Plaintiffs' Motions to Compel, Challenging Redactions in the Named Plaintiffs' A-Files and 41 Other Documents)</u>

As Defendants noted at the May 14, 2020 hearing in which this motion was discussed, Defendants' viewed Plaintiffs' stricken motions as essentially a rejection of the veracity of Defendants' privilege logs, and an effort to enlist the Court's assistance in "double-checking" Defendants' good faith in making redactions and preparing the privilege log.  The immediate cause of Plaintiffs' skepticism, as reported to the Court, was a series of what Plaintiffs' characterized as "block redactions."  *See*, *e.g.*, Dkt. No. 312 at 3.  Nevertheless, in an effort to resolve this dispute, Defendants agreed to disclose to Plaintiffs' counsel in painstaking detail what was behind the redactions in an effort to convince Plaintiffs that Defendants were redacting the documents properly and consistently with the Court's relevant orders in the case.  Specifically, Defendants re-reviewed the documents and A-Files; withdrew redactions where possible; and provided spreadsheets to Plaintiffs explaining, for each annotated redaction, what has been redacted.  Defendants' effort amounted to providing discrete privilege descriptions for more than 1,000 pages.

Defendants' Status Report - 3
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

In addition to providing redaction descriptions, and where possible, lesser-redacted pages, Plaintiffs and Defendants have met and conferred four times regarding the redactions at issue.  In response to Plaintiffs' specific questions during these calls, Defendants, when possible, provided additional clarifications and information about the redactions, and in some instances produced even lesser-redacted pages.

Unfortunately, Plaintiffs have responded that they are not satisfied with Defendants' efforts.  On June 25, 2020, Plaintiffs informed Defendants of the few particular instances where they consider redaction disputes resolved; ultimately, all of the Named Plaintiffs A-Files and 39 of the 41 documents remain at issue.

Following the parties' negotiations, Defendants believe that the disputes over redactions, and the parties' respective positions, should be discussed at the July 1 hearing.  Following that discussion, should the Court determine that *in camera* review of the documents will be helpful to resolving the dispute, Defendants are prepared to produce the Named Plaintiffs A-Files and documents at issue.  Through discussions with Plaintiffs, Defendants believe that Plaintiffs seek to essentially ask the Court to reconsider its prior rulings regarding the law enforcement privilege, and to brief those issues again, in a bid to gain access to law enforcement and national security information obtained from third party law enforcement agencies, which the Court has previously ruled falls within the law enforcement privilege.  *See* Dkt Nos. 274, 320.  Defendants do not believe further negotiations will be beneficial in such circumstances.  Nor do Defendants believe that further briefing is necessary.  Rather, only a decision from the Court, following discussions on July 1 and potential *in camera* review, is likely to fully resolve the issues.

Because of the sensitivity of the issues that will be discussed at the July 1 hearing, and notably because the A-Files and some of the 39 documents still in dispute are subject to an Attorneys' Eyes Only designation, Defendants request that the hearing be closed to the public.  Plaintiffs oppose this request.

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1

**Other Matters**

2

Revised Certified Administrative Record

3

Because redactions remain at issue in several documents that are part of the Certified

4

Administrative Record, the parties agree that the certification and production of a revised Certified

5

Administrative Record should be stayed pending the resolution of the redaction disputes.

6

Defendants' Deposition-Related Clawback Requests

7

The parties have met and conferred on Defendants' requested deposition-related clawback

8

requests. Defendants have requested to claw back four exhibits (Exs. 19, 22, 24, and 52/93), as well

9

as portions of the transcripts and videos of the depositions of Chris Heffron, Matthew Emrich, Amy

10

Lang, and Kevin Quinn. Plaintiffs previously indicated that they do not oppose the requests to claw

11

back Exs. 19, 22, and 24, to claw back portions of Ex. 52/93, and portions of the Heffron deposition

12

transcript/video. After further negotiations following the hearings before the Court, Plaintiffs

13

indicated that they will not challenge the deliberative process privileges Defendants assert over Ex.

14

52/93. Negotiations continue on the remaining law enforcement privilege redactions in Ex. 52/93,

15

but the parties have reached an impasse regarding the remaining deposition-related claw back

16

requests. If the impasse remains as of July 1, following discussion of the issue with the Court,

17

Defendants are prepared to file a motion to claw back the content remaining in dispute using the

18

procedures outlined in the stipulated order pursuant to Federal Rule of Evidence 502(d). *See* Dkt.

19

No. 83 at 3-4 ¶ 5.

20

30(b)(6) Deposition Negotiations

21

Defendants believe that negotiations over the scope and terms of Plaintiffs' Rule 30(b)(6)

22

deposition of USCIS are close to completion. Plaintiffs have submitted additional topics to USCIS,

23

which are presently under consideration. In addition, a final agreement needs to be drafted and the

24

parties need to work out logistics and scheduling. Assuming the matter stays on its present track

25

towards final resolution, Defendants do not foresee any need to seek the intervention of the Court.

26

27

28

Defendants' Status Report - 5
(Case No. 2:17-cv-00094-RAJ)

1

<u>USCIS Furloughs</u>

2

Due to COVID-19, USCIS revenue from immigration fees has drastically decreased.  On

3 May 15, 2020, USCIS notified Congress of a projected budget shortfall caused by the COVID-19

4 pandemic and requested emergency funding of $1.2 billion.  Without additional funding, USCIS will

5 be required to furlough more than 13,000 employees on or about August 3, 2020. USCIS began

6 issuing furlough notices on June 26, 2020.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Status Report - 6
(Case No. 2:17-cv-00094-RAJ)

1    DATED this 26th day of June 2020.

2  Respectfully submitted,

3

4  JOSEPH H. HUNT                                    JESSE BUSEN
   Assistant Attorney General                        Counsel for National Security
5  Civil Division                                    National Security Unit
   U.S. Department of Justice                        Office of Immigration Litigation
6
   AUGUST FLENTJE                                    BRENDAN T. MOORE
7  Special Counsel                                   Trial Attorney
   Civil Division                                    Office of Immigration Litigation
8
9  ETHAN B. KANTER                                   LEON B. TARANTO
   Chief National Security Unit                      Trial Attorney
10 Office of Immigration Litigation                  Torts Branch
   Civil Division
11
   BRIAN T. MORAN                                    MICHELLE R. SLACK
12 United States Attorney                            Trial Attorney
                                                     Office of Immigration Litigation
13
   BRIAN C. KIPNIS
14 Assistant United States Attorney                  *s/ Victoria M. Braga*
   Western District of Washington                    VICTORIA M. BRAGA
15                                                   Trial Attorney
   LINDSAY M. MURPHY                                 Office of Immigration Litigation
16 Senior Counsel for National Security
   National Security Unit
17 Office of Immigration Litigation                  *Counsel for Defendants*

18
   ANDREW C. BRINKMAN
19 Senior Counsel for National Security
   National Security Unit
20 Office of Immigration Litigation

21

22

23

24

25

26

27

28

Defendants' Status Report - 7
(Case No. 2:17-cv-00094-RAJ)

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on June 26, 2019, I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system, which will send notification of such filing to all counsel of

4  record.

5

6                                                  /s/ *Victoria M. Braga*
                                                   VICTORIA M. BRAGA
7                                                  Trial Attorney
                                                   Office of Immigration Litigation
8                                                  U.S. Dept. of Justice, Civil Division
                                                   P.O. Box 878, Ben Franklin Station
9                                                  Washington, D.C. 20044
                                                   (202) 616-5573
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Status Report - 8
(Case No. 2:17-cv-00094-RAJ)