THE HONORABLE RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al., on behalf of himself and other similarly situated*,<br><br>                              Plaintiffs,<br><br>     v.<br><br>DONALD TRUMP, President of the United States, *et al.*,<br><br>                              Defendants. | CASE NO.  2:17-cv-00094-RAJ<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF RE: OUTSTANDING DISCOVERY DISPUTES** |

REDACTED

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTNORITIES .......................................................................................................... ii

INTRODUCTION ..........................................................................................................................1

ARGUMENT ..................................................................................................................................2

    I.    The Court's July 9, 2019 Order is Clear:  Plaintiffs are Not Entitled to Third Agency "Why" Information, and Defendants Have Redacted the A Files Consistently with that Order. ...............................................................................................2

        A.    Neither Relevance Nor Due Process Entitles Plaintiffs to Third Agency "Why" Information That The Court Clearly Determined Could be Withheld................................................................................................................2

        B.    Defendants Have Properly Redacted the A Files. .......................................5

            1.    ███████████████████████████████████████ .....................5

            2.    ███████████████████████████████████████ ......................6

            3.    ███████████████████████████████████████ .....................7

            4.    ███████████████████████████████████████ ......................7

            5.    ███████████████████████████████████████ .....................9

    II.    The Court Should Not Reconsider the July 9, 2019 Order or Grant Plaintiffs Leave to Subpoena Third Agencies ...............................................................11

    III.    Defendants Have Properly Withheld Information Under the Law Enforcement and Deliberative Process Privileges in the 31 Documents Remaining at Issue ...............................................................................................................................13

    IV.    The Protective Orders are Insufficient to Protect Privileged Information .......14

    V.    Defendants' Clawback Requests are Proper ...................................................15

CONCLUSION ..............................................................................................................................15

CERTIFICATE OF SERVICE .....................................................................................................17

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - i
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

## TABLE OF AUTHORITIES

**Cases**

*In re City of N.Y.*,
  607 F.3d 923 (2d Cir. 2010).................................................................................................. 14

*In re Dep't of Homeland Security*,
  459 F.3d at 565 (5th Cir. 2006) ............................................................................................. 15

**Local Rules**

LCR 7(h)(1) ................................................................................................................................. 11

LCR 7(h)(2) ................................................................................................................................. 11

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - ii
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

# INTRODUCTION

Through two (now stricken) motions and their supplemental brief Plaintiffs are attempting to undo the Court's prior privilege rulings in this case. *See* Dkt. Nos. 312, 316, 380. Plaintiffs have consistently tried to compel the production of information about the internal processes and databases of non-party law enforcement and intelligence agencies, such as the FBI, ICE, and CBP. Plaintiffs have also repeatedly sought to compel the production of A File information showing "why" the Named Plaintiffs were subject to CARRP (if they were, in fact, subject to CARRP).[1] Defendants have consistently sought to protect such information. The Court has repeatedly held that such information may be withheld. On July 9, 2019, the Court ruled:

> Defendants may redact "why" information contained within the A Files that originates from law enforcement agencies external to USCIS immigration processing, such as the FBI, ICE, or CBP. Defendants may also redact communications between USCIS and these agencies relating to this information. Defendants may not redact "why" information that originated **solely** within USCIS . . . .

Dkt. No. 274 at 5 (emphasis in original). On January 16, 2020, the Court ruled that "information that would allow individuals to access law enforcement databases, including screenshots [and] unique codes," as well as third agency information relied upon by USCIS, was properly withheld under the law enforcement privilege. Dkt. No. 320 at 6-7.

Plaintiffs seemed to understand the orders, stating in a February 7, 2020 filing that they were "*not* challenging Defendants' redactions of the limited information this Court has held Defendants are entitled to withhold under the law enforcement privilege," and that they were "not attempting to relitigate these issues." Dkt. No. 344 at 1 (emphasis in original).

