THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*, on behalf
of themselves and others similarly situated,

Plaintiffs,

v.

DONALD TRUMP, President of the
United States, *et al.*,

Defendants.

No. 2:17-cv-00094-RAJ

**JOINT SUBMISSION REGARDING
SCOPE AND ANTICIPATED VOLUME
OF IN CAMERA REVIEW**

On July 22, 2020, the Court held a telephonic conference with the parties to discuss the outstanding discovery disputes detailed in the parties' supplemental briefings (Dkts. 378 and 383). The center of the dispute between the parties are redactions in the Named Plaintiffs' A-Files. Plaintiffs also dispute redactions in 31 policy and training documents withheld under the law enforcement and deliberative process privileges. Having considered the parties' briefs, the Court ordered that the parties meet and confer, narrow the scope of the A-File *in camera* review, and make a joint submission describing the scope and anticipated volume of potential *in camera* review. *See* Dkt. 392.

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) – 1

To illustrate the scope and anticipated volume of the Court's *in camera* review, this Joint Submission describes: **(A)** Defendants' proposal for producing the A-Files and challenged policy/training documents; **(B)** the volume of challenged redactions in the A-Files; and **(C)** the volume of challenged redactions in the policy and training documents. Section (B) includes Tables outlining both the full list of Plaintiffs' challenged redactions in the A-Files and Plaintiffs' narrower sample for *in camera* review. Section (C) similarly includes Tables outlining both the full list of Plaintiffs' challenged redactions in the policy and training documents and Plaintiffs' narrower sample for *in camera* review.

**A. Production of A-Files and Policy/Training Documents for *In Camera* Review**

After meeting and conferring, the parties agree that the most efficient way to facilitate the Court's review of a sample of redactions contained in the A-Files and policy/training documents—while still allowing the Court to view the surrounding pages if needed for context—is to produce the complete Named Plaintiffs' A-Files and complete versions of seven of the 31 challenged policy documents. Defendants will produce the seven documents, five A-Files, and one supplemental file to the Court in hard copy with transparent redactions to facilitate the Court's review. Defendants will place tabs in the documents and A-Files to indicate the first page of each set of challenged redactions identified as part of the proposed sample for *in camera* review, below (Tables 1 and 3).

Defendants propose this timeline for producing the A-Files and documents to the Court:

- Seven documents (Table 3): No later than August 14, 2020

- A-Files (Tables 1 and 2): No later than August 21, 2020



Defendants will also produce to Plaintiffs redacted versions of the documents produced to the Court by August 14, 2020 and redacted versions of the A-Files produced to the Court by August 21, 2020. Defendants will produce these versions of the document and A-Files to Plaintiffs on the same date they are produced to the Court.

**B.     Review of Named Plaintiffs' A-Files**

Plaintiffs have selected a sample of challenged redactions for the Court to review *in camera*. This sample is described below in **Table 1**. The sample constitutes **approximately 170 pages**, and includes pages from all five A-Files (Bengezi, Abraham (formerly Jihad), Wagafe, Manzoor, and Ostadhassan) and one supplemental file. To aid the Court's review, the parties have

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 3

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1  each included a brief comment for each challenged redaction (or set of redactions) in Table 1. The

2  full list of pages with redactions Plaintiffs challenge is provided for the Court's reference later in

3  this Submission, in Table 2.

**Table 1:**
**Plaintiffs' Sample A-File Redactions**
**for *In Camera* Review**



| BENGEZI A-FILE | | | |
|---|---|---|---|
| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
| 420153-69 | 177-94 | | |
| 420582 | 606 | | |
| 420592 | 616 | | |
| 420593 | 617 | | |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



| | | | |
|---|---|---|---|
| 420595-96 | 619-20 | | |
| 420597-99 | 621-23 | | |
| 420600-10 | 624-34 | | |
| 420611-12 | 635-36 | | |
| 420636-59 | 660-83 | | |
| 420704 | 728 | | |

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 5

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
|---|---|---|---|
| 420706 | 730 | | |
| 420717 | 741 | | |
| 420720-21 | 744-45 | | |
| 420726-30 | 750-54 | | |

**ABRAHAM (FORMERLY JIHAD) A-FILE**

| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
|---|---|---|---|
| 421024 | 294 | | |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



| | | |
|---|---|---|
| 421055 | 325 | |
| 421057 | 327 | |
| 421067-68 | 337-38 | |
| 421116 | 386 | |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



| | | WAGAFE A-FILE | |
|---|---|---|---|
| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
| 422756-58 | 104-06 | | |
| 422761 | 109 | | |
| 422831 | 179 | | |

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 10

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1
2
3
4
5
6
7
8
9
10
11
12
13
14



422832    180

15
16
17
18
19
20
21
22
23
24
25
26

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 11

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



| 422918-22 | 266-70 | | |
| 422925 | 273 | | |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



| | | OSTADHASSAN A-FILE | |
|---|---|---|---|
| **Bates Page** | **PDF Page** | **Plaintiffs' Comment** | **Defendants' Comment** |
| 422494 | 375 | | |
| 422498 | 379 | | |
| 422519-22 | 400-03 | | |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



