The Honorable Richard A. Jones

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, President of the United States, *et al.*, <br><br> Defendants. | No. 2:17-cv-00094-RAJ <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE WITNESSES** |

## I.   INTRODUCTION AND BACKGROUND

Plaintiffs prematurely seek exclusion of potential witnesses identified in Defendants' fifth supplement to their initial disclosures as a result of Plaintiffs' strategic decision to withhold the identities and discoverable subject matter of nine of their planned witnesses whom they label "expert witnesses." Plaintiffs withheld this information from an interrogatory response and from all of their Rule 26(a) disclosures. Having withheld information about these nine witnesses from Defendants until the last possible moment in the discovery process, Plaintiffs now ask this Court to exclude Defendants' responsive fact witnesses as "untimely." Apparently, Plaintiffs hoped to capitalize on the sequencing of discovery in this case at the time they provided their initial expert disclosures on February 28, 2020,   Yet, simply because Plaintiffs label these nine witnesses "experts" does not mean Defendants should be prevented from offering responsive witnesses,

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 1

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

1  and it does not require Defendants to only offer expert testimony—especially given the
2  substantial percipient factual nature of several of these witnesses' expert reports.
3      To block Defendants' responsive witnesses, Plaintiffs unilaterally declare discovery over
4  in November 2019—the deadline for written discovery document production. Yet, this was not
5  the deadline for other discovery, even other fact discovery, or the deadline for supplementing
6  initial disclosures. Instead, no fact depositions had even taken place at that point. Moreover,
7  despite Plaintiffs' insistence that only limited exceptions to fact discovery continue—the reality
8  is that significant discovery continues in this case, including fact discovery. In any event, the
9  duty to supplement initial disclosures continues throughout the case, and Plaintiffs essentially
10 accepted the application of this premise to this case approximately a year ago. Despite the
11 inconvenience of this premise and their acceptance of it now, it still applies to Defendants'
12 disclosures.
13     Plaintiffs' motion is also premature because Plaintiffs did not fully explore resolution
14 before they unilaterally declared an impasse. Besides, given that Defendants' disclosures all
15 involve responsive witnesses—all but one of which is responsive to the factual assertions and
16 assumptions of Plaintiffs' "expert" reports—none of these witnesses will be offered unless and
17 until the Court accepts testimony from such witnesses. As Defendants plan to challenge several
18 of Plaintiffs' "expert" witnesses at the appropriate time, considering whether responsive
19 testimony will be permitted is premature.
20     The reason Plaintiffs file this motion now, though, appears to reveal its true purpose:
21 Plaintiffs really seek additional depositions beyond the presumptive ten deposition limit without
22 affording Defendants the same opportunity. In fact, as Plaintiffs themselves explain, their so-
23 called prejudice relates to the fact that when they provided their nine expert reports to

Case 2:17-cv-00094-RAJ   Document 404   Filed 08/17/20   Page 2 of 14

and it does not require Defendants to only offer expert testimony—especially given the substantial percipient factual nature of several of these witnesses' expert reports.

To block Defendants' responsive witnesses, Plaintiffs unilaterally declare discovery over in November 2019—the deadline for written discovery document production. Yet, this was not the deadline for other discovery, even other fact discovery, or the deadline for supplementing initial disclosures. Instead, no fact depositions had even taken place at that point. Moreover, despite Plaintiffs' insistence that only limited exceptions to fact discovery continue—the reality is that significant discovery continues in this case, including fact discovery. In any event, the duty to supplement initial disclosures continues throughout the case, and Plaintiffs essentially accepted the application of this premise to this case approximately a year ago. Despite the inconvenience of this premise and their acceptance of it now, it still applies to Defendants' disclosures.

Plaintiffs' motion is also premature because Plaintiffs did not fully explore resolution before they unilaterally declared an impasse. Besides, given that Defendants' disclosures all involve responsive witnesses—all but one of which is responsive to the factual assertions and assumptions of Plaintiffs' "expert" reports—none of these witnesses will be offered unless and until the Court accepts testimony from such witnesses. As Defendants plan to challenge several of Plaintiffs' "expert" witnesses at the appropriate time, considering whether responsive testimony will be permitted is premature.

The reason Plaintiffs file this motion now, though, appears to reveal its true purpose: Plaintiffs really seek additional depositions beyond the presumptive ten deposition limit without affording Defendants the same opportunity. In fact, as Plaintiffs themselves explain, their so-called prejudice relates to the fact that when they provided their nine expert reports to

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 2

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

1  Defendants, they had already taken eight of their ten depositions, noticed the ninth for a 30(b)(6)

2  deposition of USCIS, and dedicated one to Defendants' only affirmative expert, Dr. Bernard

3  Siskin.  Apparently, Plaintiffs did not consider saving any of their ten depositions for potential

4  responsive witnesses.  Again, Plaintiffs only have themselves to blame for their strategic

5  decision to withhold factual testimony and belatedly disclose it under the guise of "expert"

6  testimony.

