The Honorable Richard A. Jones

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, President of the United States, *et al.*, <br><br> Defendants. | No. **2:17-cv-00094-RAJ** <br><br> **DECLARATION OF JESSE BUSEN RE: DEFENDANTS RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE WITNESSES** |

I, Jesse Busen, hereby declare:

1. I am one of the attorneys representing Defendants in the above-captioned matter, *Wagafe v. Trump*, No. 2:17-cv-00094-RAJ. I have personal knowledge of the facts stated below and am competent to testify regarding the same.

2. In August of 2019, when the deadline at the time for production of written discovery was imminent, the parties exchanged messages to clarify, among other things, their respective positions about whether such a deadline served as a "final" deadline to supplement initial disclosures. The parties agreed that the deadline for producing written discovery was not the "final" deadline for supplementing initial disclosures, acknowledging that this ability and duty runs throughout the case. See Exhibit A (August 2, 2019 email from Cristina Sepe).

DECLARATION OF JESSE BUSEN RE: DEFENDANTS RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE WITNESSES (2:17-CV-00094-RAJ) - 1

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

3. On February 28, 2020, the parties served their expert reports. Rebuttal expert reports were originally due on March 28, 2020. Although the parties exchanged basic descriptions of their anticipated expert witnesses on January 31, 2020—eleven anticipated experts for Plaintiffs and one anticipated expert for Defendants[1]—February 28, 2020 was the first time Plaintiffs actually identified eight of their nine expert witnesses.[2] Plaintiffs did not identify any of these nine witnesses in their initial disclosures or in response to an interrogatory seeking information about expert witnesses. Exhibit C (Plaintiffs' Response to Defendants' Interrogatory #3).

4. Due to the closure of Defendants' counsels' office space on March 12, 2020 and additional disruptions due to the COVID-19 pandemic, the parties agreed to suspend the case schedule "until such time as current limitations no longer impair counsel's ability to meet case deadlines and efficiently perform their duties associated with this case." Dkt. #348.

5. The parties agreed to "continue to work towards satisfying the remaining discovery obligations" in the case, Dkt. #348, although Defendants' counsel made clear that disruptions among various federal agencies due to the pandemic would

---

[1] Exhibit B (Plaintiffs' January 31, 2020, Description of Anticipated Expert Witnesses).
[2] Plaintiffs informed Defendants in mid-January, following Defendants' notice to depose Jay Gairson that Plaintiffs intended to use Mr. Gairson as an expert witness. Moreover, despite listing eleven anticipated expert witnesses in January, Plaintiffs submitted nine expert reports in February, providing no explanation about the other two anticipated experts they had previously described.

DECLARATION OF JESSE BUSEN RE: DEFENDANTS RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE WITNESSES (2:17-CV-00094-RAJ) - 2

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

greatly hamper Defendants' ability to respond to Plaintiffs' expert reports. Exhibit D (March 20, 2020, email from Ethan Kanter).

6. As Defendants' counsel reviewed Plaintiffs' expert reports, it became apparent that the reports of Yliana Johansen-Mendez, Jay Gairson, Thomas Ragland, Nermeen Arastu, and Marc Sageman contained, at best, a mix of lay and expert testimony, including percipient fact testimony, among other assertions and assumptions.

7. Defendants' counsel planned to supplement their initial disclosures with witnesses who could respond to the factual assertions and assumptions in Plaintiffs' expert reports, among other work Defendants continued best efforts to complete, and Defendants notified Plaintiffs of this plan at the first meet and confer held pursuant to the Court's order.  These efforts were hindered, however, by the closure of federal offices and other disruptions associated with the pandemic and work on other aspects of this case.

8. Defendants subsequently informed Plaintiffs about an error in the tabular data regarding applications handled under CARRP that was produced with Defendants supplemental initial disclosures.  This data error required revisions of some of the parties' expert reports.  Dkt. #359.

9. On July 1, 2020, Plaintiffs served revised reports for some of their experts.

10. On July 2, 2020, Defendants served their fifth set of supplemental initial disclosures, identifying witnesses who have discoverable information in response to factual assertions and assumptions in Plaintiffs' expert reports and the deposition testimony of Plaintiff Mustaq Jihad.

DECLARATION OF JESSE BUSEN RE:
DEFENDANTS RESPONSE TO PLAINTIFFS'
MOTION TO EXCLUDE WITNESSES
(2:17-CV-00094-RAJ) - 3

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

11. On July 6, 2020, Plaintiffs objected to these disclosures as untimely. On July 14, 2020, Plaintiffs indicated that they would forego filing a motion to exclude the witnesses if Defendants withdrew Nadia Daud and Christopher Atienza as potential witnesses, provide additional information about the remaining witnesses, and agree to allow Plaintiffs to take four additional depositions beyond the presumptive ten deposition limit. Plaintiffs subsequently withdrew their request to exclude Nadia Daud on July 15, 2020, after Defendants informed Plaintiffs that they had already listed Ms. Daud (as Officer Daoud) in Plaintiffs' First Supplemental Initial Disclosures on August 30, 2019. Exh. E (Plaintiffs' First Supplemental Initial Disclosures).

12. In response to Plaintiffs' proposal, Defendants agreed to provide Plaintiffs with expanded descriptions for the potential witnesses in the disclosure and offered a counterproposal, offering to agree to an additional deposition of one of the potential witnesses listed in the disclosure if Plaintiffs would identify the witness and provide an explanation connect this witness to how the timing of Defendants' disclosures caused Plaintiffs' alleged prejudice. Defendants also requested that an additional deposition be mutual for Defendants' to depose one of Plaintiffs' newly identified potential witnesses from the responses Plaintiffs' received to their public notice. Plaintiffs rejected Defendants' counterproposal.

13. On August 5, 2020, Defendants provided Plaintiffs with an updated list of witness descriptions. Defendants informed Plaintiffs that they did not believe the parties were at an impasse because Defendants remained willing to consider agreeing to additional deposition, including more than one, if Plaintiffs identified the

DECLARATION OF JESSE BUSEN RE:
DEFENDANTS RESPONSE TO PLAINTIFFS'
MOTION TO EXCLUDE WITNESSES
(2:17-CV-00094-RAJ) - 4

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900

witnesses and explained the connection between such witnesses and the prejudice the claim resulted from the timing of Defendants' disclosures.

14. On August 6, 2020, without providing anything other than a conclusory statement of their prejudice, Defendants filed their motion to exclude witnesses.

15. Since the filing of this motion, the parties have continued to negotiate regarding this issue. In particular, on August 14, 2020, the parties held a second meet and confer call to discuss, among other items, possible resolution of this dispute. Defendants again asked Plaintiffs to identify the witnesses that they would depose with additional depositions and to explain the connection between those witnesses and how the timing of Defendants' disclosure caused them prejudice. Plaintiffs were not prepared to do so, but instead insisted that their motion explained their prejudice. Following-up on that meet and confer, Plaintiffs provided a list of four witnesses—without the requested explanation connecting any of them specifically to the timing of Defendants' disclosures. Before filing this opposition, Defendants made another counter-proposal, offering to agree to two additional depositions for both sides—any two of the four fifth supplement witnesses for Plaintiffs and two of the potential six newly identified potential witnesses from the public notice for Defendants. Plaintiffs rejected Defendants' proposal.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 17th day of August in Springfield, Virginia.

*/s/ Jesse Busen*
Jesse Busen

DECLARATION OF JESSE BUSEN RE: DEFENDANTS RESPONSE TO PLAINTIFFS' MOTION TO EXCLUDE WITNESSES (2:17-CV-00094-RAJ) - 5

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
(202) 616-4900