1

2

THE HONORABLE RICHARD A. JONES

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

ABDIQAFAR WAGAFE, *et al.*, on behalf
of themselves and others similarly situated,

10

Plaintiffs,

No. 2:17-cv-00094-RAJ

11

v.

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO EXCLUDE UNTIMELY
DISCLOSED WITNESSES**

12

DONALD TRUMP, President of the
United States, *et al.*,

13

Defendants.

**Note on Motion Calendar:
August 21, 2020**

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
UNTIMELY DISCLOSED WITNESSES

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Defendants accuse Plaintiffs of making a "strategic mistake" by failing to anticipate that

2    Defendants would disclose numerous additional witnesses after the discovery deadline. Opp. at

3    3. Not so. Plaintiffs followed the rules and this Court's orders by timely completing their

4    disclosures and expert reports. Their only "mistake" was assuming that Defendants would do the

5    same. But Defendants did not; instead, Defendants waited until months after reviewing

6    Plaintiffs' expert reports to reveal new witnesses who intend to testify about core issues in this

7    case. By labeling the untimely disclosed witnesses as "fact witnesses," and not providing any

8    expert disclosures for these witnesses, Defendants confirm that these witnesses cannot be called

9    as experts. Defendants' delay has deprived Plaintiffs the opportunity to depose these key

10   witnesses. Without either reports or depositions, Plaintiffs are left to be ambushed at trial.

11                                    I.      **ARGUMENT**

12   **A.    Defendants' disclosures are untimely.**

13          Contrary to Defendants' assertions (Opp. at 5), there is no doubt that the relevant

14   discovery deadline has long since passed. The pertinent scheduling order set November 29, 2019

15   as the deadline to complete fact discovery except depositions, which were to be completed by

16   February 14, 2020. Dkt. No. 298 at 1–2. Expert discovery was scheduled to be conducted

17   thereafter. *Id.* The later Joint Status Report, which Defendants cite, is not to the contrary. *See*

18   Opp. at 5 (citing Dkt. No. 359). That document sets September 2, 2020 as the date for the

19   "[c]onclusion of *all* discovery," Dkt. No. 359 at 6 (emphasis added), but it does not override

20   other deadlines except where noted.

21          Defendants' disclosure of numerous additional witnesses months after the conclusion of

22   fact discovery was untimely. Indeed, the very cases Defendants cite (Opp. at 8) hold that

23   disclosures made after the end of discovery are untimely and subject to exclusion. *See Obesity*

24   *Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-cv-0595, 2016 WL 1394280, at \*2 (S.D. Cal.,

25   April 8, 2016) ("Amended disclosures served after the close of discovery are presumptively

26   untimely."); *Reed v. Wash. Area Metro. Transit Auth.*, No. 14-cv-65, 2014 WL 2967920, at\*2

1   (E.D. Va. July 1, 2014) ("Making a supplemental disclosure of a known fact witness[] a mere

2   two days before the close of discovery … is not timely by any definition.").

3       Moreover, the belatedly disclosed witnesses are all government employees. As such, they

4   have long been known and available to Defendants. Accordingly, even if—as Defendants

5   contend (Opp. at 6)—timing should be "gauged in relation to the availability of the supplemental

6   information," *Dayton Valley Invests., LLC v. Union Pac. R.R. Co.*, No. 08-cv-127, 2010 WL

7   3829219, *3 (D. Nev. Sept. 24, 2010), the lengthy delay in Defendants' disclosures is not

8   excused.

9       This is especially true given that the witnesses are not offering targeted responses to

10  discrete factual issues in Plaintiffs' expert reports. To the contrary, they intend to offer sweeping

11  testimony on matters including, among other things, the processing of immigration benefits

12  applications, "both in CARRP and otherwise"; trainings relating to the processing of such

13  applications; "the relationship between TRIG and CARRP"; and "whether CARRP or any

14  application processes/criteria are used in a discriminatory fashion." Gellert Decl. Ex. 2 (Dkt. No.

