HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, PRESIDENT OF THE UNITED STATES, *et al.*, <br><br> Defendants. | No. 2:17-cv-00094-RAJ <br><br><br> ORDER |

## I.  INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Exclude Untimely Disclosed Witnesses.  Dkt. # 397.  For the reasons below, the motion is **DENIED in part** and **GRANTED in part**.

## II.  DISCUSSION

### A.  Case Schedule and Modifications

On October 24, 2019, the Court entered an order, continuing the trial date and revising the case schedule.  Dkt. # 298.  The order made the following modifications:

> Deadline to Complete Discovery (other than expert discovery and all depositions), which extension does not authorize new written discovery requests (other than requests to admit) or subpoenas for document production is 11/29/2019, Deadline to File Discovery-Related Motions is 12/20/2019, Expert Witness Disclosures/Reports Under FRCP 26(a)(2) is 1/31/2020, Deadline for Depositions (other than of experts) is 2/14/2020, Responsive Expert Witness Disclosure/ Reports Under FRCP 26(a)(2) is 3/13/2020, Deadline to Complete Expert

ORDER – 1

> Discovery (including all expert depositions) is 4/6/2020, Deadline for filing dispositive motions is 5/11/2019 . . .
> *Id*.

Later, the Court modified the case schedule again. Dkt. # 305. The Court extended the deadline to file discovery-related motions and the deadline to serve disclosures and reports of expert witnesses and responsive expert witnesses. *Id.* The deadline for serving expert witness disclosures was scheduled for February 28, 2020. *Id.*

As set forth in this scheduling order, the parties, in fact, served expert reports February 28, 2020. Dkt. # 398 at 2. Rebuttal expert reports were due a month later, but on March 26, 2020, given the challenges created by the COVID-19 pandemic, the Court adopted the parties' joint stipulated motion (Dkt. # 348) and temporarily suspended the case schedule. Dkt. # 349. In April of this year, Defendants notified Plaintiffs that they intended to respond to Plaintiff's expert reports with new factual evidence, and Plaintiffs objected because, they claimed, fact discovery had been completed. Dkt. # 359 at 4. In May of this year, Defendants revealed they had made errors in CARRP-related data, which required experts to review and revise their reports. Dkt. # 397 at 4. Plaintiffs provided revised expert reports on July 1, 2020, as agreed upon by the parties. *Id.* ¶ 8.

### B.     Motion to Exclude Witnesses Disclosed on July 2, 2020

On July 2, 2020, Defendants served their fifth set of supplement initial disclosures identifying new witnesses. Dkt. # 404 at 5. Plaintiffs objected to Defendants' disclosure of "multiple new fact witnesses, all of whom are employees of Defendants," (Dkt. # 398 ¶ 10) arguing that such a disclosure was untimely because the November 29, 2019 deadline for disclosing fact witnesses had passed (Dkt. # 397 at 8). Defendants do not dispute that their disclosed witnesses are indeed "fact witnesses," but they argue that they are not untimely because (1) they are "responsive" factual witnesses to Plaintiffs' "expert witnesses," whom Defendants allege are actually fact witnesses, and (2) "the significant discovery continues in this case, including fact discovery." Dkt. # 404 at 2.

Despite Defendants' claims that Plaintiffs withheld information about nine

ORDER – 2

witnesses until the "the last possible moment in the discovery process" and mislabeled them "expert witnesses" when they were fact witnesses, Defendants did not object to Plaintiffs' characterization of these witnesses or to the timing of their disclosure on the February 28, 2020 deadline for disclosing expert witnesses. Instead, Defendants waited until July 2, 2020 to disclose potential factual witnesses to respond to Plaintiffs' alleged expert witnesses.

Defendants' position on discovery here is a stretch of the Court's order, Dkt. # 298, but in the interest of fairness, the Court is not inclined to exclude responsive witnesses. Instead, the Court will grant Plaintiffs' request in the alternative for leave to conduct four additional depositions. Dkt. # 397 at 13. As proposed by Plaintiffs, the opportunity to take additional depositions would be an adequate remedy for the manner in which Defendants' witnesses were disclosed to ensure "that Plaintiffs are not ambushed at trial." *Id.* Indeed, this remedy will mitigate harm and prejudice to Plaintiffs by allowing them to learn what information these witnesses intend to offer at trial and prepare accordingly.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to exclude untimely disclosed witnesses and **GRANTS** Plaintiffs' request to conduct four additional depositions.

DATED this 27th day of August, 2020.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3