THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, President of the United States, et al.,<br><br>Defendants. | No. 2:17-cv-00094-RAJ<br><br>**PLAINTIFFS' MOTION TO COMPEL STATISTICAL DATA UNDER FED R. CIV. P. 37(a)(3)**<br><br>**NOTE ON MOTION CALENDAR:** October 30, 2020<br><br>**Redacted Version** |

Pursuant to Federal Rule of Civil Procedure 37(a)(3), Plaintiffs respectfully request that the Court order Defendants to produce certain statistical data that they improperly have withheld from Plaintiffs. At the Rule 30(b)(6) deposition of Defendant USCIS on August 31, 2020, Plaintiffs learned for the first time that the statistical data that Defendants intend to rely on in this case uses an overbroad and inaccurate definition of a "CARRP case" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. USCIS confirmed at the deposition that the definition of a "CARRP case" used in the data includes cases ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Although Defendants and their witnesses have represented that applicants in those categories should not be subjected to CARRP, Defendants have mislabeled them as "CARRP cases" in the data. And, even though applicants in those categories likely comprise ▮▮▮▮▮▮ of the "CARRP cases" in the data, USCIS intends to rely on this very inaccurate data—and has already relied on it—to argue both

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

that the delays and denial rates of CARRP cases are not as significant when compared to non-CARRP cases.

At the recent deposition, USCIS also acknowledged that its Fraud Detection and National Security Data System ("FDNS-DS") database contains certain ▬▬▬▬▬▬▬▬▬▬ fields that would allow the Court and the parties to have a correct understanding of what cases are in fact "CARRP cases" and the impact of CARRP on their adjudication. Those fields—including ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬—would allow the parties to remove applicants in these categories when calculating processing times and denial rates for CARRP cases. This is critical, for example, because the ▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬ category of cases reflect cases no longer subject to CARRP. So, without an ability to disaggregate these cases from the data, the data cannot accurately show how CARRP impacts approval and denial rates at the point of adjudication. The requested fields, therefore, go to the heart of Plaintiffs' case. Without this crucial information, Plaintiffs and the Court will not have an accurate assessment of the extent of the significant harm caused by CARRP: USCIS's lengthy delays in adjudicating naturalization and adjustment of status applications subjected to CARRP and the higher rate of denials of those applications.

Pursuant to Rule 26(e), Defendants "must supplement or correct [their] disclosure or [discovery] response" if "in some material respect the disclosure or response is incomplete or incorrect" or "as ordered by the court." The Court should, therefore, order Defendants to produce the requested ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ fields to Plaintiffs both as a supplement to their disclosures under Rule 26(a) and as responsive to Plaintiffs' many discovery requests seeking CARRP-related statistical data.[1]

---

[1] At the Rule 30(b)(6) deposition, USCIS also disclosed for the first time that Defendants unilaterally changed the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ without informing Plaintiffs. Ahmed Decl. ¶ 5. USCIS admitted that it used a ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ in the statistical data produced to Plaintiffs in response to Interrogatory No. 3 in October 2018. *Id.* USCIS further admitted that ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* Plaintiffs requested that Defendants produce an updated version of the Interrogatory No. 3 data, but Defendants refused. *Id.* Pursuant to Rule 26(e), Defendants are also required to "correct" and re-produce the Interrogatory No. 3 data. On October 9, 2020,

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# BACKGROUND

**A.  In Discovery, Plaintiffs Requested and Defendants Produced Statistical Data Regarding the Processing Times and Denial Rates of CARRP Cases.**

On August 1, 2017, Plaintiffs served their First Requests for Production to Defendants, which included RFP Nos. 27, 28 and 33. Ahmed Decl. Ex. A. RFP. No 27 requests: "All Documents referring or relating to the number of Immigration Benefit Applications subject to CARRP" including "data[] or statistics related to CARRP." *Id.* at 16. RFP No. 28 requests: "All Documents referring to, relating to, or reflecting … demographics of Immigration Benefit Applicants who have been … subjected to CARRP, including application processing times." *Id.* RFP No. 33 requests: "All Documents that any Defendant contends support any affirmative defense set forth in response to the Second Amended Complaint." *Id.* at 18. On September 5, 2017, Defendants responded that they would produce responsive documents to these RFPs. Ahmed Decl. Ex. B at 46-48.

