HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TRUMP, PRESIDENT OF THE UNITED STATES, *et al.*,<br><br>Defendants. | No. 2:17-cv-00094-RAJ<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion for Leave to Take Additional Depositions. Dkt. # 414. Plaintiffs oppose this motion. Dkt. # 417. For the reasons below, the Court **GRANTS** Defendants' motion.

## II. BACKGROUND

On September 14, 2020, Plaintiffs disclosed to Defendants six notice responders who agreed to serve as witnesses in this case. Dkt. # 417 at 6. On September 17, 2020, Defendants filed this motion seeking to expand the number of depositions permitted so they may depose the six potential witnesses. Dkt. # 414 at 1. Plaintiffs oppose the addition of depositions, arguing that such a request is untimely, unduly

prejudicial, and demonstrates bad faith. Dkt. # 417 at 6-13.

## III. LEGAL STANDARD

A party must obtain leave of the court if it seeks to take more than the presumptive limit of ten depositions. Fed. R. Civ. P. 30(a)(2)(A). While parties are expected to determine the number of depositions they need at the time of a scheduling conference, a need for additional depositions beyond those contemplated may arise as discovery progresses. *Thykkuttathil v. Keese*, 294 F.R.D. 601, 602 (W.D. Wash. 2013). In determining whether to expand the number of allowable depositions, a court must consider whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*Id.* (internal quotations and citation omitted). A party requesting additional depositions beyond the presumptive limit of ten must make a "particularized showing of the need for additional depositions." *Id.* at 603 (internal quotations and citation omitted). Before making a request for additional depositions, "[p]arties should ordinarily exhaust their allowed number of depositions." *Id.*

## IV. DISCUSSION

Here, Defendants claim they meet all the requirements for expanding the number of depositions. Dkt. # 414 at 4. Defendants note that they have already exhausted their ten depositions. *Id.* at 6. They claim that Plaintiffs only recently

disclosed the six potential witnesses and that Defendants should have the opportunity to depose them to ensure that they are not ambushed at trial. *Id.* at 4. They argue that because each newly disclosed witness has a unique "story," the discovery they seek is not unreasonably cumulative, duplicative, or obtainable from another source. *Id.* Defendants assert that "they will be unduly prejudiced if they are arbitrarily precluded from obtaining deposition testimony" of these witnesses "particularly given how important Plaintiffs have claimed their testimony is to this case." *Id.* at 7. The Court agrees. Plaintiffs moved for Court permission to interview these witnesses on January 9, 2020, asserting that their stories go "directly to the core of Plaintiffs' case" and that their "experiences are material to this case." Dkt. # 309 at 11. Denying Defendants the opportunity to depose the witnesses would unduly prejudice them.

Plaintiffs argue that Defendants' motion should be denied as untimely. Plaintiffs contend that Defendants have known that notice responders may testify since November 2019 and that they should have sought to expand the number of depositions then. Dkt # 417 at 1-2. The deadline to file discovery-related motions was January 2, 2020. *Id.* at 2. While parties agreed to extend some of the deadlines, Defendants did not seek to extend this one, and, Plaintiffs argue, they should not be allowed to further expand discovery at this point. *Id.* However, Plaintiffs did not disclose the six notice responders who agreed to serve as witnesses until September 14, 2020. Dkt. # 417 at 6. Defendants filed a motion seeking leave to depose them only three days later. Dkt. # 414. The Court does not find Defendants motion here to be untimely.

Plaintiffs' additional arguments of bad faith and undue prejudice do not outweigh the undue prejudice that Defendants will likely suffer if they are precluded from deposing these witnesses. The burden of discovery here does not outweigh the benefits. Indeed, the importance of the issues raised in the litigation and the importance of discovery in resolving these issues lean in favor of granting additional depositions.

/ / /

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to take additional depositions.

DATED this 19th day of October, 2020.

The Honorable Richard A. Jones
United States District Judge