HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, PRESIDENT OF THE UNITED STATES, *et al.*, <br><br> Defendants. | No. 2:17-cv-00094-RAJ <br><br> ORDER |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Compel Statistical Data Under Fed. R. Civ. P. 37(a)(3), Dkt. # 424, and motions to seal related briefing, Dkt. ## 423, 432, 437.  Defendants oppose the motion to compel statistical data and concur in the motions to seal.  Dkt. # 431.  As an initial matter, the Court **GRANTS** the parties' unopposed motions to seal, Dkt. ## 423, 432, 437, finding compelling reasons to seal and compliance with this Court's Local Rules.  Having reviewed the briefing and record with respect to the motion to compel, the Court finds that oral argument is unnecessary and **GRANTS** Plaintiffs' motion to compel statistical data for the foregoing reasons.

ORDER – 1

## II. BACKGROUND

On August 1, 2017, Plaintiffs served their First Requests for Production to Defendants, which included a request for "data[] or statistics related to CARRP." Dkt. # 424 at 3. Plaintiffs also requested documents reflecting demographics including application processing times of immigration benefit applicants who have been subjected to CARRP. *Id.* Defendants responded that they would produce responsive documents to the requests. *Id.* A year later, on August 24, 2018, Plaintiffs requested information such as the total number of applications referred into CARRP, median and average processing times, and denial rates at various stages of the CARRP process. *Id.* On October 16, 2018, Defendants produced a spreadsheet with some of the statistical data requested by Plaintiffs. *Id.*

On July 26, 2019, Defendants served Plaintiffs their first set of supplemental initial disclosures, which included USCIS data summaries, and provided updated versions of the USCIS Summary Data on November 24, 2019 and February 14, 2020. *Id.* at 4. The parties' statistical experts used this information when serving their initial expert reports on February 28, 2020.

On May 15, 2020, Defendants informed Plaintiffs of an error in the USCIS Summary Data they had provided, upon learning that USCIS had incorrectly "categorized some CARRP cases as non-CARRP cases." Dkt. # 431 at 7. The data had been compiled using a system that tracked CARRP cases called the Fraud Detection and National Security Data System ("FDNS-DS"). *Id.* at 3, 6. As a result of the error, Defendants produced another version of the USCIS Summary Data, and the parties agreed that Plaintiffs would conduct a Rule 30(b)(6) deposition to inquire about the data provided. Dkt. # 424 at 5. The deposition would focus on "[h]ow USCIS defines and measures categories of information in the new tables and underlying dataset" including "what constitutes a CARRP case, as reflected in the data." *Id.*

Plaintiffs conducted the Rule 30(b)(6) deposition of Defendant USCIS on August

ORDER – 2

31, 2020. *Id.* at 1. Shortly thereafter, Plaintiffs contacted Defendants and asserted that USCIS' definition of a CARRP case was overbroad because "it includes cases where the USCIS officer cannot confirm that the individual has a nexus to national security, as well as cases where any alleged national security concern was resolved prior to adjudication." Dkt. # 431 at 7. Plaintiffs claimed that during the deposition, they "learned for the first time that the statistical data that Defendants intend to rely on in this case uses an overbroad and inaccurate definition of a 'CARRP' case." Dkt. # 424 at 1. Plaintiffs requested that Defendants remedy this by adding data fields that would enable Plaintiffs to filter data by concern type and sub-status. Dkt. # 431 at 8. Defendants refused to produce the data. *Id.* at 7. The parties met and conferred to resolve this matter, but to no avail. *Id.* On October 15, 2020, Plaintiffs filed a redacted motion to compel statistical data under federal rule of procedure 37(a)(3). Dkt. # 424. Defendants filed a timely response on November October 26, 2020, Dkt. # 431, and later requested a hearing on November 4, 2020, Dkt. # 440.

### III. DISCUSSION

Under Federal Rule of Civil Procedure 37(a)(3), a party may move to compel disclosure if another party fails to make a disclosure required by Rule 26(a). Fed. R. Civ. P. 37(a)(3)(A). A party may move to compel production if another party fails to produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 26(e) governs supplementing disclosures and responses to discovery requests. Fed. R. Civ. P. 26(e). Specifically, a party who had made a disclosure under Rule 26(a) or who has responded to a request for production "must supplement or correct its disclosure or response" if the party learns that the disclosure or response is incomplete or incorrect in some material respect or "as ordered by the court." Fed. R. Civ. P. 26(e)(1).

Plaintiffs here allege that Defendants are obligated to supplement the data they had

ORDER – 3

produced as a disclosure under Rule 26(a). Dkt. # 424 at 9. They claim that the requested data is also responsive to several requests for production and an interrogatory because they include "statistics related to CARRP [], application processing times of individuals subject to CARRP," as well as "median and average processing times and denial rates at various states of in the CARRP process," and other requested categories of information. *Id.* Plaintiffs allege that Defendants' overly broad and incorrect definition of CARRP cases "improperly includes two categories of applicants that Defendants have previously represented are not subjected to CARRP." *Id.* at 10. By including these two categories of applicants, Defendants "have improperly skewed the USCIS Summary Data, including the processing times and approval rates of applications purportedly subjected to CARRP," according to Plaintiffs. *Id.* at 11. Plaintiffs assert that this use of data is misleading and diminishes the harm caused by CARRP. *Id.* Rectifying this misleading data would be relatively simple, Plaintiffs say, and USCIS "admitted that it could update the data to include these fields and identified no burden in doing so." *Id* at 12.

Defendants contend, however, that Plaintiffs are seeking discovery well past the deadline. Dkt. # 431 at 2. Defendants further argue that such a request for discovery is improper because under Rule 26(a) a party is required to identify only the evidence on which it intends to rely on in support of its case and because "Defendants have no intention or need to rely" on the evidence Plaintiffs have requested. *Id.* Plaintiffs respond to the untimeliness argument by noting that they were unaware of how the data defined a CARRP case until the Rule 30(b)(6) deposition on August 31, 2020. Dkt. # 424 at 12. Plaintiffs also note that Defendants rely on the data in an attempt to undermine Plaintiffs' claims and question why Defendants would refuse to provide "a more complete and accurate understanding of the data [presented] by adding the Concern Type and Sub-status fields." Dkt. # 438 at 5.

In reviewing the briefing, the Court has similar questions about Defendants'

ORDER – 4

refusal to provide Plaintiffs with updated data.  The Court does not find a compelling reason to preclude supplementation of data that had been requested in discovery and that does not pose a burden on Defendants.  Indeed, the burden of discovery does not appear to outweigh the benefits.

### IV.    CONCLUSION

Based on these reasons, the Court **GRANTS** Plaintiffs' Motion to Compel Statistical Data Under Fed. R. Civ. P. 37(a)(3).  Dkt. # 424.  The Court also **GRANTS** Plaintiffs' motion to seal the motion to compel statistical data, Dkt. # 423, Plaintiffs' motion to seal its reply in support of the motion to compel statistical data, Dkt. # 437, and Defendants' motion to seal its exhibits, Dkt. # 432.

DATED this 1st day of December, 2020.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5