UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, et al.,<br><br>                    Plaintiff,<br>     v.<br><br>JOSEPH R. BIDEN, President of the United States, et al.,<br><br>                    Defendant. | CASE NO. 17-CV-00094-LK<br><br>ORDER STRIKING PARTIES' MOTIONS TO SEAL |

This case was recently reassigned to the undersigned judge. There are currently 17 pending motions that either seek to seal materials or request leave to file "highly sensitive documents" under seal. *See* Dkt. Nos. 459, 464, 465, 474, 479, 484, 489, 496, 501, 505, 513, 514, 543, 544, 562, 564, 578. These latter motions are themselves sealed. *See* Dkt. Nos. 464, 513, 543, 562. For the reasons stated below, the Court STRIKES these motions and ORDERS the parties to submit (1) a joint statement concisely consolidating their positions on the materials they want sealed; and (2) an updated Joint Status Report.

ORDER STRIKING PARTIES' MOTIONS TO SEAL - 1

**BACKGROUND**

Plaintiffs brought this class action in early 2017 against Donald J. Trump, then-President of the United States; the United States Citizenship and Immigration Service ("USCIS"), a component of the Department of Homeland Security; and several USCIS directors. Dkt. No. 17 at 5. Plaintiffs sued for declaratory and injunctive relief from President Trump's Executive Order 13780, "Protecting the Nation from Foreign Terrorist Entry into the United States," which suspended entry into the United States for citizens or nationals of Syria, Iraq, Iran, Yemen, Somalia, Sudan, and Libya. Dkt. *Id*. at 2. Specifically, Plaintiffs sought to compel USCIS to adjudicate pending immigration benefit applications for citizens and nationals of these seven countries, and enjoin USCIS from applying its "extreme vetting" policy to their immigration applications. *Id*. at 4.

Prior to discovery, the Court approved the parties' Stipulated Protective Order, which purports to shield from public disclosure materials that qualify as "Confidential Information." *See* Fed. R. Civ. P. 26(c)(1); LCR 26(c)(2); Dkt. No. 86. The Stipulated Protective Order defines "Confidential Information" to encompass 16 subcategories of materials including, to name a few, personally identifiable information; information relating to the basis on which Defendants have identified any individual as a "National Security Concern" under the "extreme vetting" policy of its Controlled Application Review and Resolution Program (CARRP); information related to the content or status of an individual's immigration benefit application to the extent that it is linked to the applicant's identity; information protected by state and federal statutes and regulations; trade secrets and other confidential research, development, and commercial information; non-public proprietary information purchased or obtained from a private entity; information compiled for law enforcement purposes; and medical records. *See* Dkt. No. 86 at 2–3. The Court also issued a Limited Protective Order prohibiting public disclosure of names, "Alien numbers," and

the application filing dates of unnamed plaintiffs in the Naturalization and Adjustment-of-Status Classes. Dkt. No. 183 at 2–3.

Although the parties may designate materials "Confidential Information," they must "take care to limit any such designation to specific material that qualifies under the appropriate standards" and "only those parts of [the] material . . . that qualify, so that other portions of the material . . . for which protection is not warranted are not swept unjustifiably within the ambit" of the Stipulated Protective Order. Dkt. No. 86 at 7. And, most notably, "[m]ass, indiscriminate, or routinized designations are prohibited." *Id*. Against this backdrop, the Court now highlights the legal standards governing the sealing of judicial records and documents, for those standards will guide the parties' analyses as they compile a concise statement consolidating their positions on the materials they wish to seal.

## DISCUSSION

Because "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978), "the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public," *San Jose Mercury News, Inc. v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). This is a strong presumption. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal court filings pursuant to a stipulated protective order bears the burden of overcoming this hurdle. *In re Roman Cath. Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011). They face one of two uphill battles. On the one hand, "[t]hose who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). On the other, those wishing to keep sealed "records attached to non-dispositive motions" need only

"make a 'good cause' showing." *Id*. The more onerous "compelling reasons" test is not limited to motions that are "technically 'dispositive'"; rather, it applies when "the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). *See also id*. at 1099 ("[P]lenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case.").

