UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, et al., <br><br> Plaintiffs, <br> v. <br><br> JOSEPH R. BIDEN, President of the United States, et al., <br><br> Defendants. | CASE NO. 17-CV-00094-LK <br><br> ORDER GRANTING LEAVE TO FILE AMICUS BRIEF |

The Court has reviewed the Motion for Leave to File Amicus Curiae Brief submitted by Creating Law Enforcement Accountability & Responsibility, Asian Americans Advancing Justice–Asian Law Caucus, and the National Immigration Project of the National Lawyers Guild (collectively, "Prospective Amici"). Dkt. No. 555. Also before the Court are Prospective Amici's 12-page brief and Defendants' Opposition to the Motion for Leave to File an Amicus Curiae Brief. Dkt. Nos. 555-1, 558. For the reasons discussed below, the Court GRANTS Prospective Amici's motion.

## BACKGROUND

This lawsuit stems from former-President Trump's Executive Order 13780, which, five years ago, suspended entry into the United States for citizens or nationals of seven predominantly Muslim countries. Dkt. No. 17 at 2. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2403–2406 (2018). Although President Biden has since revoked Executive Order 13780, *see* Presidential Proclamation No. 10141, 86 Fed. Reg. 7005 (2021), this litigation persists based on policies adopted by the United States Citizenship and Immigration Service ("USCIS") in response to the Executive Order. Namely, USCIS allegedly suspended adjudication or final action on all pending petitions, applications, or requests involving citizens or nationals of the seven listed countries. Dkt. No. 17 at 2. USCIS also implemented an "extreme vetting" policy under its Controlled Application Review and Resolution Program ("CARRP"), which Plaintiffs allege unconstitutionally discriminates against Muslim applicants. *Id.* at 2–3.

Prospective Amici seek leave to file a brief in support of Plaintiffs' pending Opposition to Defendants' Cross Motion for Summary Judgment. Dkt. No. 555 at 1. They purport to "advocate for the dignity and fair treatment of immigrant communities throughout the United States" and assert that their brief will "assist the Court by providing unique and important insights regarding the impact of the [CARRP] policy." *Id.* at 2 ("Here, the combined perspective of the Amici provides a broader understanding of the adverse impacts . . . of the CARRP policy on immigrants throughout the nation.").

Defendants advance a host of arguments against Prospective Amici's brief. Dkt. No. 558 at 1–4. As an initial matter, they contend that the brief is untimely or at least improper because the Court's schedule for summary judgment filings did not contemplate such briefing. *Id.* at 1–2. Defendants otherwise urge the Court to deny Prospective Amici's motion because the proposed brief (1) "is largely a reiteration of Plaintiffs' arguments"; (2) relies on unsworn, outside materials

ORDER GRANTING LEAVE TO FILE AMICUS BRIEF - 2

or the experiences of individuals not included in any Class; (3) focuses on events that predate CARRP and references law enforcement agencies and practices outside USCIS' control; (4) relies on anecdotal evidence; and (5) cites to inapposite materials or relies on unreliable and unverifiable sources. *Id.* at 2–4.

## DISCUSSION

The Court has broad discretion to permit or prohibit amicus participation. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). However, "[t]here are no strict prerequisites to qualify as amici," *Hooper v. City of Seattle*, No. C17-0077RSM, 2017 WL 11437101, at *1 (W.D. Wash. Aug. 28, 2017), and the Court will allow an amicus brief where, as here, "the amicus has unique information that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999); *accord Macareno v. Thomas*, 378 F. Supp. 3d 933, 940 (W.D. Wash. 2019). Amicus briefs are "frequently welcome . . . concerning legal issues that have potential ramifications beyond the parties directly involved[.]" *N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C.*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citations and internal quotation marks omitted).

The Court rejects Defendants' quasi-timeliness argument. There are no local rules governing when a prospective amicus must file its brief. Nor do the Federal Rules of Civil Procedure set forth any requirements for amicus briefs filed in district courts. And even if Federal Rule of Civil Procedure 29 applied to Prospective Amici's brief, it would be timely because it was submitted seven days after Plaintiff's principal brief in opposition to Defendants' cross motion for summary judgment. *See* Fed. R. App. P. 29(a)(6).

Most of Defendants' remaining objections question Prospective Amici's sources or otherwise seek to undermine the reliability of "extra-record materials." *See* Dkt. No. 558 at 2–3.

ORDER GRANTING LEAVE TO FILE AMICUS BRIEF - 3

These attacks unnecessarily complicate and restrict the "classic role" of amicus briefing, which is to assist the Court in cases of general public interest, supplement the efforts of counsel, and draw the Court's attention to law that has evaded its consideration. *Miller-Wohl Co., Inc. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). Permitting an amicus brief is not synonymous with accepting—at face value—every factual or legal assertion therein. *See, e.g.*, *Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 719 n.10 (9th Cir. 2003) (the court does not address issues raised only in an amicus brief absent "exceptional circumstances"). Again, Prospective Amici need only offer "unique information" beyond that provided by the parties. *DeRuyter Bros.*, 54 F. Supp. at 975.

The Court finds that the proposed brief meets this requirement. Prospective Amici's brief addresses the potential ramifications of this case beyond the parties directly involved, including various impacts of CARRP on Muslim communities from the perspective of organizations that advocate for immigrant communities throughout the United States. *See generally* Dkt. 555-1. *See also El Papel LLC v. Inslee*, No. C20-01323-RAJ-JRC, 2020 WL 6219353, at *1 (W.D. Wash. Oct. 22, 2020) (finding that proposed amicus brief was "helpful" with respect to assessing "potential public safety and health ramifications beyond the parties directly involved" in the case). The Court finds that Proposed Amici's brief is helpful, that it is not duplicative of Plaintiffs' brief, and that the legal issues have potential ramifications beyond the scope of this litigation.

## CONCLUSION

The Court GRANTS Prospective Amici's Motion for Leave to File Amicus Curie Brief. Dkt. No. 555. The amicus brief attached as Exhibit 1 to the Motion for Leave is hereby deemed filed.

Dated this 15th day of February, 2022.

                                                                                          Lauren King  
                                                                                          United States District Judge