THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

JOSEPH R. BIDEN, President of the United States, *et al.*,

Defendants.

No. 2:17-cv-00094-LK

**PLAINTIFFS' UNOPPOSED MOTION TO RECONSIDER ORDER OF FEBRUARY 22, 2022**

**HON. LAUREN KING**

**NOTED ON MOTION CALENDAR: March 4, 2022**

MOTION FOR RECONSIDERATION
(NO. 2:17-CV-00094-LK) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## I.    INTRODUCTION

2    Plaintiffs respectfully ask the Court to reconsider striking the jointly stipulated paragraph

3    10 of the recently entered stay of the case, Dkt. 589, which carved out an exception to the stay to

4    allow the parties to file provisionally redacted versions of the summary judgment briefing on the

5    public docket upon Court approval.  The Plaintiffs further request that the Court grant the parties

6    the approval they jointly requested in July 2021 to file those provisionally redacted versions of

7    the summary judgment briefs.  Dkt. 568.  Defendants do not oppose this motion or have any

8    objection to Plaintiffs' requests.

9    Currently, none of the summary judgment briefing appears on the public docket *in any*

10   *form* because Defendants designated portions of the briefing and evidence Highly Sensitive

11   Documents ("HSD").  As an interim measure before the Court decides the parties' sealing and

12   HSD-related disputes, and in accordance with the strong presumption in favor of the public's

13   right to access court records especially on dispositive motions, the parties agreed to file redacted

14   versions of the summary judgment briefing, upon the Court's approval.  *See* Dkt. 568.  These

15   provisional redactions would *not* resolve the parties' outstanding disputes regarding sealing and

16   Highly Sensitive Document ("HSD") designations, but instead simply allow the public access to

17   versions of the summary judgment briefing that keep hidden all information that Defendants

18   claim as HSD or subject to the protective order as an interim measure until the Court rules on

19   those disputes.

20

## II.    BACKGROUND

21   From March 25, 2021 through July 2, 2021, the parties collectively filed Plaintiffs'

22   Motion for Summary Judgment, Defendants' Opposition to Plaintiffs' Motion for Summary

23   Judgment and Cross Motion for Summary Judgment, Plaintiffs' Reply and Opposition to

24   Defendants' Cross Motion, Defendants' Reply, and the Third Declaration of Jennifer

25   Pasquarella[1] (collectively, the "Summary Judgement Briefs").  Defendants designated certain

26   ───────────

[1] Docket numbers are unavailable for the Summary Judgment Briefs because they were not and have not been filed on the public docket.

27

28

MOTION FOR RECONSIDERATION
(NO. 2:17-CV-00094-LK) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    documents accompanying the Summary Judgment Briefs as Confidential or Attorney's Eyes

2    Only pursuant to the protective order and certain documents as HSD pursuant to the Western

3    District of Washington General Order No. 03-21.  Plaintiffs dispute those designations in

4    contemporaneous briefing.

5           Because the Summary Judgement Briefs contain information from documents designated

6    as HSD, the briefs do not appear on the public docket *in any form*.

7           The parties filed a joint stipulation on July 15, 2021, Dkt. 568, seeking approval to file

8    provisionally redacted versions of the Summary Judgment Briefs on the public docket as an

9    interim measure pending resolution of the designation disputes.  The parties proposed that these

10   redacted briefs would keep hidden from public access any information Defendants assert to be

11   HSD and otherwise confidential, and that nothing in the redacted filings would be construed as

12   resolving the parties' outstanding disputes regarding sealing and HSD designations.  The parties

13   filed this stipulation to comply with the Ninth Circuit's strong presumption in favor of the

14   public's right to access dispositive motions and LCR 5(g)(5)(A), which requires that a redacted

15   version of any brief filed under seal appear on the public docket, and to allow the public access

16   to redacted versions of these Summary Judgment Briefs.  The Court never ruled on this joint

17   stipulation.  Certain provisions of this stipulation are no longer accurate following the Court's

18   January 31, 2022 Order (Dkt. 587) striking the parties' outstanding motions to seal and HSD

19   motions, *see* Dkt. 568 at 4 (clauses 1 and 4 reference the sealing and HSD motions that are now

20   struck), but the parties still seek the Court's approval to file such provisionally redacted versions

21   of the summary judgment briefs.

22          On February 11, 2022, the parties filed a stipulation requesting a stay in the case, Dkt.

23   589.  In paragraph 10 of that stipulation, the parties jointly requested that as an exception to the

24   stay, the parties still be allowed to file the redacted versions of the Summary Judgment Briefs

25   previously described in the July 15, 2021 joint stipulation, Dkt. 568, even if the Court otherwise

26   stays the case.

27

28

MOTION FOR RECONSIDERATION
(NO. 2:17-CV-00094-LK) – 3

On February 22, 2022, the Court granted the parties' February 11, 2022 stipulation, but struck the exception to the stay in paragraph 10 that would allow filing of redacted versions of the Summary Judgment Briefing, upon approval by the Court, as an interim measure until the Court rules on whether Defendants properly designated the documents at issue.

