The Honorable Lauren King

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ABDIQAFAR WAGAFE, *et al.*,

                Plaintiffs,

     v.

JOSEPH R. BIDEN, President of the United States, *et al.*,

              Defendants.

**No. 2:17-cv-00094-LK**

**PARTIES' JOINT STATUS REPORT IN ACCORDANCE WITH FEBRUARY 22, 2022 STIPULATED ORDER STAYING PROCEEDINGS**

On February 11, 2022, the parties filed a joint stipulation seeking a stay of the proceedings in this matter pending an agency-wide internal review of USCIS policies and procedures for identifying and assessing national security risks presented in immigration benefit applications (Dkt. 589). This Court approved the joint stipulation on February 22 and stayed the proceedings until June 9, 2022 ("February 22 Order") (Dkt. 592, as amended by Dkt. 594). As part of the February 22 Order, the parties are required, by July 8, 2022, to submit a joint status report "identifying any issues remaining in dispute and proposing a joint case schedule to resolve any such issue or issues. If the parties cannot agree on a proposed case schedule for the resolution of any remaining issues in dispute, they may separately set forth their own proposed case schedules for consideration by the Court." (Dkt. 592, ¶ 9). The parties offer this joint status

PARTIES' JOINT STATUS REPORT IN ACCORDANCE
WITH FEBRUARY 22, 2022 STIPULATED ORDER
STAYING PROCEEDINGS - 1
(2:17-CV-00094-LK)

157438757.2

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044

1    report in satisfaction of that requirement, noting that the parties have not been able to fully agree

2    on a proposed case schedule.

3          Following the Court's February 22 Order, Defendants apprised the Court in a May 2,

4    2022 status report that USCIS "expect[ed] to complete [its] review of [the Controlled

5    Application Review and Resolution Program (CARRP)] by May 10, 2022," and noted that

6    "[a]ssuming final approval of the new policy by USCIS leadership," a new policy superseding

7    CARRP would be finalized shortly thereafter.  (Dkt. 596 at 1).

8          Defendants represent that while USCIS has completed its initial review of CARRP as

9    projected, and also completed substantial work drafting a new policy for agency review and

10   revision in preparation of the adoption of a new policy, it currently estimates that it will need

11   approximately 120 more days to finalize a new policy, plus additional time to implement any

12   such new policy.

13         Because it is Defendants' position that prior to the adoption of a new policy, the draft

14   policy is protected by the deliberative process privilege, Defendants have not shared any

15   information with Plaintiffs about the draft new policy under consideration by USCIS.

16         As required by the February 22 Order, Plaintiffs sent a settlement proposal to Defendants

17   on March 1, 2022.  Defendants maintain that they were unable to answer Plaintiffs' settlement

18   demands because the new policy, which Defendants expect will substantially affect the direction

19   of settlement negotiations, has not been finalized, as was envisioned in the sequence of events

20   outlined in the stipulated order (Dkt. 592).  The parties have agreed on a framework for

21   consideration of Plaintiffs' settlement demands as USCIS works on the potential new policy.

22         The parties have not been able to narrow the issues to be addressed in this action during

23   the stay, which now has ended.  Defendants maintain that the issues remaining for adjudication

PARTIES' JOINT STATUS REPORT IN ACCORDANCE
WITH FEBRUARY 22, 2022 STIPULATED ORDER
STAYING PROCEEDINGS - 2
(2:17-CV-00094-LK)

157438757.2

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044

will be narrowed or possibly resolved by USCIS' adoption and implementation of the new

policy, depending upon its final content.  As Plaintiffs have received no information regarding

the content of the potential new policy, they are not in a position to agree, and moreover,

Plaintiffs do not expect that the new policy will fully resolve all issues remaining for

adjudication.  Presently, the following matters remain to be addressed by the Court:

- The parties' cross-motions for summary judgment, which are noted for consideration (Dkt. 595 (Plaintiffs' Motion for Summary Judgment; Defendants' Opposition and Cross-Motion for Summary Judgment; Plaintiffs' Reply and Cross-Opposition; and Defendant's Reply));

- The parties' outstanding motions to exclude expert witnesses (Dkt. 459, 463, 484, 485 (Siskin); 474, 475, 476, 489, 493, 505, 506, 507 (Kruskol); 477, 478, 480, 490, 496, 497, 499, 504 (Gairson, Arastu, Ragland));

- The stricken motions to seal and treat documents as highly sensitive and the parties' disputes as to those documents (*See* Dkt. 587);

- Whether to set a deadline for submission of supplemental discovery; and

- A trial schedule, assuming one is necessary.

