UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, et al., | CASE NO. 17-CV-00094-LK |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION TO DISMISS |
| v. | |
| JOSEPH R. BIDEN, President of the United States, et al., | |
| Defendant. | |

This matter comes before the Court on Defendants' Motion for Leave to File a Motion to Dismiss Claims of Naturalization Class for Lack of Subject Matter Jurisdiction. Dkt. No. 623. Plaintiffs oppose the motion. Dkt. No. 624. For the reasons discussed below, the Court grants Defendants' motion.

## I.      BACKGROUND

Plaintiffs initiated this class action in early 2017 against the United States Citizenship and Immigration Services ("USCIS"), a component of the Department of Homeland Security ("DHS"), as well as several government officials. Dkt. Nos. 1, 17. Plaintiffs seek declaratory and injunctive

relief related to USCIS' Controlled Application Review and Resolution Program ("CARRP"), a national security vetting program which affects the evaluation of some individuals' applications for immigration benefits. *See generally* Dkt. No. 47. In June 2017, the Court certified two nationwide classes to be represented by the five named Plaintiffs in this case: (1) individuals with naturalization applications subjected to CARRP or a successor program whose applications have been pending for more than six months (the "Naturalization Class"); and (2) individuals with adjustment of status applications subjected to CARRP or a successor program whose applications have been pending for more than six months (the "Adjustment Class"). Dkt. No. 49 at 9; Dkt. No. 69 at 8, 31.[1]

Following a lengthy and contentious discovery period, the parties submitted cross-motions for summary judgment as well as three motions to exclude expert witnesses. *See* Dkt. No. 595 (provisionally redacted summary judgment briefing); Dkt. Nos. 460, 463, 471, 475, 477 (motions to exclude expert opinions).[2] In addition, shortly after the reassignment of this case to the undersigned District Judge, the Court struck 17 pending motions that either sought to seal materials or requested leave to file "highly sensitive documents." *See* Dec. 20, 2021 Minute Entry (reassigning case); Dkt. No. 587 at 6 (order striking motions). The Court recently issued an order addressing the parties' dispute as to which materials could be filed on the public docket. Dkt. No. 626.

With the cross-motions for summary judgment still pending and the dispositive motions deadline long expired, Defendants now seek leave of Court to file a motion to dismiss the

---

[1] The parties have agreed to a continuing stay of the Adjustment Class's claims. *See* Dkt. No. 613 at 2; Dkt. No. 618 at 1; Dkt. No. 622 at 1.

[2] This case was temporarily stayed for the first several months of 2022, as Defendants conducted an internal review of CARRP and the parties explored potential settlement. *See* Dkt. Nos. 592, 601. According to the parties' most recent status report, however, USCIS' efforts to review new national security vetting policy remain underway but "have slowed and progress has been impacted by other competing priorities within USCIS and DHS." Dkt. No. 622 at 2.

ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION TO DISMISS - 2

Naturalization Class's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and (h)(3). Dkt. No. 623 at 1. Defendants contend that their motion should be granted in light of "the recent focus on the naturalization class (with the stay of the other class claims in the case)," "additional legal developments," and the fact that objections to federal subject matter jurisdiction can be raised at any phase in the litigation. *Id.* at 2 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006)). With respect to the additional legal developments, Defendants interpret *Axon Enterprise, Inc. v. Federal Trade Commission*, 598 U.S. 175 (2023) and *Miriyeva v. United States Citizenship and Immigration Services*, 9 F.4th 935 (D.C. Cir. 2021) as having "important jurisdictional implications" that must be addressed before this Court rules on the pending summary judgment motions. Dkt. No. 623 at 2. Relying on these cases, Defendants will argue that "the Immigration and Nationality Act's special judicial review scheme for naturalization applications forecloses the Court's general federal question jurisdiction under 28 U.S.C. § 1331 to consider constitutional and Administrative Procedure Act-based challenges" like those advanced by the Naturalization Class. *Id.* at 2–3. Defendants also intend to assert in the alternative that the claims of the Naturalization Class are (1) "not ripe because they cannot yet be brought under the special judicial review scheme" established in 8 U.S.C. §§ 1421(c) and 1447(b); and (2) are not afforded the APA's waiver of sovereign immunity because "the special judicial review scheme" provides adequate alternative remedies. *Id.* at 3; *see also* Dkt. No. 625 at 1–2.

