UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, et al.,<br><br>       Plaintiffs,<br>  v.<br><br>JOSEPH R. BIDEN, President of the United States, et al.,<br><br>       Defendants. | CASE NO. 17-CV-00094-LK<br><br>ORDER REGARDING JOINT SUBMISSION SEEKING CLARIFICATION ON MATERIAL TO BE SEALED, DEFENDANTS' MOTION FOR RECONSIDERATION, AND DEFERRED DOCUMENTS |

  Currently before the Court are (1) the parties' Joint Submission Seeking Clarification on Material to Be Sealed, Dkt. No. 637; (2) Defendants' Motion for Reconsideration, Dkt. Nos. 640, 642-2; and (3) the resubmitted documents that the Court previously deferred ruling on due to lack of easily ascertainable proposed redactions, *see* Dkt. No. 626 at 12 n.5, 19–20; Dkt. No. 626-1 at 2–19; Dkt. No. 636; *see also* Dkt. No. 645-1 (summarizing status of each document).[1]

  Having reviewed these submissions and the parties' respective arguments and proposals,

---

[1] The parties have filed or consented to the unsealing of several documents which the Court previously deferred ruling on, some of which are duplicates, including Document Numbers 28, 33, 38, 44, 45, 49, 52, 53, 59, 60, 111, 114, 121, 125, 136, 143, 153–56, 164, 178, and 181. *See* Dkt. No. 645-1 at 2–4, 8–13.

ORDER REGARDING JOINT SUBMISSION SEEKING CLARIFICATION ON MATERIAL TO BE SEALED, DEFENDANTS' MOTION FOR RECONSIDERATION, AND DEFERRED DOCUMENTS - 1

and for the reasons set forth below, the Court grants in part and denies in part Defendants' motion for reconsideration. The Court directs the parties to comply with this Order and the attached Appendix summarizing its specific rulings as to each document.

## I. BACKGROUND

On September 7, 2023, the Court issued an order on the parties' consolidated response regarding material to be sealed or designated as highly sensitive documents ("HSD"). Dkt. Nos. 626, 626-1; *see* Dkt. Nos. 609; Dkt. No. 587. As part of that order, the Court permitted some filings to be unsealed or filed publicly on the docket and other filings to remain under seal or to be filed on the docket under seal. Dkt. No. 626 at 20; *see also generally* Dkt. No. 626-1. The Court further directed the parties to submit supplemental information for certain categories of documents, including documents for which Defendants were required to either consent to publication or propose specific redactions, as well as documents Defendants were required to resubmit with their proposed redactions highlighted. Dkt. No. 626 at 19–20. In addition, the Court granted the parties leave to "file a joint response seeking any necessary clarification as to specific documents or filing procedures[.]" *Id.* at 20. And to the extent any party sought to move for reconsideration, the Court ordered that they must, among other things, address whether they "provided sufficiently specific information for the Court in the first instance, and if not, explain why such failure should not waive the objection." *Id.* at n.9.

After the Court granted the parties a brief extension, *see* Dkt. Nos. 629–30, they filed a joint submission seeking clarification, Dkt. No. 637. Defendants thereafter filed a motion for reconsideration and resubmitted the deferred documents. Dkt. Nos. 636, 642-2.[2]

---

[2] The Court cites herein to Defendants' praecipe to their original motion for reconsideration.

## II. DISCUSSION

**A.   The Parties' Joint Submission Seeking Clarification**

The parties seek clarification on four documents: (1) Document Number 31 (duplicated at Document Numbers 45, 59, and 185); (2) Document Number 75; (3) Document Number 150; and (4) Document Number 165. Dkt. No. 637 at 1–4; *see also generally* Dkt. Nos. 638–638-3 (documents with proposed redactions).[3] With respect to these documents, the Court clarifies as follows:

- Document Number 31: Defendants' proposed redactions to Pages 36, 68, and 69 are approved in accordance with the Court's rulings as to country specific data. *See* Dkt. No. 626 at 16; Dkt. No. 638 at 36, 68–69.

- Document Number 75: Defendants' proposed redactions to Page 8 are approved because they bear on the same subject matter as the redacted content on the subsequent two pages. *See* Dkt. No. 626 at 16; Dkt. No. 638-1 at 8.

- Document Number 150: The Court affirms its original determination. The proposed redaction to Paragraph 67 n.1 does not qualify as a detailed explanation of how CARRP is applied on an individualized basis or "offer *granular* guidance on how USCIS officers evaluate factual scenarios and further reveal law enforcement sensitive indicators that could flag an individual's application for CARRP." Dkt. No. 626 at 16 (emphasis added); *see* Dkt. No. 638-2 at 26 n.1.

