UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, et al.,<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>DONALD J. TRUMP, President of the United States, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 2:17-cv-00094-LK<br><br>ORDER GRANTING MOTION TO EXTEND DEADLINE |

On January 17, 2025, the Court issued its Order on the parties' Cross-Motions for Summary Judgment, granting in part and denying in part the parties' motions with regard to the Naturalization Class. Dkt. No. 679.[1] The Order required the parties to submit a joint status report by February 18, 2025, "setting forth (1) either a joint proposal regarding vacatur and remand to USCIS following the Court's finding that CARRP is arbitrary and capricious or a proposed supplemental briefing schedule regarding this subject matter; and (2) a proposal regarding

---

[1] President Donald J. Trump is automatically substituted for former President Joseph R. Biden as Defendant in his official capacity under Federal Rule of Civil Procedure 25(d).

ORDER GRANTING MOTION TO EXTEND DEADLINE - 1

disposition of the remaining claims in this case." *Id.* at 65. Defendants have moved to extend this deadline until March 20, 2025. Dkt. No. 680. Plaintiffs oppose the motion. Dkt. No. 681.

For the reasons explained below, the Court GRANTS Defendants' motion.

## I. DISCUSSION

Defendants argue that there is good cause for an extension because counsel for Defendants must confer extensively with USCIS and the Department of Homeland Security regarding the impact of the Order on USCIS' national security vetting policy, and to advise the agencies of their obligations and options going forward. Dkt. No. 680 at 2. Because a new presidential administration took office three days after the Court issued its Order, new agency leadership and decisionmakers have not yet had the opportunity to get up to speed on the background and history of the case and the implications of the Order. *Id.* Additional time will be needed for new agency leadership to engage in internal deliberations prior to providing direction to Defendants' trial counsel in order to carry out the tasks required of them by the Order. *Id.* Defendants state that 30 additional days would provide them with sufficient time to complete internal deliberations and confer with counsel in order to meaningfully engage with Plaintiffs to formulate a joint status report. *Id.* at 2–3.

Plaintiffs oppose Defendants' request, and instead urge the Court to permit them to file a brief setting forth their position on vacatur on March 4, 2025, noting the issue for consideration for March 25, 2025. Dkt. No. 681 at 3. Defendants' response would then be due on March 19, 2025, which coincides with the 30-day extension Defendants seek. Plaintiffs argue that delaying the resolution of their request for vacatur unnecessarily prejudices individuals illegally subjected to CARRP by pushing back the Court's consideration of the issue until mid-to-late April. *Id.*

Under Federal Rule of Civil Procedure 6(b), the Court may extend a deadline for "good cause." Fed. R. Civ. P. 6(b). "Good cause" is a non-rigorous standard that has been construed

broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). A motion to extend time under Rule 6(b)(1)(A) should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* at 1259 (citation omitted).

As Defendants note, Dkt. No. 682 at 3, Plaintiffs offer no evidence of bad faith. The Court finds that Defendants' request for a 30-day extension of time to respond to the Order is supported by good cause; namely, that Defendants need additional time for briefing and consultation with new agency leadership in order to make informed decisions with respect to the Order. Plaintiffs' opposition to the extension presumes that the Court will rule in their favor regarding vacatur, which is not a foregone conclusion at this juncture. Thus, Plaintiffs have failed to establish prejudice.

As for Plaintiffs' concern that Defendants will seek an additional extension at the end of the 30-day period, Defendants respond that they have no present intention of requesting such an extension from the Court. *Id.* at 4. As Defendants note, any such request would require Defendants to demonstrate independent good cause at that time, which Plaintiffs would have the opportunity to contest. *Id.* Therefore, this argument fails to overcome Defendants' showing of good cause for the extension. The Court notes, however, that it expects no further requests for extensions.

## II. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for an extension, Dkt. No. 680, and ORDERS the parties to file their previously ordered joint status report by March 20, 2025.

Dated this 18th day of February.

Lauren King
United States District Judge