UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, et al.,<br><br>               Plaintiffs,<br>    v.<br><br>DONALD J. TRUMP, President of the United States, et al.,<br><br>               Defendants. | CASE NO. 2:17-cv-00094-LK<br><br>ORDER GRANTING MOTION TO STAY JOINT STATUS REPORT DEADLINE |

      This matter comes before the Court on Defendants' Unopposed Motion to Stay Joint Status Report Deadline in Light of Lapse of Appropriations. Dkt. No. 698. For the reasons explained below, the Court grants the motion.

      Defendants—United States Citizenship and Immigration Services ("USCIS") as well as several government officials—seek to stay the deadline by which the parties must respond to the Court's January 17, 2025 Order for a joint status report "setting forth (1) either a joint proposal regarding vacatur and remand to USCIS following the Court's finding that CARRP is arbitrary and capricious or a proposed supplemental briefing schedule regarding this subject matter; and

(2) a proposal regarding disposition of the remaining claims in this case." Dkt. No. 679 at 65. The parties have separately or jointly sought a number of prior extensions of this deadline, Dkt. Nos. 680, 684, 686, 688, 690, 692, 694, 696, which the Court has granted, Dkt. Nos. 683, 685, 687, 689, 691, 693, 695, 697. Defendants now seek to indefinitely stay the deadline for submission of the joint status report due to the recent lapse of appropriations to the Department of Justice ("DOJ"). Dkt. No. 698 at 1.

On September 30, 2025, funding to the DOJ expired, and the DOJ does not know when such funding will be restored by Congress. *Id.* Absent an appropriation, DOJ attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, which include "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Defendants' counsel accordingly seek a stay of the Court's current October 3, 2025 deadline for the filing of a joint status report, *see* Dkt. No. 697, "until Congress has restored appropriations to the Department[.]" Dkt. No. 698 at 2. Defendants' counsel represent that they will notify this Court as soon as Congress has appropriated funding for the DOJ, and request that "the current deadline for the parties' joint status report be extended to one week following the new appropriation[.]" *Id.* Defendants state that Plaintiffs' counsel have indicated that they do not oppose the Government's request. *Id.*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party

may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The *CMAX* factors weigh in favor of a stay here. The DOJ attorneys assigned to this matter are furloughed for the duration of the lapse in appropriations, and are therefore unable to perform work essential to the filing of a joint status report in this case. Defendants' request is unopposed, and no party has suggested that any harm would result from a stay. Good cause exists for staying the joint status report deadline, and the interests of justice and judicial economy will be served by granting this motion.

The Court therefore GRANTS Defendants' motion, Dkt. No. 698, and ORDERS that the deadline for the parties to respond to the Court's January 17 Order is stayed while the lapse in appropriations for the DOJ continues. When funding resumes for the agency, Defendants must notify the Court as soon as possible by filing a notice on the docket. Within seven days of the date the stay is lifted, the parties must file the joint status report as previously ordered. *See* Dkt. No. 679 at 65.

Dated this 9th day of October, 2025.

Lauren King
United States District Judge