1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIQAFAR WAGAFE, et al., | CASE NO. 2:17-cv-00094-LK |
| Plaintiffs, | ORDER REGARDING PRELIMINARY APPROVAL HEARING |
| v. | |
| DONALD J. TRUMP, President of the United States, et al., | |
| Defendants. | |

The parties should be prepared to address the following questions and concerns regarding their Joint Motion To Direct Notice Of Settlement Agreement, Dkt. No. 704, at the hearing on February 20, 2026. Alternatively, they may file an amended motion for preliminary approval by no later than February 13, 2026 that addresses these questions and concerns.

1. Rule 23(e) Factors. The motion—which is ostensibly one for preliminary approval of a class action settlement—does not address the Court's considerations listed in Federal Rule of Civil Procedure 23(e). Fed. R. Civ. P. 23(e)(2) (courts must consider (1) whether the class representatives and class counsel have adequately represented the class; (2) whether the proposal was negotiated at arm's length; (3) whether the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims; and (iii) the terms

ORDER REGARDING PRELIMINARY APPROVAL HEARING - 1

of any proposed award of attorneys' fees, including timing of payment; and (4) whether the proposal treats class members equitably relative to each other).

2. <u>Claims Released by the Adjustment Class</u>. Paragraph 25 states that "[t]he *Named Plaintiffs and Class Members* shall be deemed to have fully, finally, and forever released, relinquished, and discharged their *Fifth and Eighth Claims* for Relief arising or accruing against Defendants based on their actual or alleged use of CARRP on or before the Termination Date." Dkt. No. 704-1 at 9 (emphasis added); *see also id.* at 4 ("'Class Members' refers to all members of the Adjustment Class and Naturalization Class"). Under Paragraph 22, "the *claims of the Adjustment Class* are dismissed with prejudice[.]" *Id.* at 8 (emphasis added). The Agreement appears to contemplate that the Adjustment Class release all its claims, but this potentially conflicting language does not provide adequate notice to the Adjustment Class that all claims—rather than just their fifth and eighth claims—will be released.

3. <u>Adequate Notice to the Class</u>. The parties' agreement states that within 14 days of the Court's preliminary approval of the settlement, Plaintiffs' counsel will "post and distribute [an] agreed upon 'Public Notice to Possible Class Members of Settlement' for a period of 30 days[.]" Dkt. No. 704 at 2; *see also* Dkt. No. 704-1 at 7. The proposed notice lists the case number, briefly describes the lawsuit, and states, "if your naturalization or adjustment of status application has been pending for six months or more, you may be a member of the *Wagafe* class." Dkt. No. 704-1 at 15. Potential class members are directed to convey any comments "about the fairness, reasonableness, or adequacy of the attached, proposed settlement agreement" to class counsel who "will represent the interests of the class in relation to the proposed settlement agreement at a fairness hearing to be scheduled upon conclusion of this public notice period." *Id.* Finally, the notice states that if the Court approves the settlement agreement, all class members will be bound to its terms, "thus foreclosing all future claims covered under the agreement by class members." *Id.* at 15–16.

Although Rule 23 "does not . . . oblige the District Court to afford [Rule 23(b)(2) class members] notice of the action," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011), due process requires notice to a Rule 23(b)(2) class that is "reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Ashok Babu v. Wilkins*, No. 22-15275, 2023 WL 6532647, at *1 (9th Cir. Oct. 6, 2023) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1351 (9th Cir. 1980)); *see also In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 934 F.3d 316, 323 (3d Cir. 2019) ("[R]egardless what these rules say, the procedures for class action settlement—including the notice procedures—must also comply with due process requirements.").

Here, the parties do not explain where or how Plaintiffs' counsel will post and distribute notice, why this notice plan is reasonably calculated to notify interested parties, or why 30 days is a sufficient amount of time to effectively notify interested parties. Furthermore, neither the agreement nor the notice describes the claims that are being released under the agreement. The notice should provide a link to the complaint and succinctly describe the gist of the settlement: in exchange for Defendants foregoing any appeal and rescinding CARRP, the Adjustment Class releases all remaining claims

(claim 5 that Defendants violated the Fifth Amendment's Due Process Clause when they engaged in unauthorized and indefinite suspension of class members' applications under CARRP; claim 6 that Defendants violated the Fifth Amendment's Due Process Clause by indefinitely suspending adjudication of class members' applications on the basis of their country of origin under CARRP; claim 7 that CARRP creates additional, non-statutory adjudicatory criteria that is not permitted under the Immigration and Nationality Act and its implementing regulations; claim 8 that CARRP is arbitrary and capricious under the Administrative Procedure Act; and claim 9 that CARRP violates the Administrative Procedure Act because it was implemented without notice and comment, Dkt. No. 47 at 47–50), and the Naturalization Class releases claim 5 (that Defendants violated the Fifth Amendment's Due Process Clause when they engaged in unauthorized and indefinite suspension of class members' applications under CARRP) and claim 8 (that CARRP is arbitrary and capricious under the Administrative Procedure Act).

4. <u>Objections and Fairness Hearing</u>. The notice does not inform class members of when or how they might object to the settlement, or of when or where the fairness hearing will take place. Instead, it informs potential class members that they can submit "comments about the fairness, reasonableness, or adequacy" of the settlement to class counsel. Dkt. No. 704-1 at 15. While the Court understands that neither party can confirm whether a particular individual has been subjected to CARRP, the parties do not explain why potential class members should not be permitted to object and/or attend the fairness hearing. *See Ashok Babu*, 2023 WL 6532647, at *1.

5. <u>Simultaneous Dismissal and Remand</u>. The parties do not explain why it would be procedurally appropriate to dismiss Plaintiffs' eighth claim for relief with prejudice and simultaneously remand the case to USCIS pursuant to the summary judgment order on the eighth claim for relief, as opposed to—for example—dismissing the eighth claim with prejudice after the Court receives notice that CARRP has been rescinded pursuant to Paragraph 22(d) of the agreement. Dkt. No. 704-1 at 8.

DATED this 12th day of January, 2026.

Lauren King
United States District Judge