But, make no mistake about it. Plaintiffs *are* attempting to relitigate these issues. In their supplemental brief, Plaintiffs re-argue a relevance argument that the Court has already rejected, and add to that a nonsensical "due process" argument. Plaintiffs next selectively quote from the Court's

---

[1] ████████████████████████████████████████████████████████████

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 1
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

prior orders to argue that the orders say something different than what they clearly say. Then, Plaintiffs use this contrived version of the Court's orders to falsely accuse Defendants of misapplying those orders. Finally—assumedly acknowledging that the Court's orders are clear, and that Defendants have correctly applied them—Plaintiffs belatedly ask the Court to reconsider its July 9 order, or, alternatively, to allow Plaintiffs to subpoena third agencies, *e.g.,* the FBI, ICE, etc.

This ground has already been covered by the parties in extensively briefed memoranda that were thoroughly considered by the Court, and which resulted in carefully crafted orders that weighed and balanced the competing interests at stake. *See* Dkt. Nos. 274, 320. The Court reasoned that Plaintiffs' interest in obtaining this information in the context of this action and their particular claims was outweighed by the potential damage that would be caused by a disclosure of privileged information shared with USCIS by third agencies. Those orders were correct and should be reaffirmed. Accordingly, Defendants respectfully ask the Court to recognize (with the assistance of *ex parte*, *in camera* review, if necessary) that Defendants have redacted the A Files and documents at issue appropriately and consistently with Court's orders, deny Plaintiffs' request to reconsider the July 9 order, and deny Plaintiffs' untimely request for leave to subpoena third agencies.

## ARGUMENT

**I.   The Court's July 9, 2019 Order is Clear:  Plaintiffs are Not Entitled to Third Agency "Why" Information, and Defendants Have Redacted the A Files Consistently with that Order.**

The Court's order about what information may and may not be withheld in the A Files is clear: "why" information originating with third agencies may be redacted, communications between USCIS and third agencies relating to third agency "why" information may be redacted, and "why" information originating solely within USCIS may not be redacted. Dkt. No. 274 at 5.

**A. Neither Relevance Nor Due Process Entitles Plaintiffs to Third Agency "Why" Information That the Court Clearly Determined Could Be Withheld.**

Plaintiffs offer two primary reasons that third agency "why" information should be disclosed to them: (1) it is "highly relevant" to their claims, and (2) due process requires it. The former of these arguments has been rejected by the Court previously, and the latter lacks merit.

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 2
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

Concerning relevance, the Court understood Plaintiffs' prior arguments that third agency "why" information was highly relevant to their claims. *See* Dkt. No. 221 at 8, 11. In the July 9 order, the Court addressed Plaintiffs' relevance arguments squarely, finding only "why" information internal to USCIS to be "highly relevant" to Plaintiffs claims. *See* Dkt. 274 at 4-5; *cf.* Pls' Supp. Br. at 1 (incorrectly indicating that the Court found *all* "why" information highly relevant to Plaintiffs' claims). Further, the Court doubted the relevance of third agency "why" information, stating, "[Third] agencies are not defendants in this case, and their internal processes are not at issue. Moreover, disclosing details of past or current investigations by these third-party law enforcement agencies would not, in this Court's view, offer much insight into the internal misuse of CARRP by USCIS." *See* Dkt. No. 274 at 4. Based in part on the limited relevance of third agency "why" information, the Court concluded that the "harm of disclosure would outweigh the value of th[e] information." *See* Dkt. No. 274 at 4.