422523-25; 422547-48

404-06; 428-29

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 14



U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
|---|---|---|---|
| 422649 | 530 | | |
| 422651 | 532 | | |

**OSTADHASSAN T-FILE / SUPPLEMENTAL FILE**

| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
|---|---|---|---|
| 427204-05 | 193-94 | | |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
|---|---|---|---|
| 427206 | 195 | | |
| 427208 | 197 | | |
| 427226 | 215 | | |
| 422239 | 228 | | |

**MANZOOR A-FILE**

| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
|---|---|---|---|
| 421421-22 | 100 - 01 | | |

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 17

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



| | | |
|---|---|---|
| 421846 | 525 | |
| 421863-64 | 542 - 43 | |
| 421868-71 | 547 - 50 | |
| 421887-88 | 566 | |
| 422054 | 733 | |
| 422058 | 737 | |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445



U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

For the Court's reference, below in **Table 2** is a list of all redactions Plaintiffs challenge in Named Plaintiffs' A-Files:

**Table 2:**
**Full List of All Challenged A-File Redactions**

| Bengezi | | Abraham (formerly Jihad) | | Wagafe | |
|---|---|---|---|---|---|
| **Bates Page** | **PDF Page** | **Bates Page** | **PDF Page** | **Bates Page** | **PDF Page** |
| 420153-69 | 177-94 | 420907 | 177 | 422744 | 92 |
| 420211 | 235 | 420907 | 177 | 422754 | 102 |
| 420552 | 576 | 420907 | 177 | 422756-58 | 104-06 |
| 420662-66 | 586-90 | 420910 | 180 | 422761 | 109 |
| 420571 | 595 | 420924-25 | 194-95 | 422791 | 139 |
| 420754 | 598 | 420949 | 219 | 422810 | 158 |
| 420582 | 606 | 420949 | 219 | 422815 | 163 |
| 420592 | 616 | 420949 | 219 | 422819-24 | 167-72 |
| 420593 | 617 | 420950 | 220 | 422825 | 173 |
| 420594 | 618 | 420964 | 224 | 422825 | 173 |
| 420595-96 | 619-20 | 420968 | 228 | 422827-28 | 175-76 |
| 420597-99 | 621-23 | 420986-94 | 256-64 | 422831 | 179 |
| 420600-10 | 624-34 | 420996 | 266 | 422832 | 180 |
| 420611-12 | 635-36 | 420999 | 269 | 422918-22 | 266-70 |
| 420613-24 | 637-48 | 421013-15 | 283-85 | 422925 | 273 |
| 420625-26 | 649-50 | 421019 | 289 | | |
| 420627 | 651 | 421020-22 | 290-92 | | |
| 420635 | 659 | 421024 | 294 | *Continued on next page…* | |
| 420636-59 | 660-83 | 421025 | 295 | | |
| 420704 | 728 | 421028-39 | 298-309 | | |
| 420705 | 729 | 421040 | 310 | | |
| 420706 | 730 | 421047-52 | 317-22 | | |
| 420711-15 | 735-39 | 421055 | 325 | | |
| 420717 | 741 | 421057 | 327 | | |
| 420720-21 | 744-45 | 421067-68 | 337-38 | | |
| 420722 | 746 | 421071-106 | 341-76 | | |
| 420723 | 747 | 421112-15 | 382-85 | | |
| 420724 | 748 | 421116 | 386 | | |
| 420726-30 | 750-54 | 421120 | 390 | | |
| | | 421298-99 | 568-67 | | |
| | | 421306-07 | 576-77 | | |
| | | 421310 | 580 | | |
| | | 421313 | 583 | | |
| | | 421317 | 587 | | |
| | | 421320-21 | 590-91 | | |

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 20

| Ostadhassan A-File | |
|---|---|
| Bates Page | PDF Page |
| 422256 | 137 |
| 422485 | 366 |
| 422486 | 367 |
| 422494 | 375 |
| 422498 | 379 |
| 422515-16 | 396-97 |
| 422517 | 398 |
| 422519-22 | 400-03 |
| 422523-25 | 404-06 |
| 422533-38 | 414-19 |
| 422547-48 | 428-29 |
| 422550 | 431 |
| 422552-53 | 433-34 |
| 422590 | 471 |
| 422591 | 472 |
| 422601 | 482 |
| 422602-03 | 483-84 |
| 422633-34 | 513-14 |
| 422639-40 | 520-21 |
| 422641 | 522 |
| 422642-48 | 523-29 |
| 422649 | 530 |
| 422651 | 532 |

| Ostadhassan T-File (Supplemental A-File) | |
|---|---|
| Bates Page | PDF Page |
| 427204-05 | 193-94 |
| 427205 | 194 |
| 427206 | 195 |
| 427208 | 197 |
| 427224 | 213 |
| 427225 | 214 |
| 427226 | 215 |
| 427229 | 218 |
| 422239 | 228 |