7  Plaintiffs' strategic mistake was not considering that Defendants would respond with

8  possible factual testimony—not simply expert testimony.  Their mistake is surprising, though,

9  considering that Plaintiffs had knowledge of how much percipient fact testimony would be

10  included within their "expert" reports, and knowledge of the identities of most of Defendants'

11  responsive witnesses, in sufficient time to consider deposing some of them.  In fact, Plaintiffs did

12  depose one of them—Alexander Cook—prior to the end of fact depositions.  And Plaintiffs had

13  listed another one of the witnesses, Nadia Daud, in their previously served supplemental initial

14  disclosures.  Plaintiffs complain that they would have deposed different people or asked for

15  additional depositions earlier.  Their neglect, however, cannot be attributed to the timing of

16  Defendants' disclosures, but is a result of their own mistaken strategic decisions.  Plaintiffs'

17  strategic mistake should not empower them to bar Defendants' responsive witnesses.

18  Yet, instead of filing a motion for additional depositions beyond the limit of ten,

19  Plaintiffs file this premature motion to exclude Defendants' responsive witnesses to either get the

20  Court to prevent Defendants from offering six of their responsive witnesses, including one they

21  had already stipulated to permit, or to provide them with four additional depositions.  But, unlike

22  a motion to exceed the presumptive deposition limit, Plaintiffs' motion to exclude admits that

23

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 3

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

1  they regret how they used their first eight depositions and fails to explain why they need four
2  more with any specificity.
3    As explained in detail herein, Defendants' fifth supplemental disclosures were not
4  untimely. Instead, they were provided to Plaintiffs' prior to the deadline for providing
5  responsive expert witness reports and prior to resumption of depositions suspended due to the
6  pandemic. Moreover, the timing of Defendants' disclosures is substantially justified by both
7  their responsive nature and existing circumstances. Likewise, any theoretical harm Plaintiffs
8  might possibly experience (and Plaintiffs cannot establish any actual harm) as a result of the
9  timing of Defendants disclosure is a result of their strategic choices, not the timing or content of
10 Defendants' disclosures. Accordingly, Defendants should not suffer the consequences of
11 Plaintiffs' strategic mistake by being prevented from offering responsive factual testimony from
12 these six witnesses.

### I.     LEGAL FRAMEWORK

14  Under Fed. R. Civ. P. 26(a)(1)(A)(i), a party is required to disclose to other parties,
15 among other things, "the name . . . of each individual likely to have discoverable information—
16 along with the subjects of that information—that the disclosing party may use to support its
17 claims or defenses, unless the use would be solely for impeachment." The parties have a duty to
18 supplement in order to "'correct[] inaccuracies or fill[] the interstices of an incomplete report
19 based on information that was not available at the time of the initial disclosure.'" *Luke v. Family*
20 *Care and Urgent Medical Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) (quoting *Keener v.*
21 *United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)). A party is obligated to "supplement or
22 correct its disclosure . . . in a timely manner if the party learns that in some material respect the
23 disclosure . . . is incomplete or incorrect and if the additional or corrective information has not

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 4

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

1 otherwise been made known to the other parties during the discovery process or in writing."

2 Fed. R. Civ. P. 26(e)(1)(A). The failure of a party to disclose information per these requirements

3 may lead to sanctions, unless the party can show that the failure to disclose was substantially

4 justified or if it is harmless. Fed. R. Civ. P. 37(c)(1); *see Yeti by Molly, Ltd. V. Deckers Outdoor*

5 *Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Allegations of such violations are considered on a

6 case-by-case basis. *Yeti*, 259 F.3d at 1106.

**II.    ARGUMENT**

**A.  Defendants' Fifth Supplemental Initial Disclosures Were Not Untimely**

Contrary to Plaintiffs' assertions in the motion, *see* Pls.' Mot. at 6-7, the discovery period in this case has not yet ended. Rather, the deadline for the conclusion of all discovery, except the deposition of Mr. Ostadhassan which shall be left open until such time as international travel is possible, is currently September 2, 2020.[1] Dkt. #359. Defendants' updated their initial disclosures in response to the expert reports served by Plaintiffs on February 28, 2020, as well as the revised expert reports submitted on July 1, 2020.[2] *See, e.g.*, Pls.' Mot. at 4. Defendants' Fifth Supplemental Initial Disclosures were served on Plaintiffs on July 2, 2020. The disclosures were timely given that they were submitted the day after Plaintiffs submitted their revised expert

---

[1] This deadline is likely to change based on anticipated stipulations to extend discovery to permit additional depositions of both fact and expert witnesses, as well as to account for additional potential Plaintiffs' disclosures and supplemental expert reports.