15  398-2) at 3–4.[1] These astonishingly broad topics are at the core of this case. Defendants should

16  have anticipated *at the outset* the need for witnesses to testify on these issues; now that

17  Defendants have finally identified those witnesses, Plaintiffs should not be left guessing what

18  they might say at trial.

19      Defendants argue that the disclosures were timely because "they were submitted the day

20  after Plaintiffs submitted their revised expert reports." Opp. at 5–6. That argument only

21  highlights the magnitude of Defendants' delay. Plaintiffs took eight depositions of fact witnesses

22  during January and February 2020—the period contemplated by the case schedule for same—

23  _____

24  [1] The night before this filing, Defendants amended their disclosures to add a statement to most of
    the witness descriptions saying that the witnesses may offer testimony or other evidence "in
25  response" to factual assertions and/or assumptions in the reports or testimony of Plaintiffs'
    expert witnesses. These statements appear to simply reiterate Defendants' litigation position (*i.e.*,
26  that the witnesses were disclosed in response to Plaintiffs' experts' reports), and thus these
    disclosures do not change the dispute before the Court.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
UNTIMELY DISCLOSED WITNESSES
(No. 2:17-cv-00094-RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and timely noted a Rule 30(b)(6) during that time too, which was delayed to address Defendants' objections to its scope. Plaintiffs then submitted their expert reports on February 28, 2020, also within the deadline of the case schedule. A month later, the case schedule was suspended, but even after suspension the parties agreed to continue work on the case. Yet Defendants did not submit their disclosures until July 2, 2020—*seven months* after the deadline to complete fact discovery. That Defendants submitted their disclosures *the day after* Plaintiffs submitted revised expert reports (revised only to address Defendants having provided erroneous data) only shows that the disclosures could not possibly be responsive to the *revised* reports; rather, they are responsive—if at all—to Plaintiffs' *initial* expert reports, which were submitted months earlier. Regardless, because Defendants declined to designate these witnesses as experts, they should have been disclosed long before the exchange of expert reports.

Defendants next argue that their disclosures were timely because "they were served prior to the resumption of depositions under the pandemic-related suspension of the case schedule." Opp. at 6. But Plaintiffs had already taken eight of their depositions before the suspension, and the deadline for fact depositions expired on February 14, 2020, except where otherwise ordered (like for the Rule 30(b)(6) deposition). Accordingly, Defendants' disclosures were made well after the time when Plaintiffs could craft an effective and intelligent deposition strategy.

Defendants further maintain that Plaintiffs "essentially accepted" the proposition that "the duty to supplement initial disclosures continues throughout the case." Opp. at 2; *see also id.* at 7. But Plaintiffs merely agreed that there is a *duty* to supplement if a party learns of additional information that requires disclosure—not that there is an ongoing *right* to supplement with information known to a party that it previously failed to disclose. *See Luke v. Fam. Care & Urgent Med. Clinics*, 323 F. App'x 496, 500 (9th Cir. 2009) ("[S]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.").

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
UNTIMELY DISCLOSED WITNESSES
(No. 2:17-cv-00094-RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Finally, Defendants observe that the parties stipulated that Plaintiffs would not raise a timeliness objection to supplemental disclosures relating to the six notice responders that have been the subject of negotiations. *See* Opp. at 6 (citing Dkt. No. 371 at 4). In light of this stipulation, Defendants question why Plaintiffs seek to exclude the testimony of Sandy Marckmann. *Id.* But the reason is obvious: Ms. Marckmann's proposed testimony is not limited to the subject of the notice responders. Rather, Defendants state that Ms. Marckmann "likely has discoverable information based on her experience processing immigration benefit applications— both in CARRP and otherwise—particularly in the Indianapolis Field Office." Gellert Decl. Ex. 2 (Dkt. 398-2) at 8. This expansive description signals that Ms. Marckmann could offer testimony on any topic relating to the "processing [of] immigration benefits applications," which encompasses basically every issue relevant to this case.