On August 24, 2018, Plaintiffs served their Fifth Requests for Production and Third Interrogatories to Defendants, which included Interrogatory No. 3. Ahmed Decl. Ex. C. Interrogatory No. 3 requests certain CARRP-related information, including "[t]he total number of applications referred into CARRP" and the median and average processing times and denial rates at various stages in the CARRP process. *Id.* at 10-11. In RFP Nos. 50 and 51, Plaintiffs also requested documents "sufficient to demonstrate the basis for and confirm the accuracy of [Defendants'] response to Interrogatory No. 3" and "used by [Defendants] as the source of any of the information set forth in [their] response to Interrogatory No. 3." *Id.* at 12. On October 16, 2018, Defendants produced to Plaintiffs an Excel spreadsheet with some of the statistical data requested by Plaintiffs in Interrogatory No. 3. Ahmed Decl. Ex. D.[1]

---

[1] Defendants produced the underlying dataset used to respond to Interrogatory No. 3. *Id.* ¶ 6. Because the underlying dataset may address Plaintiffs' concerns regarding the Interrogatory No. 3 data, at this time Plaintiffs do not move to compel Defendants to correct and re-produce that data but reserve the right to in the future. *Id.*

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

On July 26, 2019, Defendants served Plaintiffs their First Set of Supplemental Initial Disclosures. As part of those disclosures, Defendants included "USCIS data and/or data summaries/compilations … regarding the receipt of immigration benefit applications for naturalization or adjustment of status and whether such applications were processed under CARRP or not, adjudication information for applications adjudicated following referral to CARRP and for cases adjudicated without referral to CARRP, and processing times for adjudication of applications handled under the CARRP process and applications not handled under the CARRP process." Ahmed Decl. Ex. E at 11-12. On that same date, Defendants produced "an Excel spreadsheet with multiple tabs summarizing/compiling this data." *Id.* at 12 (hereinafter the "USCIS Summary Data").

Defendants subsequently provided updated versions of the USCIS Summary Data on November 29, 2019 and February 14, 2020. Ahmed Decl. Ex. F (Defendants' Third Set of Supplemental Initial Disclosures); Ex. G (E-mail from Leon Taranto dated 2/14/2020). On November 22, 2019, Defendants acknowledged that the USCIS Summary Data was also responsive to RFP Nos. 27 and 28. Ahmed Decl. Ex. H at 17-21 (noting that the requested information in RFP Nos. 27 and 28 is "the same or similar to information contained in … the CARRP-related statistics provided to Plaintiffs in Defendants' Supplemental Initial Disclosures"). The parties' statistical experts Mr. Sean Kruskol and Dr. Bernard Siskin relied on the February 14, 2020 version of the USCIS Summary Data when serving their initial expert reports on February 28, 2020.

**B.      Defendants Notified Plaintiffs of an Error in the Statistical Data, Produced A New Version of the Data, and Permitted Plaintiffs to Take a Rule 30(b)(6) Deposition.**

On May 15, 2020, Defendants notified Plaintiffs that they had identified an error in the USCIS Summary Data. Ahmed Decl. Ex. I (E-mail from Leon Taranto dated 5/15/20). Because of that error, on June 12, 2020 Defendants produced another version of the USCIS Summary Data and an anonymized version of the underlying dataset used to create the USCIS Summary

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Data (hereinafter the "USCIS Detailed Data"). Ahmed Decl. Ex. J (E-mail from Leon Taranto dated 6/12/20).

Defendants also agreed that it was appropriate that Plaintiffs be permitted to explore questions about the data through a Rule 30(b)(6) deposition. The parties agreed that the Rule 30(b)(6) deposition would cover the following topic: "How USCIS defines and measures categories of information in the new tables and underlying dataset" including "what constitutes a CARRP case, as reflected in the data?" Ahmed Decl. Ex. K at 14.