The Ninth Circuit has "emphasize[d] the difference between the 'compelling reasons' standard and the 'good cause' standard[.]" *Kamakana*, 447 F.3d at 1180. The "good cause" standard requires the party seeking protection to show "specific prejudice or harm" for each document it seeks to protect. *Foltz*, 331 F.3d at 1130. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

A "good cause" showing will not, without more, satisfy the more exacting "compelling reasons" test. *Kamakana*, 447 F.3d at 1180. Under this higher standard, the Court "may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096–97 (cleaned up). Those compelling reasons must "outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana*, 447 F.3d at 1178–79. This is achieved when, for example, court files might "become a vehicle for improper purposes," *Nixon*, 435 U.S. at 598, or be used "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *Kamakana*, 447 F.3d at 1179. National security concerns can likewise provide a compelling reason "for shrouding in secrecy even documents once in the public domain." *Ground Zero Ctr. for Non-Violent Action v. United States Dep't of the Navy*, 860 F.3d 1244, 1262 (9th Cir. 2017). *But see id*. (it is not enough that documents merely implicate national

security "in some vague sense"). The mere fact that production of records "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Local Civil Rule 5(g) expressly incorporates the common law's "strong presumption of public access to the court's files." Any motion to seal must include "[a] specific statement of the applicable legal standard and the reasons for keeping a document under seal." LCR 5(g)(3)(B). The party's reasoning must, at minimum, include an explanation of "the legitimate private or public interests that warrant the relief sought"; "the injury that will result if the relief sought is not granted"; and "why a less restrictive alternative to the relief sought is not sufficient." *Id*. Where, as here, the parties entered a stipulated protective order under Local Civil Rule 26(c)(2), a party that wishes to file a confidential document obtained from another party during discovery "may file a motion to seal" but need not satisfy the requirements of Local Civil Rule 5(3)(B). *Id*. "Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion." *Id*.

Here the Court recognizes that in many instances Defendants designated the materials "Confidential Information," and therefore bear the burden of satisfying Local Rule 5(g)(3)(B) and the applicable legal standard. *See, e.g.*, Dkt. No. 489 at 2 ("Defendants maintain the protective order designations of these documents and information" and "will presumably file a statement explaining why this material should remain under seal as required by LCR 5(g)"); Dkt. No. 496 at 2 (same). In many instances, though not all, Defendants resort to conclusory references to the Stipulated Protective Order. And while they cite to the applicable legal standards, they fail to explain the specific harms that might result from public access. *See* LCR 5(g)(3)(B)(ii); *see, e.g.*, Dkt. No. 511 at 2–3; Dkt. No. 512 at 2–3. The Stipulated Protective Order does not exempt information from the public eye absent a "good cause" or "compelling

reasons" determination. Thus, the fact that certain documents are labeled "Confidential Information" is not per se proof that they must be sealed. Such an approach fails to overcome the Court's strong presumption in favor of public access to court filings. Nor does it comply with Local Civil Rule 5(g).

The sealed pleadings and materials in this case, most with attendant responses and replies, have spun a labyrinthine web of back-and-forth motion practice. With 17 pending motions on the docket, it would be inefficient for the Court to rule on the parties' arguments in piecemeal fashion. A reset is in order. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (the district court has the authority to "manage the cases before it efficiently and effectively").

## CONCLUSION

The Court accordingly STRIKES the parties' motions to seal and motions for leave to file "highly sensitive documents." *See* Dkt. Nos. 459, 464, 465, 474, 479, 484, 489, 496, 501, 505, 513, 514, 543, 544, 562, 564, 578.

The Court FURTHER ORDERS the parties to meet and confer and file a joint statement concisely consolidating their positions on any materials for sealing within 60 days, or by March 29, 2022. The joint statement shall adhere to the requirements of Local Civil Rule 5(g) and include supporting analysis explaining why each item should be sealed under the applicable law, as set forth above. The joint statement shall include a chart of the parties' positions in the form below:

| Dkt. No. | Detailed Document Description | Designating Party | Specific Harm | Reasons Why Alternatives to Sealing, Such as Redactions, are Insufficient |
|---|---|---|---|---|
|  |  |  |  |  |

The parties shall also submit to the Court a joint digital copy of the proposed materials for sealing on a flash drive. The documents in the flash drive must appear in the order that they appear in the chart. Where the designating party is proposing that only portions of a document be sealed, the redacted version shall immediately precede the document for sealing.

The Court FURTHER ORDERS the parties to file an updated Joint Status Report.

Dated this 31st day of January, 2022.

*Lauren King*

Lauren King
United States District Judge