In this Motion, Plaintiffs now seek the Court's reconsideration of only one narrow issue: the Court's striking of the exception to the stay described in paragraph 10 of the February 11, 2022 stipulation.  Plaintiffs further request that the Court grant the parties approval to file redacted versions of the Summary Judgment Briefs, as described in the parties' joint stipulation, Dkt. 568.

### III.    ARGUMENT

Plaintiffs request reconsideration on a narrow procedural issue: allowing an exception to the stay so that the parties may file redacted versions of the Summary Judgment Briefs on the public docket, upon Court approval.  Plaintiffs also request that the Court grant the parties approval to file provisionally redacted versions of the Summary Judgment Briefs on the public docket.

This Court recognizes a "strong presumption in favor of access to courts." *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); LCR 5(g).  The preference for open court records "applies fully to dispositive motions, including motions for summary judgment and related attachments." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  This long-standing practice is grounded in "the need for . . . the public to have confidence in the administration of justice." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted).  Open court records promote the "interest[s] of citizens in 'keeping a watchful eye on the workings of public agencies.'" *Kamakana*, 447 F.3d at 1178 (quoting *Nixon v. Warner Commc'n., Inc.*, 435 U.S. 589, 597 n.7 (1978)).

Local Rule 5(g)(5) requires a party who cannot avoid including confidential information in a motion to publicly file a redacted version of the motion.

MOTION FOR RECONSIDERATION
(NO. 2:17-CV-00094-LK) – 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties received guidance that, pursuant to the Western District of Washington's General Order No. 03-21, motions that contain HSD information cannot be filed on the public docket in any form, even after redacting the HSD information.  The Summary Judgment Briefs contain information designated by Defendants as confidential and HSD.  Plaintiffs dispute those designations.  The parties will address that larger dispute with the Court as part of the July 8, 2022 joint status report.  Dkt. 592.

In an effort to comply with the strong presumption in favor of the public's access to Court records and Local Rule 5(g), the parties agreed to file redacted versions of the Summary Judgment Briefs on the public docket as an interim measure until the Court is able to resolve the dispute over the designations.  *See* Dkt. 568. And when the parties filed a joint stipulation requesting a stay in the case on February 11, 2022, Dkt. 589, the parties requested that they still be permitted, upon the Court's approval, to file redacted versions of the Summary Judgment Briefs despite the requested stay.  The public and the members of the certified classes have a right to know and understand the proceedings in this case—even if the case is stayed—and public access is particularly important in this situation given the dispositive nature of the Summary Judgment Briefs at issue.

Plaintiffs therefore respectfully request that the Court reconsider striking the exception to the stay described in paragraph 10 of the parties' February 11, 2022 Stipulation, Dkt. 589, and grant the parties approval to file provisionally redacted versions of the Summary Judgment Briefs on the public docket, despite a stay in the case.

MOTION FOR RECONSIDERATION
(NO. 2:17-CV-00094-LK) – 5

Respectfully submitted,

s/ Jennifer Pasquarella
s/ Liga Chia
Jennifer Pasquarella (admitted pro hac vice)
Liga Chia (admitted pro hac vice)
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
jpasquarella@aclusocal.org
lchia@aclusocal.org

s/ Matt Adams
Matt Adams #28287
**Northwest Immigrant Rights Project**
615 Second Avenue, Suite 400
Seattle, WA 98122
Telephone: (206) 957-8611
matt@nwirp.org

s/ Stacy Tolchin
Stacy Tolchin (admitted pro hac vice)
**Law Offices of Stacy Tolchin**
634 S. Spring Street, Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Stacy@tolchinimmigration.com

s/ Dror Ladin
/s Sarah Taitz
s/ Lee Gelernt
s/ Hina Shamsi
Dror Ladin (admitted pro hac vice)
Sarah Taitz (admitted pro hac vice)
Lee Gelernt (admitted pro hac vice)
Hina Shamsi (admitted pro hac vice)
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
dladin@aclu.org
staitz@aclu.org
lgelernt@aclu.org
hshamsi@aclu.org

DATED: March 4, 2022

s/ Harry H. Schneider, Jr.
s/ Nicholas P. Gellert
s/ David A. Perez
s/ Heath L. Hyatt
s/ Paige L. Whidbee
Harry H. Schneider, Jr. #9404
Nicholas P. Gellert #18041
David A. Perez #43959
Heath L. Hyatt #54141
Paige L. Whidbee #55072
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
HSchneider@perkinscoie.com
Ngellert@perkinscoie.com
Dperez@perkinscoie.com
Hhyatt@perkinscoie.com
Pwhidbee@perkinscoie.com

s/ John Midgley
s/ Yvonne Chin
John Midgley #6511
Yvonne Chin #50389
**ACLU of Washington**
P.O. Box 2728
Seattle, WA 98111
Telephone: (206) 624-2184
jmidgley@aclu-wa.org
ychin@aclu-wa.org

s/ Sameer Ahmed
s/ Sabrineh Ardalan
Sameer Ahmed (admitted pro hac vice)
Sabrineh Ardalan (admitted pro hac vice)
**Harvard Immigration and Refugee Clinical Program**
Harvard Law School
6 Everett Street, Suite 3105
Cambridge, MA 02138
Telephone: (617) 495-0638
sahmed@law.harvard.edu
sardalan@law.harvard.edu

*Counsel for Plaintiffs*

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000