On the last point, the parties recommend that the Court defer calendaring this matter for

trial until after it has ruled on the pending cross-motions for summary judgment.  The parties

recommend that this Court schedule a status conference with the parties at that time to set a trial

date, if necessary, and associated pretrial deadlines.  The parties understand that the Court will

take up the pending motions as the Court's docket allows.

PARTIES' JOINT STATUS REPORT IN ACCORDANCE
WITH FEBRUARY 22, 2022 STIPULATED ORDER
STAYING PROCEEDINGS - 3
(2:17-CV-00094-LK)

157438757.2

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044

Both parties have identified potential supplemental authority regarding the cross-motions for summary judgment, which the parties will bring to the Court's attention pursuant to Local Civil Rule 7(n).

In addition, Defendants are evaluating whether the Supreme Court's recent decision in *Patel v. Garland*, 142 S. Ct. 1614 (2022), may impact whether this Court has subject-matter jurisdiction to adjudicate some of the claims raised in this case.  Defendants will determine their position on this issue no later than July 29, 2022, and will inform the Court by that date whether Defendants intend to file a related motion to dismiss.  Plaintiffs requested that Defendants commit now to a filing deadline for such a motion, but Defendants' position is that it is premature at this time.

The parties offer the following proposed schedule for other items:

| | |
|---|---|
| Deadline to Complete Supplemental Production and Responses to Plaintiffs' Discovery Requests | Plaintiffs propose July 29, 2022. Defendants propose that no deadline is necessary or appropriate as the Court's February 22 Order provides that "Defendants will timely supplement their discovery responses following the expiration of the stay, as appropriate, in accordance with Rule 26(e), Fed.R.Civ.Pro."  (Dkt. 589, p.3).  Further, Defendants contend that they cannot complete supplemental discovery responses by July 29 as supplementation is linked with policy development and issuance. |
| Deadline to File a Joint Statement Regarding the Stricken Motions to Seal and Motions for Leave to file Highly Sensitive Documents pursuant to Dkt. 587 | The parties agree on August 29, 2022. |
| Trial | The parties agree that this should be determined following issuance of decisions on pending motions. |

PARTIES' JOINT STATUS REPORT IN ACCORDANCE
WITH FEBRUARY 22, 2022 STIPULATED ORDER
STAYING PROCEEDINGS - 4
(2:17-CV-00094-LK)

157438757.2

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044

1

2    Dated:  July 8, 2022                          Respectfully Submitted,

3    BRIAN M. BOYNTON
     Principal Deputy Assistant Attorney General
4    Civil Division                               */s/ Anne Pogue Donohue*
     U.S. Department of Justice                   ANNE POGUE DONOHUE
5                                                 Counsel for National Security
     AUGUST FLENTJE                               National Security Unit
6    Special Counsel                              Office of Immigration Litigation
     Civil Division
7                                                 LINDSAY M. MURPHY
     ETHAN B. KANTER                              Senior Counsel for National Security
8    Chief National Security Unit                 National Security Unit
     Office of Immigration Litigation             Office of Immigration Litigation
9    Civil Division
                                                  VICTORIA M. BRAGA
10   NICHOLAS BROWN                               Trial Attorney
     United States Attorney                       Office of Immigration Litigation
11
     BRIAN C. KIPNIS                              BRENDAN T. MOORE
12   Assistant United States Attorney             Trial Attorney
     Western District of Washington              Office of Immigration Litigation
13
     W. MANNING EVANS                             JESSE L. BUSEN
14   Senior Litigation Counsel                    Counsel for National Security
     Office of Immigration Litigation             National Security Unit
15                                                Office of Immigration Litigation
     LEON B. TARANTO
16   Trial Attorney                               *Counsel for Defendants*
     Torts Branch

17

18

19

20

21

22

23

PARTIES' JOINT STATUS REPORT IN ACCORDANCE          UNITED STATES DEPARTMENT OF JUSTICE
WITH FEBRUARY 22, 2022 STIPULATED ORDER              Civil Division, Office of Immigration Litigation
STAYING PROCEEDINGS - 5                              Ben Franklin Station, P.O. Box 878
(2:17-CV-00094-LK)                                   Washington, DC 20044