Plaintiffs argue that these jurisdictional questions were already decided by the Court such that Defendants are effectively proposing a motion for reconsideration. Dkt. No. 624 at 2–4. In addition, Plaintiffs assert that the two cases upon which Defendants intend to rely do not "announce[] a new rule of law," but rather apply the "decades-old Supreme Court precedent" set forth in *Thunder Basin Coal Company v. Reich*, 510 U.S. 200 (1994). *Id.* at 4 ("[T]he relevant law is the same now as it was in 2017[.]"). Plaintiffs also maintain that the *Thunder Basin* factors are

inapposite because "the members of the Naturalization Class do not challenge the denials of their applications . . . or the failure to adjudicate post-interview," but instead "challenge the procedures and criteria applied to the adjudication of their *pending* applications," i.e., being subjected to CARRP. *Id.* at 5 (emphasis original).

Defendants respond that they did not previously "raise the fundamental jurisdictional question affecting all of the claims of the Naturalization Class that *Thunder Basin* . . . and its progeny present." Dkt. No. 625 at 3. They highlight that Plaintiffs "do not dispute that Defendants' two other proposed jurisdictional arguments (ripeness and APA-related sovereign immunity) are newly-raised," and reiterate that their motion "is squarely in line" with applicable law holding that subject matter jurisdiction is not waivable and may be raised at any time. *Id.* at 2.

## II.    DISCUSSION

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Although tardy jurisdictional objections "may unfairly prejudice litigants" and waste "many months of work on the part of the attorneys and the court," *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011), "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment," *Arbaugh*, 546 U.S. at 506 (cleaned up). *See also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited," and "objections may be resurrected at any point in the litigation[.]"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiffs inaccurately assert that "the Court has already determined that the INA's special review procedures . . . set forth in 8 U.S.C. §§ 1447(b) and 1421(c)[] do not prevent the Court from

hearing the Naturalization Class's claims pursuant to the general subject-matter jurisdiction conferred by 28 U.S.C. § 1331." Dkt. No. 624 at 3. The Court did not make this determination. Rather, the Court determined that it need not address Defendants' argument that the express rights of action provided in Sections 1447(b) and 1421(c) indicate that Congress did not intend to create a private right of action to challenge the pre-examination application of the INA. *See* Dkt. No. 56 at 28; Dkt. No. 69 at 17–18.[3] With respect to Plaintiffs' arguments regarding whether the *Thunder Basin* factors apply here, the Court will refrain from judging the merits of Defendants' arguments prior to the parties having the full opportunity to submit briefing.

Although the Court is sympathetic to Plaintiffs' opposition to the belated timing of Defendants' motion, it will permit Defendants to file their proposed motion.

### III.        CONCLUSION

Defendants' Motion for Leave to File a Motion to Dismiss Claims of Naturalization Claims for Lack of Subject Matter Jurisdiction is hereby GRANTED. Dkt. No. 623. Defendants must submit their motion within 14 days of this Order. Lastly, the Court directs the parties to address in their briefing the impact that the potential dismissal of the Naturalization Class's claims for lack of subject matter jurisdiction would have on the remaining claims in this case.

Dated this 12th day of September, 2023.

Lauren King
United States District Judge

---

[3] As Defendants note, Dkt. No. 625 at 4 n.2, the footnote in their first motion to dismiss asserting that "anyone *denied* naturalization has an adequate alternate remedy at law pursuant to 8 U.S.C. § 1421(c)," Dkt. No. 56 at 18 n.6 (emphasis added), was not addressed by the Court, *see generally* Dkt. No. 69, and the "members of the Naturalization Class do not challenge the denials of their applications (indeed, their applications have not been denied)," Dkt. No. 624 at 5.