- Document Number 165: Defendants' proposed redactions are approved in accordance with the Court's rulings as to guidance on how USCIS officers evaluate factual scenarios. *See* Dkt. No. 626 at 16; Dkt. No. 638-3 at 2.

---

[3] The Court maintains the document numbering included in the parties' initial consolidated response. Dkt. No. 609-1.

B.  **Motion for Reconsideration**

Defendants move for reconsideration of the Court's rulings as to the following 15 documents: Document Numbers 1, 3 (duplicated at Document Numbers 56, 62), 12, 13 (duplicated at Document Numbers 57, 63), 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 25. *See* Dkt. No. 642-1 at 1–2; Dkt. No. 642-2 at 2. Defendants note that the Court deferred ruling on Document Numbers 1, 14, 15, 16, and 25, but nevertheless include these documents for reconsideration "because 1) the content at issue conveys CARRP status in a manner that the Court may consider 'generalized;' and 2) Plaintiffs object to Defendants' proposed redactions[.]" Dkt. No. 642-2 at 2 n.1.[4]

The thrust of Defendants' argument is that the Court erred in allowing the public filing of documents tending to reveal named Plaintiffs' CARRP status, even in highly generalized and collective terms. *Id.* at 1–2. In its September 7, 2023 Order, the Court found that Defendants demonstrated compelling reasons to file under seal documents generally indicating whether named Plaintiffs have been subjected to CARRP, but "only to the extent that they include specific applications of CARRP to the named Plaintiffs[.]" Dkt. No. 626 at 15. Otherwise, "Defendants ha[d] not satisfied the compelling reasons standard with respect to . . . documents that state in highly general terms whether a named Plaintiff has been subjected to CARRP," because Defendants "fail[ed] to concretely articulate what harm can result from this information." *Id.*

Plaintiffs, with leave of Court, filed a response to Defendants' motion. Dkt. No. 649; *see* Dkt. No. 648.

---

[4] For the documents at issue, Defendants have used "redaction boxes that either contain, or do not contain, red highlighting[.]" *Id.* at 6. The redaction boxes with red highlighting over them propose redactions upon reconsideration of information "which the Court ruled was too generalized to justify sealing, and similar information (extrapolated from those rulings) appearing in documents on which the Court deferred ruling[.]" *Id.* The redaction boxes with no highlighting signal "information the Court ruled was specific enough to be redacted, as well as similar information (extrapolated from those rulings) Defendants propose for sealing that is contained in documents on which the Court deferred ruling." *Id.* The Court accordingly rules separately on these categories of proposed redactions in the attached Appendix.

ORDER REGARDING JOINT SUBMISSION SEEKING CLARIFICATION ON MATERIAL TO BE SEALED, DEFENDANTS' MOTION FOR RECONSIDERATION, AND DEFERRED DOCUMENTS - 4

1. Legal Standard

Motions for reconsideration are disfavored, and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1); *see also Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" (cleaned up)); *Barton v. LeadPoint Inc.*, No. C21-5372-BHS, 2022 WL 293135, at *1 (W.D. Wash. Feb. 1, 2022) (motions for reconsideration are not "intended to provide litigants with a second bite at the apple" and "should not be used to ask a court to rethink what the court had already thought through"); *Santiago v. Gage*, No. 3:18-CV-05825-RBL, 2020 WL 42246, at *1 (W.D. Wash. Jan. 3, 2020) ("Mere disagreement with a previous order is an insufficient basis for reconsideration[.]"). Furthermore, movants are required to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2). Failure to do so "may be grounds for denial of the motion." *Id.*

2. Defendants' Motion is Granted in Part and Denied in Part

Defendants maintain that "[i]t is of critical importance to the Government that information linking any class members with CARRP investigations—even in 'highly general' terms—not be filed publicly." Dkt. No. 642-2 at 2. Thus, Defendants argue that the Court erred in ruling to the contrary because doing so was "plainly incorrect when measured against the prior rulings of the Court—which were based in part on *ex parte*, *in camera* declarations the Court reviewed at previous junctures in this litigation." *Id.* Specifically, Defendants cite to the Court's discovery orders which designated materials that reveal the CARRP status of individual class members as

ORDER REGARDING JOINT SUBMISSION SEEKING CLARIFICATION ON MATERIAL TO BE SEALED, DEFENDANTS' MOTION FOR RECONSIDERATION, AND DEFERRED DOCUMENTS - 5

1   "attorneys' eyes only" or "AEO" based upon "a limited number of highly pertinent declarations
2   authored by associated Government officials[.]" *Id.* at 3 (citing Dkt. Nos. 183, 274); *see also id.* at
3   4 ("Those rulings undeniably reflect the Court's due consideration of the aforementioned
4   declarations and the compelling reasons to limit the public disclosure of the information provided
5   therein."). Indeed, Defendants argue that "the granularity and compelling nature of the reasons for
6   those AEO restrictions can only be understood upon reviewing the material Defendants submitted
7   in advocating for such a restriction," *id.* at 4, and that "the regime instituted by the supplemental
8   AEO protection implicitly recognizes the compelling interests at stake," *id.* at 5.