Plaintiffs' repetitive argument that third agency "why" information should be disclosed because it is "highly relevant" not only overstates the relevance of third agency "why" information to this case. It also overlooks the balancing part of the law enforcement privilege analysis that the Court appropriately applied in the July 9 order. *See* Dkt. 274 at 4. Defendants maintain that, for the reasons previously offered and accepted by the Court, the disclosure of third agency "why" information, and the disclosure of communications between USCIS and third agencies about this information, risks harm to (1) third agency law enforcement functions, (2) cooperation between law enforcement agencies and USCIS, and (3) national security; and, on balance, the public interest remains against disclosure. *See* Dkt. 274 at 4-5; *see also*, *generally*, Dkt. No. 226-1 at 13-17, Dkt. No. 326 at 2-7; *see also*, *e.g.*, Dkt. No. 266-2 at Ex. A, Renaud Decl., ¶¶ 40-48, Ex. B, Mejia Decl., ¶¶ 9-13; Ex. C, Blair Decl., ¶¶ 6-10; Ex. D, Allen Decl., ¶¶ 5, 10-29, 31-31; Ex. E, Crum Decl., ¶¶ 7-8; Ex. F, Tabb Decl., ¶¶ 5-8. Furthermore, through non A File discovery, Plaintiffs are well aware of the various reasons "why" USCIS processes applicants under CARRP – for example, if applicants are listed in the Terrorist Screening Database ("TSDB"). Such information, which explains how the CARRP process works generally, should be sufficient for Plaintiffs to make their case against

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 3
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

USCIS.  Plaintiffs do not need to know specific third agency derogatory information about specific individuals, given the heightened harm of disclosing derogatory information about particular individuals.

Concerning due process, Plaintiffs previously argued that they should be allowed to access "why" information because, "with respect to [their] procedural due process claim, the Court will need to balance Plaintiffs' need for a process by which they can challenge their CARRP classification with Defendants' interest in refusing to disclose the information to them."  Dkt. No. 221 at 11.  In the July 9 order, the Court clearly did not accept this as a basis for permitting the disclosure of third agency "why" information.  *See generally* Dkt. No. 274 at 4-5.  The Court should similarly not permit disclosure based on Plaintiffs' slightly different due process argument in their supplemental brief; that is, that due process requires USCIS to disclose all "why" information to Plaintiffs so that they may challenge the information underlying USCIS's decision to process their applications in CARRP.  *See* Pls' Supp. Br. at 10-11.  Plaintiffs' due process argument falls particularly flat now because USCIS has adjudicated all of the Named Plaintiffs' applications.[2]

In any event, the cases and regulations Plaintiffs cite in support of their due process argument require the Government to disclose information upon which it relies to deny a right or benefit.  *See* Pls' Supp. Br. at 10-11.  Those cases and regulations do not mandate USCIS's disclosure of the privileged and potentially classified information it relies on to make a case processing decision, *i.e.*, whether or not to process an application in CARRP.  The reasons USCIS might decide to utilize the CARRP process to evaluate the national security implications of a particular application does not amount to a deprivation of a life, liberty, or property any more than does the Government's decision to initiate a law enforcement investigation.  Thus, due process concerns are simply not implicated by USCIS's decision to process an application in CARRP.  An application referred to CARRP may be granted or denied.  *See* Ex. B at 1, 6-7.  Indeed, according to USCIS's records and data produced to

---

[2] ███████████████████████████████████████████████████

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 4
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

Plaintiffs, *over 80% of adjustment of status and naturalization applications adjudicated after referral to CARRP are approved rather than denied.* See Ex. C.

And while Plaintiffs, ███████████████████████, might have a keen interest ███████████████████████████████████████, that interest is far outweighed by risks the Court recognized as associated with the disclosure of third agency "why" information, namely harm to third agency law enforcement functions, cooperation between law enforcement agencies, and national security. *See* Dkt. No. 274 at 4-5. Accordingly, due process does not entitle Plaintiffs to third agency "why" information that the Court has said may be withheld. *See* Dkt. No. 274 at 5.

### B. Defendants Have Properly Redacted the A Files

Plaintiffs selectively quote from the July 9 order and unfairly accuse Defendants of misapplying it in various respects. *See generally* Pls' Supp. Br. at 7-10. Plaintiffs' accusations are wrought with mischaracterizations – of the order, of CARRP policy, and of Defendants' redactions; ultimately, all of Plaintiffs' arguments lack merit. An *ex parte*, *in camera* review of the relevant pages (should the Court find it helpful) will confirm the propriety of the redactions.