| Manzoor | |
|---|---|
| Bates Page | PDF Page |
| 421406 | 85 |
| 421415 | 94 |
| 421421-22 | 100 -01 |
| 421443-44 | 122 -23 |
| 421445-50 | 124 -29 |
| 421454-56 | 133 -35 |
| 421487-93 | 166 -72 |
| 421504 | 183 |
| 421505-06 | 184 -85 |
| 421525-27 | 204 -06 |
| 421529-34 | 208 -13 |
| 421539 | 218 |
| 421540 | 219 |
| 421541-56 | 220 -35 |
| 421567 | 246 |
| 421598 | 277 |
| 421599-600 | 278 -79 |
| 421619-20 | 298 -99 |
| 421633 | 312 |
| 421634 | 313 |
| 421635-50 | 314 -29 |
| 421661 | 340 |
| 421796 | 475 |
| 421846 | 525 |
| 421848 | 527 |
| 421851-52 | 530 -31 |
| 421863-64 | 542 -43 |
| 421868-71 | 547 -50 |
| 421872-74 | 551 -53 |
| 421887-88 | 566 |
| 421895-96 | 574 -75 |
| 421898-99 | 577 -78 |
| 421904-06 | 583 -85 |
| 421938-41 | 617 -20 |
| 421947-49 | 626 -28 |
| 421950-70 | 629 -49 |
| 421978 | 657 |
| 421987-94 | 666 -73 |
| 422034-38 | 713 -17 |
| 422041-42 | 720 -21 |
| 422043 | 722 |

| 422044 | 723 |
|---|---|
| 422046 | 725 |
| 422049 | 728 |
| 422051-53 | 730 -32 |
| 422054 | 733 |
| 422056-57 | 735 -36 |
| 422058 | 737 |
| 422059-61 | 738 -40 |
| 422062-68 | 741 -47 |
| 422069-74 | 748 -53 |
| 422075 | 754 |
| 422076 | 755 |
| 422077-81 | 756 -60 |
| 422082-83 | 761 -62 |
| 422084-89 | 763 -68 |
| 422098 | 777 |
| 422099 | 778 |
| 422100 | 779 |
| 422101-05 | 780 -84 |
| 422108-18 | 787 -97 |
| 422119 | 798 |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### C. Review of Policy/Training Documents

In addition to the A-Files, Plaintiffs challenge redactions appearing in 31 USCIS and DHS policy and training documents in which Defendants invoke the law enforcement and deliberative process privileges. For the Court's *in camera* review, the parties have selected the following seven documents, described in further detail in **Table 3** below, as a sample representative of the information at issue:

- **DEF-00044548** at PDF Pages 65, 74-78, 84, 89-91, and 114.

- **DEF-00116759** at PDF Pages 113, 122, 129-31, 134, 137, and 176.

- **DEF-00429220** at PDF Pages 31, 99, 103, 106-08, 110-112, 118, 124, 136-141, 153, 166-67, 191, 193-94, 211, 224, and 244-49.

- **DEF-0074376** at PDF Pages 2, 3, 5, 6, 7, and 8.

- **DEF-00052177** at PDF Pages 79-80.

- **DEF-00044891** at PDF Pages 7, 10-18.

- **DEF-00262796** at PDF Pages 1-3.

Defendants note that the first six documents identified above are USCIS policy and training documents, and the seventh document is a DHS policy document. The redactions identified for the Court's *in camera* review in these documents appear in **71 pages**. Because Defendants have informally re-produced many of these documents without Bates numbers, the parties have identified the pages on which the challenged redactions actually appear in these documents by PDF page number. A full list of the disputed redactions in the 31 policy and training documents at issue is included for the Court's reference later in this Submission, in Table 4.

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 22

**Table 3:**
**Sample Documents**
**for *In Camera* Review**

| DEF-00044548 | | | |
|---|---|---|---|
| **Bates Page** | **PDF Page** | **Plaintiffs' Comment** | **Defendants' Comment** |
| | 65 | This redaction identifies information USCIS officers are to provide to the Terrorist Screening Center in order to determine whether an applicant is a match to a watchlisted individual. As such, it sets forth USCIS policies, procedures, and/or guidance that must be disclosed. | Withheld information describes communication with a third agency. |
| | 74-78 | 74 – Basic descriptive material related to the FBI's Name Check program, or information that is already public, cannot be withheld. Similarly, USCIS policy, guidance, or procedures on how to handle Name Check responses must be disclosed.<br>76-77 – USCIS policy regarding FBI investigations, and how USCIS references those investigations in determining whether "NS Indicators" are present, must be disclosed.<br>78 - USCIS policy regarding FBI investigations and how to interpret Letterhead Memoranda (LHMs) must be disclosed. | 74 - Withheld info discusses types of responses from name check<br><br>76 - Withheld info discusses FBI's classification of their investigations, as subtitle suggests<br><br>77 - Withheld info discusses reasons FBI may close an investigation, as title and subtitle suggests<br><br>78 - Withheld info describes statements in LHMs and their meanings. |
| | 84 | Redactions appear to conceal examples of what USCIS considers "NS Indicators." USCIS policies, procedures, and guidance, including USCIS guidance on what constitutes a national security concern, cannot be withheld merely because they implicate another agency. | Withheld information discusses third agency TECS/IBIS hit examples, as slide title and subtitle indicate. |
| | 89-90 | Redactions appear to conceal descriptive or other non-privileged info about the National Targeting Center (NTC) and internal USCIS procedures for how to resolve information from NTC. | Withheld information discusses third agency TECS/IBIS records and sensitive law enforcement techniques and methods. |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