[2] Some witnesses have also been disclosed in response to unexpected and accusatory statements made by named Plaintiff Mushtaq Jihad during his deposition on February 6, 2020—testimony that goes far beyond Plaintiffs' allegations regarding Mr. Jihad or what would fairly be anticipated in light of those allegations. The witnesses include Christopher Atienza, who was the adjudicator of Mr. Jihad's application.. The naming of Mr. Atienza is hardly a surprise to Plaintiffs as he was well known to Mr. Jihad and to Plaintiffs' expert Jay Gairson, who was counsel to Mr. Jihad.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 5

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

reports, and given the difficulties experienced by the Defendants in coordinating the drafting of these disclosures during the period in which the case schedule was suspended.  In light of Plaintiffs' claim that they were prejudiced by not having the opportunity to depose these witnesses, these disclosures were not untimely because they were served prior to the resumption of depositions under the pandemic-related suspension of the case schedule.  Moreover, the parties previously stipulated that the Plaintiffs would "not raise a timeliness objection if defendants supplement their initial disclosures with evidence about the six or fewer interviewees who are the subject of a further modification of the protective order, so long as such supplement is provided no later than a month after the Court modifies the protective order."  Dkt. #371, p. 4.  On this point, Plaintiffs do not explain why they seek to exclude the testimony of Sandy Marckmann, a witness who will potentially be relevant to the above matter.  *See* Pls.' Mot. at 1 n.1,  5.

Moreover, Plaintiffs cite no authority to support their contention that initial disclosures must be submitted within the discovery period.  Pls.' Mot. at 6-7.  Their citation to the 1993 Advisory Committee Note for Rule 26(e) is inapposite.  Pls.' Mot. at 6.  The note states that supplemental disclosures "need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, *and with special promptness as the trial date approaches.*"  Fed. R. Civ. P. 26(e), Advisory Committee Note, 1993 Amendments (emphasis added).  Rather, "although timing is certainly a factor, the mere fact that supplemental information is provided or requested after the discovery cutoff date is not dispositive," and such "[t]iming is better gauged in relation to the availability of the supplemental information."  *Dayton Valley Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219, *3 (D. Nev. Sept. 24, 2010); *see, e.g., Qdoba Restaurant Corp. v. Taylors, LLC*, 2009

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 6

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

WL 1938819, *1 (D. Col. July 2, 2009) ("The Rules do not prohibit supplementation simply because the discovery deadline has passed."). In fact, Plaintiffs accepted this premise in an e-mail exchange between the parties approximately a year ago. *See* Decl. of Busen, at XX, and Exhibit A.

As the Advisory Committee Notes reveal, the duty to supplement needs to be addressed on a case-by-case basis. Because this case presents a procedural posture materially and significantly different from those of the cases cited by Plaintiffs in their motion, Plaintiffs' arguments should fail. *See* Pls.' Mot. at 6-7. Here, the expert reports of Yliana Johansen-Mendez, Jay Gairson, Thomas Ragland, Nermeen Arastu, and Marc Sageman are, at best, a mix of expert and lay statements. For example, Ms. Johansen-Mendez's report contains factual assertions or assumptions regarding her experiences as a former employee in the USCIS Los Angeles Asylum Office, as well as her opinion, based on her own perceptions and experiences, about whether asylum applications are processed in a discriminatory fashion.[3] Unlike traditional experts, who rely upon facts provided to them, several of Plaintiffs' purported experts rely on their own perceptions and experience with the facts at issue. Their reports were submitted on February 28, 2020, after the November 29, 2019 deadline to complete written discovery and the February 14, 2020 deadline for deposing witnesses. Dkt. #298. Despite these witnesses' possession of discoverable factual information that Plaintiffs intend to use to support their

---

[3] This case does not involve adjudication of asylum claims, but is limited to adjudications of adjustment of status and naturalization applications. See Dkt. #1, p.2. Thus, Defendants should not be expected to have offered a witness on asylum processing or with experience adjudicating asylum and adjustment/naturalization applications before Plaintiffs disclosed Ms. Johansen-Mendez.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 7