**B.     Defendants' failure to disclose was not substantially justified.**

Defendants argue that their untimely disclosures are justified because "Plaintiffs' expert reports contain a mix of percipient factual statements and expert statements." Opp. at 9. But Defendants acknowledge (Opp. at 10) that an expert report **must** contain "the facts or data considered by the witness." Fed. R. Civ. P. 26(a)(2)(B)(ii). And an "expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703; *see also* advisory committee notes (listing "the firsthand observation" as the first possible source of facts underlying an expert opinion). Indeed, far from being unusual, a leading treatise observes that "[i]t is *ideal* if the expert on the stand has personal, firsthand knowledge of the case-specific facts." 1 McCormick On Evid. § 14 (8th ed.) (emphasis added); *see also* 4 Weinstein's Federal Evidence § 703.02 ("an expert may appropriately gather facts for the formulation of an opinion" by "[p]ersonally perceiving the facts").

It is thus perfectly appropriate—and indeed necessary—for experts to include in their reports the facts they have personally observed that form the basis of their opinions. Defendants cite no authority to the contrary. Their sole example of an expert report they apparently find

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  contains objectionable content is the report submitted by Ms. Johansen-Mendez, because it

2  includes discussion of "her experiences as a former employee in the USCIS Los Angeles Asylum

3  Office, as well as her opinion, based on her own perceptions and experiences, about whether

4  asylum applications are processed in a discriminatory fashion." Opp. at 7. But that example just

5  shows why Defendants have nothing to complain about. A witness may qualify as an expert by

6  "experience" and "specialized knowledge." Fed. R. Evid. 702; *see also, e.g., First Tenn. Bank*

7  *Nat'l Ass'n v. Barreto*, 268 F.3d 319, 334–35 (6th Cir. 2001) (expert qualified based on his

8  "practical experiences throughout forty years in the banking industry"). Here, Ms. Johansen-

9  Mendez's report simply explains why she is qualified to offer opinions because of her

10  specialized knowledge and experience as a former employee in an asylum office.[2]

11      In any event, Defendants cite no authority for the proposition that they may offer fact

12  witnesses to rebut expert reports after the discovery deadline. Nor could they, as such a rule

13  would eviscerate Rule 26's disclosure requirements. Defendants' purported justification is thus

14  no justification at all. To the extent the Court disagrees, however, it should at least allow

15  Plaintiffs' experts to testify as both expert and fact witnesses, and, in turn, allow Plaintiffs to take

16  additional depositions of at least some of Defendants' new witnesses.

17  **C.    Defendants' failure to disclose is not harmless.**

18      Without either expert reports or depositions, Plaintiffs have no opportunity to probe these

19  witnesses' testimony before trial. The result would be trial by ambush—precisely the scenario

20  Rule 26 is intended to avoid.[3]

21  _____

22  [2] Defendants hint that they find several of Plaintiffs' experts improper, but they decline to mount an actual challenge until a time they deem "appropriate." Opp. at 2; *see also id.* at 8 & n.4.

23  [3] That Plaintiffs may have generally been aware of some of these new witnesses is irrelevant. "[K]nowledge of the existence of a person is distinctly different from knowledge that the person will be relied on as a fact witness." *Downhole Stabilization Rockies Inc. v. Reliable Field Servs.*

24  *LLC*, No. 15-CV-226, 2017 WL 3473213, at *2 (D. Wyo. Mar. 23, 2017) (quotation marks omitted). "A party's identification of a person as knowledgeable about the facts in a case has

25  unique import, allowing the parties to focus on those an opposing party and their counsel

26  specifically identify in initial disclosures and interrogatories." *Godwin v. Wellstar Health Sys., Inc.*, No. 1:12-CV-3752-WSD, 2015 WL 7313399, at *2 (N.D. Ga. Nov. 19, 2015).

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Defendants suggest that Plaintiffs mitigate their prejudice by asking about USCIS's

2    "official positions and knowledge in the upcoming 30(b)(6) deposition," assuming those topics

3    are within the scope of Plaintiffs' notice. Opp. at 12. But the parties' months-long negotiations

4    regarding the scope of Plaintiffs' notice have finally concluded, and Defendants have repeatedly

5    indicated during those negotiations that they refuse to have their designees make sure they are

6    educated on what all USCIS witnesses know (a point that Plaintiffs disagree with).  Even absent

7    this dispute, however, a Rule 30(b)(6) deposition would not remotely cure Plaintiffs' prejudice.