**C. At the Rule 30(b)(6) Deposition, USCIS Disclosed That Defendants Relied on an Overbroad and Inaccurate Definition of a CARRP Case in the Statistical Data.**

The Rule 30(b)(6) deposition on the statistical data occurred on August 31, 2020. At the deposition, USCIS disclosed that it does not ███████████████████████████████. Ahmed Decl. Ex. L at 101-102, 108. Instead, USCIS disclosed for the first time that the USCIS Summary Data relied on ███████████████████████. *Id.* at 98-100. This ███████████████████████████████ in consultation with USCIS counsel. *Id.* at 101. According to the ███████████████████████████████ ███████████████████████████████ ███████████████████████, that application would be identified as CARRP. *Id.* at 103:8-12.

According to the FDNS-DS User Guide, an ███████████████████████ ███████████████████████████████ ███████████████████████████████ Ahmed Decl. Ex. M at 85 (emphasis added). USCIS acknowledged ███████████████████████ ███████████████████████████████ Ahmed Decl. Ex. L at 126. The user guide also states that ███████████ ███████████████████████████████ Ahmed Decl. Ex. M at 450; *see also id.* at 451 ███████████████████████ ███████████████████████████████ At the deposition,

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  USCIS confirmed that █████████████████████████████████████████

2  Ahmed Decl. Ex. L at 129.

3       The FDNS-DS database contains ████████████████████████████

4  ████████████████████████████ Ahmed Decl. Ex. M at 453. These █████████████

5  █████████████████████████████████████████████████████████████████ *Id.* at

6  454. USCIS confirmed that, according to █████████████████████████████████

7  ████████████████████████████████████████████████████████████████████ Ahmed

8  Decl. Ex. L at 150. Although Defendants have represented that an "application is handled

9  pursuant to CARRP" only "if an application presents an articulable link to a national security

10 concern," Dkt. 74 at 20, this means Defendants' █████████████████████████████

11 ████████████████████████████████████████████████████████████████, Ahmed

12 Decl. Ex. M at 454. USCIS also confirmed that, according to ██████████████████

13 █████████████████████████████████████████████████████

14 ████████████████████ Ahmed Decl. Ex. L at 150. This means Defendants' ███████

15 ████████████████████████████████████████████████████████████████████████

16 █████████████████ Ahmed Decl. Ex. M at 454. Defendants' witnesses have testified that

17 when an applicant's █████████████████████████, their case is not a CARRP case. *See,*

18 *e.g.*, Ahmed Decl. Ex. N at 102 (Cook Dep.) ████████████████████████████████

19 ████████████████; *id.* at 181 ██████████████████████████████████████████

20 ████████████████████████████████████

21       The FDNS-DS database also contains three █████████████████████████████

22 █████████████ *Id.* An applicant is identified as █████████████████████████████

23 ████████████████████████████████████████████████████████████████████████

24 ███████████ *Id.* at 490-91. USCIS confirmed that, according to its ██████████████

25 ████████████████████████████████████████████████████████████████████████

26 ████████████ Ahmed Decl. Ex. L at 155. Defendants' witnesses have testified that when an

MOTION TO COMPEL STATISTICAL DATA  
(No. 2:17-cv-00094-RAJ)–6

**Perkins Coie LLP**  
1201 Third Avenue, Suite 4900  
Seattle, WA 98101-3099  
Phone: 206.359.8000  
Fax: 206.359.9000

applicant's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, their case is not a CARRP case. *See, e.g.*, Ahmed Decl. Ex. O at 87 (Quinn Dep.) (explaining that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); Ahmed Decl. Ex. P at 225 (30(b)(6) Dep.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

### D. Defendants Have Refused to Supplement or Correct the Statistical Data in Accordance with Fed. R. Civ. P. 26.

Because the Rule 30(b)(6) deposition confirmed that Defendants had previously produced inaccurate and misleading statistical data, Plaintiffs requested that Defendants produce additional data to ensure the parties and the Court have a more accurate understanding of what cases should be labeled as "CARRP cases" according to the data. Specifically, Plaintiffs requested that Defendants produce an updated version of the USCIS Detailed Data to include fields for the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ahmed Decl. Ex. L at 213-14. USCIS has confirmed that it could update this data as requested. *Id.* at 151, 156. On September 21, 2020, Plaintiffs' expert Mr. Kruskol issues his Second Supplemental Expert Report. Mr. Kruskol stated that if he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, [he] would be able to calculate mean and median processing times and approval and denial rates for applications" broken down into those various categories. Ahmed Decl. Ex. Q at 9. To date, however, Defendants have refused to produce the requested data.