157438757.2

s/ Jennifer Pasquarella
Jennifer Pasquarella (admitted pro hac vice)
**ACLU Foundation of Southern California**
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5236
jpasquarella@aclusocal.org

s/ Matt Adams
Matt Adams #28287
**Northwest Immigrant Rights Project**
615 Second Ave., Ste. 400
Seattle, WA 98122
Telephone: (206) 957-8611
matt@nwirp.org

s/ Stacy Tolchin
Stacy Tolchin (admitted pro hac vice)
**Law Offices of Stacy Tolchin**
634 S. Spring St. Suite 500A
Los Angeles, CA 90014
Telephone: (213) 622-7450
Stacy@tolchinimmigration.com

s/ Scarlet Kim
s/ Sarah Taitz
s/ Lee Gelernt
s/ Hina Shamsi
Scarlet Kim (admitted pro hac vice)
Sarah Taitz (admitted pro hac vice)
Lee Gelernt (admitted pro hac vice)
Hina Shamsi (admitted pro hac vice)
**American Civil Liberties Union Foundation**
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2616
scarletk@aclu.orgscarletk@aclu.org
staitz@aclu.org
lgelernt@aclu.org
hshamsi@aclu.org

s/ Harry H. Schneider, Jr.
s/ Nicholas P. Gellert
s/ David A. Perez
s/ Heath L. Hyatt
s/ Paige L. Whidbee
Harry H. Schneider, Jr. #9404
Nicholas P. Gellert #18041
David A. Perez #43959
Heath L. Hyatt #54141
Paige L. Whidbee #55072
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
HSchneider@perkinscoie.com
NGellert@perkinscoie.com
DPerez@perkinscoie.com
HHyatt@perkinscoie.com
PWhidbee@perkinscoie.com

s/ Kristin Macleod-Ball
Kristin Macleod-Ball (admitted pro hac vice)
**American Immigration Council**
1318 Beacon Street, Suite 18
Brookline, MA 02446
Telephone: (857) 305-3600
kmacleod-ball@immcouncil.org

s/ John Midgley
s/ Yvonne Chin
John Midgley #6511
Yvonne Chin, #50389
**ACLU of Washington**
P.O. Box 2728
Seattle, WA 98111
Telephone: (206) 624-2184
jmidgley@aclu-wa.org
ychin@aclu-wa.org

PARTIES' JOINT STATUS REPORT IN ACCORDANCE
WITH FEBRUARY 22, 2022 STIPULATED ORDER
STAYING PROCEEDINGS - 6
(2:17-CV-00094-LK)

157438757.2

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044

1   s/ Sameer Ahmed                    *Counsel for Plaintiffs*
    Sameer Ahmed (admitted pro hac vice)
2   **Harvard Immigration and Refugee**
      **Clinical Program**
3   Harvard Law School
    6 Everett Street; Suite 3105
4   Cambridge, MA 02138
    Telephone: (617) 495-0638
5   sahmed@law.harvard.edu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PARTIES' JOINT STATUS REPORT IN ACCORDANCE           UNITED STATES DEPARTMENT OF JUSTICE
WITH FEBRUARY 22, 2022 STIPULATED ORDER              Civil Division, Office of Immigration Litigation
STAYING PROCEEDINGS - 7                                      Ben Franklin Station, P.O. Box 878
(2:17-CV-00094-LK)                                               Washington, DC 20044

157438757.2

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on July 8, 2022, I electronically filed the foregoing with the Clerk of

3   the Court using the CM/ECF system, which will send notification of such filing to all counsel of

4   record.

5

6                                        /s/ *Anne Pogue Donohue*
                                         ANNE POGUE DONOHUE
7                                        Counsel for National Security
                                         Office of Immigration Litigation
8                                        450 5th St. NW
                                         Washington, DC 20001
9                                        Anne.P.Donohue@usdoj.gov
                                         (202) 305-4193
10

11

12

13

14

15

16

17

18

19

20

21

22

23

PARTIES' JOINT STATUS REPORT IN ACCORDANCE
WITH FEBRUARY 22, 2022 STIPULATED ORDER
STAYING PROCEEDINGS - 8
(2:17-CV-00094-LK)

157438757.2

UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044