9   And with regard to the Court's directive in its September 7th Order that any party moving
10  for reconsideration must address whether it provided sufficiently specific information to the Court
11  in the first instance, Defendants state that they "may have misapprehended the Court's awareness
12  of the full scope of risks outlined in prior filings (including *ex parte* and *in camera* filings) and
13  orders related to public disclosure of CARRP status information." *Id.* at 5. They represent that this
14  "error was attributable, at least in part, to an inclination to refrain from referencing classified
15  material as a first resort—consistent with what Defendants believe is a broadly-shared preference
16  against litigating with reliance upon classified or privileged information." *Id.* at 5–6.

17  The Court takes this opportunity to clarify its September 7th Order on the public disclosure
18  of named Plaintiffs' CARRP status, and, for the reasons discussed below, grants only some of
19  Defendants' requests for reconsideration.

20  As an initial matter—and as Plaintiffs highlight—Defendants' framing of the Court's prior
21  discovery orders is unpersuasive. *See* Dkt. No. 649 at 2–3. First, the orders Defendants rely on do
22  not squarely support the arguments raised in the instant motion. For example, the May 2018 Order
23  covered documents regarding "*unnamed* plaintiff members of the Naturalization Class and
24  Adjustment-of-Status Class[.]" Dkt. No. 183 at 2 (emphasis added). And the July 2019 Order

expressly held that "whether or not the Named Plaintiffs were subject to CARRP does not appear, based on the record, to be information properly withheld under the law enforcement privilege," because as noted at the time, "determination of whether Plaintiffs' applications were subject to CARRP has already been disclosed either through FOIA requests or disclosures by Defendants." Dkt. No. 274 at 3. Ultimately, the Court found that "Defendants may not redact 'why' information that originated **solely** within USCIS, and may not redact out whether the application was subject to CARRP, and when." *Id.* at 5. In addition, as the Court stated in its September 7th Order, arguments based on findings in the context of a discovery dispute are "misplaced" because such orders apply the "much more lenient 'good cause' standard" as opposed to the compelling reasons standard applicable here. Dkt. No. 626 at 14 n.6; *see also* Dkt. No. 649 at 4–5.

Perhaps more fundamentally, however, the Court's September 7th Order did not, as Defendants claim, determine that the parties may file on the docket "whether or not a particular class member has been vetted under CARRP[.]" Dkt. No. 642-2 at 3. Rather, the Court found that, with the respect to the documents in question, Defendants had not satisfied the compelling reasons standard for documents stating "in highly general terms *whether a named Plaintiff* has been subjected to CARRP." Dkt. No. 626 at 15 (emphasis added). At the same time, the Court found that compelling reasons did exist to file under seal documents which "include specific applications of CARRP to the named Plaintiffs," i.e., which named Plaintiffs were subjected to CARRP and why. *Id.*[5]

Accordingly, the Court grants in part and denies in part Defendants' motion, Dkt. Nos. 640, 642-2, as set forth below for each of the 15 documents.

---

[5] This determination is consistent with the Court's July 2019 Order finding that a public class notice appeared "to comply with this Court's previous Orders" because it did not "disclose whether or not any *particular individual* was ever, or is, subject to CARRP." Dkt. No. 274 at 6 (emphasis added).

ORDER REGARDING JOINT SUBMISSION SEEKING CLARIFICATION ON MATERIAL TO BE SEALED, DEFENDANTS' MOTION FOR RECONSIDERATION, AND DEFERRED DOCUMENTS - 7

- Document Number 1: Proposed redactions highlighted in red are approved because they tend to indicate whether a specific named Plaintiff was or was not subjected to CARRP. *See* Dkt. No. 626 at 15; Dkt. No. 641 at 30–31.

- Document Number 3: Proposed redactions highlighted in red are approved. *See* Dkt. No. 641-1 at 28, 31–32, 34–49. Some of these redactions were previously approved as part of the Court's September 7th Order. Dkt. No. 626-1 at 2 (approving redactions to paragraphs 100, 132, 133). Others, such as paragraphs 108–22, 124–29, 131, and 134–73, tend to reveal whether a specific named Plaintiff was subjected to CARRP and why. *See* Dkt. No. 626 at 15. Furthermore, unique facts such as specific dates and medical conditions could facilitate identification of specific named Plaintiffs. Dkt. No. 641-1 at 42–45. Corrections are required, however: the second proposed redaction in paragraph 152 includes more than just the name, and the proposed redactions to paragraph 157 erroneously omit a name. *Id.* at 45–46.