**1.** ████████████████████████████████████████

Plaintiffs first argue that they are entitled to USCIS "internal vetting" information, ████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Pls' Supp. Br at 7-8. However, Plaintiffs improperly redefine the Court's use of the term "internal vetting," blurring a bright line set by the Court. In its order, the Court clearly equated "internal" vetting information with information held solely by USCIS, and "external" vetting information with information held by third agencies. Dkt. No. 274 at 4-5. It is true that USCIS uses information held by third agencies to identify national security concerns through security checks, and then internally and externally vets any concerns. *See* Ex. B at 3-6. However, external third agency information is not thereby transformed into "internal" USCIS information simply because it is considered, discussed, adopted, or otherwise relied upon by USCIS. Indeed, the Court was clear that "Defendants may redact 'why'

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 5
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1  information contained within the A Files that originates from law enforcement agencies external to
2  USCIS immigration processing." Dkt. No. 274 at 5. ████████████████████
3  ████████████████████████████████████████
4  ████████████████████████████████████████
5  ████████████████████████████████████████
6  ████████████████████████████████████████
7  ██████████████████████████████

8      It is, or should be, abundantly clear that third agency information (often security check
9  information) that reveals a national security concern, *i.e.*, third agency "why" information, will
10 trigger the next step in the CARRP process, internal vetting of the concern. *See* Ex. B at 3-4. That
11 does not make the third agency "why" information "'why' information that originate[s] solely within
12 USCIS." *Cf.* Pls' Supp. Br. at 8 (quoting Dkt. No. 274 at 5). ████████████████
13 ████████████████████████████████████████
14 ████████████████████████████████████████
15 ████████████████████████████████████████
16 ████████████████████

17                **2.** ████████████████████████████████
18

19     Plaintiffs argue that the Court's order only permits Defendants to redact third agency "why"
20 information when it originates with the FBI, ICE, or CBP. Pls' Supp. Br. at 8. Plaintiffs misread the
21 order, which allows Defendants to withhold "why" information originating from "agencies external
22 to USCIS immigration processing." Dkt. No. 274 at 4-5. One sentence of the Court's order
23 identifies the FBI, ICE, and CBP as non-exhaustive examples of third agencies whose "why"
24 information may be withheld. Dkt. 274 at 5. The use of these agencies as examples of third
25 agencies in one particular sentence does not imply that the Court found that "why" information
26 originating with other third agencies may not be withheld. *See* Pls' Supp. Br. at 8. The release of
27 other agencies' privileged "why" information would pose the same risks to national security, law
28

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 6
(Case No. 2:17-cv-00094-RAJ)

enforcement functions, and inter-agency information sharing posed by the release of privileged "why" information held by the FBI, ICE, and CBP.  *See* Dkt. No. 274 at 4-5.

       **3.**   ██████████████████████████████████

      Despite the Court's clear statement that communications between USCIS and third agencies may be withheld, *see* Dkt. No. 274 at 5, Plaintiffs claim that the fact of a communication with, or a referral to, a third agency "does not implicate the alleged law enforcement concerns expressed in the Court's order."  *See* Pls' Supp. Br. at 9.  This argument is contrary to the clear language of the order.  *See* Dkt. No. 274 at 5.  ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████

       **4.**  ██████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████  *See* Dkt. No. 274 at 5.  The Court determined what information may be withheld based on the nature and content of the information, not based on its location.  *See id.* at 4-5.  When third agency "why" information exists, USCIS discusses this privileged information internally, and also with the originating third agencies during external vetting and deconfliction.  In this regard, the Court has clearly stated, "Defendants may also redact communications between USCIS and [third agencies] relating to [these agencies'] information."  *Id.* at 5.