| | | | |
|---|---|---|---|
| | 91 | Redactions appear to conceal descriptive or other non-privileged info about the National Targeting Center (NTC) and internal USCIS procedures for how to resolve information from NTC. | Withheld information discusses third agency information describing law enforcement sensitive codes created in third agency databases to document law enforcement encounters. |
| | 114 | The redacted material appears to identify the names of databases USCIS queries. Such names are not privileged, nor is the fact that USCIS queries them, as that is an internal process. | Withheld information is third agency database information that is not publicly available. |

|  | **DEF-00116759** |
|---|---|---|---|
| **Bates Page** | **PDF Page** | **Plaintiffs' Comment** | **Defendants' Comment** |
| | 113 | This block redaction pertains to USCIS training given to USCIS officers about how USCIS officers interact with third agencies when USCIS officers vet applicants. As such, it sets forth USCIS policies, procedures, and/or guidance that must be disclosed. | LE: This discusses the content of communication between USCIS and third agency regarding third agency information. Disclosing it would disclose types of information held by third agencies. |
| | 122 | This block redaction pertains to USCIS training given to USCIS officers about how USCIS officers interact with third agencies when USCIS officers vet applicants. As such, it sets forth USCIS policies, procedures, and/or guidance that must be disclosed. | Withheld information discusses vetting by USCIS, which may include external vetting implicating third agency information. Scenarios that are redacted would reveal nature of third agency investigations. |
| | 129 | These redactions pertain to USCIS training given to USCIS officers about what appears to be USCIS internal policy. As such, they set forth USCIS policies, procedures, and/or guidance that must be disclosed. | Withheld info is codes and information concerning codes. |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

| | | | |
|---|---|---|---|
| | 130 | These redactions pertain to USCIS training given to USCIS officers about how those USCIS officers interact with third agencies when USCIS officers vet applicants, including what questions they are supposed to ask third agencies. As such, they set forth USCIS policies, procedures, and/or guidance that must be disclosed. | Withheld info discusses external vetting of certain third agency information/communication with third agency re third agency information. These targeted redactions were intended to provide plaintiffs with as much information as possible as relates to hypotheticals. The limited remaining redactions similarly redact third agencies sources of information in order to protect security database codes and additional information about the types of investigations an individual agency may conduct as relates to a national security or potential national security investigation. This information was described in Emrich declaration at Dkt. 266-1, para 22.  The redacted question in the comments includes TECS codes and additional information about the nature of third agency investigations. |
| | 131 | These redactions pertain to USCIS training given to USCIS officers about how those USCIS officers interact with third agencies when USCIS officers vet applicants. As such, they set forth USCIS policies, procedures, and/or guidance that must be disclosed. | Withheld info discusses external vetting of certain third agency information/communication with third agency re third agency information. |
| | 134 | These redactions pertain to USCIS training given to USCIS officers about how those USCIS officers vet applicants, including how USCIS officers interact with third agencies when USCIS officers vet applicants. As such, they set forth USCIS policies, procedures, and/or guidance that must be disclosed. | Withheld info discusses external vetting of certain third agency information/communication with third agency re third agency information.  The specific redaction is of a TECS code and then a description of a specific type of third agency investigation that may lead to that code. |
| | 137 | This redaction pertains to USCIS training given to USCIS officers about how those USCIS officers interact with third agencies when USCIS officers vet applicants, including policy guidance on who USCIS does not call when conducting this vetting. As such, it sets forth USCIS policies, procedures, and/or guidance that must be disclosed. | Withheld information discusses external vetting of certain third agency information/communication with third agency re third agency information. |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
|---|---|---|---|
| | 176 | This redaction pertains to USCIS training given to USCIS officers about how those USCIS officers interact with third agencies when USCIS officers vet applicants. As such, it sets forth USCIS policies, procedures, and/or guidance that must be disclosed. | Withheld info is sample questions to ask of third agencies in external vetting. This is a communication with a third agency revealing the actions of and information held by a third agency. |