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

claims, Plaintiffs failed to disclose their identities and the subjects of their knowledge. Thus, to the extent that Plaintiffs are correct that supplements after the November 2019 paper discovery or the mid-February 2020 fact deposition deadline served as deadlines for initial disclosure supplements, substantial portions of their own witnesses' testimony is subject to exclusion.[4] *See* FRCP 26(e)(1)(A); *see, e.g.*, *Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, 2016 WL 1394280, *3, *5 (S.D. Cal., April 8, 2016); *Reed v. Washington Area Transit Authority*, 2014 WL 2967920, *2 (E.D. Va. July 1, 2014). That Plaintiffs labeled these witnesses "experts" does not relieve them of their duty to disclose them when they are persons with knowledge of discoverable factual information. As the rules and case law make clear, the division is not between "fact witnesses" and "expert witnesses," it is between fact and expert "testimony." *U.S. v. Kaziu*, 559 F. App'x 32, 38-39 (2d Cir. Mar. 13, 2014); *U.S. v. Mix*, 2013 WL 3995262, *5 (E.D. La. 2013)

Yet, instead of raising premature and piecemeal challenges to Plaintiffs' potential witnesses, Defendants prepared responses to Plaintiffs' nine "expert" reports that included not just a responsive expert, but also potential responsive fact witnesses and other evidence. Thus, Defendants' supplement to their initial disclosures addressed these late-filed factual assertions by disclosing the existence of witnesses who could respond to these assertions. This situation is thus distinguishable from the cases Plaintiffs cite, which address the timeliness of fact witness disclosures and not the timeliness of disclosures made in response to expert reports. *See Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (no reason why

---

[4] Defendants intend to raise this challenge to the admission of Plaintiffs' experts' testimony at a more appropriate time.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE WITNESSES (2:17-CV-00094-RAJ) - 8

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

witnesses were not disclosed initially and the mention of name in deposition was insufficient); *EQT Gathering, LLC v. Marker*, 2015 WL 9165960, at *7 (S.D. W. Va. Dec. 16, 2015) (party was aware of the information well in advance of the filing of its supplemental disclosures); *Branch v. Grannis*, 2014 WL 5819212, at *4 n.2 (E.D. Cal. Nov. 7, 2014) ("The time for supplementation is not limited to the discovery period"); *Reed v. Wash. Area Metro. Transit Auth.*, 2014 WL 2967920, at *2 (E.D. Va. July 1, 2014) (disclosure was untimely due to party's failure to disclose fact witnesses known to them well in advance but only disclosed two days before the close of discovery); *United States v. Cochran*, 2014 WL 347426, at *6 (E.D.N.C. Jan. 30, 2014) (disclosure was untimely because the party was aware of the existence of witnesses "long before the close of discovery"); *United States v. Whiterock*, 2012 WL 1825702, at *2 (E.D.N.C. May 18, 2012) (supplementing disclosures solely to identify a fact witness for the first time after the close of discovery is not timely).

Defendants' fifth supplemental initial disclosures were not untimely. They were produced in a timely manner after service of Plaintiffs' expert reports, which themselves contain a mix of fact and expert statements. The Court should thus deny the motion to exclude the potential testimony of these individuals.

**B. Defendants Were Substantially Justified in Supplementing Their Initial Disclosures**

Even setting aside the timeliness issue, Defendants are substantially justified in updating their initial disclosures. As stated above, Plaintiffs' expert reports contain a mix of percipient factual statements and expert statements—some, as previously highlighted, are overwhelmingly loaded with percipient fact testimony. Under Fed. R. Evid. 702, a witness is allowed to state his or her expert opinion if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 9

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Although an expert report must contain "the facts or data considered by the witness" in forming their opinion, Fed. R. Civ. P. 26(a)(2)(B)(ii), testimony based on a witnesses' perception which is used to determine a fact at issue in the case is properly fact testimony. *See* Fed. R. Evid. 701.  Here, several of the expert reports contain factual information, based on the witnesses own perceptions, such as statements regarding various parties to the case, the implementation of CARRP in various local USCIS offices, and whether asylum applications are processed in a discriminatory fashion.  These are not opinion statements based on specialized knowledge, but matters of fact based on the witnesses' own experiences which are key to this lawsuit. *See, e.g.*, *U.S. v. Mix*, 2013 WL 3995262, *5 (E.D. La. 2013).  Where Plaintiffs have proffered evidence from experts who are acting as fact witnesses, Defendants were substantially justified in updating their initial disclosures to rebut those factual assertions.