8    If the untimely disclosed new witnesses are permitted to testify in this matter, Plaintiffs are

9    entitled to know what they will say; asking about USCIS's official positions during the 30(b)(6)

10   will not answer that question.

11    Defendants again point to Ms. Johansen-Mendez in their prejudice argument, contending

12   that her use "created the need to supplement Defendants' disclosures" because her report

13   involves "asylum processing issues." Opp. at 11. Setting aside that this argument is irrelevant to

14   whether *Plaintiffs* have suffered prejudice, Defendants again ignore the broad scope of their

15   disclosures. If Defendants had disclosed one witness on the narrow topic of whether asylum

16   processing differs from naturalization and adjustment processing, Plaintiffs likely would have let

17   Defendants' procedural violations slide. But that is not what Defendants did. Instead, they

18   disclosed numerous additional witnesses who propose to offer testimony on nearly every aspect

19   of this case.

20    Finally, Defendants argue that they should be given an equal number of additional

21   depositions. But there is no basis for this *quid pro quo*. Defendants broke the rules, and they

22   should suffer the consequences. If that is mitigated by allowing Plaintiffs more depositions, it

23   does not justify Defendants too getting more.

24

25

26
Plaintiffs cited these authorities in their motion, but Defendants provide no response.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
UNTIMELY DISCLOSED WITNESSES
(No. 2:17-cv-00094-RAJ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Respectfully submitted,

DATED: August 21, 2020

s/ Jennifer Pasquarella
Jennifer Pasquarella (admitted pro hac vice)
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
jpasquarella@aclusocal.org

s/ Matt Adams
Matt Adams No.28287
**Northwest Immigrant Rights Project**
615 Second Ave., Ste. 400
Seattle, WA 98122
Telephone: (206) 957-8611
matt@nwirp.org

s/ Stacy Tolchin
Stacy Tolchin (admitted pro hac vice)
**Law Offices of Stacy Tolchin**
634 S. Spring St. Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Stacy@tolchinimmigration.com

s/ Hugh Handeyside
s/ Lee Gelernt
s/ Hina Shamsi
Hugh Handeyside No.39792
Lee Gelernt (admitted pro hac vice)
Hina Shamsi (admitted pro hac vice)
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
lgelernt@aclu.org
hhandeyside@aclu.org
hshamsi@aclu.org

s/ Sameer Ahmed
Sameer Ahmed (admitted pro hac vice)
**Harvard Immigration and Refugee
   Clinical Program**
Harvard Law School
6 Everett Street; Suite 3105
Cambridge, MA 02138
Telephone: (617) 495-0638
sahmed@law.harvard.edu

s/ Harry H. Schneider, Jr.
s/ Nicholas P. Gellert
s/ David A. Perez
s/ Heath L. Hyatt
s/ Paige L. Whidbee
Harry H. Schneider, Jr. No.9404
Nicholas P. Gellert No.18041
David A. Perez No.43959
Heath L. Hyatt No.54141
Paige L. Whidbee No.55072
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
HSchneider@perkinscoie.com
NGellert@perkinscoie.com
DPerez@perkinscoie.com
HHyatt@perkinscoie.com
PWhidbee@perkinscoie.com

s/ Kristin Macleod-Ball
Kristin Macleod-Ball (admitted pro hac vice)
**American Immigration Council**
1318 Beacon Street, Suite 18
Brookline, MA 02446
Telephone: (857) 305-3600
kmacleod-ball@immcouncil.org

s/ John Midgley
s/ Molly Tack-Hooper
John Midgley No.6511
Molly Tack-Hooper No.56356
**ACLU of Washington**
P.O. Box 2728
Seattle, WA 98111
Telephone: (206) 624-2184
jmidgley@aclu-wa.org

*Counsel for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO EXCLUDE
UNTIMELY DISCLOSED WITNESSES
(No. 2:17-cv-00094-RAJ) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

CERTIFICATE OF SERVICE
(No. 2:17-cv-00094-RAJ) – 1

149325143.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000