### CERTIFICATION UNDER LCR 37(A)(1)

Pursuant to LCR 37(a)(1), Plaintiffs have in good faith conferred with Defendants in an effort to resolve this dispute without court action. Plaintiffs have discussed this dispute with Defendants on many occasions in September and October 2020. Ahmed Decl. Ex. R. On October 5, 2020, the parties held a telephonic meet and confer regarding this dispute, and Defendants have continued to refuse to produce the requested data. *Id.* ¶ 4.

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# ARGUMENT

## A.    Legal Standard

A party "must supplement or correct its disclosure or [discovery] response" if "in some material respect the disclosure or response is incomplete or incorrect," "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process" or "as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A)-(B). The obligation to "supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect." *Johnson v. BAE Sys., Inc.*, 307 F.R.D. 220, 224 (D.D.C. 2013); *see also R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1247 (9th Cir. 2012) (holding that Rule 26(e) required party to "supplement its initial disclosures … after it became evident that the initial disclosures were incomplete"); 6 Moore's Federal Practice - Civil § 26.131 (2020) ("The duty to supplement and correct disclosures and responses is a continuing duty.").

Pursuant to Rule 37(a)(3)(A), a "party may move to compel disclosure" "[i]f a party fails to make a disclosure required by Rule 26(a)." Pursuant to Rule 37(a)(3)(B), a "party seeking discovery may move for an order compelling … production" if "a party fails to answer an interrogatory submitted under Rule 33" or "to produce documents … as requested under Rule 34." "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Moreover, "[i]f a party fails to provide information" as required by Rule 26(e), "the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see R & R Sails*, 673 F.3d at 1247 ("[I]n the ordinary case, violations of Rule 26 may warrant evidence preclusion.").

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

B.  **The Court Should Compel Defendants to Produce the ▓▓▓▓▓▓▓▓ Fields for the USCIS Detailed Data.**

Defendants should be compelled to produce the ▓▓▓▓▓▓▓▓▓▓ fields in the USCIS Detailed Data because, without those fields, the USCIS Summary Data relies on a definition of a CARRP case that "is incomplete or incorrect" and information from those fields "has not otherwise been made known to [Plaintiffs] during the discovery process." Fed. R. Civ. P. 26(e)(1)(A). Defendants produced the data as a disclosure under Rule 26(a), and, therefore, "must supplement or correct [that] disclosure" under Rule 26(e). *See, e.g.*, *El Paso Area Teachers Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, No. EP-16-cv-0020, 2017 WL 5171857, at *3 (W.D. Tex. Mar. 8, 2017) (requiring party to supplement disclosures when it failed to provide all relevant information "regarding its claims or defenses … and no discovery request was required to obtain them"); *Krout v. New Albertson's, Inc.*, No. 2:07-cv-01685, 2009 WL 10693220, at *2 (D. Nev. Mar. 20, 2009) (granting motion to compel where party had provided incomplete data as part of their Rule 26(a) disclosures).

Even if that were not the case, the data and the requested ▓▓▓▓▓▓▓▓▓▓ fields are also responsive to RFPs No. 27, 28, 33, 50, and 51, and Interrogatory No. 3 because they include: "statistics related to CARRP" (RFP No. 27); "application processing times" of individuals subjected to CARRP (RFP No. 28); information "Defendant[s] contend[] support any affirmative defense" (RFP No. 33); "median and average processing times and denial rates at various stages in the CARRP process" (Interrogatory No. 3); information to "confirm the accuracy of [Defendants'] response to Interrogatory No. 3" (RFP No. 50); and information used "as the source of any of the information set forth in [Defendants'] response to Interrogatory No. 3" (RFP No. 51). Ahmed Decl. Exs. A, C. Indeed, even Defendants admit that the data is responsive to at least RFP Nos. 27 and 28. *See* Ahmed Decl. Ex. H (stating that "the same or similar to information" responsive to RFP Nos. 27 and 28 was produced in the USCIS Summary Data). Therefore, Defendants also "must supplement or correct [their] response" to these