- Document Number 12: Proposed redaction highlighted in red approved because it tends to reveal whether a specific named Plaintiff was subjected to CARRP. *See* Dkt. No. 626 at 15; Dkt. No. 641-2 at 7.

- Document Number 13: Proposed redactions highlighted in red approved because they tend to reveal whether a specific named Plaintiff was subjected to CARRP and why. *See* Dkt. No. 626 at 15; Dkt. No. 641-3 at 46–49, 62–64.

- Document Number 14: Proposed redactions highlighted in red approved except the first proposed redaction in paragraph 5, because it only suggests in general terms whether a named Plaintiff has been subjected to CARRP. *See* Dkt. No. 626 at 15; Dkt. No. 643 at 1–3.

- Document Number 15: Proposed redactions highlighted in red approved because they tend to reveal whether a specific named Plaintiff was subjected to CARRP. *See* Dkt. No. 626 at 15; Dkt. No. 641-4 at 15, 48.

- Document Number 16: Proposed redactions highlighted in red approved because they reveal whether a specific named Plaintiff was subjected to CARRP. *See* Dkt. No. 626 at 15; Dkt. No. 641-5 at 30–31.

- Document Number 17: Proposed redactions highlighted in red approved as to pages 6 and 11 because they tend to reveal whether a specific named Plaintiff was subjected to CARRP or a specific finding for each named Plaintiff. *See* Dkt. No. 626 at 15; Dkt. No. 641-6 at 6, 11. However, the proposed redactions highlighted in red on page 4 only state in general terms whether any named Plaintiff has been subjected to CARRP. *See* Dkt. No. 626 at 15; Dkt. No. 641-6 at 4.

- Document Numbers 18–22: Proposed redactions highlighted in red approved as to the footers of these five documents because the information tends to reveal whether a specific named Plaintiff was subjected to CARRP. *See* Dkt. No. 626 at 15; Dkt. Nos. 641-7–641-11.

- Document Number 23: Proposed redactions highlighted in red approved as to the document footer and Page 24 because they tend to reveal whether a specific named Plaintiff was subjected to CARRP. *See* Dkt. No. 626 at 15; Dkt. No. 641-12; *id.* at 24.

- Document Number 25: Proposed redactions highlighted in red approved as to page 6 lines 8, 22, and n.2, as well as page 7, because they reveal whether a named Plaintiff was subjected to CARRP. *See* Dkt. No. 626 at 15; Dkt. No. 641-13 at 6–7. The other proposed redactions highlighted in red on page 6 lines 7, 13–14, and 21, and page 13, on the other hand, do not.

### C. Deferred Documents

Defendants submitted 38 documents that the Court previously deferred ruling upon so that Defendants could provide a version with their proposed redactions highlighted. Dkt. No. 626 at 12 n.5, 19–20. The majority of these documents are either the parties' summary judgment briefing or CARRP training materials. The Court incorporates by reference the standard for sealing outlined in its September 7th Order, as well as its findings as to these categories of disputed documents, and directs the parties to the attached Appendix for its ruling as to each proposed redaction. *See id.* at 8–11, 15–17.

### III.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Reconsideration, Dkt. Nos. 640, 642-2, and ORDERS the parties to comply with the Court's rulings herein and in the attached Appendix within 21 days of the date of this Order.

Following this Order, the Court will unseal documents that may be unsealed as a result of this Order, the Court's September 7, 2023 Order, or the parties' consent. *See, e.g.*, Dkt. No. 645-1 at 2 (referencing Document Numbers 26 and 33).

For those documents that are currently not on the docket in any form or that have been filed under seal as a single attachment together with documents that will remain sealed, the Court DIRECTS the parties to, where necessary, file a supplemental submission, with each newly unsealed document as its own separate attachment, using the fewest number of docket entries possible (provided, however, that the combined file size for each docket entry, including any attachments, shall not exceed 200 MB) and indicating the name of each document and its original document number, and, if previously filed on the docket, its docket number. The parties should file duplicative documents once, indicating the corresponding existing docket entries. Documents

that were previously designated as HSD and not filed in any form should be filed in two forms: (1) under seal and (2) in redacted form, consistent with this Order and the attached Appendix.

Dated this 23rd day of May, 2024.

*Lauren King*

Lauren King
United States District Judge