      This clarification aside, ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 7
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 8
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1. ███████████████████████████████████████
2. ███████████████████████████████████████
3. ████████████████████████████████
4.    █████████████████████████████████
5. █████████████████████████████████████
6. ████████████████████████████████████
7. ██████████████████████████████████
8. ███████████████████████████████████████
9. ███████████████████████████████████████
10. ██████████████████████████████████████
11. ██████████████████████████████████████
12. ██████████████████████████████████████
13. ██████████████████████████████████████
14. ██████████████████████████████████████
15. ██████████████████████████████████████
16. ████████████████████████████████████
17. ██████████████████████████████████████
18. ████████████████████████████████
19. **5.**   ████████████████████████████
20.        ████████████
21. ██████████████████████████████████████
22. ██████████████████████████████████
23. ████████████████████████████████████
24. ██████████████████████████████████████
25. ████████████████████████████████████
26. ████████████████████████████████████
27. ██████████████████████████████████
28.

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 9
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1  ███████████████████████████████████████████████
2  ████████████████████ ███████████████████████
3  ████████████████████████████████████████
4  ███████████████████████████████████████████████
5  ███████████████████████████████████████████████
6  ███████████████████████████████████████████████
7  ███████████████████████████████████████████████
8  ███████████████████████████████████████████████
9  █████████████████████████████████████████
10 ███████████████████████████████████████████████
11 ███████████████████████████████████████████████
12 ███████████████████████████████████████████████
13 ███████████████████████████████████████████████
14 ███████████████████████████████████████████████
15 ███████████████████████████████████████████████
16 ███████████████████████████████████████████████
17 ███████████████████████████████████████████████
18 ███████████████████████████████████████████████
19 ███████████████████████████████████████████████
20 ███████████████████████████████████████████████
21 ███████████████████████████████████████████████
22 ███████████████████████████████████████████████
23 ███████████████████████████████████████████████
24 ███████████████████████████████████████████████
25 ███████████████████████████████████████████████
26 _____
27 [3] ███████████████████████████████████████████
28

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 10
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

██████████████████████████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████████████████████████

## II. The Court Should Not Reconsider the July 9, 2019 Order or Grant Plaintiffs Leave to Subpoena Third Agencies.

Plaintiffs long ago waived their opportunity to move for reconsideration of the Court's July 9 order. *See* LCR 7(h)(2) (allowing a party fourteen days to seek reconsideration). Furthermore, Plaintiffs offer no valid justifications for allowing reconsideration, which is disfavored. *See* Pls' Supp. Br. at 12-13; *see also* LCR 7(h)(1). ████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████ Plaintiffs' belated disagreement with the Court that this information may be withheld, and their desire to reargue points already heard and adjudicated against them, does not establish manifest error by the Court as required for reconsideration. *See* LCR 7(h)(1).

Second, ████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 11
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1  ██████████████████████████████████████

2  ████████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████  Indeed, as the

4  Court is well aware, the CARRP documents that have been repeatedly subject to Plaintiffs' motions

5  to compel are replete with references to third agency information, such as TECS, the TSDB, and FBI

6  Name Check. Ultimately, reconsideration is not warranted based on information well-known to the

7  parties throughout the litigation. Feigning surprise at a fact that has been well-known to Plaintiffs

8  for years provides no cause to undo the Court's prior orders.

9        Finally, the individuals and documents identified in Defendants' recent disclosures do not

10  justify allowing Plaintiffs, through reconsideration, ████████████████████████████

11  ████████████████████████████████████████████████████████████████████

12  ████████████████████████████████████  They are publicly available

13  documents discussing security check and information sharing processes and procedures generally,

14  which is the type of information Defendants have disclosed in discovery. *Id.* ████████████

15  ████████████████████████████████████████████████████████████████████

16  ██████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████

21  ████████████████████████████████████████████

22        Subpoenas are equally inappropriate at this juncture. First, the subpoena request is

23  inexplicably untimely. *See* Dkt. No. 280 at 1 (August 9, 2019 Order prohibiting further written

24  discovery requests or subpoenas for document production). Second, Plaintiffs' belated subpoena

25  request threatens to open up a new, prolonged battle over information residing with third agencies.