<div style="background-color:yellow; text-align:center; font-weight:bold;">DEF-00429220</div>

| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
|---|---|---|---|
| | 31 | These redactions appear to relate to USCIS's use of systems such as the Automated Targeting System. That use is publicly known and therefore not privileged. *See, e.g.*, Privacy Impact Assessment for USCIS's Fraud Detection and National Security Data System (FDNS-DS), DHS/USCIS/PIA-013(a), May 18, 2016 at 37, App'x D, available at https://www.dhs.gov/sites/default/files/publications/privacy-pia-uscis-fdnsds-november2017.pdf. This content also appears to pertain to USCIS's internal processes and procedures for the use of such systems. The external systems are incorporated into USCIS's automated system checks, which the unredacted context indicates are more common as USICS moves to a paperless adjudication process. | Withheld information describes a feature of TECS query functions and capabilities of the TECS system |
| | 99 | This block redaction appears to conceal USCIS procedures for non-KST concerns, or as the document indicates, "Other NS Hits." Although the content may implicate TECS, it delineates USCIS policy and procedures on how to address national security concerns and is non-privileged. | Withheld information describes types of lookouts/hits in TECS |
| | 103 | Inappropriate block redaction that appears to conceal descriptive or other non-privileged info about the National Targeting Center (NTC) and internal USCIS procedures for how to resolve information from NTC. | Withheld information discusses procedures for handling certain types of NTC information regarding certain targeting procedures, which is not publicly available. |
| | 106-108 | The content under these significant block redactions appears to set forth USCIS policies and guidance for resolving "hits" and information about applicants. | Withheld information discusses terminology used in security check responses and their meanings. |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

| | | | |
|---|---|---|---|
| | 110-111 | Redacted content relates to what USCIS does, and does not, consider NS concerns, and therefore sets forth USCIS policies and guidance. Additional redacted material pertains to State Department systems (CLASS and RPC) that are administrative, not law enforcement systems. | Withheld information discusses specific types of information generated by security checks, including TECS codes/terminology. |
| | 112 | The content sets forth "Policy Relating to CCD" and is therefore USCIS policy and/or guidance. CCD – the State Department's Consular Consolidated Database – is an administrative, not law enforcement, database, and the State Department's law enforcement activity is minimal. | Withheld information discusses certain types of third agency information/records that exist within TECS. |
| | 118 | The redacted material relates to the National Security Entry-Exit Registration System (NSEERS), which targeted foreign nationals for registration based on their country of origin. NSEERS was administered by DHS, which discontinued the collection of information under the program following significant criticism. *See* https://www.dhs.gov/dhs-removes-designated-countries-nseers-registration-may-2011. USCIS's use of NSEERS data is a matter of USCIS policy, and such content is directly relevant to Plaintiffs' claims. | Withheld information discusses a third agency program and information generated in security check results by that program. |
| | 124 | The redacted content pertains to "CBP Vetting," which is apparently a "service" that USCIS is utilizing, such that it maintains "USCIS CBP Vetting Administrators." USCIS policies, procedures, and guidance cannot be withheld merely because they implicate another agency. | Withheld information discusses third agency LE procedures. |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

| | | | |
|---|---|---|---|
| | 136-141 | These block redactions appear to set forth USCIS policy and procedure on how to handle a "Positive Response" in a Letterhead Memorandum (LHM). LHMs are a significant source of national security concerns leading to CARRP processing, and USCIS policy related to LHMs is plainly relevant to Plaintiffs' claims. Additional redacted material pertains to "examples of indicators of an NS concern" contained in LHMs. USCIS policy on what constitutes a national security concern is non-privileged. | Withheld information discusses types third agency information in Name Check responses.  It includes an example document.  *See* Dkt. No. 341-7, Jung Decl., at para. 15-19; withheld information also includes "terms that may be contained in LHMs," as stated on p. 140.  Third agency law enforcement information that USCIS considers to indicate an NS concern is privileged. See Dkt. No. 320 at 6-7; see also Dkt. No. 341-7, Jung Decl., at para. 15-19. |
| | 153 | This block redaction appears to relate to USCIS policy on FBI Fingerprint Check Responses. USCIS policies, procedures, and guidance cannot be withheld merely because they implicate another agency. | This chart, beginning on p. 151, provides "FBI Response[s]," and "Descriptions of FBI Response[s]."  *See* Dkt. No. 341-7, Jung Decl., at para. 15-19. |
| | 166-167 | These block redactions relate to USCIS's use of the "Watch List Dataset." USCIS policies, procedures, and guidance cannot be withheld merely because they implicate another agency, and it is clear that USCIS automatically subjects watchlisted individuals to CARRP. Significant information about USCIS's uses of the watchlisting system, moreover, is already available publicly. *See, e.g.*, Privacy Impact Assessment for the Watchlist Service, DHS/ALL-027(e), May 5, 2016, available at https://www.dhs.gov/sites/default/files/publications/privacy-pia-027-E-uscis-wlsfdnsds-may2016.pdf. | Withheld information discusses specific information/data maintained on the Watchlist. |
| | 191 | The redacted material relates to USCIS policy on FBI Name Check and how to address Name Check responses. USCIS policies, procedures, and guidance cannot be withheld merely because they implicate another agency. | Withheld information discusses third agency procedures and possible responses generated by the FBI Name Check.  *See* Dkt. No. 341-7, Jung Decl., at para. 15-19. |