## C. Defendants' Supplement to Their Initial Disclosures is Harmless

Defendants have disclosed these additional witnesses with the stated purpose of responding to such facts and assumptions included in the reports and anticipated testimony of Plaintiffs' proffered experts.  Plaintiffs cannot claim that they have been harmed by the government's limited use of these witnesses when they themselves have proffered additional factual evidence outside of the time period for doing so.  Plaintiffs claim that they did not know of these additional witnesses earlier, Pls.' Mot. at 11, but their own supplemental initial disclosures belie this assertion.  In their first supplemental disclosure, Plaintiffs identified

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE WITNESSES
(2:17-CV-00094-RAJ) - 10

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

1  witnesses "whose identities are apparent from documents produced by Defendants."[5]  This
2  would include Christopher Atienza, who was the adjudicator for Plaintiff Jihad's application.  As
3  stated above, Plaintiffs have already stipulated not to assert a timeliness objection to such
4  adjudicators, and the expert report of Thomas Ragland includes a lengthy section discussing the
5  adjudication these class notice responders' cases.   Kristin E. Averill is referenced by name in the
6  expert report of Ms. Johansen-Mendez.  Plaintiffs also identified "[o]ther USCIS officers whose
7  identities are apparent from the A-Files produced by Defendants" in their second supplemental
8  initial disclosures, and "USCIS officers whose identifies are apparent from the four (4) random
9  A-files Defendants produced in this litigation" in their third supplemental initial disclosures.
10 Plaintiffs thus fail to show that they have been harmed by Defendants' supplement to their initial
11 disclosures.
12      Plaintiffs' use of Ms. Johansen-Mendez also created the need to supplement Defendants'
13 disclosures because her report brings unique and irrelevant asylum processing issues into a case
14 about how CARRP impacts adjustment of status and naturalization.  Without any experience
15 with the similarities and differences between processing these different benefit applications, Ms.
16 Johansen-Mendez assumes that they are the same.  Defendants should not be prevented from
17 offering testimony from personnel with experience processing all of these applications to
18 respond to put this testimony into the appropriate context for the Court.  Likewise, Ms. Johansen-
19 Mendez offers opinions about specific country conditions training provided to officers outside

---

[5] This included Nadia Daud ("Officer Daoud"), who is included in Defendants' fifth supplemental initial disclosures.  Plaintiffs' initially objected to Ms. Daud as well, but withdrew that objection after Defendants informed them that Ms. Daud was listed in their own initial disclosures.  Plaintiffs also withdrew their objection to Alexander Cook because they have already deposed him.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 11

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

the CARRP context, —about which testimony from the witnesses listed in Defendants' fifth supplemental initial disclosures could also place in context.  Furthermore, Plaintiffs still have the opportunity to depose USCIS officials regarding the agency's official positions and knowledge in the upcoming 30(b)(6) deposition, and if within the scope of Plaintiffs' notice (which the parties are still negotiating), Plaintiffs may inquire into those topics at that time.  Thus, to the extent Plaintiffs assert that they have been harmed or prejudiced by the timing of Defendants' disclosures, it is harm created by their own attempt to manipulate the fact discovery deadline.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion to exclude witnesses.

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ) - 12

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

DATED:  August 17, 2020

| | |
|---|---|
| ETHAN P. DAVIS<br>Acting Assistant Attorney General<br>Civil Division<br>U.S. Department of Justice | ANDREW C. BRINKMAN<br>Senior Counsel for National Security<br>Office of Immigration Litigation |
| AUGUST FLENTJE<br>Special Counsel<br>Civil Division | LINDSAY M. MURPHY<br>Senior Counsel for National Security<br>Office of Immigration Litigation |
| ETHAN B. KANTER<br>Chief, National Security Unit<br>Office of Immigration Litigation<br>Civil Division | MANNING W. EVANS<br>Senior Litigation Counsel<br>Office of Immigration Litigation |
| BRIAN T. MORAN<br>United States Attorney | BRENDAN T. MOORE<br>Trial Attorney<br>Office of Immigration Litigation |
| BRIAN C. KIPNIS<br>Assistant United States Attorney<br>Western District of Washington | */s/Jesse Busen*<br>JESSE BUSEN<br>Trial Attorney<br>Office of Immigration Litigation |
| LEON B. TARANTO<br>Trial Attorney<br>Torts Branch | VICTORIA BRAGA<br>Trial Attorney<br>Office of Immigration Litigation |
| ANTONIA KONKOLY<br>Senior Counsel<br>Federal Programs Branch | MICHELLE R. SLACK<br>Trial Attorney<br>Office of Immigration Litigation<br>Civil Division, U.S. Department of Justice<br><br>*Counsel for Defendants* |

DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO EXCLUDE
WITNESSES
(2:17-CV-00094-RAJ)

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2020, I electronically served the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jesse Busen*
JESSE BUSEN