MOTION TO COMPEL STATISTICAL DATA  
(No. 2:17-cv-00094-RAJ)–9

Perkins Coie LLP  
1201 Third Avenue, Suite 4900  
Seattle, WA 98101-3099  
Phone: 206.359.8000  
Fax: 206.359.9000

1  discovery requests to include the requested data. Fed. R. Civ. P. 26(e); *see Jones v. Travelers*
2  *Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 681 (N.D. Cal. 2015) ("Defendant had an obligation to
3  timely supplement Defendant's response to Plaintiffs' requests for production with [the
4  requested spreadsheets], or the data underlying those spreadsheets"); 6 Moore's Federal Practice
5  - Civil § 26.131 ("[T]he duty to supplement … appl[ies] to responsive documents that are created
6  after a party has served a response to a discovery request.").

7  Because ███████████████████████████████, Defendants created
8  their own overbroad and incorrect definition of CARRP cases ███████████████████.
9  Ahmed Decl. Ex. L at 101-102, 108. That definition improperly includes two categories of
10 applicants that Defendants have previously represented are not subjected to CARRP. *First*, the
11 USCIS Summary Data improperly includes cases as CARRP cases even where ███████
12 ███████████████████████████████. Ahmed Decl. Ex. M at 454. This is in
13 direct conflict with Defendants' position elsewhere in this case where they admit that
14 "[a]ccording to the CARRP definition, a national security concern arises when an individual or
15 organization has been determined to have an articulable link" to a national security concern, and
16 an "application is handled pursuant to CARRP" only "if an application presents an articulable
17 link to a national security concern." Dkt. 74 at 20.

18 *Second*, the USCIS Summary Data improperly includes cases as CARRP cases even
19 when the applicant ███████████████████████████████████████
20 ███████████████████████████████. Ahmed Decl. Ex. M at 490-91.
21 This is in direct conflict with Defendants' position elsewhere in this case that such applications
22 are ███████████████████████████████████████. *See,*
23 *e.g.*, Ahmed Decl. Ex. N at 181 (Cook Dep.) (admitting that such cases ███████████
24 ███████████████████████); Ahmed Decl. Ex. O at 87 (Quinn Dep.)
25 (such applications are ███████████████████████████████████
26 ███████████████████████).

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

By improperly including these two categories of applications as "CARRP cases," Defendants have improperly skewed the USCIS Summary Data, including the processing times and approval rates of applications purportedly subjected to CARRP. And because USCIS either ██████████ or ██████████, applicants who fall into these categories likely have higher approval rates and shorter processing times than applicants whose alleged ██████████. Therefore, it appears that Defendants purposefully included these applicants as CARRP cases in the USCIS Summary Data to mislead Plaintiffs and the Court that the processing times for actual CARRP cases are shorter, and approval rates are higher, than they actually are. Indeed, Defendants have already misleadingly relied on this incorrect data in an attempt to convince the Court that the harm caused by CARRP is not as serious as Plaintiffs contend. *See* Dkt. 383 at 5 (relying on incorrect USCIS Summary Data to contend that "over 80% of adjustment of status and naturalization applications adjudicated after referral to CARRP are approved rather than denied").

The only way for the parties and the Court to have an accurate understanding of what cases should be included in the data as CARRP cases is if Defendants produce the ██████████ fields requested by Plaintiffs. Because those fields separate the cases into categories including ██████████ the parties' statistical experts can exclude those cases when calculating updated processing times and approval rates. *See* Ahmed Decl. Ex. Q at 9 (Plaintiffs' expert Mr. Kruskol stating that if he "██████████").

MOTION TO COMPEL STATISTICAL DATA  
(No. 2:17-cv-00094-RAJ)–11

**Perkins Coie LLP**  
1201 Third Avenue, Suite 4900  
Seattle, WA 98101-3099  
Phone: 206.359.8000  
Fax: 206.359.9000

The burden on Defendants to re-produce the USCIS Detailed Data with the ▇▇▇▇▇▇ fields is minimal. At the Rule 30(b)(6) deposition, USCIS admitted that it could update the data to include these fields and identified no burden in doing so. Ahmed Decl. Ex. L at 151, 156. Defendants may also argue that Plaintiffs' request for this information is untimely. That is incorrect. Before the Rule 30(b)(6) deposition on August 31, 2020, Plaintiffs did not know how the data defined a CARRP case. As soon as Plaintiffs understood that the data relied on an overbroad and incorrect definition ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, they requested the ▇▇▇▇▇▇▇▇▇▇▇ fields at the deposition itself and in subsequent correspondence, but Defendants have refused to provide it.