26  Third, Plaintiffs' request also threatens to upend the recently-filed case schedule. Dkt. No. 359.

27  Finally, Plaintiffs' request should be rejected because it is predicated on the fallacy that Defendants

28

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 12
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

have not cooperated with discovery.  *See* Pls' Supp. Br. at 14.  To the contrary, as explained above, Defendants have redacted the A Files consistently with the July 9 order.  Furthermore, Plaintiffs' subpoena request disregards the Court's statement in the July 9 order that, "[Third] agencies are not defendants in this case, and their internal processes are not at issue.  Moreover, disclosing details of past or current investigations by these third-party law enforcement agencies would not, in this Court's view, offer much insight into the internal misuse of CARRP by USCIS."  *See* Dkt. 274 at 4.

███████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

### III. Defendants Have Properly Withheld Information Under the Law Enforcement and Deliberative Process Privileges in the 31 Documents Remaining at Issue.

Defendants have redacted the 31 documents remaining at issue, *see* Whidbee Decl. ¶ 4, consistently with the Court's January 16, 2020 order, *see* Dkt. No. 320 at 6-9.  Redaction descriptions confirm that Defendants have withheld, as the order allows, "information regarding law enforcement databases" and "[t]hird-party law enforcement agency information," as well as "predecisional" and "deliberative" content.  *See generally* Ex. Q; *see also* Dkt. No. 320 at 6-9.  An *ex parte*, *in camera* review of the documents (should the Court find it helpful) will confirm this.

With regard to information withheld under the law enforcement privilege, Plaintiffs claim they are entitled to "third-agency information that USCIS considers when labeling an applicant a 'national security concern'" because they believe it is relevant their case.  Pls' Supp. Br. at 14.  The Court has considered this precise argument, stating, "to the extent Defendants rely on third-party agency information to make CARRP determinations, Plaintiffs argue that such information may indeed be relevant to their case."  Dkt. No. 320 at 6-7.  The Court squarely rejected that this entitled Plaintiffs to third agency "why" information, finding the potential risks to national security and potential harm to "cross-agency information sharing" to "outweigh any interest Plaintiffs may have in accessing the information."  Dkt. No. 320 at 6-7.  Plaintiffs did not move to reconsider this determination; in fact, they seemed to previously understand and accept it.  *See* Dkt. No. 344 at 1 ("Plaintiffs are *not* challenging Defendants' redactions of . . . third party law enforcement agency

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 13
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

information") (emphasis in original).  There is simply no justification to now grant Plaintiffs access to "third-agency information that USCIS considers when labeling an applicant a 'national security concern.'"  *See generally* Dkt. No. 341-3, Emrich Decl., ¶¶ 23-33 (discussing law enforcement concerns with the release of this information); Dkt. No. 341-4, Scardaville Decl., ¶¶ 4-10 (same); Dkt. 341-5, Campbell Decl., ¶¶ 6-10 (same); Dkt. No. 341-6, Allen Decl., ¶¶ 6-19 (same); Dkt.341-7, Jung Decl., ¶¶ 15-24 (same); *cf.* Pls' Supp. Br. at 14.

Concerning information withheld under the deliberative process privilege, Plaintiffs argue that information about pilot programs is not deliberative.  Pls' Supp. Br. at 15.  USCIS evaluates policy options through the use of pilots.  Pilot information reveals unimplemented options, and could confuse or mislead as to agency policy.  *See* Dkt. No. 341-3, Emrich Decl., ¶¶ 11, 21; *see also* Ex. Q (descriptions for DEF-00004010, PDF pages 3-8; DEF-00096701, PDF pages 1-5; DEF-00280914, PDF page 5; DEF-00285830, PDF pages 1-10).  Requiring the release of pilot information risks discouraging the agency's use of a reliable, evaluative tool that helps the agency make policy choices based on the best information available.  *See* Dkt. No. 341-3, Emrich Decl., ¶¶ 19-20.