| Bates Page | PDF Page | Plaintiffs' Comment | Defendants' Comment |
|---|---|---|---|
| | 193-194 | These redactions appear to relate to USCIS's use of systems such as the Automated Targeting System. That use is publicly known and therefore not privileged. *See, e.g.*, Privacy Impact Assessment for USCIS's Fraud Detection and National Security Data System (FDNS-DS), DHS/USCIS/PIA-013(a), May 18, 2016 at 37, App'x D, available at https://www.dhs.gov/sites/default/files/publications/privacy-pia-uscis-fdnsds-november2017.pdf. This content also appears to pertain to USCIS's internal processes and procedures for the use of such systems, which cannot be withheld merely because they implicate another agency. | Withheld information is LE-sensitive analysis of third agency databases. |
| | 211 | USCIS guidance on what does not constitute a national security concern, including "Non-NS/PS Offenses" and criminal history information, must be disclosed. | Withheld information is terms that are used in TECS records related to criminal history. |
| | 224 | The definition of a third agency referral sets forth USCIS guidance and must be disclosed. | Withheld information describes third agency information, specifically types of information that may exist in LHMs. *See* Dkt. No. 341-7, Jung Decl., at para. 15-19. |
| | 244-249 | Block redactions should be unredacted to the extent that they contain information that is factual or already public. Similarly, USCIS policies, procedures, and guidance cannot be withheld merely because they implicate another agency. | Withheld information discusses FBI Fingerprint Check and FBI Name Check responses and their meanings, as indicated on pp. 244, 246. *See* Dkt. No. 341-7, Jung Decl., at para. 15-19. |

| | | DEF-0074376 | |
|---|---|---|---|
| **Bates Page** | **PDF Page** | **Plaintiffs' Comment** | **Defendants' Comment** |
| | 2 | The block redactions are factual background material, not weighing of policy. | Withheld information relates to a considered policy change that was not implemented, which is squarely within information the Court found privileged in its order at Dkt. 320. |
| | 3 | Block redactions that should be unredacted to the extent they provide factual and non-deliberative information. | Withheld information relates to a considered policy change that was not implemented, which is squarely within information the Court found privileged in its order at Dkt. 320. |

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 29

| | 5 | Block redactions that should be unredacted to the extent they provide factual and non-deliberative information. | Withheld information relates to a considered policy change that was not implemented, which is squarely within information the Court found privileged in its order at Dkt. 320. |
|---|---|---|---|
| | 6-7 | The block redactions appear to be factual information about current capabilities not a policy deliberation | The withheld information relates to a considered policy change that was not implemented, which is squarely within information the Court found privileged in its order at Dkt. 320. |
| | 8 | Block redactions that should be unredacted to the extent they provide factual and non-deliberative information. | Withheld information relates to a considered policy change that was not implemented, which is squarely within information the Court found privileged in its order at Dkt. 320. |

| **DEF-00052177** | | | |
|---|---|---|---|
| **Bates Page** | **PDF Page** | **Plaintiffs' Comment** | **Defendants' Comment** |
| | 79-80 | These block redactions pertain to USCIS training given to USCIS officers about "special interest countries" in the context of USCIS officers vetting applicants. | Special Interest Countries are not/were not a USCIS designation. The slide contains third agency information. Withheld information does not discuss USCIS policy/guidance. |

| **DEF-00044891** | | | |
|---|---|---|---|
| **Bates Page** | **PDF Page** | **Plaintiffs' Comment** | **Defendants' Comment** |
| | 7 | These redactions appear to pertain to ATLAS rules, which is a USCIS internal system. USCIS internal processes and procedures are non-privileged. | *See* Jan. 27 Privilege Log.[2] Further, these redactions were described in detail in the Emrich declaration, Dkt. 341-3 at para.34, 39. This information about ATLAS Rules is analogous to privileges the court upheld at Dkt. 320, page 6 (citing to declaration paragraph regarding FDNS-DS when upholding privilege redactions of databases, including USCIS databases that interact with third agencies). |

---

[2] The January 27, 2020 privilege log states, "This document provides operational details about automated screening tools used by USCIS to more quickly identify cases with potential national security concerns. The automated screening tools create System Generated Notifications (SGNs) in FDNS-DS when certain criteria are met, and the SGNs are then reviewed by USCIS officials to determine whether further investigation is warranted. The withheld information includes the names of third-party-agency databases which are checked by the automated screening tool, the information contained in the third-party agency databases which may trigger an SGN, and technical instructions to the USCIS officials who review the SGNs about how to enter information into FDNS-DS. FDNS-DS is a USCIS database containing information about individuals under USCIS investigation for fraud, public safety, and national security concerns. Thus, disclosure of this information would reveal the structure and content of third-party-agency databases, including codes used in those databases to identify potential national security concerns.