The requested data goes to the heart of Plaintiffs' case. Without it, Plaintiffs (and the Court) will not accurately understand the extent of the significant harm caused by CARRP: the lengthier delays and higher rate of denials of applications subjected to CARRP. Moreover, the extent of Defendants' error is significant. It is likely that ▇▇▇▇▇▇ of cases that Defendants have identified as "CARRP cases" in the USCIS Summary Data have been misidentified. For example, in other data produced to Plaintiffs, ▇▇▇▇▇▇▇▇▇▇▇▇ purportedly subjected to CARRP were determined to be ▇▇▇▇▇▇▇. Ahmed Decl. Ex. Q at 7; *see also* Ex. N at 104 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇). Therefore, the Court should order Defendants to produce the requested data. *See Richardson v. Union Oil Co. of California*, 167 F.R.D. 1, 5 (D.D.C. 1996) (granting Rule 37 motion where Plaintiff "would have been seriously (if not fatally) weakened by the incomplete and inaccurate data submitted by Defendant"). If Defendants contend that they somehow cannot produce the requested data, then the Court should prevent Defendants from using any of the USCIS Summary Data "to supply evidence on a motion, at a hearing, or at a trial." Rule 37(c)(1).

## CONCLUSION

Plaintiffs respectfully request that the Court grant their motion to compel.

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

COUNSEL FOR PLAINTIFFS:

s/ Jennifer Pasquarella
Jennifer Pasquarella (admitted pro hac vice)
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
jpasquarella@aclusocal.org

s/ Matt Adams
Matt Adams No.28287
**Northwest Immigrant Rights Project**
615 Second Ave., Ste. 400
Seattle, WA 98122
Telephone: (206) 957-8611
matt@nwirp.org

s/ Stacy Tolchin
Stacy Tolchin (admitted pro hac vice)
**Law Offices of Stacy Tolchin**
634 S. Spring St. Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Stacy@tolchinimmigration.com

s/ Hugh Handeyside
s/ Lee Gelernt
s/ Hina Shamsi
Hugh Handeyside No.39792
Lee Gelernt (admitted pro hac vice)
Hina Shamsi (admitted pro hac vice)
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
lgelernt@aclu.org
hhandeyside@aclu.org
hshamsi@aclu.org

s/ Sameer Ahmed
Sameer Ahmed (admitted pro hac vice)
Sabrineh Ardalan (admitted pro hac vice)
**Harvard Immigration and Refugee Clinical Program**
Harvard Law School
6 Everett Street
Cambridge, MA 02138
Telephone: (617) 495-0638
sahmed@law.harvard.edu

DATED: October 15, 2020

s/ Harry H. Schneider, Jr.
s/ Nicholas P. Gellert
s/ David A. Perez
s/ Heath L. Hyatt
s/ Paige L. Whidbee
Harry H. Schneider, Jr. No.9404
Nicholas P. Gellert No.18041
David A. Perez No.43959
Heath L. Hyatt No.54141
Paige L. Whidbee No.55072
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
HSchneider@perkinscoie.com
NGellert@perkinscoie.com
DPerez@perkinscoie.com
HHyatt@perkinscoie.com
PWhidbee@perkinscoie.com

s/ Kristin Macleod-Ball
Kristin Macleod-Ball (admitted pro hac vice)
**American Immigration Council**
1318 Beacon Street, Suite 18
Brookline, MA 02446
Telephone: (857) 305-3600
kmacleod-ball@immcouncil.org

s/ John Midgley
s/ Molly Tack-Hooper
John Midgley No.6511
Molly Tack-Hooper No.56356
**ACLU of Washington**
P.O. Box 2728
Seattle, WA 98111
Telephone: (206) 624-2184
jmidgley@aclu-wa.org

*Counsel for Plaintiffs*

MOTION TO COMPEL STATISTICAL DATA
(No. 2:17-cv-00094-RAJ)–13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000