Finally, Plaintiffs' brief does not specifically challenge the information withheld by DHS, a law enforcement agency, under the law enforcement and deliberative process privileges.  For the reasons stated in prior briefing, DHS information has been properly withheld.  *See* Dkt. 341 at 7-8, 10-11.  Namely, it is law enforcement-privileged information contained largely in draft and otherwise deliberative documents unrelated to CARRP.  *See generally* Dkt. 341-4.

**IV.     The Protective Orders are Insufficient to Protect Privileged Information.**

As Defendants have argued, *see* Dkt. No. 119 at 10-13, Dkt. No. 226-1 at 18-19, Dkt. No. 257 at 11-12, Dkt. 266 at 13, Dkt. 341 at 11-12, the "deeply flawed" protective order procedure cannot fully protect privileged information, *see In re City of N.Y.*, 607 F.3d 923, 935 n.2 (2d Cir. 2010). ▮▮▮▮▮

▮▮▮▮▮ Furthermore, ▮▮▮▮▮

▮▮▮▮▮

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 14
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1 ████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████████████████

3 ████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████ and given the highly sensitive nature of the privileged information at issue, only full protection of that information ensures that public safety and national security is not compromised. *See In re Dep't of Homeland Security*, 459 F.3d 565, 569 (5th Cir. 2006) (noting that reasons for protecting law enforcement information from disclosure "are even more compelling" in "today's times," when "the compelled production of government documents could impact highly sensitive matters relating to national security"); *see also* Dkt. No. 341-3, Emrich Decl., ¶¶ 11-18, 22, 46 (explaining that a protective order is insufficient to protect withheld information in policy documents, given the nature of the information); Dkt. 341-4, Scardaville Decl., ¶¶ 11-29 (same).

### V.     Defendants' Clawback Requests are Proper.

Plaintiffs ask the Court to reject Defendants' clawback requests. Pls' Supp. Br. at 15. Defendants have not filed a clawback motion, *see* Dkt. No. 83 at 3-4 ¶ 5, and should not be required to confine their clawback arguments to this supplemental briefing on stricken discovery motions, *see* Dkt. No. 355. Defendants are prepared to file a clawback motion following discussion of clawback issues with the Court on July 22, 2020. To briefly respond to Plaintiffs' clawback arguments here,

19 ████████████████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████

24 ████████████████████████████████████████████████

### CONCLUSION

For the foregoing reasons, the Court should reaffirm its prior privilege orders, and deny Plaintiffs' request for reconsideration, and alternatively, to subpoena third agencies.

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 15
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

DATED this 17th day of July, 2020.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

AUGUST FLENTJE
Special Counsel
Civil Division

ETHAN B. KANTER
Chief National Security Unit
Office of Immigration Litigation
Civil Division

BRIAN T. MORAN
United States Attorney

BRIAN C. KIPNIS
Assistant United States Attorney
Western District of Washington

LINDSAY M. MURPHY
Senior Counsel for National Security
National Security Unit
Office of Immigration Litigation

ANDREW C. BRINKMAN
Senior Counsel for National Security
National Security Unit
Office of Immigration Litigation

JESSE BUSEN
Counsel for National Security
National Security Unit
Office of Immigration Litigation

BRENDAN T. MOORE
Trial Attorney
Office of Immigration Litigation

LEON B. TARANTO
Trial Attorney
Torts Branch

MICHELLE R. SLACK
Trial Attorney
Office of Immigration Litigation

*s/ Victoria M. Braga*
VICTORIA M. BRAGA
Trial Attorney
Office of Immigration Litigation

*Counsel for Defendants*

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 16
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. I further certify that on July 17, 2020, I sent Plaintiffs' counsel, via e-mail, a copy of the foregoing, which is filed under seal.

/s/ *Victoria M. Braga*
VICTORIA M. BRAGA
Trial Attorney
Office of Immigration Litigation
U.S. Dept. of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
(202) 616-5573

Defs' Response to Pls' Supplemental Brief
Re: Outstanding Discovery Disputes - 17
(Case No. 2:17-cv-00094-RAJ)

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445