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

| | 10-18 | These block redactions pertain to USCIS's incorporation and use of information generated by a non-USCIS program, the Targeted Group of Inadmissible Subjects. As with the use of information from the Automated Targeting System, USCIS's internal processes and procedures for the use of such systems, including via USCIS's own ATLAS system, are non-privileged. | See Jan. 27 Privilege Log.[3] Further, these redactions were described in detail in the Emrich declaration, Dkt. 341-3 at para. 34, 39. This information about ATLAS Rules is analogous to privileges the court upheld at Dkt. 320, page 6 (citing to declaration paragraph regarding FDNS-DS when upholding privilege redactions of databases, including USCIS databases that interact with third agencies). Additionally, pp. 11, 14-18 describes "TGIS," which is a CBP program, in detail. |
|---|---|---|---|

| DEF-00262796 | | | |
|---|---|---|---|
| **Bates Page** | **PDF Page** | **Plaintiffs' Comment** | **Defendants' Comment** |
| | 1-3 | Given that USCIS is a DHS component, DHS guidance on the implementation of Executive Order 13780 is directly relevant to Plaintiffs' claims and is non-privileged to the extent that it affects USCIS vetting and information-sharing policies, criteria, and procedures. | Withheld information relates to foreign country information-sharing with DHS/third agencies. Withheld information is not USCIS information and is not related to CARRP; it is DHS information regarding the implementation of EO 13780. Info withheld under DP discusses options, as indicated by released content. |

Finally, for the Court's reference, below in **Table 4** is the full list all 31 documents with challenged law enforcement and deliberative process privilege redactions:

---

In addition, revealing the specific manner in which USCIS officials review the SGNs and ensure proper information is put into FDNS-DS, and other detailed information about how to navigate FDNS-DS, creates a vulnerability to the system in the event of hacking or other intrusions into the system. The disclosure of this information would reveal substantial internal practices, techniques, and procedures used by USCIS in civil and law enforcement investigations related to immigration benefits fraud and national security issues, as well as the content and structure of third-party-agency databases, and such disclosure could reasonably be expected to risk circumvention of the immigration, criminal, and/or anti-terrorism laws."

[3] See Footnote 2, above.

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 31

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

**Table 4:**
**Full List of Challenged Document Redactions**

| Document Start Bates | PDF Page Numbers Containing Challenged Redactions |
|---|---|
| DEF-00004010 | PDF Pages 3-8. |
| DEF-00021130 | PDF Pages 70, 72-75, 77-78, 127-28, and 179. |
| DEF-00044548 | PDF Pages 65, 74-78, 84, 89-91, and 114. |
| DEF-00044891 | (all redactions) |
| DEF-00052177 | PDF Pages 79-80, 115-20, and 164. |
| DEF-0074376 | (all redactions) |
| DEF-00095009 | PDF Pages 23-25. |
| DEF-00096541 | PDF Pages 1-5. |
| DEF-00096701 | PDF Pages 1-5. |
| DEF-00116759 | PDF Pages 113, 122,129-31, 134, 137, and 176. |
| DEF-00132598 | PDF Pages 12, 18-22. |
| DEF-00174739 | PDF Pages 1-3. |
| DEF-00181890 | PDF Page 5. |
| DEF-00181912 | PDF Pages 1-4. |
| DEF-00184286 | PDF Page 1, and 3-4. |
| DEF-00184291 | PDF Pages 1-3. |
| DEF-00184306 | PDF Pages 1-4. |
| DEF-00261633 | PDF Pages 2-7. |
| DEF-00261640 | PDF Pages 1-2. |
| DEF-00262748 | PDF Pages 1-4. |
| DEF-00262793 | PDF Page 1. |
| DEF-00262796 | PDF Pages 1-3. |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

| DEF-00262802 | PDF Pages 1-4. |
| DEF-00263389 | PDF Pages 1-2. |
| DEF-00266453 | PDF Pages 1-2. |
| DEF-00267420 | PDF Pages 1-2. |
| DEF-00280914 | PDF Pages 5 and 7. |
| DEF-00285830 | PDF Pages 1-10. |
| DEF-00329296 | PDF Pages 7-8. |
| DEF-00373850 (Index 22) | PDF Page 121. |
| DEF-00429220 | PDF Pages 31, 99, 103, 106-08, 110-112. 118, 124, 136-141, 153, 166-67, 191, 193-94, 211, 224, and 244-49. |

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1    Respectfully submitted,                    DATED: August 5, 2020

2    s/ Jennifer Pasquarella                    s/ Harry H. Schneider, Jr.
     Jennifer Pasquarella (admitted pro hac vice)   s/ Nicholas P. Gellert
3    **ACLU Foundation of Southern California**  s/ David A. Perez
     1313 W. 8th Street                          s/ Heath L. Hyatt
4    Los Angeles, CA 90017                       s/ Paige L. Whidbee
     Telephone: (213) 977-5236                   Harry H. Schneider, Jr. #9404
5    jpasquarella@aclusocal.org                  Nicholas P. Gellert #18041
                                                 David A. Perez #43959
6    s/ Matt Adams                               Heath L. Hyatt #54141
     Matt Adams #28287                           Paige L. Whidbee #55072
7    **Northwest Immigrant Rights Project**      **Perkins Coie LLP**
     615 Second Ave., Ste. 400                   1201 Third Avenue, Suite 4900
8    Seattle, WA 98122                           Seattle, WA 98101-3099
     Telephone: (206) 957-8611                   Telephone: 206.359.8000
9    matt@nwirp.org                              HSchneider@perkinscoie.com
                                                 NGellert@perkinscoie.com
10   s/ Stacy Tolchin                            DPerez@perkinscoie.com
     Stacy Tolchin (admitted pro hac vice)       HHyatt@perkinscoie.com
11   **Law Offices of Stacy Tolchin**            PWhidbee@perkinscoie.com
     634 S. Spring St. Suite 500A
12   Los Angeles, CA 90014                       s/ Kristin Macleod-Ball
     Telephone: (213) 622-7450                   Kristin Macleod-Ball (admitted pro hac vice)
13   Stacy@tolchinimmigration.com                **American Immigration Council**
                                                 1318 Beacon Street, Suite 18
14   s/ Hugh Handeyside                          Brookline, MA 02446
     s/ Lee Gelernt                              Telephone: (857) 305-3600
15   s/ Hina Shamsi                              kmacleod-ball@immcouncil.org
     Hugh Handeyside #39792
16   Lee Gelernt (admitted pro hac vice)         s/ John Midgley
     Hina Shamsi (admitted pro hac vice)         s/ Molly Tack-Hooper
17   **American Civil Liberties Union Foundation** John Midgley #6511
     125 Broad Street                            Molly Tack-Hooper #56356
18   New York, NY 10004                          **ACLU of Washington**
     Telephone: (212) 549-2616                   P.O. Box 2728
19   lgelernt@aclu.org                           Seattle, WA 98111
     hhandeyside@aclu.org                        Telephone: (206) 624-2184
20   hshamsi@aclu.org                            jmidgley@aclu-wa.org

21   s/ Sameer Ahmed
     Sameer Ahmed (admitted pro hac vice)
22   **Harvard Immigration and Refugee**
         **Clinical Program**
23   Harvard Law School
     6 Everett Street; Suite 3105               *Counsel for Plaintiffs*
24   Cambridge, MA 02138
     Telephone: (617) 495-0638
25   sahmed@law.harvard.edu

26

JOINT SUBMISSION RE SCOPE AND VOLUME OF
IN CAMERA REVIEW - 34
(No. 2:17-cv-00094-RAJ)

| | |
|---|---|
| ETHAN P. DAVIS<br>Acting Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice | JESSE BUSEN<br>Counsel for National Security<br>National Security Unit<br>Office of Immigration Litigation |
| AUGUST FLENTJE<br>Special Counsel<br>Civil Division | BRENDAN T. MOORE<br>Trial Attorney<br>Office of Immigration Litigation |
| ETHAN B. KANTER<br>Chief National Security Unit<br>Office of Immigration Litigation<br>Civil Division | LEON B. TARANTO<br>Trial Attorney<br>Torts Branch |
| BRIAN T. MORAN<br>United States Attorney | MICHELLE R. SLACK<br>Trial Attorney<br>Office of Immigration Litigation |

ETHAN P. DAVIS
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

JESSE BUSEN
Counsel for National Security
National Security Unit
Office of Immigration Litigation

AUGUST FLENTJE
Special Counsel
Civil Division

BRENDAN T. MOORE
Trial Attorney
Office of Immigration Litigation

ETHAN B. KANTER
Chief National Security Unit
Office of Immigration Litigation
Civil Division

LEON B. TARANTO
Trial Attorney
Torts Branch

BRIAN T. MORAN
United States Attorney

MICHELLE R. SLACK
Trial Attorney
Office of Immigration Litigation

BRIAN C. KIPNIS
Assistant United States Attorney
Western District of Washington

*s/ Victoria M. Braga*
VICTORIA M. BRAGA
Trial Attorney
Office of Immigration Litigation

LINDSAY M. MURPHY
Senior Counsel for National Security
National Security Unit
Office of Immigration Litigation

ANDREW C. BRINKMAN
Senior Counsel for National Security
National Security Unit
Office of Immigration Litigation

*Counsel for Defendants*

U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION, OIL
P.O. BOX 878 BEN FRANKLIN STATION
WASHINGTON, DC 20044
TELEPHONE: (202) 598-2445

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Victoria M. Braga*
VICTORIA M. BRAGA
Trial Attorney
Office of Immigration Litigation
450 5th St. NW
Washington, DC 20001
Victoria.M.Braga@usdoj.gov
Phone: (202) 616-5573

JOINT SUBMISSION RE SCOPE AND VOLUME OF IN CAMERA
REVIEW (No. 2:17-cv-00094-RAJ) - 36